UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PLUS ONE ROBOTICS, INC., | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | SA-25-CV-1197-OLG (HJB) |
| | § | |
| ARTIFICIAL INTELLIGENCE INDUSTRY ASSOCIATION, INC., and ARTIFICIAL INTELLIGENCE IMAGING ASSOCIATION, INC., | § | |
| | § | |
| Defendants/Counter-Plaintiffs. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Plaintiff/Counter-Defendant's Motion to Dismiss and Strike. (Docket Entry 17.) Pretrial matters have been referred by the District Court to the undersigned for consideration. (Docket Entry 10.) For the reasons set out below, I recommend that the motion be **GRANTED IN PART** and **DENIED IN PART**.

## I. Jurisdiction.

Plaintiff/Counter-Defendant Plus One Robotics, Inc. ("Plus One") brought this lawsuit to obtain declaratory judgment that it did not infringe upon several patents belonging to Defendants/Counter-Plaintiffs Artificial Intelligence Industry Association, Inc. and Artificial Intelligence Imaging Association, Inc. (collectively "AIIA"). (Docket Entry 1, at 10–16.) AIIA in turn, asserted several counterclaims for patent infringement and—as relevant here—fraud on the court, defamation, and business disparagement under Texas law. (Docket Entry 9, at 27–30.) The Court has original jurisdiction over the patent and declaratory judgment claims pursuant to 28 U.S.C. § 1331, and it has original jurisdiction over the state-law claims pursuant to 28 U.S.C.

§ 1332. The undersigned has authority to issue this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1).

**II. Background.**

In July of 2025, AIIA sent a letter to Plus One demanding that it either remove certain products from the marketplace or pay a licensing fee for their alleged use of AIIA's patented technologies, or else face a lawsuit. (Docket Entry 1, at 2; Docket Entry 9, at 2.) On August 12, 2025, AIIA shared with Plus One a draft complaint that AIIA intended to file in the Southern District of New York, asserting three claims for patent infringement and seeking $100 million in damages along with injunctive relief. (Docket Entry 1, at 2–3; Docket Entry 9, at 3.)

Rather than withdraw its products or pay a licensing fee—and before AIIA filed its complaint—Plus One filed this lawsuit on September 23, 2025. (Docket Entry 1.) In the lawsuit, Plus One asserts claims for declaratory judgment that its products do not infringe on five separate AIIA patents. (*Id.* at 10–15.) In answering the complaint, AIIA asserted eight counterclaims—five for patent infringement (Counts I–V), and three for fraud on the court, defamation, and business disparagement, respectively (Counts VI–VIII).[1] (Docket Entry 9, at 15–30.) AIIA also raised eight affirmative defenses to Plus One's non-infringement claims: failure to state a claim, actual infringement, lack of a case or controversy for subject matter jurisdiction, unclean hands, judicial estoppel, waiver, a pattern of willful infringement, and improper use of statements made in settlement negotiations in violation of the Federal Rules of Evidence. (*Id*. at 6–11.)

[1] AIIA also purported to assert a ninth counterclaim, requesting a preliminary injunction. However, such a request is a form of relief, rather than a separate claim—and it must be requested in a filing *separate* from the pleading itself. *See* W.D. TEX. LOCAL R. CV-65 ("An application for a temporary restraining order or preliminary injunction shall be made in an instrument separate from the complaint.").

Plus One now moves to dismiss AIIA's counterclaims for defamation, fraud on the court, and business disparagement, and to strike all of AIIA's affirmative defenses except for its defense of actual infringement. (Docket Entry 17, at 8–16.) AIIA has filed a response in opposition to the motion (Docket Entry 18), to which Plus One has replied (Docket Entry 19).

**III. Discussion.**

This Report and Recommendation addresses Plus One's motion to dismiss AIIA's counterclaims first, and then proceeds to address its motion to strike AIIA's affirmative defenses.

**A. *Motion to Dismiss*.**

"A court must dismiss a complaint as a matter of law when the plaintiff fails 'to state a claim upon which relief can be granted.'" *Hernandez v. Causey*, 124 F.4th 325, 331 (5th Cir. 2024) (quoting FED. R. CIV. P. 12(b)(6)), *cert. denied*, 145 S. Ct. 1930 (2025); *see Withhart v. Otto Candies, L.L.C.*, 431 F.3d 840, 841–42 (5th Cir. 2005) (applying Rule 12(b)(6) to counterclaim). "Dismissal can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Sims v. Allstate Fire & Cas. Ins. Co.*, 746 F. Supp. 3d 417, 420 (W.D. Tex. 2024). To survive dismissal, a complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the well-pleaded factual allegations allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a plausible claim has been stated, "the Court assumes the truth of well-pleaded factual allegations and reasonable inferences therefrom." *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (citation modified). The Court does not, however, assume the truth of "legal conclusions; mere labels; threadbare recitals of the elements of a cause of action;

conclusory statements; and naked assertions devoid of further factual enhancement," *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc) (citation modified), as such "are not well-pleaded facts for purposes of evaluating a [claim]." *Alaska Elec. Pension Fund v. Flotek Indus., Inc.*, 915 F.3d 975, 981 (5th Cir. 2019) (citation modified).

In determining whether to grant a 12(b)(6) motion to dismiss, the Court "must not go outside the pleadings." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). But the Court "may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). Such materials "are considered part of the pleadings." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

1. *Defamation*.

To state a claim for defamation, AIIA must plausibly allege "(1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning [AIIA], (3) with the requisite degree of fault, and (4) damages, in some cases." *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015). But under Texas law, even when these elements are otherwise satisfied, "communications in the due course of a judicial proceeding will not serve as the basis of a civil action for libel or slander." *BancPass, Inc. v. Highway Toll Admin., L.L.C.*, 863 F.3d 391, 401 (5th Cir. 2017) (citation modified). The privilege afforded to judicial communications "extends to any statement made by the judge, jurors, counsel, parties[,] or witnesses, and attaches to all aspects of the proceedings, including statements made in open court, pre-trial hearings, depositions, affidavits[,] and any of the pleadings or other papers in the case." *Id.* (emphasis omitted).

AIIA alleges that Plus One defamed it by "publish[ing] false statements to Law360" that "it does not use synthetic images and does not infringe AIIA's patents." (Docket Entry 9, at 29.) To support this claim, AIIA specifically points to a September 24, 2025, Law360 article, which allegedly "quoted Plus One's false denial of synthetic image use." (*Id.* at 15.) AIIA further alleges that the statements "are demonstrably false" because they contradict "public admissions of synthetic image use" allegedly made by Plus One's CTO at a conference in 2022: that it trained its machines using "tens of thousands of labeled *synthetic* package images. . . ." (*Id.* at 14, 29 (emphasis added).)

In its motion, Plus One argues that AIIA's defamation claim fails as a matter of law because it turns entirely on "statements in [Plus One's] complaint"—*i.e.*, statements it made "in the due course of a judicial proceeding." (Docket Entry 17, at 10.) As the factual support for AIIA's defamation claim hinges entirely on Plus One's alleged statements in the Law360 article, Plus One has properly attached the article to its motion for the Court's consideration. *See Brand Coupon Network*, 748 F.3d at 635; *Causey*, 394 F.3d at 288. And that article, as Plus One correctly points out, merely "quot[ed] potions of Plus One's complaint" (Docket Entry 17, at 7)—*i.e.*, privileged "statements made in . . . the pleadings," *BancPass*, 863 F.3d at 401. Indeed, the article qualifies that every sentence attributed to Plus One was lifted from the complaint itself, and expressly states that Plus One did not respond to a requests for comments. (Docket Entry 17-1, at 4–5.)

AIIA does not dispute that the allegedly defamatory statements in the Law 360 article were entirely taken from Plus One's complaint, but nevertheless insists that Plus One may be liable for defamation based on those statements because it "knew or should have known that [the complaint's] filing would generate media coverage." (Docket Entry 18, at 16.) AIIA's argument fails. Even if such media coverage were foreseeable, it would not have eliminated the privilege

afforded to Plus One to make statements and arguments "in the due course of a judicial proceeding" without fear that doing would subject it to "a civil action for libel or slander." *BancPass*, 863 F.3d at 401. Higher-profile litigants, after all, are no less entitled to prosecute and defend their lawsuits than anyone else.

Accordingly, AIIA's defamation counterclaim should be dismissed with prejudice.

2. *Fraud on the Court*.

AIIA asserts a counterclaim for fraud on the court, alleging that Plus One "knowingly submit[ed] false statements of material fact" when it "falsely denie[d] using synthetic images" in its pleadings, "despite [Plus One's] CTO['s] publicly admitting to such use" several years prior. (Docket Entry 9, at 27–28.) Plus One moves to dismiss this counterclaim on the ground that "the remedy for a successful fraud on the court claim is the setting aside of the judgment"; as AIIA "does not seek to have any judgment set aside," it therefore "has not stated a claim for fraud on the court." (Docket Entry 17, at 9 (quoting *In re Martin*, 617 B.R. 866, 880 (Bankr. S.D. Miss. 2020).) Plus One is correct.

"[N]o court has found that fraud on the court is an independent legal cause of action for which a plaintiff may recover damages." *Gabriel v. Dall. Cnty. Civ. Ct. Sys.*, No. 3:19-CV-3003-M-BN, 2020 WL 4209669, at *2 (N.D. Tex. June 29, 2020) (citation modified), *report and recommendation adopted*, No. 3:19-CV-3003-M, 2020 WL 4201625 (N.D. Tex. July 22, 2020). In federal proceedings, fraud on the court "is a theory pursuant to which a party may seek relief from a judgment or court order induced on the basis of the opposing party's fraud." *Id.*; *see In re Yazoo Pipeline Co., L.P.*, 459 B.R. 636, 651 (Bankr. S.D. Tex. 2011) ("The remedy available for a successful fraud on the court claim is the setting aside of a judgment.") (citing FED. R. CIV. P. 60(d)). Nor is "[f]raud on the court . . . a cognizable claim for damages under Texas law." *Davis*

*v. Davis*, No. SA-25-CA-563-XR, 2026 WL 1045958, at *3 (W.D. Tex. Apr. 14, 2026) (citation modified); *see Dunn v. Murrin*, No. 05-04-00438-CV, 2005 WL 2038057, at *3 (Tex. App.—Dallas Aug. 25, 2005, no pet.) (rejecting argument that fraud on the court is "an independent cause of action" and finding "no specific Texas counterpart to rule 60" allowing it to set aside a judgment on that basis).

AIIA concedes that the remedy for fraud on the court under Rule 60(d)(3) is to have a judgment set aside. (Docket Entry 18, at 8.) AIIA also concedes that it "does not seek to set aside a judgment because no judgment exists yet." (*Id.* at 9.) AIIA insists, however, that fraud on the court is not tethered to Rule 60(d)(3), arguing that "courts routinely address fraud on the court through sanctions, attorney discipline, and dismissal of claims." (*Id.*) But AIIA does not cite any examples, and the undersigned has not found any such cases supporting AIIA's contention.

Even if there were a judgment in this case to be set aside, AIIA's allegations would not entitle it to that relief. After all, "Rule 60(d)'s standard is an exacting one." *Martinez v. Lumpkin*, No. 2:18-CV-272, 2022 WL 3575744, at *7 n.5 (S.D. Tex. May 27, 2022), *report and recommendation adopted sub nom. Martinez v. Davis*, No. 2:18-CV-272, 2022 WL 2866410 (S.D. Tex. July 21, 2022). To establish fraud on the court under the Rule, "it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its discretion." *Fierro v. Johnson*, 197 F.3d 147, 154 (5th Cir. 1999). "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Id.* Here, AIIA's fraud-on-the-court claim hinges on the alleged inconsistency between Plus One's denial in its pleadings that it used "synthetic image datasets for training its machine learning systems" (Docket Entry 9, at 14), and a 2022 statement attributed to Plus One's CTO, according to which the

company used "tens of thousands of labeled photorealistic images" (Docket Entry 9-1, at 2). At first blush, it is unclear whether these statements really are inconsistent—*i.e.*, that the terms "photorealistic image" and "synthetic image dataset" are synonymous. But even if they are, an inconsistency between Plus One's current litigation position and a four-year-old statement made by its CTO does not rise to the level of fraud on the court for purposes of Rule 60(d).

For all these reasons, AIIA's fraud-on-the-court counterclaim should be dismissed with prejudice.

3. *Business Disparagement.*

"A business disparagement claim is similar in many respects to a defamation action." *Fitzmaurice v. Jones*, 417 S.W.3d 627, 632 (Tex. App.—Houston [14th Dist.] 2013, no pet.), *disapproved of on other grounds by In re Lipsky*, 460 S.W.3d at 579. "The two torts differ in that defamation actions chiefly serve to protect the personal reputation of the injured party, while a business disparagement claim protects economic interests." *Id.* "To prevail on a business-disparagement claim, a plaintiff must establish that (1) the defendant published false and disparaging information about it, (2) with malice, (3) without privilege, (4) that led to special damages to the plaintiff." *Choctaw Constr. Servs. LLC v. Rail-Life R.R. Servs., LLC*, 617 S.W.3d 143, 152 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (citing *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 170 (Tex. 2003)).

AIIA alleges that Plus One committed business disparagement by stating in its complaint "that AIIA is a 'non-practicing patent monetization entity' engaged in a 'shakedown.'" (Docket Entry 9, at 30 (quoting Docket Entry 1, at 2–3).) AIIA alleges that these allegations in Plus One's pleading were made "with malice" and that they resulted in AIIA's suffering "special damages, including lost licensing opportunities." (Docket Entry 9, at 30.)

This counterclaim fails because AIIA does not—and cannot—allege that Plus One's statements were made "without privilege." *See Choctaw Constr. Servs.*, 617 S.W.3d at 152. As with the statements underpinning AIIA's defamation counterclaim, the statements supporting its business disparagement claim come directly from Plus One's live pleading. (*See* Docket Entry 1, at 2–3.) Such communications "are absolutely privileged and will not serve as the basis of a civil action for . . . business disparagement." *Fitzmaurice*, 417 S.W.3d at 633; *see Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 46 (Tex. 2021) ("Although commonly applied in defamation cases, the privilege prohibits any tort litigation based on the content of [a] communication [in a judicial proceeding]."); *Howard v. Matterhorn Energy, LLC*, 628 S.W.3d 319, 333 (Tex. App.—Texarkana 2021, no pet.) ("[C]ourts have also applied this privilege to other torts, like business-disparagement."); *Spark Connected, LLC v. Semtech Corp.*, 502 F. Supp. 3d 1131, 1146 (E.D. Tex. 2020) (granting summary judgment and dismissing business disparagement claims based on judicial proceedings privilege).

Accordingly, AIIA's business disparagement counterclaim should be dismissed with prejudice.

**B. *Motion to Strike.***

"The court may strike from a pleading an insufficient defense." FED. R. CIV. P. 12(f). However, "[t]he movant has a high burden as motions to strike are disfavored." *Joe Hand Promotions, Inc. v. Daq'z Crazy & Wing's, LLC*, No. 4:23-CV-108-SDJ-AGD, 2024 WL 4920766, at *1 (E.D. Tex. Mar. 14, 2024) (citation modified), *report and recommendation adopted*, No. 4:23-CV-108-SDJ, 2025 WL 635864 (E.D. Tex. Feb. 27, 2025).

Rule 12(f) "differs on its face from Rule 12(b)(6)," in that it "has traditionally been read to allow challenges to the legal sufficiency of an asserted defense," but not "to whether the defense

contains sufficient factual matter." *U.S. ex rel. Parikh v. Citizens Med. Ctr.*, 302 F.R.D. 416, 419 (S.D. Tex. 2014) (Costa, J., sitting by designation) (citation modified). And while claims for relief are subject to the pleading requirements of Federal Rule of Civil Procedure 8(a), the factual sufficiency of an affirmative defense is governed by Federal Rule of Civil Procedure 8(c), which requires only that a defendant "plead with enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced." *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014). "The fair notice pleading requirement is met if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Blount v. Johnson Controls, Inc.*, 328 F.R.D. 146, 150 (S.D. Miss. 2018) (citation modified).

Plus One asks the Court to strike seven of AIIA's eight alleged affirmative defenses—(1) that Plus One's complaint fails to state a claim; (2) that there is no case or controversy and, hence, no jurisdiction; (3) that Plus One has unclean hands; (4) that Plus One is judicially estopped from denying infringement; (5) that Plus One has waived its right to deny infringement; (6) that Plus One has engaged in a pattern of willful infringement; and (7) that Plus One aims to use AIIA's statements from settlement discussions against it, in violation of Federal Rule of Evidence 408. (Docket Entry 17, at 13–16; see Docket Entry 9, at 6, 8–11.) Each defense is addressed in turn below.

1. *Failure to State a Claim.*

AIIA alleges as an affirmative defense that "Plus One's Complaint fails to state a claim upon which relief can be granted." (Docket Entry 9, at 6.) Plus One argues that this affirmative defense should be stricken because it is not actually an affirmative defense at all. (Docket Entry 17, at 13.) Plus One is correct. An affirmative defense is an "assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the

complaint are true." *Affirmative Defense*, BLACK'S LAW DICTIONARY (12th ed. 2024). Whereas "[a] defendant who argues that the plaintiff's complaint fails to state a claim is actually objecting to the sufficiency of the pleadings; she is not introducing new facts that, if true, would bar recovery." *Schoen v. Underwood*, No. W-11-CA-00016, 2012 WL 13034044, at *1 n.1 (W.D. Tex. May 15, 2012). But even though failure to state a claim "is not an affirmative defense," *id.*, it can still be "pled in an answer because Federal Rule 12(h)(2) allows it to be raised" there. *Kleppinger v. Tex. Dep't of Transp.*, No. L-10-124, 2012 WL 12893653, at *9 (S.D. Tex. Aug. 10, 2012).

Accordingly, the Court should strike AIIA's characterization of its failure-to-state-a-claim defense as an "affirmative defense." It should otherwise remain.[2]

2. *Case or Controversy*.

AIIA's next affirmative defense is that the Court lacks subject matter jurisdiction over this case because "Plus One's actual infringement negates any controversy regarding non-infringement." (Docket Entry 9, at 8.) Like AIIA's failure-to-state-a-claim defense, this is not an affirmative defense at all, as it turns on "negat[ing]" Plus One's claims, rather than asserting "facts and arguments that, if true, w[ould] defeat . . . [Plus One's] claim[s], even if all the allegations in the complaint [we]re true." BLACK'S LAW DICTIONARY, *supra*; *see Schoen*, 2012 WL 13034044, at *1 n.1; *Union Pac. R.R. Co. v. City of Palestine*, 517 F. Supp. 3d 609, 634 (E.D. Tex. 2021)

---

[2] Plus One makes two additional arguments regarding the failure-to-state-a-claim defense; both fail. First, Plus One argues that, by filing an answer, AIIA has waived its right to file a 12(b)(6) motion to dismiss for failure to state a claim. Contrary to this argument, "a post-answer motion to dismiss [i]s properly before the court as long as the movant also raised the defense of failure to state a claim in his or her answer," *Delhomme v. Caremark Rx Inc.*, 232 F.R.D. 573, 575 (N.D. Tex. 2005). Second, Plus One argues that the District Judge's Standing Order bars challenges to the sufficiency of a complaint absent written notice of the alleged deficiencies and an opportunity to amend. (Docket Entry 17, at 13.) This is incorrect. While the Order does impose such a pre-filing conference requirement on motions to dismiss under Rule 12(b)(6), it in no way limits a defendant from pleading the failure-to-state-a-claim defense in its answer. (*See* Docket Entry 8.)

("lack of subject matter jurisdiction is not an affirmative defense"), *aff'd*, 41 F.4th 696 (5th Cir. 2022).

Accordingly, while AIIA may challenge subject matter jurisdiction at any time, FED. R. CIV. P. 12(h)(3), the "proper procedural vehicle" for doing so "is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)," *Stewart v. Cooley*, 648 F. Supp. 3d 772, 776 (W.D. La. 2022). AIIA's characterization of its jurisdictional challenge as an "affirmative defense" should therefore be stricken.

3. *Unclean Hands*.

AIIA argues that Plus One has "unclean hands barring relief" because it allegedly "made material misrepresentations regarding its non-use of synthetic images"—referring to the alleged inconsistency between Plus One's pleadings and its CTO's four-year-old statement—and engaged in a "pattern of knowingly and willfully violating patents[,] as demonstrated by [AIIA's] counterclaim[] and by the *Fortna* claim"—referring to *Fortna Sys., Inc. v. Plus One Robotics, Inc.*, No. SA-24-CV-1274-OLG (HJB), an unrelated patent infringement case. (Docket Entry 9, at 9.) Though much of AIIA's basis for this claim is invalid, Plus One's motion to strike this affirmative defense should nevertheless be denied.

Plus One correctly argues neither the *Fortna* litigation nor its mere assertions the current litigation can support an unclean hands defense. *Fortna* cannot support an unclean hands defense, as it is entirely unrelated to this case. An unclean hands defense is only available "when a party seeking relief has committed an unconscionable act immediately related to the equity the party seeks in respect to the litigation." *Hub Tex., LLC v. Arch Specialty Ins. Co.*, No. 5:21-CV-180-H-BQ, 2023 WL 11859828, at *8 (N.D. Tex. Mar. 21, 2023). *Fortna* is not related to this litigation—let alone "immediately" related to it. *See id.*; *Augustus v. Bd. of Pub. Instruction of Escambia*

*Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) ("[A] motion to strike should be granted . . . when the pleading to be stricken has no possible relation to the controversy").

Plus One also correctly argues that its mere "denial of infringement" cannot support an unclean hands defense, as holding otherwise "would allow every patentee-counterclaimant in every declaratory judgment action to tack on claims of unclean hands in addition to counterclaims for patent infringement." (Docket Entry 17, at 14.) However, AIIA does not rely solely on Plus One's denial of infringement in this case to form the basis of AIIA's unclean hands defense. It also relies upon Plus One's denial in this litigation of something that it allegedly has admitted through its CTO in the past. Contrary to Plus One's assertion, not "every patentee-counterclaimant in every declaratory judgment action" will be able to point to public statements made by the counter-defendant that allegedly contradict the gravamen of their litigation position.

Finally, Plus One argues that AIIA's unclean hands defense should be stricken on the ground that "Plus One seeks only a declaratory judgment of non-infringement and not an equitable relief." (Docket Entry 19, at 7.) While it is generally true that the unclean hands doctrine bars only equitable relief, *Anand v. Hallmark Fin. Servs., Inc.*, No. 3:24-CV-3181-B, 2026 WL 1698686, at *6 (N.D. Tex. June 11, 2026), Plus One is too hasty in concluding that the doctrine therefore has no applicability to its claims. Declaratory relief "itself is neither legal nor equitable," *Amiblu Tech. AS v. U.S. Composite Pipe S.*, No. CV 22-259-SDD-RLB, 2025 WL 1806701, at *3 (M.D. La. July 1, 2025) (quoting 9 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2313 (4th ed. 2025)), but "can be either legal or equitable depending upon whether the action is simply an inverted lawsuit for legal relief or the counterpart of a suit in equity." *Chevron, U. S. A., Inc. v. Oubre*, 93 F.R.D. 622, 623 (M.D. La. 1982).

Here, AIIA seeks both damages and an injunction. (Docket Entry 9, at 38.) A claim for "damages[ is] a remedy that is legal, not equitable, in nature," *DeVillier v. Texas*, 601 U.S. 285, 292 (2024), but "an injunction is an inherently equitable remedy," *In re Abbott*, 117 F.4th 729, 740 (5th Cir. 2024) (citation modified). Given the heavy burden Plus One must carry in moving to strike, *Joe Hand Promotions, Inc*, 2024 WL 4920766, at *1, the Court should deny Plus One's motion to strike AIIA's unclean hands defense at this time.

4. *Judicial Estoppel*.

AIIA argues that "Plus One's CTO's public admission of using synthetic image generation directly contradicts Plus One's current litigation position, warranting application of judicial estoppel" (Docket Entry 9, at 10.) But judicial estoppel only "prevents a party from assuming inconsistent positions *in litigation*." *In re Superior Crewboats, Inc.*, 374 F.3d 330, 334 (5th Cir. 2004) (emphasis added). The doctrine is applicable only when "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) *a court accepted the prior position*; and (3) the party did not act inadvertently." *In Matter of Galaz*, 841 F.3d 316, 326 (5th Cir. 2016) (emphasis added). Here, the only prior, allegedly inconsistent position AIIA identifies was a public statement made by Plus One's CTO in 2022. (*See* Docket Entry 9, at 10, 14; Docket Entry 9-1, at 2.) Judicial estoppel does not apply because the CTO's statement, even if inconsistent with Plus One's current position, "was never accepted by the court in [a] prior litigation, and was never adopted in any form by [a] prior court." *Hillman v. City of McKinney*, 70 F. Supp. 3d 790, 801 (E.D. Tex. 2014). Accordingly, the Court should strike AIIA's judicial estoppel affirmative defense.

5. *Waiver*.

Again relying on Plus One's CTO's 2022 statement, AIIA argues that Plus One "has waived any defenses by publicly admitting to using the accused technology." (Docket Entry 9, at 10.) Again, AIIA is mistaken. "Waiver is the intentional relinquishment or abandonment of a known right." *United States v. Martinez*, 131 F.4th 294, 314 (5th Cir. 2025). AIIA provides no explanation as to how Plus One knowingly relinquished a right to sue for a declaration of non-infringement based on an allegedly inconsistent statement by its CTO. Indeed, the parties agree that AIIA did not notify Plus One of its alleged infringements until July of 2025—three years *after* Plus One's CTO's alleged statement. (Docket Entry 1, at 2; Docket Entry 9, at 2.) Plus One's CTO's 2022 statement could not constitute a knowing and intentional relinquishment of a right to assert claims for non-infringement that did not arise until it was threatened with legal action in 2025. (Docket Entry 17, at 15.) The Court should therefore strike AIIA's waiver affirmative defense.

6. *Pattern of Willful Infringement*.

AIIA's next purported affirmative defense is that "Plus One has demonstrated a pattern of knowingly and willfully violating patents, as evidenced by both [AIIA's] counterclaim[s] and the pending *Fortna* . . . litigation." (Docket Entry 9, at 11.) As Plus One correctly points out, knowing and willful patent violation "is not a recognized defense to claims of noninfringement." (Docket Entry 17, at 16.) AIIA does not deny this in its reply, arguing instead that the phrase "pattern of willful infringement" conceivably could be construed as a proxy for other recognized defenses, "including unclean hands, equitable estoppel, and lack of good faith." (Docket Entry 18, at 21.) Even if that were true, it would make this defense redundant of others already discussed. *See* FED. R. CIV. P. 12(f) (permitting Court to strike redundant matter from pleading ). Accordingly, the Court should strike AIIA's "pattern-of-infringement" affirmative defense.

*7. Misusing Settlement Discussions.*

AIIA argues that "Plus One aims to utilize various statements made during negotiations for a settlement," in violation of Federal Rule of Evidence 408. (Docket Entry 9 at 11–12.) That rule provides that "[e]vidence of . . . a statement made during compromise negotiations . . . is not admissible . . . to prove or disprove the validity or amount of a disputed claim." FED. R. EVID. 408(a). Plus One argues that this defense should be stricken because "[e]videntiary objections are obviously not defenses." (Docket Entry 17, at 16 (quoting *Wineries of the Old Mission Peninsula Ass'n v. Peninsula Twp.*, No. 1:20-cv-1008, 2024 WL 1152556, at *4 (W.D. Mich. Mar. 12, 2024)).) Plus One is correct. As previously explained, an affirmative defense is an "assertion of facts and arguments that, if true, will defeat the plaintiff's claim, even if all the allegations in the complaint are true." *Schoen*, 2012 WL 13034044, at *1 n.1 (citation modified). An objection to the admissibility of evidence regarding settlement discussions would not defeat Plus One's claims regardless of the veracity of the allegations in its complaint.

AIIA argues in its response that "courts routinely permit parties to assert evidentiary objections as affirmative defenses." (Docket Entry 18, at 22.) But AIIA does not point to any instances of this alleged routine. Accordingly, the Court should strike AIIA's settlement discussion affirmative defense.

## IV. Recommendation.

Based on the foregoing, I recommend that Plus One's Motion to Dismiss and Strike (Docket Entry 17) be **GRANTED IN PART** and **DENIED IN PART**. Specifically, I recommend that counterclaims VI, VII, and VIII be **DISMISSED WITH PREJUDICE**, and that AIIA's first, fourth, fifth, sixth, seventh, and eighth affirmative defenses be **STRICKEN**. AIIA's third affirmative defense—unclean hands—should not be stricken.

## V. Notice of Right to Object.

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed **within 14 days** after being served with a copy of the same, unless this time period is modified by the District Court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties. An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on July 16, 2026.

Henry J. Bemporad
United States Magistrate Judge