IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| PLUS ONE ROBOTICS, INC., <br><br>   Plaintiff / Counter-Defendant, <br><br> v. <br> ARTIFICIAL INTELLIGENCE INDUSTRY ASSOCIATION, INC., and ARTIFICIAL INTELLIGENCE IMAGING ASSOCIATION, INC., <br><br>   Defendants / Counter-Plaintiffs. | Case No. 5:25-CV-01197-OLG-HJB |

**RESPONSE IN OPPOSITION TO PLUS ONE'S**

**ADMISTRATIVE MOTION REGARDING SEALING**

**INTRODUCTION**

By its Administrative Motion Regarding Sealing (Dkt. 43), Plus One asks the Court to override a Protective Order confidentiality designation and to compel AIIA to re-serve materials without that designation within two days—without first following the de-designation procedure the parties agreed to in the Protective Order. The Court should deny the motion. The dispute is now squarely before the Court on Plus One's own motion and can be resolved on the present record: Plus One bypassed the Protective Order's agreed procedure, the sole access concern it ever raised is already resolved, and, on the information the parties have provided, AIIA's designation is valid under the governing confidentiality standard.

AIIA does not contend that the asserted claim language or Plus One's own public materials are, standing alone, confidential. What AIIA designated—and what is protectable—is its confidential, Plus-One-specific work product: the selection,

1

arrangement, and element-by-element mapping showing how Plus One in particular infringes. And the only access concern Plus One ever articulated is already resolved— AIIA agreed that Plus One may share the contentions with its client. Plus One nonetheless filed this motion, without any further meet-and-confer, demanding summary relief on two days' notice. For that reason alone the motion should be denied: it fails as an improper "administrative" request, and it fails on the merits under the confidentiality standard—a question the Court can and should decide on the information already before it.

## ARGUMENT

**I.      Plus One Bypassed the Protective Order's Agreed Procedure, and Its Only Stated Concern Is Already Resolved.**

The Protective Order governs how a party challenges a confidentiality designation. Paragraph 18 of the Protective Order sets out that procedure: a party challenging a designation must first request modification in writing, and if the designating party does not agree, "the parties shall meet and confer within five (5) business days of a written challenge to a designation." Only "[i]f the dispute is not resolved" may "the requesting Party … file a motion with the Court within ten (10) days after the meet and confer," and on any such motion "the burden shall be on the designating Party to show why its classification is proper," with the challenge "treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37." And "[p]ending the Court's determination of the application, the designation of the designating Party shall be maintained." (Dkt. 27-1 ¶ 18.) That procedure exists precisely so that designations are

resolved on notice and a developed record, not by ambush. Under it, the material remains treated as designated, and the *designating* party is heard, until the Court rules. Plus One did not follow it. Instead, it styled its request as an "Administrative Motion Regarding Sealing" under Local Rule CV-5.2—a rule addressed to the sealing of *court filings*—and then bootstrapped onto it a demand that the Court compel AIIA to re-serve *discovery* materials stripped of their designation. Those are different questions governed by different rules, and the latter is governed by the Protective Order.

By unilaterally declaring AIIA's designation improper and moving to strip it on two days' notice—rather than meeting and conferring and, if necessary, moving under the agreed procedure—Plus One has breached the Protective Order it stipulated to. That breach is all the more striking because Plus One demands strict enforcement of the same Order when its *own* information is at stake. Plus One designated its entire document production "Highly Confidential—Attorneys' Eyes Only" under the Protective Order, and it has withheld its source code to attorneys'-eyes-only, inspection-only access under the Protective Order. Plus One thus invokes the Protective Order to shield its own materials while disregarding it for AIIA's. AIIA brings this conduct to the Court's attention so that Plus One is directed to honor the Protective Order's procedure going forward rather than circumvent it by unilateral, short-fuse motion.

Plus One's own authorities confirm that the process should be followed here. Both *Cypress Lake Software, Inc. v. ZTE (USA) Inc.*, No. 6:17-CV-00300-RWS, 2018 WL 4100766 (E.D. Tex. Apr. 24, 2018), and *Constellation, LLC v. Avis Budget Group, Inc.*, No. 5:07CV38, 2007 WL 7658921 (E.D. Tex. Oct. 30, 2007), removed a "Confidential"

designation from infringement contentions only through the Protective Order's own designation-challenge procedure—a contested motion on which the designating party bore the burden and was heard—not a two-day administrative sealing motion. In *Constellation,* the court applied "the proper standard . . . set forth in the Court's Protective Order," under which the receiving party "may file a motion" and the producing party "shall have the burden of establishing that the disputed Protected Matters are entitled to confidential treatment." 2007 WL 7658921, at *2. And in *Cypress Lake*, the court resolved the challenge only after a hearing and an ordered opportunity for the designating party to identify and justify the specific portions it claimed were confidential. 2018 WL 4100766, at *2–3. Those decisions confirm that de-designation of infringement contentions is decided as a contested motion on which the designating party is heard and bears the burden—the very posture now before the Court. Neither case is binding here, and neither was resolved on a two-day administrative motion. The Court can decide the designation on this record; but because Plus One skipped the agreed procedure and the only concern it raised is already resolved, the motion should be denied outright rather than used to strip the designation on two days' notice.

## II.     The Contentions Reflect AIIA's Work Product, and Their Wholesale De-Designation on Two Days' Notice Would Prejudice AIIA.

Plus One is wrong that the contentions contain nothing protectable. AIIA's amended contentions do more than reproduce public claim language: they embody AIIA's attorney work product—AIIA's selection, arrangement, and element-by-element mapping of the evidence to the asserted claims, and the litigation and enforcement

analysis reflected in that mapping. That mapping is specific to Plus One: it reflects AIIA's analysis of *how Plus One infringes*, tying each asserted limitation to Plus One's particular products, architecture, and public statements. It is not a generic infringement theory that would apply to any other company's products, and it does not describe or read on any other potential infringer's systems. To that extent the designation is valid—what AIIA protected is its confidential, Plus-One-specific work product, not the published claim language or Plus One's own public materials standing alone. Courts in this Circuit have recognized as much: infringement contentions may represent a party's confidential information even when built from publicly available information, and the appropriate response to a defendant's access concern is to calibrate who may review them—not to strip the designation and make them public. *See Uniloc USA, Inc. v. Med. Info. Tech., Inc.*, No. 6:16-CV-00463-RWS, 2017 WL 3836140, at *2 (E.D. Tex. Jan. 26, 2017) (denying motion to compel de-designation and instead ordering only limited disclosure to co-defendants' outside counsel); *ExitExchange Corp. v. Casale Media, Inc.*, No. 2:10-CV-297, 2012 WL 996960, at *1 (E.D. Tex. Mar. 23, 2012) (Gilstrap, J.) (denying a motion to remove the confidential designation of Local Patent Rule 3-1 claim charts because such infringement-contention charts are confidential business information under the protective order—not generally known, not normally revealed to third parties, and detrimental to the patentee if disclosed because competitors could use them to its detriment—and protecting the movants through calibrated access rather than de-designation); *see also Stragent LLC v. BMW of N. Am., LLC*, No. 6:16-CV-446-RWS-KNM, 2020 WL 10759465, at *5 (E.D. Tex. May 14, 2020) (denying attorney's fees

under 35 U.S.C. § 285 and rejecting the contention that a patentee's confidential designation of its infringement contentions, and refusal to de-designate, was unreasonable litigation conduct absent any showing of prejudice). Plus One's authorities—*Cypress Lake* and *Constellation*—do not compel a different result: each ordered de-designation only because the patentee was a non-practicing entity that faced no competitive harm and whose sole asserted interest was extinguished once its contentions were served. Neither condition holds for AIIA, a licensing entity whose contentions embody its Plus One-specific enforcement analysis, the confidentiality of which retains value to AIIA's licensing program beyond this case. Applying that standard here—on the papers—AIIA's designation holds: its contentions are not generally known, are not normally disclosed to third parties, and their public disclosure would damage AIIA's licensing program by exposing its Plus-One-specific enforcement analysis to prospective licensees and to competitors of its licensees. Public disclosure would thus prejudice AIIA's interests beyond this litigation, including with respect to third parties. On the information before the Court, AIIA's designation satisfies the governing standard and should be sustained; a good-faith designation of protectable work product is not a proper occasion for summary relief—or for the fee award Plus One's authority invites.

Moreover, the only concrete harm Plus One has ever identified from the designation has already been resolved. Plus One told AIIA it could not share the Attorneys'-Eyes-Only contentions with its own client, and AIIA responded that it had no objection to Plus One's client reviewing them. AIIA thus accommodated Plus One's stated concern without any court order, narrowing the designation to the extent Plus One

6

actually raised. That accommodation both moots the prejudice Plus One asserts and confirms that AIIA's designation was made in good faith and is narrowly directed at protecting AIIA's Plus-One-specific work product—not at withholding the contentions from the people who need to see them. Plus One asks the Court to strip a Protective Order designation and compel re-service of "each set of contentions" within two days—faster than the Protective Order's own challenge timeline, and without the notice and opportunity to be heard that a designation dispute requires. Nothing warrants that pace. There is no trial or hearing that turns on the designation, and Plus One identifies none; its own Motion to Strike—now set for hearing on September 10, 2026 (Dkt. 47)—will be briefed and decided regardless of whether the exhibits are sealed. The only thing the two-day deadline accomplishes is to deny AIIA the process the parties agreed to.

### III.    The Motion's Factual Premises Are Unsupported.

Plus One asks the Court to make findings—that the contentions contain "no confidential material," that AIIA "has no competitors," and that AIIA can show no harm—on nothing but attorney argument. Those are contested factual assertions offered without any evidence, and they are not the Court's to assume. AIIA's interest in confidentiality is real: AIIA licenses the Patents-in-Suit, and the value of its portfolio to its licensees and prospective license holders depends on AIIA's ability to protect its own confidential information and enforcement analysis. Whether that information warrants protection can be determined on the record now before the Court; it is not for Plus One to proclaim away by unilateral motion on two days' notice.

## CONCLUSION

AIIA respectfully requests that the Court deny Plus One's Administrative Motion Regarding Sealing. Plus One bypassed the Protective Order's agreed procedure, the only access concern it raised has already been resolved, and on the record provided AIIA's designation is valid under the governing confidentiality standard; the motion therefore fails both as an administrative request and on the merits, and can be denied on the papers without a hearing. AIIA further requests that any confidentiality designation Plus One makes going forward be subject to the same administrative review window Plus One seeks to impose on AIIA's designations.

Dated: August 5, 2026

Respectfully submitted,

*/s/ Robert E. Golden*
Robert E. Golden
GOLDEN LAW, P.C.
Independence Plaza II, Suite 250
14350 Northbrook Drive
San Antonio, Texas 78232
Telephone: (210) 495-0900
Facsimile: (210) 495-0997
golden@goldenlaw.net

*Attorneys for Defendants/Counter-Plaintiffs*

8

9

**CERTIFICATE OF SERVICE**

I hereby certify that, on the date set forth below, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a notice of electronic filing upon all counsel of record and all parties registered to receive such notices in this case.

Dated: August 5, 2026

/s/ Robert E. Golden
Robert E. Golden

*Attorneys for Defendants/Counter-Plaintiffs*