IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| PLUS ONE ROBOTICS, INC., <br>    Plaintiff / Counter-Defendant, <br><br> v. <br><br> ARTIFICIAL INTELLIGENCE INDUSTRY ASSOCIATION, INC., and ARTIFICIAL INTELLIGENCE IMAGING ASSOCIATION, INC., <br>    Defendants / Counter-Plaintiffs. | Case No. 5:25-CV-01197-OLG-HJB |

**DECLARATION OF ROBERT E. GOLDEN IN SUPPORT OF AIIA'S OPPOSITION TO PLUS ONE'S MOTION TO STRIKE**

I, Robert E. Golden, declare as follows:

1.     I am the principal of Golden Law, P.C., and counsel of record for Defendants and Counter-Plaintiffs Artificial Intelligence Industry Association, Inc. and Artificial Intelligence Imaging Association, Inc. (together, "AIIA"). I have personal knowledge of the facts stated here and, if called, could and would testify competently to them.

2.     My legal team prepared AIIA's amended preliminary infringement contentions, which chart each asserted claim of the '272, '693, and '315 patents element by element and map each limitation to identified, publicly available evidence.

3.     **Offers to extend the claim-construction schedule.** In connection with the extension of AIIA's contentions deadline, I offered Plus One, well in advance, a corresponding extension of the claim-construction deadline and the remaining case deadlines, as reflected in my May 6, 2026 letter to Plus One's counsel (Dkt. 44-1), a

1

true and correct copy of which is attached hereto as Exhibit A. Plus One rejected that offer late in the evening, on the eve of the extension request, and declined to move the claim-construction deadline or any other deadline.

4.      AIIA renewed that offer twice more. Specifically, AIIA renewed the extension offer on or about July 21, 2026, and again on July 22, 2026. Plus One refused each time. True and correct copies of those communications are attached hereto as Exhibits B and C, respectively.

5.      AIIA remains willing to extend the claim-construction schedule, including the August 10, 2026 deadline to exchange claim terms, so that the parties may proceed in an orderly manner and address any dispute over the contentions on a full record.

6.      **Source code was made available for inspection only, not produced.** Plus One's letter dated January 16, 2026 stated that its source code, "including ML/AI training data where applicable," was "available for inspection" by appointment at Plus One's counsel's offices in San Francisco, subject to the Protective Order, and asked AIIA to coordinate a mutually convenient time. The parties never coordinated any such inspection, and Plus One never produced its source code or AI/ML training materials.

7.      My legal team reviewed the production set Plus One made available (PLUSONE_000001–793). That set contains no source code and no AI/ML training materials—no code files, datasets, annotation files, model weights, or training configurations.

8.    **AIIA's written position.** A true and correct copy of my letter to Plus One's counsel dated July 22, 2026, setting forth AIIA's position that its contentions comply with the Court's Orders, is filed in this record at Dkt. 40-11 and attached hereto as Exhibit C.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 5, 2026, at San Antonio, Texas.

Robert E. Golden

3

# EXHIBIT  A

LAW OFFICES

# GOLDEN LAW
### *A PROFESSIONAL CORPORATION*

**ROBERT E. GOLDEN**
BOARD CERTIFIED – CIVIL TRIAL LAW
Texas Board of Legal Specialization

QUALIFIED MEDIATOR
Attorney-Mediator Institute

INDEPENDENCE PLAZA II, SUITE 250
14350 NORTHBROOK DRIVE
SAN ANTONIO, TEXAS 78232

WWW.GOLDENLAW.NET
golden@goldenlaw.net

TELEPHONE
(210) 495-0900

FACSIMILE
(210) 495-0997

May 6, 2026

**VIA EMAIL DELIVERY**

Mr. Udit Sood
TYZ LAW GROUP PC
1 Embarcadero Center, Suite 1200
San Francisco, CA 94111

> Re: *Plus One Robotics v. AIIA*, Case No. 5:25-cv-01197-OLG-HJB (W.D. Tex.); Response to Your May 5, 2026 Letter Regarding AIIA's Motion for Extension of Time to Serve Amended Preliminary Infringement Contentions

Dear Counsel:

Your May 5, 2026 letter mischaracterizes the record, the parties' communications, and the legal standard governing AIIA's pre-deadline request for additional time. AIIA writes to correct those errors and to respond to your counter-proposal. AIIA remains willing to confer in good faith, but the conditions Plus One has injected into a routine extension request are not acceptable, and several statements in your letter require correction.

## AIIA Has Not "Changed Position" — Plus One's May 4 Response Was a Counter-Offer, Not an Acceptance.

Your letter opens by accusing AIIA of a "sudden change in position." That is incorrect. On May 1, 2026, AIIA requested a short extension to May 26, 2026. On May 4, 2026, Plus One did not simply agree. Plus One conditioned any extension on AIIA's commitment that, if AIIA failed to comply by May 26, its claims against Plus One would be "dropped with prejudice" — a punitive, self-executing dismissal sanction Plus One had never previously raised and that no order of this Court has imposed. AIIA's evaluation of that counter-proposal, and its determination that it cannot agree to a self-executing

Mr. Udit Sood
May 6, 2026
Page 2

---

dismissal sanction (especially given the schedule pressures Plus One itself has contributed to), is not a "change in position." It is the natural consequence of Plus One's effort to extract a litigation-ending concession in exchange for ordinary scheduling relief.

Likewise, your characterization of AIIA's motion as a "threat" misapprehends Federal Rule of Civil Procedure 6(b)(1)(A). With the May 8, 2026 deadline imminent, AIIA was required to seek relief before the deadline expired or risk being held to the more demanding excusable-neglect standard under Rule 6(b)(1)(B). Filing a timely motion is not gamesmanship; it is what the rules require.

## AIIA Has Conferred in Good Faith.

AIIA initiated the meet-and-confer process on May 1, promptly responded to Plus One's May 4 counter-offer, provided Plus One with the proposed motion and order on May 4, and has continued to engage despite Plus One's escalating demands. The accusation that AIIA has not conferred in good faith is unfounded. It is Plus One's insistence on a self-executing dismissal-with-prejudice condition — untethered to any rule, order, or prior agreement — that has prevented agreement, not any want of good faith on AIIA's part.

## Plus One's Recitation of the Procedural History Is Selective and Misleading.

Your letter recites the February 9 and February 16, 2026 deadlines as if AIIA simply ignored them. That is not what occurred. AIIA served preliminary infringement contentions on February 9, 2026. Plus One thereafter contended those contentions were deficient, and the parties met and conferred. The result of that conferral was the March 27, 2026 joint motion (Dkt. 30) and the Court's March 31, 2026 order (Dkt. 31) resetting the deadline to May 8, 2026 — an order that, contrary to the implication in your letter, contains no provision conditioning that deadline on a self-executing dismissal sanction. Plus One should not now be permitted to import such a condition into this further extension request.

Your suggestion that AIIA has had "about 5 months" or " ~ 150 days" to prepare contentions also overstates the case. AIIA's amended-contentions deadline was reset by Court order on March 31, 2026, and AIIA has been actively working on those contentions while simultaneously addressing (i) Plus One's protective-order objection to AIIA's previously-disclosed expert and (ii) the withdrawal of AIIA's prior patent counsel. The voluntary January 16, 2026 production of documentation does not collapse those

Mr. Udit Sood
May 6, 2026
Page 3

subsequent disruptions.

Your letter also repeatedly invokes the Scheduling Order's software/source-code provision as if it imposed an affirmative early-disclosure deadline that AIIA somehow missed. It does not. The provision is a carve-out that benefits AIIA: it provides that, for claim elements practiced in software, AIIA "need not serve the aforesaid disclosures for such element until 30 days after source code for the accused product is produced." (Dkt. 25 at 1.) The carve-out was intended to defer AIIA's software-related disclosures until AIIA had retained an expert qualified under the Protective Order and that expert had been given a meaningful opportunity to analyze the source code of each accused product — not to manufacture an early-disclosure obligation Plus One can wield against AIIA. Three points follow:

1) The phrase "source code for the accused product" is not a one-off, single-trigger event. The universe of accused products is not fixed at the outset of a patent case; it depends on what is learned through discovery. As the scope of the case develops — new products, components, versions, or implementations come to light — the carve-out operates with respect to each accused product as "source code for the accused product" is produced. Plus One's framing — that one early production resets and exhausts AIIA's carve-out rights for the entire case — is inconsistent with the way infringement cases are actually litigated and with the carve-out's text and purpose. Consistent with that text and purpose, the carve-out operates throughout fact discovery; it is a discovery mechanism tied to the case's fact discovery cutoff (November 19, 2027), not a one-time obligation extinguished by an early voluntary production.

2) The proper sequence under the Scheduling Order is that the accused products are identified in AIIA's preliminary infringement contentions, source code for those identified products is then produced by Plus One pursuant to the Protective Order's source-code procedures, AIIA's qualified expert reviews that source code, and AIIA then serves its element-by-element software disclosures within thirty days. The carve-out does not work the way your letter phrases it, and the Protective Order's source-code and expert-disclosure procedures (including the ten-day notice period before a new expert can access materials) confirm as much.

Your own January 16, 2026 letter confirms as much. That letter produced a set of documents but did not produce source code. Source code "pertaining to Plus One's PickOne, InductOne, and DepalOne systems," including "ML/AI training data where applicable," was instead made "available for inspection, subject to the stipulated Protective

Mr. Udit Sood
May 6, 2026
Page 4

---

Order" at your offices, and the letter expressly invited AIIA to "contact us to coordinate a mutually convenient time for inspection." Plus One's own characterization of the January 16 transmittal therefore confirms what the Scheduling Order and the Protective Order, read together, already require: source code review proceeds by inspection at your offices, by an expert qualified under the Protective Order, on a date mutually agreed by the parties. The 30-day clock cannot run until those conditions are met. None was satisfied on January 16, 2026.

3) More candidly, the through-line of Plus One's positions — the early-production-triggers-the-clock argument, the late-raised expert objection, the April 6 destruction demand, and now the demand that any further extension be conditioned on a self-executing dismissal of AIIA's claims with prejudice — is not aimed at reaching the heart of the dispute between the parties. It is aimed at foreclosing the patent owner's options through procedure. AIIA is prepared to litigate the merits of its infringement claims; it is not prepared to forfeit them on a manufactured clock. To the extent Plus One contends otherwise, the premise underlying its accusations of AIIA's alleged non-compliance is contested, and AIIA reserves all rights with respect to it.

## The Expert Issue Reflects Plus One's Late-Raised Objection, Not AIIA's Lack of Diligence.

Your letter asserts that AIIA's good-cause showing fails because AIIA "chose to hire a competitor of Plus One as an expert." That mischaracterizes the situation. AIIA disclosed Dr. Janét as its proposed expert on or around March 16, 2026. Plus One did not raise its protective-order objection until March 20, 2026, and Plus One nonetheless stipulated to the joint extension on March 27, 2026. On that same day, however, Plus One issued a destruction demand designed to derail the very extension it had just agreed to — a clear instance of gamesmanship. AIIA disagrees with Plus One's characterization of Dr. Janét and ARA, and with Plus One's contention that Dr. Janét is disqualified under the Protective Order. As a courtesy, AIIA decided not to use Dr. Janét on April 13, 2026. AIIA has been searching for a substitute expert capable of analyzing complex AI/LLM technology — work that cannot reasonably be completed in the abbreviated time Plus One proposes.

In any event, your characterization of who was copied on the emails has no bearing on whether good cause exists for the extension because the central issue is your attempt to disqualify the Expert and to run the clock out using that disqualification.

Mr. Udit Sood
May 6, 2026
Page 5

_____

## AIIA Has Retained New Patent Counsel, Who Will Be Entering an Appearance Shortly.

Your letter contends that AIIA's motion is "replete with demonstrably false statements" because no new attorney has appeared since Mr. Newell's withdrawal. That accusation is unfounded. The motion accurately states that AIIA "retained new counsel in April to replace its prior counsel" and that new counsel "needs additional time to meaningfully confer with his client." New counsel was in fact retained in April, and new counsel will be entering an appearance in this matter shortly. The fact that the formal notice of appearance has not yet been filed does not render any representation in the motion false — it simply reflects the orderly transition of patent-litigation responsibilities following Mr. Newell's April 9, 2026 withdrawal. None of this raises any issue with the substance of AIIA's contentions or the good cause supporting the requested extension.

## The Applicable Standard Is Rule 6(b)(1)(A), and AIIA Has Shown Good Cause.

Your letter relies on *Rosario* for the proposition that AIIA must show "diligence" and an "explanation for the failure to timely comply." *Rosario* addressed an *untimely* Rule 16(b)(4) request to amend a scheduling order after the deadline had passed. AIIA's request is **pre-deadline** under Rule 6(b)(1)(A), which permits the Court to extend time "for good cause" — a standard the Fifth Circuit applies flexibly and that does not impose the heightened diligence showing applicable to post-deadline relief under Rule 6(b)(1)(B).

In any event, AIIA has shown good cause: (I) the withdrawal of prior patent counsel on April 9, 2026, and the orderly transition to new patent counsel who is preparing to enter an appearance; (ii) Plus One's late-raised protective-order destruction request requiring AIIA to identify and retain replacement expert support; (iii) the technical complexity of the materials Plus One produced, which include AI/LLM training materials; and (iv) the absence of meaningful prejudice to Plus One, whose own preliminary invalidity contentions deadline can be reset symmetrically.

## AIIA Cannot Agree to a Self-Executing Dismissal-with-Prejudice Condition.

Plus One's repeated insistence that any further extension be conditioned on automatic dismissal of AIIA's claims with prejudice if AIIA misses the new deadline is improper. Dismissal with prejudice is among the most severe sanctions available, and in the Fifth Circuit it requires a finding of clear delay or contumacious conduct, together with consideration of lesser sanctions. See, e.g., *Brown v. Oil States Skagit Smatco*, 664 F.3d

Mr. Udit Sood
May 6, 2026
Page 6

71, 77 (5th Cir. 2011) (quoting *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985)); *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). The parties cannot, by stipulation in a routine scheduling order, manufacture a self-executing dismissal sanction divorced from those due-process protections, and AIIA will not agree to do so. AIIA fully intends to comply with whatever deadline the Court sets, but any failure to meet a future deadline must be addressed (if at all) through ordinary motion practice on the record before the Court.

More fundamentally, the Fifth Circuit has long emphasized that the policy of the law is to favor decisions on the merits, not procedural foreclosure. See *Rogers v. Kroger Co.*, 669 F.2d 317, 320–22 (5th Cir. 1982) (reversing dismissal-with-prejudice from S.D. Tex. and reaffirming that "it remains the policy of the law to favor the decision of cases on their merits"); *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014) ("Dismissal with prejudice . . . is an extreme sanction that deprives a litigant of the opportunity to pursue his claim."); *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (same). Plus One's collective strategy in this case — the dismissal-with-prejudice condition, the early-production-as-trigger argument, and the demand-and-destruction sequence aimed at AIIA's expert — is precisely the kind of procedural-foreclosure tactic the Fifth Circuit disfavors. AIIA respectfully submits that the Court should resolve this dispute, like the rest of this case, on the merits.

## AIIA's Counter-Proposal.

AIIA continues to seek the 60-day extension reflected in its motion (to July 8, 2026), which is the time AIIA reasonably needs to retain replacement expert support, allow newly retained patent counsel to enter an appearance and, upon being bound by the Protective Order, review the case materials, and serve element-by-element infringement contentions of the quality this Court's December 11, 2025 Scheduling Order requires. In the interest of compromise and to avoid burdening the Court with contested motion practice, AIIA proposes the following terms for a joint motion:

1. AIIA's deadline to serve Amended Preliminary Infringement Contentions is reset to July 8, 2026.

2. Plus One's deadline to serve Preliminary Invalidity Contentions is reset commensurately, to a date approximately three months after AIIA's new deadline (i.e., on or about October 7, 2026), preserving the response interval the original Scheduling Order contemplated.

Mr. Udit Sood
May 6, 2026
Page 7

_____

3. The parties will confer regarding any necessary corresponding adjustments to other Scheduling Order deadlines.

4. Each party reserves all rights, including its respective procedural rights under Federal Rules of Civil Procedure 6 and 16.

If Plus One is willing to proceed on these terms, AIIA will revise the joint motion accordingly and circulate it. If Plus One continues to insist on a self-executing dismissal condition, the parties are at impasse on that point, and AIIA will proceed by separate motion. Either way, AIIA will file before the May 8, 2026 deadline expires.

AIIA reserves all rights.

Sincerely yours,

Robert E. Golden

REG/Counsel for Defendants/Counter-Plaintiff

cc:    Artificial Intelligence Imaging Association, Inc.

# EXHIBIT  B

 Outlook

---

### Re: Plus One v. AIIA -- AIIA's Non-Compliant Infringement Contentions

---

**From** Robert E Golden <golden@goldenlaw.net>

**Date** Tue 7/21/2026 11:22 AM

**To** Udit Sood-Hall <udit@tyzlaw.com>

**Cc** Ryan Tyz <ryan@tyzlaw.com>; Sean Apple <sapple@tyzlaw.com>; Laura P <laura@goldenlaw.net>; Tyz Law - Plus One Team <tyzlawplusoneteam@tyzlaw.com>

█████████████████████████████████████████

I am not available today between 3 and 5pm CST for a phone conference.  I will get back to you shortly with a more detailed reply to your inquiries.  In the meantime, if it would be helpful to you to move back the coming date in the Scheduling Order to give you more time, that would be okay with us.

I will respond to you more fully a little later.

Robert

_____

**Golden Law, P.C.**
Independence Plaza II, Suite 250
14350 Northbrook Drive
San Antonio, Texas  78232
(210) 495-0900
(210) 495-0997 (fax)

---

**From:** Udit Sood-Hall <udit@tyzlaw.com>
**Sent:** Tuesday, July 21, 2026 11:08 AM
**To:** Robert E Golden <golden@goldenlaw.net>
**Cc:** Ryan Tyz <ryan@tyzlaw.com>; Sean Apple <sapple@tyzlaw.com>; Laura P <laura@goldenlaw.net>; Tyz Law - Plus One Team <tyzlawplusoneteam@tyzlaw.com>
**Subject:** RE: Plus One v. AIIA -- AIIA's Non-Compliant Infringement Contentions

Dear counsel:

We have not heard from you on the below.  Please confirm ASAP if you are available today between 3 and 5 pm CT to meet and confer with Plus One regarding AIIA's continued failure to serve proper infringement contentions.

As the record shows, this is Plus One's _fifth_ request for AIIA's availability to meet and confer.  So far, AIIA has failed to accept any of Plus One's suggested times, while also failing to

EXHIBIT  C

LAW OFFICES

# GOLDEN LAW
### *A PROFESSIONAL CORPORATION*

**ROBERT E. GOLDEN**

BOARD CERTIFIED – CIVIL TRIAL LAW
Texas Board of Legal Specialization

QUALIFIED MEDIATOR
Attorney-Mediator Institute

INDEPENDENCE PLAZA II, SUITE 250
14350 NORTHBROOK DRIVE
SAN ANTONIO, TEXAS 78232

WWW.GOLDENLAW.NET
golden@goldenlaw.net

TELEPHONE
**(210) 495-0900**

FACSIMILE
**(210) 495-0997**

July 22, 2026

Mr. Ryan Tyz, Esq.
TYZ LAW GROUP
1 Embarcadero Center, Suite 1200
San Francisco, CA 94111

**<u>VIA EMAIL DELIVERY</u>**

Re:    *Plus One Robotics, Inc. v. AIIA*, No. 5:25-cv-01197-OLG-HJB (W.D. Tex.) —
Response to Plus One's July 16, 2026 Letter

Dear Mr. Tyz:

As you know, I represent Defendants and Counter-Plaintiffs Artificial Intelligence Industry Association, Inc. and Artificial Intelligence Imaging Association, Inc. (together, "AIIA" or "Patent Owner"), and I write in response to your July 16, 2026 letter. This letter sets forth AIIA's position in full. My legal team prepared AIIA's amended preliminary infringement contentions, which set out AIIA's infringement theory in detail, charting each asserted claim element by element to the evidence. AIIA declines Plus One's demand that it withdraw its Amended Preliminary Infringement Contentions or dismiss its counterclaims. The demand is meritless, and the premises on which your letter rests do not survive comparison with the Court's actual Orders and the record.

**AIIA's contentions comply with the Court's Orders and give Plus One full notice of AIIA's infringement theory.**

AIIA's Preliminary Infringement Contentions are based on publicly available information and satisfy every requirement of a preliminary infringement contention. They placed Plus One on notice of AIIA's theory of infringement as early as February 2026, and again in July 2026, when AIIA removed its software-related reservations and mapped those elements to publicly available information—including the training-data disclosures that Plus One's Chief Technology Officer, Shaun Edwards, confirmed at Amazon re:MARS 2022, where he described Plus One's use of Amazon SageMaker Ground Truth to generate thousands of synthetic images. (*See* Amazon Web Servs., *Creating High-Quality Training Sets for Machine Learning Models*, Amazon re:MARS 2022 (Session ROB225) (June 2022),

Mr. Ryan Tyz, Esq.
July 22, 2026
Page 2

_____

https://www.youtube.com/watch?v=gYjurgMgutg.)  To the extent Plus One suggests it merely tested—rather than used—that service, Plus One's own Chief Technology Officer said otherwise: "We use Amazon SageMaker Ground Truth to generate tens of thousands of labeled photorealistic images of packages from various carriers ... This data is used in real-life induction applications to facilitate over 1 million picks per day for our customers." *(Id.)*  The accused products share the same accused features that AIIA's contentions identify, and AIIA's charts detail where each asserted claim element is found.  The Order requires disclosure "as completely and specifically as possible based on the information available to AIIA as of the date of the contentions." (Dkt. 31, § I.)  AIIA's contentions meet that standard and comply with every requirement of the Order.

**AIIA has been diligent and has complied with its obligations.**

Any change in AIIA's counsel or expert staffing has not affected AIIA's compliance with the Court's Orders.  On July 8, 2026—the agreed date—AIIA served its amended preliminary infringement contentions, and it has been diligent throughout in amending its claims in response to your letter.  Well before that deadline, on May 20, 2026, AIIA cured the majority of the deficiencies Plus One had raised—other than the software reservation—through a supplemental production.

**Your letter's characterization of Dkt. 31 is not accurate.**

The Order Regarding Contentions requires "citations to all available documents (*including technical specifications, diagrams, source code, AI/LLM training materials, or other evidence*) that, *according to AIIA*, show where a given claim element is found in each accused Plus One product." (Dkt. 31, § I.(b) (emphasis added).)  The Order does not require AIIA to cite source code or AI/LLM training materials.  It requires citations to the available documents that—*according to AIIA*—show each element, and it lists categories of evidence in the disjunctive, as examples. *Id.*  Your letter (§ II.3) recasts an illustrative, disjunctive list as two mandatory categories.  That is a rewrite of the Order.  AIIA has cited the publicly available documents on which its theory relies, which is precisely what the Order requires. There is no requirement that we produce or cite to *documents that — according to Plus One —* show anything.

**AIIA's amended contentions chart every asserted claim, element by element.**

Your letter faults AIIA for charting "only claim 1" of the '315 patent and omitting claims 2, 7, 8, 9, 15, 16, and 17.  As to that objection, AIIA's July 17, 2026 amended contentions chart each of those '315 claims, element by element, and provide all of the information responsive to your letter.  AIIA's contentions likewise chart each asserted claim of the '272 and '693 patents, identifying where each limitation is found in the

Mr. Ryan Tyz, Esq.
July 22, 2026
Page 3

_____

Accused Instrumentalities. The '693 "processor … programmed to" limitation, for example, is charted to Plus One's own hardware and code, including the Intel RealSense processor coupled to the OnLogic Karbon 804 and pinpoint citations to Plus One's published repositories. To the extent your letter addressed an earlier iteration of the contentions, the July 17, 2026 amended contentions supersede it and resolve these objections. The July 22, 2026 amendment reproduces these changes and provides a description of the family to further clarity.

**The Accused Instrumentalities are the same family of products.**

The Accused Instrumentalities are a single family of products that share a sensor from the same family of sensors, connected to computing hardware that performs the elements of the asserted claims in the same way. AIIA's Amended Preliminary Infringement Contentions dated July 22, 2026 — reproduced in full as Exhibit A hereto — address this expressly at Section VI (Accused Instrumentalities and Shared Sensor, Computing Device, and Functionality), which establishes from public sources that PickOne (including its Lite, Core, and Pro tiers), DepalOne, and InductOne each operate the same PickOne AI vision software, the same family of stereoscopic depth cameras (Intel RealSense, Orbbec, and Zivid One), and the same OnLogic Karbon 804 vision computer, such that a person of ordinary skill in the art would understand them to function in the same way. Plus One has identified no material difference between the accused products as to any charted claim element, and AIIA's claim charts confirm as much within the contentions themselves. Requiring AIIA to duplicate its charts product by product would generate over 1,000 pages of duplicative charting for products that share the same sensor family and computing hardware and perform the same function—a burden that would add nothing to Plus One's notice and would be unwieldy for the Court. Representative charting of a product family that operates in the same way satisfies the Order's requirement to disclose "as completely and specifically as possible based on the information available to AIIA." (Dkt. 31, § I.); *see* Ex. A (Am. PICs) § VI.

AIIA has identified the Plus One product family and the relationship among its members in Section VI of its amended contentions solely to address Plus One's July 16, 2026 demand for per-product identification, and solely to avoid unnecessary motion practice. That relationship and AIIA's infringement theory have been known to Plus One since at least February 2026 and are established even without this addition. AIIA reserves the right to supplement its charts with specific sensor datasheets, computing devices, and other software information that AIIA contends establishes infringement, based on discovery from Plus One.

Mr. Ryan Tyz, Esq.
July 22, 2026
Page 4

_____

**AIIA's contentions disclose its infringement theory; they need not disclose evidence such as source code.**

The Order requires AIIA to serve contentions "disclosing AIIA's infringement allegations and theories as completely and specifically as possible based on the information available to AIIA as of the date of the contentions." (Dkt. 31, § I.)  The Order calls for the disclosure of its infringement theories, not its evidence; the Order does not require AIIA to marshal its evidence, or to prove its infringement case, before the close of fact discovery. AIIA has disclosed its infringement theory—element by element, mapped to identified evidence based on the information available to it—and the Order does not require AIIA to predicate that theory on Plus One's source code, which AIIA has never been given. The key emphasis is that the PICs are based on documents that—*according to AIIA*—show each element *not* according to what Plus One believes. (Dkt. 31, § I.(b) (emphasis added).)  To the extent your letter faults AIIA for not citing source code, the premise fails twice over: the Order imposes no source-code-citation requirement, and AIIA does not rely on Plus One's source code for its contentions.

**The record on source code does not support Plus One's position.**

Your letter faults AIIA for not citing source code and AI/LLM training materials "made available" on January 16, 2026.  Plus One's own January 16, 2026 production letter states that Plus One's source code, "including ML/AI training data where applicable," was "available for inspection"—subject to the Protective Order, at Plus One's counsel's offices in San Francisco—and asked AIIA to "coordinate a mutually convenient time for inspection."  **Plus One's offer to permit inspection of its source code is not a production of source code.**  An offer of on-site inspection by appointment—which the parties never coordinated—does not create documents that AIIA is obligated to cite.  The Order requires "citations to all available documents (including technical specifications, diagrams, source code, AI/LLM training materials, *or* other evidence) that, according to AIIA, show" each element (Dkt. 31, § I.(b))—a disjunctive list in which source code is one option among several, not a requirement.  The Order does not require AIIA to inspect Plus One's code, much less to predicate its contentions on it. AIIA's contentions rest on publicly available evidence.  Moreover, my legal team has reviewed the production set Plus One made available, and it contains no source code or AI/ML training materials—no code files, datasets, annotation files, model weights, or training configurations appear in Plus One's production.  The materials Plus One faults AIIA for not citing were, at most, offered for inspection; they were never produced.

As to the software elements, AIIA's July 17, 2026 amended contentions identify the software citations by pinpoint reference to Plus One's own code repositories—including

Mr. Ryan Tyz, Esq.
July 22, 2026
Page 5

_____

*plusone-robotics/librealsense* and *plusone-robotics/image_pipeline*—which are Plus One's own publicly maintained repositories, published by Plus One under its own "plusone-robotics" GitHub organization and identified in AIIA's contentions as the "Plus One Robotics fork." The contentions identify specific files within those repositories—for example, the frame-metadata and image-pipeline files—that show where the claimed elements are practiced. These are Plus One's own published code, not the "generic" public library your letter describes. The July 22, 2026 amendment reproduces these changes and provides a description of the family to further clarity.

**The Scheduling Order's software provision runs in AIIA's favor; it does not create a violation.**

The Scheduling Order confirms the point. It provides that "[i]f AIIA assert that a claim element is practiced in software, they need not serve the aforesaid disclosures for such element *until 30 days after source code for the accused product is produced*." (Dkt. 25 (Scheduling Order), at 1–2 (emphasis added); see also Dkt. 31, § I.(b) (restating the citation requirement).)  That is a deferral that operates in AIIA's favor—not an independent obligation AIIA has breached. AIIA's software reservation is a supplementary, permissive reservation that operates for the benefit of the Patent Owner—an option the Order affords AIIA, not a deficiency.  Plus One made source code "available for inspection" by appointment on January 16, 2026, but the parties never coordinated any inspection, and the Scheduling Order separately contemplates that AIIA may "amend their infringement contentions to address source code" at a later point—which would then trigger Plus One's own thirty-day window to supplement its invalidity contentions. (Id., at 2.)  The Orders thus treat source-code-based contentions as a permissible later supplement, not as a precondition to AIIA's preliminary contentions.  Plus One cannot recast a provision that affords AIIA additional time into a basis to strike AIIA's contentions—particularly where AIIA's *July 2026 contentions make no software reservation* and map every element to publicly available documents, including the AI/ML training data that Plus One's own CTO stated was used to generate tens of thousands of synthetic images.

**What Plus One seeks is extraordinary and has no sound basis in any law.**

Reduced to its essence, Plus One demands that AIIA prove its infringement case through Plus One's software—roughly a year and a half before the close of fact discovery (November 19, 2027) instead of AIIA setting the terms of the infringement contentions as a Patent Owner.  That is not what a preliminary infringement contention requires, and it is not a reasonable demand.  A patentee is not obligated to marshal and prove its case on the merits at the contention stage, still less to do so through source code the opposing party has never produced merely offered for inspection.  Plus One's demand inverts the ordinary

Mr. Ryan Tyz, Esq.
July 22, 2026
Page 6

_____

sequence of a patent case and AIIA's right to use what it believes shows infringement. AIIA's contentions already accomplish a complete claim-by-claim, element-by-element mapping; there is no deficiency.  Plus One would have the Court strike those contentions because AIIA has not also proved its case through Plus One's software at the preliminary contentions stage before fact discovery is complete — in spite of the fact that its contentions map every element to publicly available evidence.  In any event, Plus One no longer has a valid basis after the software reservations were removed and substituted with publicly available information.

**This case is at the preliminary-contention stage, and AIIA reserves the right to amend.**

This case remains at the preliminary-contention stage—well before the close of fact discovery (November 19, 2027)—and AIIA expressly reserves the right to modify its contentions based on the documents produced during discovery.  The Order preserves exactly that:  "Nothing in this Order relieves a party of its obligation to seasonably amend its preliminary contentions upon discovery of new information." (Dkt. 31.)

**The "emergency" Plus One invokes is of its own making; An expedited motion-to-strike hearing is not warranted.**

When the parties extended AIIA's contentions deadline, AIIA offered—well in advance—a corresponding two-month extension of the claim construction deadline and the remaining case deadlines.  Plus One rejected that offer only on the eve of the extension request, late in the evening, refusing to move the claim construction deadline or the other deadlines.  Any compression of the schedule that Plus One now characterizes as urgent is the direct result of that refusal.  There is no basis for expedited relief. Plus One rejected AIIA's well in advance offer to move the claim construction deadline for Plus One only on the eve of the extension request.  AIIA remains willing to extend the preliminary-infringement-contention deadline once more, today for the benefit of Plus One.  A party cannot refuse the very accommodation that would have avoided schedule pressure, manufacture an emergency out of its own refusal, and then demand an expedited hearing. That is unclean hands, and AIIA will say so.

**Plus One's demand is unreasonable and improper.**

Plus One's demand that AIIA abandon a detailed set of contentions that maps every claim element to publicly available documents is unreasonable.  In substance, it is the same demand Plus One made in May 2026: that Patent Owner adopt an infringement theory of Plus One's choosing or dismiss its claims with prejudice.  A patentee is under no such obligation, and should Plus One press the point, AIIA will address Plus One's repeated demands and their propriety.  The authorities cited in your letter are inapposite; each

Mr. Ryan Tyz, Esq.
July 22, 2026
Page 7

_____

involved a patentee that failed to identify the asserted claim elements at all, whereas AIIA's contentions identify and chart every asserted element to identified evidence.

AIIA's amended contentions also identify a specific earliest priority date for each asserted claim. The Order's requirement of a specific priority date (Dkt. 31, § I.(c)) is satisfied.

Finally, AIIA is preparing for a jury trial on the merits. Pursuant to the Court's June 1, 2026 deadline, AIIA submitted a written settlement offer, which Plus One rejected; in their joint report under Local Rule CV-88, Plus One has stated that it will not participate in ADR to narrow the dispute which AIIA wanted. Plus One's course of conduct is difficult to reconcile with a good-faith effort to resolve or streamline this case. Your letter identifies no ground that would support a motion to strike AIIA's contentions given the amended infringement contentions served on July 17, 2026 and the attached July 22, 2026 amendment reproduces these changes and provides a description of the family of products to provide further clarity.

For that reason, AIIA does not believe any valid basis for such a motion exists, and—given the plain language of the Court's Orders—a motion to strike would only waste the Court's resources. Should Plus One nonetheless move, AIIA will make clear to the Court that Plus One seeks dismissal on a motion without any basis. AIIA reserves all of its rights, and nothing in this letter waives any of them.

Sincerely yours,

*/s/ Robert E. Golden*

Robert E. Golden

REG/hs
AIIA\letters\ryz.ltr
cc:    AIAA
       Udit Sood, Esq.
       Sean Apple, Esq.