**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| PLUS ONE ROBOTICS, INC.,<br><br>Plaintiff / Counter-Defendant,<br><br>v.<br><br>ARTIFICIAL INTELLIGENCE INDUSTRY ASSOCIATION, INC., and ARTIFICIAL INTELLIGENCE IMAGING ASSOCIATION, INC.,<br><br>Defendants / Counter-Plaintiffs. | Case No. 5:25-CV-01197-OLG-HJB<br><br>Hon. Orlando L. Garcia<br>Mag. J. Henry J. Bemporad |

**PLUS ONE'S MOTION TO CLARIFY**
**RULINGS FROM SEPTEMBER 10, 2026, HEARING**

Plus One Robotics, Inc., respectfully asks the Court to clarify two rulings from the September 10, 2026, hearing and the resulting order (Dkt. 71), which Defendants (together, "AIIA") now dispute. *First*, the Court gave Plus One until November 9, 2026, to serve preliminary invalidity contentions. *Second*, the Court allowed Plus One, on notice to AIIA, to share AIIA's operative infringement contentions with necessary third parties, including Plus One's retained expert. Plus One asks the Court to confirm both rulings or, alternatively, to grant that relief now.

## I. BACKGROUND

This case has not progressed on schedule because AIIA served its operative infringement contentions seven months late. The December 2025 Scheduling Order required AIIA to serve preliminary infringement contentions by February 9, 2026. (Dkt. 25 at 2.) AIIA missed that deadline, and the Court extended it to May 8, 2026, on the condition that the contentions detail "AIIA's infringement allegations and theories as completely and specifically as possible." (Dkt. 31.) One day before that deadline, "at AIIA's request for a further extension," the parties stipulated to give AIIA two more months, *i.e.*, until July 8, 2026, to serve complete contentions. (Dkt. 33.) AIIA again fell short. It served deficient contentions, which Plus One moved to strike (Dkt. 40), then a series of amended contentions, ending with the operative Fourth Amended Preliminary Infringement Contentions just before the September 10, 2026, hearing. AIIA could have served contentions based on purely public information in February 2026. It instead served them seven months after its original deadline and two months after its last Court-ordered one.

At the September 10, 2026, hearing, the Court gave Plus One 60 days to serve its invalidity contentions. When Plus One's counsel noted that the existing deadline was "due pretty early in October," the Court confirmed that Plus One could serve its contentions "**<u>60 days from today"—that is, "in November</u>**." (Dkt. 73 at 80:13–23.) The Court's order then required the parties to

confer before seeking "to amend other deadlines" or "leave to conduct limited discovery," and to make any such request "on or before October 1, 2026." (Dkt. 71 at 2.) Both parties proceeded as though Plus One's deadline had moved: when Plus One did not serve invalidity contentions on October 7, 2026 (the prior deadline; *see* Text Order dated May 8, 2026), AIIA raised no concern.

The parties also disputed whether AIIA's preliminary infringement contentions should be sealed. AIIA claimed work product immunity over its contentions (*see, e.g.*, Dkt. 48) even though AIIA voluntarily disclosed them to its adversary and the Court. The Court was skeptical. (*See, e.g.*, Dkt. 73 at 11:12–13 ("I didn't see work product."); *id.* at 8:24–9:3 ("[S]haring that information with opposing counsel pretty much waives that privilege.").) The Court deferred the sealing issue to the *Markman* hearing but allowed Plus One to share the contentions with third parties after notifying AIIA. (*See* Dkt. 73 at 82:18–83:1 ("Mr. Tyz and Mr. Sood can share those documents with the appropriate third parties. **All they have to do is give notice to Mr. Golden and Mr. Ramachandran**.") (emphasis added).) The Court's written order confirmed: "On notice to Defendants, Plaintiff may share the documents with specific third parties where doing so is necessary to prepare their defense to Defendants' infringement contentions." (Dkt. 71 at 2.)

Neither party sought by October 1, 2026, to change the schedule or to take discovery beyond what the Scheduling Order allows. Instead, the parties proceeded with claim construction, with each side identifying its respective extrinsic evidence on October 9, 2026. (Dkt. 25.)

## II. THE PRESENT DISPUTE

Plus One's disclosure of extrinsic evidence identified Plus One's recently retained expert, Prof. Tim Bretl. AIIA responded that Plus One (a) missed an October 7, 2026, deadline to serve preliminary invalidity contentions and (b) violated the Protective Order by disclosing AIIA's operative infringement contentions to Prof. Bretl. AIIA is wrong on both counts. The Court

moved Plus One's deadline at the September 10 hearing, and it allowed disclosure of AIIA's contentions to third parties where necessary to Plus One's defense, on notice to AIIA. Plus One has been diligently analyzing AIIA's operative contentions and will serve its preliminary invalidity contentions by November 9, 2026. And, as the Court directed, Plus One notified AIIA before disclosing AIIA's contentions to Prof. Bretl. The parties met and conferred, but AIIA maintains that Plus One's contentions were due October 7, 2026—*i.e.*, less than four weeks from the Court's allowance of "60 days"—and that the Court's notify-then-disclose protocol covers necessary third parties *except Prof. Bretl*.

**III. ARGUMENT**

**a. Plus One should be allowed to serve preliminary invalidity contentions by November 9, 2026**

The Scheduling Order gave Plus One three months after AIIA served infringement contentions to serve its responsive preliminary invalidity contentions. (*See* Dkt. 25.) Each stipulated extension of AIIA's deadline preserved that interval. (*See* Dkt. 31; *see also* Text Order dated May 8, 2026.) AIIA thus agreed, each time, that Plus One should have 90 days with AIIA's contentions before serving its own. AIIA's delay did not change that. Had AIIA served complete contentions by July 8, 2026, as ordered, Plus One could have served its contentions by October 7, 2026. But AIIA did not serve its operative contentions until on or about September 10, 2026, so the Court made Plus One's contentions due not in October but "in November"—"60 days" from the hearing. (Dkt. 73 at 80:13–23.)

AIIA has no basis for seeking to force Plus One to serve contentions within less than four weeks of receiving AIIA's operative contentions. AIIA claims that a November 9, 2026, deadline would be prejudicial because AIIA would need to exchange final lists of claim terms and constructions on October 30, 2026, before receiving Plus One's contentions. But AIIA's own

proposal cures that. Although AIIA sought no schedule changes by the Court's October 1 deadline, on October 16, 2026, it proposed the deadlines below to address that alleged prejudice, which the Court can enter pursuant to stipulation.

| Event | Proposed Deadline |
|---|---|
| Plus One preliminary invalidity / § 112 / § 101 contentions, including supplemental technical documents (if any) sufficient to show the operation of the accused instrumentalities in AIIA's Fourth Amended Preliminary Infringement Contentions | Nov. 9, 2026 |
| Parties' supplemental disclosure of extrinsic evidence and experts, with scope of topics | Nov. 16, 2026 |
| Meet-and-confer; exchange revised terms / constructions | Dec. 2, 2026 |
| Mediation | Dec. 23, 2026 |
| Opening claim-construction briefs | Jan. 13, 2027 |
| Responsive claim-construction briefs | Feb. 5, 2027 |
| Joint Claim Construction Statement | Feb. 12, 2027 |
| Technical tutorials (optional) | Feb. 19, 2027 (unchanged) |
| Markman hearing | Feb. 26, 2027 (unchanged) |

The Court should therefore clarify that Plus One's preliminary invalidity contentions are due November 9, 2026, or alternatively grant leave to serve them by that date.

**b. Plus One's expert may review AIIA's operative infringement contentions**

Plus One retained Tim Bretl, a professor at the University of Illinois, as its expert and timely disclosed him to AIIA. Plus One cannot fairly defend against AIIA's infringement allegations without sharing AIIA's contentions with Prof. Bretl, a non-party. So, as the Court directed at the hearing and in its order, Plus One notified AIIA and then disclosed the contentions to him. (*See* Dkt. 73 at 82:18–83:1 (providing AIIA notice is "all" Plus One needs to do before disclosure); Dkt. 71 at 2 ("On notice to Defendants, Plaintiff may share the documents with specific third parties where doing so is necessary to prepare their defense to Defendants' infringement contentions.").)

AIIA claims the disclosure violated the Protective Order. But since the hearing, the Court's notify-then-disclose protocol—not the Protective Order—has governed AIIA's contentions. Because disclosure to Prof. Bretl is necessary to Plus One's defense, the Court's order permits it. (Dkt. 71 at 2.) AIIA's own conduct proves the point: after notice, Plus One disclosed the contentions to third parties such as Intel and RealSense without following the Protective Order's procedures (*e.g.*, serving an undertaking)—and AIIA did not object. AIIA has never explained why contentions with no identifiable sensitive material may go to operating companies like Intel and RealSense, but not to Plus One's retained expert. And even if the Protective Order governed (it does not), Plus One has completed every step it requires (including the required disclosures and undertaking), and AIIA has stated no plausible objection to Prof. Bretl.

The Court should therefore clarify that its order permitting disclosure to necessary third parties on notice covers Plus One's retained expert, or alternatively permit that disclosure now.

## IV. Conclusion

The Court should grant this Motion and clarify that (1) Plus One's preliminary invalidity contentions are due November 9, 2026, and (2) its order permitting disclosure of AIIA's operative infringement contentions to necessary third parties on notice covers Plus One's retained expert—or, alternatively, grant that relief now.

Dated: October 20, 2026

Respectfully submitted,

/s/*Udit Sood*

RYAN TYZ (CA Bar No. 234895)
ryan@tyzlaw.com
*Admitted Jan. 30, 2025*
UDIT SOOD (CA Bar No. 308476)
udit@tyzlaw.com
*Admitted pro hac vice*
SEAN APPLE (CA Bar No. 305692)
sapple@tyzlaw.com
*Admitted pro hac vice*
TYZ LAW GROUP PC
1 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: 415.868.6900

***Attorneys for Plus One Robotics, Inc.***

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(g), counsel for Plus One certifies that Plus One made a good-faith attempt to resolve this matter by agreement, including by letters exchanged between October 16, 2026, and October 20, 2026. The parties also participated in a live meet-and-confer on October 16, 2026. The parties were unable to reach agreement, and AIIA opposes the relief requested in this motion.

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

Dated: October 20, 2026

Respectfully submitted,

/s/*Udit Sood*

RYAN TYZ (CA Bar No. 234895)
ryan@tyzlaw.com
*Admitted Jan. 30, 2025*
UDIT SOOD (CA Bar No. 308476)
udit@tyzlaw.com
*Admitted pro hac vice*
SEAN APPLE (CA Bar No. 305692)
sapple@tyzlaw.com
*Admitted pro hac vice*
TYZ LAW GROUP PC
1 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: 415.868.6900

***Attorneys for Plus One Robotics, Inc.***