**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| PLUS ONE ROBOTICS, INC.,<br><br>Plaintiff / Counter-Defendant,<br><br>v.<br><br>ARTIFICIAL INTELLIGENCE INDUSTRY ASSOCIATION, INC., and ARTIFICIAL INTELLIGENCE IMAGING ASSOCIATION, INC.,<br><br>Defendants / Counter-Plaintiffs. | Case No. 5:25-CV-01197-OLG-HJB<br><br>Hon. Orlando L. Garcia<br>Mag. J. Henry J. Bemporad |

**DECLARATION OF VIVEK RAMACHANDRAN IN SUPPORT OF DEFENDANTS' MOTIONS**

I, Vivek Ramachandran, declare as follows:

1. I am an attorney with Dhamma Law PLLC. I have been admitted pro hac vice in this action, and I am counsel for Defendants and Counter-Plaintiffs Artificial Intelligence Industry Association, Inc. and Artificial Intelligence Imaging Association, Inc. (together, "AIIA"). I am over eighteen years of age. I have personal knowledge of the facts stated in this declaration, and if called as a witness I could and would testify competently to them.

2. I submit this declaration in support of Defendants' Emergency Motion to Enforce the Protective Order and Disqualify Plaintiff's Expert, and Request for Expedited Hearing; Defendants' Emergency Motion to Compel Production of Technical Documents Under the Order Regarding Contentions, to Modify the Scheduling Order, and to Stay the October 30, 2026 Exchange, and Request for Hearing Before October 30; and Defendants' Motion to Strike and Preclude Plaintiff's Untimely Invalidity, Section 112, and Section 101 Contentions and Prior Art,

each filed concurrently. The facts stated below are based on my participation as AIIA's counsel in the correspondence and the conference described. I sent or received each email described below at my address, vramachandran@dhammalaw.com. Times are Eastern Time ("ET"), as shown in the email headers or in the quoted headers within the emails, unless otherwise stated. Each tab of Exhibit A reproduces the email in full, including the earlier messages quoted beneath it. Tab 41 reproduces my email of October 20, 2026, 4:57 a.m., followed directly by Mr. Sood-Hall's email of 1:35 a.m. that day, to which my email responds. Tabs 2, 3, 5–10, 12, 18, 23, 24, 28, 30, 33, 34, 41, 44, and 45 reproduce the message as it appears, with its header, in a later email that is itself included in Exhibit A. No document produced by Plaintiff/Counter-Defendant Plus One Robotics, Inc. ("Plus One") and designated under the Protective Order (Dkt. 28), and no part of AIIA's sealed infringement contentions, is attached as an exhibit. Exhibit A also includes, as separate tabs, other emails exchanged in the same threads during that period that are not described below (Tabs 2–8, 14, 17, 19, 20, and 38). Exhibit A compiles, by numbered tab and grouped by email thread, true and correct copies of the emails referenced in this declaration; within each thread the most recent email comes first, so that each reply appears on top of the email it answers; each tab identifies the date, time (Eastern), sender, and recipients. The only redactions are Zoom meeting links, meeting IDs, and passcodes, each marked "[Zoom link/passcode redacted]."

3. On September 11, 2026, Plus One's counsel, Udit Sood-Hall, emailed Robert E. Golden and me under the subject "Plus One v. AIIA -- Notice of Disclosure of AIIA's Contentions." The email stated: "In accordance with the Court's order dated September 11, 2026, Plus One hereby provides notice of disclosure of AIIA's Fourth Amended Infringement Contentions to:" It then listed "Amazon," "Intel," and "RealSense." It identified no other

recipient. A true and correct copy of that notice, as it appears quoted in my email of October 14, 2026 at 6:59 p.m. (Ex. A, Tab 22 (Ex. A-111)), is reproduced at Ex. A, Tab 24 (Ex. A-116).

4. Between the September 10, 2026 hearing and October 7, 2026, Plus One did not send AIIA's counsel any proposal to change the Scheduling Order or any deadline, including the October 7, 2026 deadline for its contentions and production under the Order Regarding Contentions (Dkt. 31 § II), and did not ask AIIA to agree to any such change. AIIA did not obtain access to the transcript of the September 10, 2026 hearing (Dkt. 73) until October 16, 2026, shortly before the parties' meet and confer that day.

5. On October 7, 2026, AIIA did not receive from Plus One any preliminary invalidity contentions, any identification of claim limitations that Plus One contends are indefinite or lack written description under 35 U.S.C. § 112, any identification of claims that Plus One contends are directed to ineligible subject matter under 35 U.S.C. § 101, any prior art, or any technical documents. I said so in writing to Plus One's counsel on October 9, 2026. (Ex. A, Tab 29 (Ex. A-136); Ex. A, Tab 28 (Ex. A-133).)

6. At 5:38 p.m. on October 9, 2026, Mr. Sood-Hall emailed AIIA's counsel identifying "Prof. Timothy Bretl as an expert witness on whom Plus One intends to rely with respect to claim construction and indefiniteness," and stating that "Plus One identifies PLUSONE_000794–3799 as the extrinsic evidence Plus One may rely on." That email is reproduced at Ex. A, Tab 30 (Ex. A-139), as it appears quoted in my 5:42 p.m. reply (Ex. A, Tab 29 (Ex. A-136)).

7. Plus One provided Prof. Bretl's curriculum vitae with its October 9, 2026 disclosure. Mr. Sood-Hall later confirmed in writing that the CV "was already provided to AIIA as part of Plus One's October 9 disclosure of extrinsic evidence." (Ex. A, Tab 18 (Ex. A-096).) A

true and correct copy of the CV is attached as Exhibit B. The CV bears no confidentiality designation. It lists Prof. Bretl's employment as including "Professor of Aerospace Engineering, University of Illinois at Urbana-Champaign" (2022–present) and "Co-Founder, Chief Innovation Officer, and Secretary, Reconstruct Inc, Champaign, IL" (2015–2016). Among the titles listed in the CV are "Vision-based 6D pose estimation for robot manipulation," "State estimation for autonomous mobile systems: Multi-IMU self-calibration and localization using 3D Gaussian splatting maps," "Image-based pose estimation of sub-centimeter industrial parts for automated assembly," and "Feats: Synthetic feature tracks for structure from motion evaluation." The CV does not include a list of expert-witness engagements.

8. Four minutes after Plus One's disclosure, at 5:42 p.m., I replied: "This out of order production is an issue. You did not provide us with anything on the 7th which precedes this disclosure deadline." (Ex. A, Tab 29 (Ex. A-136).)

9. At 5:59 p.m., I served AIIA's identification of its expert, Professor Sanjay Ranka, Ph.D. That disclosure stated that "AIIA makes this disclosure under protest and expressly reserves its rights," that "[n]o invalidity or § 112 contentions have been served, and nothing was served on October 7, 2026," and that "AIIA is therefore prejudiced in framing Prof. Ranka's disclosed scope, as it is being made to respond to indefiniteness contentions it has not yet seen." (Ex. A, Tab 28 (Ex. A-133).) At 6:13 p.m., I wrote to Mr. Sood-Hall: "Please let me know when you can meet and confer on Wednesday or Thursday next week." (Ex. A, Tab 27 (Ex. A-129).)

10. On October 9, 2026, with its extrinsic-evidence disclosure, Plus One produced 117 documents totaling 3,006 pages, Bates-numbered PLUSONE_000794 through PLUSONE_003799. A table summarizing that production by category and Bates range, prepared from Plus One's production load files, is attached as Exhibit C.

11. At 2:45 p.m. on October 13, 2026, while AIIA's October 9, 6:13 p.m. request to meet and confer was pending, Mr. Sood-Hall responded. His email quoted my statement of October 9 (made in my email of 6:17 p.m., Ex. A, Tab 26 (Ex. A-125)) that the parties "need to move from a schedule that is highly prejudicial to AIIA to one that is fair to both parties," and stated: "AIIA's complaints that the schedule is prejudicial are surprising and untimely." It stated that "the Court granted Plus One 60 days from AIIA's September 9, 2026, contentions to serve invalidity contentions," and that "Upon reviewing the progression of this case, Plus One also determined that there is no cause to change any additional deadlines." It asked AIIA to explain, among other things, "the good cause basis (if any)" for moving each deadline. It closed by stating that Plus One "remains willing to meet and confer to avoid wasteful motion practice." (Ex. A, Tab 25 (Ex. A-119).) The next day, at 6:58 p.m. on October 14, 2026, before any conference had taken place, Plus One gave the notice described in the following paragraph. The conference took place on October 16, 2026 (see ¶ 19).

12. At 6:58 p.m. on October 14, 2026, Mr. Sood-Hall emailed: "Per the Court's order dated September 11, 2026, Plus One hereby provides notice of disclosure of AIIA's Fourth Amended Infringement Contentions to its retained expert, Prof. Tim Bretl." (Ex. A, Tab 23 (Ex. A-115).) One minute later, at 6:59 p.m., I replied: "We need the 10 days to vet your expert for conflicts." (Ex. A, Tab 22 (Ex. A-110).)

13. At 7:01 p.m., I wrote: "Please confirm that you have not shared any material with your expert. And ask your expert to confirm in writing that they have destroyed all material if you sent them the material." (Ex. A, Tab 21 (Ex. A-107).)

14. At 7:17 p.m., Mr. Sood-Hall replied: "Per the Court's directions, Plus One provided AIIA notice and shared AIIA's contentions with Prof. Bretl." (Ex. A, Tab 18 (Ex. A-

096).) At 7:22 p.m., I wrote: “We do not consent to sharing our information which is still sealed.” (Ex. A, Tab 16 (Ex. A-085).) At 7:26 p.m., I wrote: “You just breached the protective order.” (Ex. A, Tab 15 (Ex. A-080).)

15. When Plus One gave notice at 6:58 p.m. on October 14, 2026, and when it confirmed at 7:17 p.m. that it had shared AIIA’s contentions with Prof. Bretl, (a) Plus One had not served on AIIA an Appendix A Undertaking signed by Prof. Bretl; (b) AIIA had not consented to the disclosure; and (c) AIIA’s October 9, 2026 request to meet and confer (Ex. A, Tab 27 (Ex. A-129)) was pending, and the parties’ conference had not yet occurred. (Ex. A, Tab 27 (Ex. A-129); Ex. A, Tab 23 (Ex. A-115); Ex. A, Tab 22 (Ex. A-111); Ex. A, Tab 18 (Ex. A-096); Ex. A, Tab 16 (Ex. A-086).) Plus One first served an Appendix A Undertaking signed by Prof. Bretl two days later, at 6:38 p.m. on October 16, 2026 (see ¶ 23).

16. At 1:19 p.m. on October 15, 2026, I wrote to Mr. Sood-Hall: “Do all of the disclosures and the appendix for your expert. You failed to follow the protective order provisions including the undertaking. Where is your expert's undertaking?” (Ex. A, Tab 11 (Ex. A-058).) That email was part of an exchange earlier that afternoon. At 12:53 p.m., I had written: “Also we are going to go ahead and share some of your materials with our expert. Please let me know if you have issues.” (Ex. A, Tab 13 (Ex. A-070).) At 1:16 p.m., Mr. Sood-Hall replied that AIIA “is yet to provide any of this information, and therefore, is currently prohibited under the order from sharing any designated Plus One material with Prof. Ranka. We trust AIIA will abide by the Court's order.” He also wrote that “the Court’s notify-then-share protocol has no application to either party’s designated materials beyond AIIA’s contentions.” (Ex. A, Tab 12 (Ex. A-068).) In my 1:19 p.m. reply, I asked: “Where is your expert's undertaking?” and wrote: “One rule for you and one rule for anyone else, in every instance since the beginning.” (Ex. A, Tab 11 (Ex. A-

058).) At 1:23 p.m., I wrote: "You have not produced anything that is your own material. If there is, please tell me what that is." (Ex. A, Tab 10 (Ex. A-057).) At 1:30 p.m., Mr. Sood-Hall wrote: "If AIIA wishes to disclose to Prof. Sanka materials Plus One produced without any confidentiality designation (e.g., public materials Plus One produced as extrinsic evidence on October 9), then the protective order does not apply and no undertaking from Prof. Sanka is needed." (Ex. A, Tab 9 (Ex. A-055).) AIIA has not shared any Plus One designated material with its expert, Prof. Ranka, and Prof. Ranka has not seen any of those documents.

17. At 11:07 a.m. on October 16, 2026, before the conference described in paragraph 19, I emailed Mr. Sood-Hall, copying Mr. Golden, Ryan Tyz, and others. Among other things, that email (a) identified by Bates number twelve documents from Plus One's January 16, 2026 production — PLUSONE_000001-000010, 000013-000037, 000082-000241, 000244-000281, 000358, 000359-000365, 000377-000379, 000464-000474, 000475-000480, 000485-000488, 000489-000501, and 000541-000552 — which the email described as three camera manufacturers' datasheets, one sales presentation, and eight drawings and schedules showing how components are powered, wired, and connected; (b) invoked Paragraph 24 of the Protective Order and asked Plus One not to use, or permit any person not qualified under Paragraph 5(e) to use, information AIIA has designated, "including through Prof. Timothy Bretl"; (c) stated that "Plus One served no undertaking for Prof. Bretl and gave AIIA no opportunity to object"; (d) asked: "Please also identify each AIIA document provided to him and the date of each disclosure."; (e) asked: "Please certify that you have asked Prof. Bretl to destroy all documents in the interim that you provided."; and (f) asked: "If Plus One contends that the October 7 deadline was changed, please identify the provision in the order on which Plus One relies." (Ex. A, Tab 1 (Ex. A-008).)

18. At 12:24 p.m. on October 16, 2026, I emailed Mr. Sood-Hall a proposed amended schedule as an attachment titled "ProposedAmendedSchedule.docx." The document states, below its schedule table: "AIIA reserves all right to seek a different schedule based on the meet and confer, or other deficiencies." In its "Current" column for Plus One's invalidity, § 112, and § 101 contentions, it states: "Originally, Oct. 7, 2026. Not present in written order, and no clarification was sought. We raised the prejudice to AIIA on Oct. 9, 2026, and the issues it raises with our commitments. Plus One responded with no good cause." (Ex. A, Tab 37 (Ex. A-170), attachment.)

19. On October 16, 2026, beginning at 1:00 p.m., counsel for the parties met and conferred by video conference. Robert E. Golden and I attended for AIIA. Ryan Tyz and Udit Sood-Hall attended for Plus One. The parties did not resolve the disputes.

20. During the October 16, 2026 meet and confer, AIIA asked Plus One to make its October 7 disclosure—the contentions and production required by Dkt. 31 § II—on Monday, October 19, 2026. Plus One's counsel, Ryan Tyz, refused.

21. At 1:10 p.m. on October 16, 2026, I emailed Mr. Sood-Hall a list of six example categories of documents, headed "Product manuals," "Software documentation," "System design documents," "Schematics and circuit diagrams," "Sensor and camera integration documents," and "Other product literature." (Ex. A, Tab 36 (Ex. A-162).)

22. At 1:46 p.m. on Friday, October 16, 2026, after the 1:00 p.m. conference, I emailed Mr. Sood-Hall, copying Mr. Golden and Mr. Tyz, under the subject "Re: [URGENT] Plus One v. AIIA." I wrote: "Also, we need to key all dates from your October 7, 2026 disclosure." I also wrote: "The current schedule, does not take into account what the judge actually did in the oral sentence and in the written order." and "If you are going to cure the

October 7, 2026 issue, the disclosure needs to happen sometime early next week." (Ex. A, Tab 35 (Ex. A-155).) Tab 35 reproduces that email in full, including my 1:37 p.m. email of the same day ("Please see attached.") quoted beneath it; the proposed amended schedule that the 1:37 p.m. email attached follows the email in that tab. It is the same document I attached to my 12:24 p.m. email (Tab 37).

23. At 6:38 p.m. on October 16, 2026, after the conference, Plus One's counsel emailed me Prof. Bretl's signed Undertaking. (Ex. A, Tab 34 (Ex. A-153).) That was the first undertaking for Prof. Bretl that AIIA received. At 7:09 p.m., I responded: "Thank you. I will send this to AIIA. They will need to look into conflicts and will let you know in accordance with the protective order." (Ex. A, Tab 33 (Ex. A-151).) A true and correct copy of the signed Undertaking, with Prof. Bretl's home address redacted, is attached as Exhibit D.

24. At 7:20 p.m. on October 16, 2026, I emailed Mr. Sood-Hall again, copying Mr. Golden and Mr. Tyz, under the subject "Re: [URGENT] Plus One v. AIIA." I wrote: "Also the final order must state that you will no longer use the provision of that order and that you acknowledge you used it to disclose material to your expert." I also wrote: "We don't want the court not knowing what transpired." and "We will wait until Monday evening to hear from you. AIIA is not willing to wait more after my conversation with them today." (Ex. A, Tab 32 (Ex. A-147).)

25. At 10:19 a.m. ET on October 19, 2026, I emailed Plus One's counsel, Udit Sood-Hall, with copies to Robert E. Golden and Ryan Tyz, under the subject "Re: [URGENT] Plus One v. AIIA," attaching a letter dated October 19, 2026, addressed to Ryan A. Tyz and Udit Sood-Hall, as a 34-page PDF file titled "PlusOneLetterFinal-PDF.pdf." The email stated: "AIIA has instructed me to get your response by 6.00 P.M. PST today to the attached pdf." (Ex. A, Tab

31 (Ex. A-141).) The letter lists copies to Robert E. Golden and Sean Apple and has three attachments: Attachment A (examples of documents and data AIIA seeks), Attachment B (a [proposed] agreed order), and Attachment C (a proposed certification of destruction and undertaking of non-use for Prof. Bretl and Plus One's counsel). The letter sets out AIIA's account of the October 7, 2026 deadline, the Protective Order dispute, and a timeline of events, and requests that Plus One cure and consent to the proposed agreed order. Among other things, the letter and the proposed agreed order called for Plus One to serve its invalidity contentions and produce the prior art they reference by October 20, 2026; to complete its production of technical documents by November 8, 2026; to serve a certification, signed by Prof. Bretl and Plus One's counsel, of destruction of AIIA-designated material and non-use; and to retain a different expert in place of Prof. Bretl. A true and correct copy of the letter as sent, with its attachments — the PDF file attached to my 10:19 a.m. email — is attached as Exhibit E. The public version of Exhibit E redacts passages that quote AIIA's sealed contentions or describe Plus One's designated documents; the unredacted version is submitted under seal with AIIA's concurrently filed Motion for Leave to File Under Seal. Plus One acknowledged receipt of the letter that evening. (Ex. A, Tab 45 (Ex. A-264).)

26. At 6:42 p.m. on October 19, 2026, Mr. Sood-Hall replied. His email referred to AIIA's "34-page letter sent this morning." It proposed November 9, 2026 for Plus One's preliminary invalidity contentions, a date it described as one that "happens to be after the currently-set deadline for exchanging revised terms/constructions (October 30, 2026) and the already-passed deadline for serving extrinsic evidence (October 9, 2026)." The email stated that "AIIA dropped those reservations" and that AIIA "could and should have served its contentions based on purely public information in February 2026," and it offered to join a motion to reopen

the deadline to serve extrinsic evidence "such that AIIA has an opportunity to review Plus One's preliminary invalidity contentions before either reset deadline." It stated that "Plus One maintains that it produced in January 2026 documents sufficient to show operation of the accused instrumentalities and products," and that "any stipulations for additional discovery beyond that which the Court's operative scheduling order presently allows will need to be mutual, not one-sided." As to the remaining issues, it stated: "We are still investigating the other issues AIIA raised in its recent correspondence and will respond as soon as possible, likely within the next day or so." The email did not mention Prof. Bretl. (Ex. A, Tab 45 (Ex. A-264).)

27. At 6:55 p.m. on October 19, 2026, I replied to Mr. Sood-Hall's 6:42 p.m. email. Among other things, I wrote: "The new proposal asks that you provide the information tomorrow." (Ex. A, Tab 44 (Ex. A-261).)

28. At 7:25 p.m., I wrote: "Your client should consider the order as provided today, including the provisions on destruction and certification to the court and agree to it, if they want to avoid motion practice." I also wrote that "your Plus One preliminary invalidity / § 112 / § 101 contentions were due on October 7, 2026 and should be due tomorrow." (Ex. A, Tab 43 (Ex. A-257).)

29. Later that evening, at 9:31 p.m. ET on October 19, 2026, I sent Mr. Sood-Hall, with copies to Mr. Golden, Laura P, Mr. Tyz, and the Tyz Law Plus One team, a letter-format email titled "Response to Plus One's Email of October 19, 2026 (6:42 p.m.) Regarding AIIA's Requested Changes to Case Schedule," attaching an 11-page PDF letter of the same date and title, "ResponseLetter-10-19-AIIA.pdf." (Ex. A, Tab 42 (Ex. A-243).) Plus One's email of October 20, 2026 quotes my email under a Pacific-time header showing "6:31 PM." (Ex. A, Tab 41 (Ex. A-230).) The email and letter respond to Plus One's 6:42 p.m. email and set out AIIA's

positions on the October 7, 2026 deadline, the sequence of the Court's schedule, Plus One's January 2026 production, and the Protective Order dispute. A true and correct copy of the PDF letter, as sent, is attached as Exhibit F. The public version of Exhibit F redacts passages that quote AIIA's sealed contentions or describe Plus One's designated documents; the unredacted version is submitted under seal with AIIA's concurrently filed Motion for Leave to File Under Seal.

30. At 1:35 a.m. on October 20, 2026, Mr. Sood-Hall sent a further email. It stated: "AIIA has stated no plausible objection to Prof. Bretl: AIIA's observation that he was employed by a company 10 years ago cannot constitute a disqualifying conflict due to 'present employment.'" The email embedded a table titled "Proposed Amended Schedule," with columns headed "Current Deadline," "AIIA Oct. 16 Proposal," and "Stipulated Amended Deadline," and with Plus One's changes shown in redline. In that table: (a) for Plus One's preliminary invalidity, § 112, and § 101 contentions, the current deadline "Oct. 7, 2026" is struck through and replaced with "Disputed," and the stipulated amended deadline is "Nov. 9, 2026"; (b) the row for Plus One's technical documents lists a current deadline of "Oct. 7, 2026" and a stipulated amended deadline of "Nov. 9, 2026," and its description is revised to read "supplemental technical documents (if any) sufficient to show the operation of the accused instrumentalities in AIIA's 4th Amended Infringement Contentions," with the words "other than source code" and "products (Dkt. 25; Dkt. 31 § II(b))" struck through; (c) "AIIA" is replaced with "Parties'" in the row for the supplemental disclosure of extrinsic evidence and experts, with a stipulated amended deadline of "Nov. 16, 2026"; and (d) the remaining stipulated amended deadlines are Dec. 2, 2026 (meet-and-confer and exchange of revised terms/constructions), Dec. 23, 2026 (mediation), Jan. 13, 2027 (opening claim-construction briefs), Feb. 5, 2027 (responsive claim-construction

briefs), Feb. 12, 2027 (Joint Claim Construction Statement), Feb. 19, 2027 (technical tutorials), and Feb. 26, 2027 (Markman hearing). (Ex. A, Tab 41 (Ex. A-228); embedded image at Ex. A-230.)

31. At 4:57 a.m. on October 20, 2026, I wrote: “You need to provide us with your October 7, 2026 obligations today.” The same email described AIIA’s position as stated “as discussed during the call, then again in an email on friday evening seeking Plus One breach be cured early next week. In other words, invalidity / § 112 / § 101 contentions be served on Monday (yesterday) or Tuesday (today).” (Ex. A, Tab 41 (Ex. A-222).)

32. At 6:46 a.m. on October 20, 2026, I wrote: “Plus One still has not certified that Prof. Bretl has destroyed AIIA's material and will not use it pending resolution by the Court.” The email also stated: “Every day that passes prejudices AIIA, as AIIA has said since October 9.” (Ex. A, Tab 40 (Ex. A-200).)

33. At 1:22 p.m. on October 20, 2026, I wrote: “You have still not confirmed that your expert will not use any of our AEO materials in writing pending a determination by the court.” I also wrote: “We will seek sanctions, unless you acknowledge what just happened in a motion and seek leave.” The email included, in its body, a table of Plus One’s October 9, 2026 production totaling 117 documents and 3,006 pages, PLUSONE_000794–003799. (Ex. A, Tab 39 (Ex. A-175).)

34. As of the date of this declaration, AIIA has not received (a) any certification that Prof. Bretl has destroyed or returned the AIIA-designated material disclosed to him; (b) any identification of what AIIA material was disclosed to Prof. Bretl and when; (c) Plus One’s agreement to retain a different expert; (d) any of Plus One’s contentions under Section II of the Order Regarding Contentions (Dkt. 31), that is, its preliminary invalidity contentions, its

identification of limitations it contends are indefinite or lack written description under section 112, or its identification of claims it contends are directed to ineligible subject matter under section 101; (e) any prior art referenced in such contentions; or (f) any production of technical documents that Plus One has identified as made under Section II(b) of the Order Regarding Contentions. (See Ex. A, Tab 1 (Ex. A-007); Ex. E; Ex. A, Tab 45 (Ex. A-264); Ex. A, Tab 41 (Ex. A-228).)

35. I am familiar with AIIA's Fourth Amended Preliminary Infringement Contentions, which were filed under seal on September 9, 2026 (Dkt. 67; Dkt. 67-1).

36. AIIA's Fourth Amended Preliminary Infringement Contentions chart 86 claim elements across 27 asserted claims. Only 4 of those 86 elements (less than 5%) rely solely on source code. Each of the remaining 82 elements (about 95%) is charted on documentary evidence. Of those 82, 52 elements (about 60% of all 86) are charted on documentary evidence alone, and 30 elements (about 35% of all 86) cite both documentary evidence and source code, with the source code cited in the alternative. The Fourth Amended contentions contain no reservation under the Scheduling Order's software provision (Dkt. 25).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 20, 2026, in Atlanta, Georgia.

*/s/ Vivek Ramachandran*
Vivek Ramachandran

**EXHIBIT INDEX**

| **Exhibit** | **Date / Time (ET)** | **Description** | **Decl. ¶** |
|---|---|---|---|
| A | Sept. 11, 2026 – Oct. 20, 2026, 1:22 p.m. | Correspondence Compendium (Tabs 1–45; 266 pages, Ex. A-001–A-266), with cover page, Tab Index, a slip sheet for each tab, and | 2 |

| | | | |
|---|---|---|---|
| | | PDF bookmarks | |
| A, Tab 1 (A-006) | Oct. 16, 2026, 11:07:37 a.m. | Ramachandran (AIIA) → Sood-Hall (Plus One); cc Golden, Tyz, Laura P, Tyz Law Plus One team. AIIA: Bates list of 12 Jan. 2026 documents; Protective Order ¶ 24; objection to Prof. Bretl | 17, 34 |
| A, Tab 2 (A-025) | Oct. 15, 2026, 2:28 p.m. | Ramachandran (AIIA) → Plus One counsel. AIIA Zoom invitation for the Oct. 16 meet and confer (link and passcode redacted) | |
| A, Tab 3 (A-027) | Oct. 15, 2026, 2:18 p.m. | Ramachandran (AIIA) → Plus One counsel. AIIA: will circulate an invite | |
| A, Tab 4 (A-029) | Oct. 15, 2026, 2:16:03 p.m. | Sood-Hall (Plus One) → Ramachandran (AIIA); cc Golden, Tyz, Laura P, Tyz Law Plus One team. Plus One: “10 am PT tomorrow works.” | |
| A, Tab 5 (A-046) | Oct. 15, 2026, 2:10 p.m. | Ramachandran (AIIA) → Sood-Hall (Plus One); cc Golden, Tyz, Laura P, Tyz Law Plus One team. AIIA proposes 10:00–10:30 a.m. PT on Oct. 16 for the meet and confer | |
| A, Tab 6 (A-048) | Oct. 15, 2026, 2:07 p.m. | Ramachandran (AIIA) → Plus One counsel. AIIA: “we have a lot more to talk about than just documents” | |
| A, Tab 7 (A-050) | Oct. 15, 2026, 2:04 p.m. | Sood-Hall (Plus One) → AIIA counsel. Plus One asks AIIA to clarify the agenda for the meet and confer | |
| A, Tab 8 (A-052) | Oct. 15, 2026, 1:33 p.m. | Ramachandran (AIIA) → Sood-Hall (Plus One); cc Golden, Tyz, Laura P, Tyz Law Plus One team. AIIA requests a time for the meet and confer | |
| A, Tab 9 (A-054) | Oct. 15, 2026, 1:30 p.m. | Sood-Hall (Plus One) → AIIA counsel. Plus One: “public materials Plus One produced as extrinsic evidence on October 9” bear no confidentiality designation | 16 |
| A, Tab 10 (A-056) | Oct. 15, 2026, 1:23 p.m. | Ramachandran (AIIA) → Sood-Hall (Plus One); cc Golden, Tyz, Laura P, Tyz Law Plus One team. AIIA: “You have not produced anything that is your own material.” | 16 |
| A, Tab 11 (A-058) | Oct. 15, 2026, 1:19:51 p.m. | Ramachandran (AIIA) → Sood-Hall (Plus One); cc Golden, Tyz, Laura P, Tyz Law Plus One team. AIIA: “Where is your expert's undertaking?” | 16 |
| A, Tab 12 (A-067) | Oct. 15, 2026, 1:16 p.m. | Sood-Hall (Plus One) → AIIA counsel. Plus One: AIIA “currently prohibited … from sharing any designated Plus One material with Prof. Ranka” | 16 |
| A, Tab 13 (A-069) | Oct. 15, 2026, 12:53:24 p.m. | Ramachandran (AIIA) → Sood-Hall (Plus One), Golden; cc Tyz, Laura P, Tyz Law Plus One team. | 16 |

| | | | |
|---|---|---|---|
| | | AIIA: prior engagements requested; "share some of your materials with our expert" | |
| A, Tab 14 (A-075) | Oct. 14, 2026, 7:29:53 p.m. | Ramachandran (AIIA) → Sood-Hall (Plus One), Golden; cc Tyz, Laura P, Tyz Law Plus One team. AIIA: will seek emergency relief | |
| A, Tab 15 (A-080) | Oct. 14, 2026, 7:26:06 p.m. | Ramachandran (AIIA) → Sood-Hall (Plus One), Golden; cc Tyz, Laura P, Tyz Law Plus One team. AIIA: "You just breached the protective order." | 14 |
| A, Tab 16 (A-085) | Oct. 14, 2026, 7:22:23 p.m. | Ramachandran (AIIA) → Sood-Hall (Plus One), Golden; cc Tyz, Laura P, Tyz Law Plus One team. AIIA: "We do not consent to sharing our information which is still sealed." | 14, 15 |
| A, Tab 17 (A-090) | Oct. 14, 2026, 7:20:24 p.m. | Ramachandran (AIIA) → Sood-Hall (Plus One), Golden; cc Tyz, Laura P, Tyz Law Plus One team. AIIA: expert "is subject to disqualification and is not a third party" | |
| A, Tab 18 (A-095) | Oct. 14, 2026, 7:17 p.m. | Sood-Hall (Plus One) → AIIA counsel. Plus One confirms it "shared AIIA's contentions with Prof. Bretl"; states CV was provided Oct. 9 | 7, 14, 15 |
| A, Tab 19 (A-097) | Oct. 14, 2026, 7:11:05 p.m. | Ramachandran (AIIA) → Sood-Hall (Plus One), Golden; cc Tyz, Laura P, Tyz Law Plus One team. AIIA asks for the expert's complete CV and information | |
| A, Tab 20 (A-102) | Oct. 14, 2026, 7:08:31 p.m. | Ramachandran (AIIA) → Sood-Hall (Plus One), Golden; cc Tyz, Laura P, Tyz Law Plus One team. AIIA email ("Do not abuse the process …") | |
| A, Tab 21 (A-106) | Oct. 14, 2026, 7:01:18 p.m. | Ramachandran (AIIA) → Sood-Hall (Plus One), Golden; cc Tyz, Laura P, Tyz Law Plus One team. AIIA asks Plus One to confirm nothing was shared and to have the expert confirm destruction | 13 |
| A, Tab 22 (A-110) | Oct. 14, 2026, 6:59:39 p.m. | Ramachandran (AIIA) → Sood-Hall (Plus One), Golden; cc Tyz, Laura P, Tyz Law Plus One team. AIIA: "We need the 10 days to vet your expert for conflicts." | 3, 12, 15 |
| A, Tab 23 (A-114) | Oct. 14, 2026, 6:58 p.m. | Sood-Hall (Plus One) → AIIA counsel. Plus One notice of disclosure of AIIA's Fourth Amended Infringement Contentions to Prof. Tim Bretl | 12, 15 |
| A, Tab 24 (A-116) | Sept. 11, 2026, 4:13 p.m. | Sood-Hall (Plus One) → Ramachandran, Golden (AIIA); cc Tyz, Laura P, Tyz Law Plus One team. Plus One "Notice of Disclosure of AIIA's Contentions" to Amazon, Intel and RealSense | 3 |

| | | | |
|---|---|---|---|
| A, Tab 25 (A-118) | Oct. 13, 2026, 2:45:30 p.m. | Sood-Hall (Plus One) → Ramachandran (AIIA), Golden, Laura P; cc Tyz, Tyz Law Plus One team. Plus One response (“surprising and untimely”; “granted Plus One 60 days”) | 11 |
| A, Tab 26 (A-124) | Oct. 9, 2026, 6:17:23 p.m. | Ramachandran (AIIA) → Sood-Hall (Plus One); cc Golden, Laura P, Tyz, Tyz Law Plus One team. AIIA: “We need to move from a schedule that is highly prejudicial to AIIA …” | 11 |
| A, Tab 27 (A-128) | Oct. 9, 2026, 6:13:03 p.m. | Ramachandran (AIIA) → Sood-Hall (Plus One); cc Golden, Laura P, Tyz, Tyz Law Plus One team. AIIA requests a meet and confer | 9, 15 |
| A, Tab 28 (A-132) | Oct. 9, 2026, 5:59 p.m. | Ramachandran (AIIA) → Plus One counsel. AIIA identification of its expert, Prof. Sanjay Ranka, made under protest | 5, 9 |
| A, Tab 29 (A-135) | Oct. 9, 2026, 5:42:34 p.m. | Ramachandran (AIIA) → Sood-Hall (Plus One), Golden, Laura P; cc Tyz, Tyz Law Plus One team. AIIA reply: “This out of order production is an issue.” | 5, 6, 8 |
| A, Tab 30 (A-138) | Oct. 9, 2026, 5:38 p.m. | Sood-Hall (Plus One) → AIIA counsel. Plus One identifies Prof. Timothy Bretl as its expert and PLUSONE_000794–3799 as extrinsic evidence | 6 |
| A, Tab 31 (A-140) | Oct. 19, 2026, 10:19:23 a.m. | Ramachandran (AIIA) → Sood-Hall (Plus One); cc Golden, Tyz. AIIA transmits Oct. 19 letter (PlusOneLetterFinal-PDF.pdf, Exhibit E); response requested by 6:00 p.m. PT | 25 |
| A, Tab 32 (A-146) | Oct. 16, 2026, 7:20:07 p.m. | Ramachandran (AIIA) → Sood-Hall (Plus One); cc Golden, Tyz. AIIA: final order must acknowledge use of the provision; will wait until Monday evening | 24 |
| A, Tab 33 (A-150) | Oct. 16, 2026, 7:09 p.m. | Ramachandran (AIIA) → Sood-Hall (Plus One). AIIA: “I will send this to AIIA. They will need to look into conflicts …” | 23 |
| A, Tab 34 (A-152) | Oct. 16, 2026, 6:38 p.m. | Sood-Hall (Plus One) → Ramachandran (AIIA). Plus One transmits Prof. Bretl’s signed Undertaking (“Vivek: Please see attached.”) | 23 |
| A, Tab 35 (A-154) | Oct. 16, 2026, 1:46:05 p.m. | Ramachandran (AIIA) → Sood-Hall (Plus One); cc Golden, Tyz. AIIA (after the conference): “key all dates from your October 7, 2026 disclosure”; cure “sometime early next week” | 22 |
| A, Tab 36 (A-161) | Oct. 16, 2026, 1:10:44 p.m. | Ramachandran (AIIA) → Sood-Hall (Plus One); cc Golden, Tyz. AIIA: six example categories of documents | 21 |
| A, Tab 37 (A-166) | Oct. 16, 2026, 12:24:43 | Ramachandran (AIIA) → Sood- | 18 |

| | | | |
|---|---|---|---|
| | p.m. | Hall (Plus One); cc Golden, Tyz. AIIA email attaching "ProposedAmendedSchedule.docx" (attachment reproduced) | |
| A, Tab 38 (A-171) | Oct. 16, 2026, 12:07:38 p.m. | Ramachandran (AIIA) → Sood-Hall (Plus One); cc Golden, Tyz. AIIA: "This was already sent in your inbox." (embedded image; Zoom details redacted) | |
| A, Tab 39 (A-174) | Oct. 20, 2026, 1:22:39 p.m. | Ramachandran (AIIA) → Sood-Hall (Plus One); cc Golden, Laura P, Tyz, Tyz Law Plus One team. AIIA: no written confirmation of non-use; table of Oct. 9 production in body | 33 |
| A, Tab 40 (A-199) | Oct. 20, 2026, 6:46:04 a.m. | Ramachandran (AIIA) → Sood-Hall (Plus One); cc Golden, Laura P, Tyz, Tyz Law Plus One team. AIIA: Plus One has not certified destruction and non-use | 32 |
| A, Tab 41 (A-222) | Oct. 20, 2026, 4:57 a.m. | Ramachandran (AIIA) → Plus One counsel. AIIA: "You need to provide us with your October 7, 2026 obligations today." Beneath it, Plus One's Oct. 20, 1:35 a.m. email ("The record speaks for itself"), with its embedded "Proposed Amended Schedule" table | 29, 30, 31, 34 |
| A, Tab 42 (A-242) | Oct. 19, 2026, 9:31:15 p.m. | Ramachandran (AIIA) → Sood-Hall (Plus One); cc Golden, Laura P, Tyz, Tyz Law Plus One team. AIIA letter-format response to Plus One's 6:42 p.m. email, attaching ResponseLetter-10-19-AIIA.pdf (Exhibit F) | 29 |
| A, Tab 43 (A-256) | Oct. 19, 2026, 7:25:00 p.m. | Ramachandran (AIIA) → Sood-Hall (Plus One); cc Golden, Laura P, Tyz, Tyz Law Plus One team. AIIA: consider and agree to the order as provided today | 28 |
| A, Tab 44 (A-261) | Oct. 19, 2026, 6:55 p.m. | Ramachandran (AIIA) → Plus One counsel. AIIA: "The new proposal asks that you provide the information tomorrow." | 27 |
| A, Tab 45 (A-263) | Oct. 19, 2026, 6:42 p.m. | Sood-Hall (Plus One) → AIIA counsel. Plus One reply to the "34-page letter"; proposes Nov. 9, 2026 | 25, 26, 34 |
| B | Provided Oct. 9, 2026 | Curriculum vitae of Prof. Timothy Bretl, as provided by Plus One with its October 9, 2026 disclosure (17 pages incl. slip sheet; Ex. B-001–B-017) | 7 |
| C | Production of Oct. 9, 2026 | Table summarizing Plus One's October 9, 2026 production (117 documents; 3,006 pages; PLUSONE_000794–003799) by category and Bates range, prepared from Plus One's production load files (2 pages incl. slip sheet; Ex. C-001–C-002) | 10 |

| | | | |
|---|---|---|---|
| D | Oct. 16, 2026, 6:38 p.m. (attachment) | Prof. Timothy Bretl's signed Appendix A Undertaking (home address redacted), the attachment to Udit Sood-Hall's email of October 16, 2026, 6:38 p.m. ET (Ex. A, Tab 34) (3 pages incl. slip sheet; Ex. D-001–D-003) | 23 |
| E | Oct. 19, 2026, 10:19 a.m. | AIIA's letter of October 19, 2026, with Attachments A–C, as sent: PlusOneLetterFinal-PDF.pdf (34 pages), attached to Vivek Ramachandran's email of October 19, 2026, 10:19 a.m. ET (Ex. A, Tab 31) (35 pages incl. slip sheet; Ex. E-001–E-035) (redacted public version; unredacted version filed under seal) | 25, 34 |
| F | Oct. 19, 2026, 9:31 p.m. | AIIA's response letter of October 19, 2026, as sent: ResponseLetter-10-19-AIIA.pdf (11 pages), attached to Vivek Ramachandran's email of October 19, 2026, 9:31 p.m. ET (Ex. A, Tab 42) (12 pages incl. slip sheet; Ex. F-001–F-012) (redacted public version; unredacted version filed under seal) | 29 |