**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

PLUS ONE ROBOTICS, INC.

Plaintiff / Counter-Defendant,

v.

ARTIFICIAL INTELLIGENCE INDUSTRY ASSOCIATION, INC., and ARTIFICIAL INTELLIGENCE IMAGING ASSOCIATION, INC.

Defendants / Counter-Plaintiffs.

Case No. 5:25-CV-01197-OLG-HJB

**PLUS ONE'S OMNIBUS RESPONSE**
**TO AIIA'S EMERGENCY AND OTHER MOTIONS**
**(DKT NOS. 77, 79, 82, 84, 85)**

## TABLE OF CONTENTS

Page


I. INTRODUCTION ..... 1

II. RELEVANT BACKGROUND ..... 2

A. THE AGREED SCHEDULE DEFERS DISCOVERY UNTIL AFTER CLAIM CONSTRUCTION ..... 2

B. AIIA DISCLAIMS RELIANCE ON NON-PUBLIC MATERIALS, AND THE COURT HOLDS AIIA TO ITS FOURTH AMENDED CONTENTIONS ..... 2

C. THE COURT GIVES PLUS ONE SIXTY DAYS TO SERVE PRELIMINARY INVALIDITY CONTENTIONS AND ALLOWS SHARING OF AIIA'S CONTENTIONS ON NOTICE TO AIIA ..... 3

D. THE PARTIES PROCEED ON THE BASIS THAT PLUS ONE'S CONTENTIONS ARE DUE IN NOVEMBER ..... 4

E. AIIA REFUSES TO STIPULATE TO A NOVEMBER DEADLINE UNLESS PLUS ONE DROPS ITS EXPERT ..... 4

III. ARGUMENT ..... 5

A. AIIA'S MOTION TO STRIKE PLUS ONE'S INVALIDITY DEFENSE (DKT. 84) SHOULD BE DENIED ..... 5

B. AIIA'S EMERGENCY MOTION TO COMPEL (DKT. 82) SHOULD BE DENIED ..... 8

C. AIIA'S EMERGENCY MOTION REGARDING PROF. BRETL (DKT. 79) SHOULD BE DENIED ..... 10

D. PLUS ONE'S RESPONSE TO AIIA'S REMAINING MOTIONS (DKTS. 77, 85) ..... 13

IV. CONCLUSION ..... 13

**TABLE OF AUTHORITIES**

Page

**CASES**

*Allergan, Inc. v. Sandoz Inc.*,
No. 2:09-CV-182, 2011 WL 2563238 (E.D. Tex. June 28, 2011) .................................. 12

*June Med. Servs., L.L.C. v. Phillips*,
22 F.4th 512 (5th Cir. 2022) ........................................................................ 12, 13

*Patterson v. Ford Motor Co.*,
85 F.R.D. 152 (W.D. Tex. 1980) ........................................................................ 12

*Wapp Tech Ltd. P'ship v. Seattle SpinCo, Inc.*,
No. 4:18-cv-00469, 2020 WL 6504335 (E.D. Tex. Nov. 4, 2020)............................ 12, 13

**STATUTES**

35 U.S.C. § 101 ........................................................................................................ 5

35 U.S.C. § 112 ........................................................................................................ 5

## I. INTRODUCTION

On September 10, 2026, the Court held a lengthy, patient hearing on numerous motions. Three points emerged clearly: (1) because AIIA's operative infringement contentions were served just before the hearing, Plus One should receive 60 days to analyze them and serve preliminary invalidity contentions; (2) claims rely on public information and AIIA needs no additional technical discovery before claim construction; and (3) Plus One may disclose AIIA's operative contentions to necessary third parties after giving AIIA notice.

As invalidity and claim construction deadlines approach, AIIA files a series of motions seeking to undo each of those three points. *First*, AIIA's Motion to Strike (Dkt. 84) would hold Plus One to a 27-day turnaround for serving preliminary invalidity contentions, even though the Court and parties agreed 60 days is fair, and after AIIA itself argued that its delay of *seven months* in serving its own contentions was too little to warrant the "death penalty" of striking contentions. *Second*, AIIA's Emergency Motion to Compel (Dkt. 82) seeks the very discovery that AIIA said could wait until after claim construction and alleges unspecified deficiencies in Plus One's materials that AIIA has never inspected. *Third*, AIIA's Emergency Motion Regarding Prof. Bretl (Dkt. 79) seeks sanctions because Plus One disclosed AIIA's contentions to a specific, necessary third party, on notice to AIIA, as the Court permitted. Each motion should be denied.

For the Court's convenience, Plus One responds in a single brief to AIIA's motions at Docket Nos. 79, 82, 84, and 85. The Court granted AIIA's request for 20 pages per response. (Dkt. 77; Text Order dated October 27, 2026.) Plus One respectfully asks that the Court accept this omnibus response of under 20 pages for the pending AIIA motions. Plus One does not ask the Court to seal the Plus One information described in AIIA's exhibits to its Motion to Seal (Dkt. 85), but maintains that AIIA has shown no basis for confidential treatment of its contentions.

## II. RELEVANT BACKGROUND

### A. The agreed schedule defers discovery until after claim construction

Pursuant to stipulation, the Court entered a case schedule that defers fact discovery until after contentions are exchanged and claim construction is completed. (*See* Dkt. 25.) To ensure that each side has the technical documentation needed to formulate contentions and construe claims, the Court ordered early production of materials sufficient to show the operation of the accused instrumentalities. (*Id*. at 2.) Plus One made this production in January 2026.

### B. AIIA disclaims reliance on non-public materials, and the Court holds AIIA to its Fourth Amended Contentions

AIIA's contention deadline was extended twice, ultimately to July 8, 2026. (*See* Text Order dated May 8, 2026.) AIIA sought these extensions so that newly retained counsel could appear and, "upon being bound by the Protective Order," "review the case materials" and serve compliant contentions. (Dkt. 40-6 at 7; *see also* Declaration of Udit Sood-Hall in Support of Plus One's Omnibus Response to AIIA's Emergency and Other Motions ("Sood-Hall Decl."), Ex. A (Newell 3/11/2026 Email) (in negotiating extensions, seeking confirmation that Plus One will allow AIIA "to inspect the source code materials that you made available on January 16, 2026," as necessarily relevant to timing of infringement contentions).) Plus One stipulated, and in exchange, AIIA was ordered to disclose its theories "as completely and specifically as possible," including "citations to all available documents" that AIIA relies upon. (Dkt. 31 at 1.)

But AIIA's July 2026 deadline came and went without any new appearance or inspection of Plus One's materials showing how the accused systems operate. Plus One therefore moved to strike. In response, AIIA served a series of further amended contentions without seeking leave, including its Fourth Amended Contentions served shortly before a September 10, 2026, hearing. (*See* Dkt. 67.) Rather than cite or rely on Plus One's produced materials, AIIA explicitly

surrendered its right to rely on such materials. (*See, e.g.*, Dkt. 49 at 3 (AIIA's "amended contentions . . . removed AIIA's software-element reservations and mapped those elements to publicly available materials."), 13 ("AIIA's operative contentions make no software reservation; they map every element to publicly available materials.").) Based on these arguments, the Court denied Plus One's motion to strike without prejudice, but held AIIA to its Fourth Amended Contentions: "I'm telling you right now, I'm holding them to the fourth amended contentions. I'm not -- we're not going to have any other contentions." (Dkt. 73 at 74:17–20.)

At the hearing, AIIA also alleged deficiencies in Plus One's production, and the Court pressed AIIA to explain how AIIA could know of any deficiencies before even inspecting the evidence already provided. (*See* Dkt. 73 at 60:3–23 ("[A]s far as I understand, you never looked. So how . . . How do you know whether it's there or not?").) AIIA resisted admitting that it never inspected the materials Plus One made available to show operation of its accused products. (*See id*. at 61:7–9 ("Have you looked or have you not"), 62:3–4 ("Did you look at the computer where they say this source code is"), 62:15–18 ("When you say you've looked at everything, have you looked at everything that's been made available, not just the stuff that's been sent to you."), 62:20–21 ("Have you looked at everything that's been made available, 'yes' or 'no'?"), 62:22–64:4 (AIIA not responding 'yes' or 'no').) The Court then asked AIIA whether its expectation of additional technical documents is "going to be an issue . . . at the stage of claim construction or is this only . . . an issue only after the claims have been [construed]?" (*Id*. at 69:24–70:9.) AIIA responded: "It's only an issue after the claim construction because we've given them notice." (*Id*. at 70:8–9.)

### C. The Court gives Plus One sixty days to serve preliminary invalidity contentions and allows sharing of AIIA's contentions on notice to AIIA

Noting its intention to ensure that Plus One has "enough time to review [AIIA's contentions] and make . . . counter filings," the Court allowed Plus One "60 days" to serve

responsive contentions, and Plus One's counsel confirmed that Plus One "will live with that deadline." (Dkt. 73 at 74:11–14, 75:7–15.) To avoid confusion, before the hearing concluded, Plus One again raised the October deadline, and the Court reassured that the contentions "would be due way in November. Yeah. It's the 60 days from today." (*Id*. at 80:13–25.) While all earlier schedules contemplated 90 days for Plus One to serve responsive preliminary contentions, AIIA's delays forced Plus One to accept the prejudice of a compressed turnaround to preserve the *Markman* hearing date and avoid further delays. The Court also allowed Plus One to share AIIA's contentions with appropriate third parties on notice to AIIA's counsel. (*Id*. at 82:24–83:1; *see also* Dkt. 71, ¶ 3 (the "Sharing Order").)

**D. The parties proceed on the basis that Plus One's contentions are due in November**

Following the hearing, Plus One continued to diligently analyze AIIA's operative contentions and prepare its preliminary invalidity contentions, including by retaining an expert. AIIA, too, understood the deadline to have moved. (*See, e.g.*, Dkt. 84 at 12 (acknowledging on October 9, 2026, that Plus One's "deadline was moved from 7th October" to facilitate review).) Later, however, AIIA argued that the Court never moved Plus One's deadline, and on October 16, 2026, proposed that the parties stipulate to a schedule clarifying November 9, 2026, as Plus One's deadline to serve its contentions. (*See* Dkt. 84-2 at 167–169 (AIIA's proposal moves Plus One's contentions deadline from "Originally, Oct. 7, 2026" to "Nov. 9, 2026.").) Plus One agrees November 9 should be clarified as Plus One's deadline to serve preliminary invalidity contentions. (*See* Dkt. 84-2 at 230 (response to AIIA's proposal); Dkt. 74 at 4 (listing proposed dates).)

**E. AIIA refuses to stipulate to a November deadline unless Plus One drops its expert**

Despite having acknowledged that Plus One's October "deadline was moved," and offering to clarify November 9 as Plus One's deadline to serve preliminary invalidity contentions and produce supplemental technical documents (if any) (Dkt. 84-2 at 167–169), AIIA backtracked and

began conditioning a stipulation to clarify this deadline on Plus One giving up its expert, even though AIIA had identified no disqualifying conflict. (Dkt. 84-2 at 239 ("Nov. 9, 2026 . . . was based on your expert destroying all communications and a new expert."), 224 ("AIIA could have considered a later date," but Plus One "has not agreed to retain a different expert.").) AIIA now characterizes its original proposal as "a talking point for the meet and confer, not a concession." (Dkt. 82 at 17.) But no concession from AIIA was needed: the parties were already assuming a November deadline following the September hearing.

Along with its now-rescinded October 16 proposal to clarify the deadlines, AIIA sent Plus One for the first time a list of materials that, according to AIIA, Plus One should possess but purportedly did not already make available. (*See* Dkt. 78-2 at 155 (Ramachandran 10/16/2026 13:10 Email).) With its preliminary invalidity contentions, Plus One is already required to produce, "to the extent not already produced," technical documents sufficient to show operation of the accused products. (Dkt. 31 at 3; Text Order dated May 8, 2026.) To avoid unnecessary disputes, Plus One has offered to produce, by November 9, 2026, any additional non-cumulative documents it locates in response to AIIA's recent requests. (*See* Dkt. 84-2 at 230.)

## III. ARGUMENT

### A. AIIA's Motion to Strike Plus One's Invalidity Defense (Dkt. 84) Should Be Denied

AIIA asks the Court to strip Plus One of every invalidity, § 112, and § 101 defense before a single claim term is construed. (Dkt. 84 at 20.) Just weeks ago, AIIA told this Court that striking contentions is "the harshest available sanction," akin to "the death penalty," and "a severe sanction reserved for genuine defiance of a court order." (Dkt. 49 at 1–2, 6.) AIIA now seeks that sanction against Plus One for following the schedule the Court set at the September 10th hearing, where the Court made clear that Plus One should have enough time to analyze AIIA's operative contentions and serve responsive contentions. (*See, e.g.,* Dkt. 73 at 74:11–14.)

Plus One's contentions are not untimely because Plus One followed the Court's directions at the September hearing. The Court instructed that the oral order controls (Dkt. 73 at 83:10–15), after reassuring Plus One's counsel that Plus One would have "60 days from today" to serve preliminary invalidity contentions. (*Id*. at 80:13–25 (due "way in November").) The written order is consistent. It directs the parties to confer before seeking to amend "*other* deadlines to accommodate the timing of Defendants' Fourth Amended Preliminary Infringement Contentions," with any such requests due by October 1, 2026. (Dkt. 71, ¶ 2 (emphasis added).) Both parties understood the Court to have moved that deadline before AIIA began arguing the opposite. (*See, e.g.*, Dkt. 84 at 12 (AIIA acknowledging on October 9, 2026, that Plus One's "*deadline was moved* from 7th October" to allow time for review) (emphasis added).) AIIA now calls the Court's statements mere "colloquy." (*Id*. at 7–8.) But a party that acts on the Court's words as both sides understood them has defied nothing. Moreover, Plus One sought clarification once AIIA disputed that Plus One's deadline was moved. (*See* Dkt. 74.)

And even if no order moved the deadline, good cause exists to confirm the November 9, 2026, deadline now. Each good-cause factor supports that result, and none supports depriving Plus One of an invalidity defense.

*(a) Explanation. Plus* One did not serve its preliminary invalidity contentions on October 7, 2026, because it understood that the Court had allowed it "60 days from today." (Dkt. 73 at 80:13–25.) Had AIIA served its contentions by its twice-extended deadline of July 8, 2026, Plus One could have served its responsive contentions in October. But AIIA served its operative contentions only on the eve of the September 10, 2026, hearing, which is why the Court extended Plus One's responsive deadline. (*See* Dkt. 73 at 74:11–14 (Court wanted to ensure that Plus One would "have enough time" to review AIIA's contentions and serve responsive contentions).) After

taking *seven extra months* to serve its own contentions, including two months without leave of court, AIIA now seeks to hold Plus One to a turnaround of less than four weeks. Because Plus One's explanation relies on both sides' shared understanding of the Court's directions, and basic principles of parity and fairness, this factor favors confirming the November deadline.

*(b) Importance*. Validity is a key question in any patent case, and particularly here, because AIIA reads its claims onto third-party products that predate its patents. For example, AIIA accuses Amazon SageMaker Ground Truth under the '272 patent, claiming an April 2019 priority date, but Amazon SageMaker Ground Truth launched in 2018 and is thus prior art. (*See, e.g.,* https://aws.amazon.com/about-aws/whats-new/2018/11/introducing-amazon-sagemaker-groundtruth/.) Likewise, AIIA reads the '315 and '693 patents on third-party RealSense drivers, *e.g.*, ROS bag functionality, which dates to at least 2013, well before these patents' alleged April 2015 priority date. (*See, e.g.,* https://web.archive.org/web/20131112062027/wiki.ros.org/Bags/Format/2.0.) Plus One has been analyzing these and other ineligibility, invalidity, and unenforceability issues, and has retained Prof. Timothy Bretl of the University of Illinois's College of Engineering as an expert. (Sood-Hall Decl., ¶ 3.) Striking these defenses would let AIIA assert its patents against products that predate and invalidate them. This factor weighs in favor of confirming the November deadline.

*(c) Prejudice*. AIIA would suffer no prejudice from Plus One serving its contentions on the date AIIA itself proposed. (*See* Dkt. 84-2 at 169.) Plus One asked AIIA to jointly request that the Court enter the adjusted deadlines. (*See* Dkt. 84-2 at 230.) AIIA instead conditioned the November deadline on Plus One dropping its expert. (*See, e.g.,* Dkt. 84-2 at 195.) But Plus One's ability to respond to AIIA's contentions does not depend on whom it retains as an expert, nor does the choice of expert alter the Court's reasons for allowing Plus One "60 days." AIIA's motion

therefore is not to avoid any alleged prejudice from a November deadline, but instead to obtain unwarranted tactical advantages, *i.e.*, striking Plus One's invalidity defenses, disqualifying its expert, or at a minimum burdening Plus One with extensive motion practice in the time leading to contentions and claim construction deadlines.

Plus One, by contrast, would be prejudiced by a contrary ruling. The parties and the Court originally agreed to a 3-month turnaround. (*See, e.g.*, Dkt. 25 (setting deadlines of AIIA and Plus One in February and then May 2026, respectively); Dkt. 31 (contemplating 3 months); Text Order dated May 8, 2026 (same).) At the September 10, 2026, hearing, Plus One accepted a compressed 60-day turnaround to preserve the *Markman* hearing date. Finding that Plus One should have served contentions in October would penalize Plus One for making the same assumption as AIIA.

*(d) Continuance*. Confirming that Plus One may serve its contentions by November 9, 2026, requires no hearing to be rescheduled. Both sides have proposed deadlines that preserve the *Markman* date while giving AIIA time to consider Plus One's contentions before finalizing its claim constructions and extrinsic evidence. (*See* Dkt. 84-2 at 169; Dkt. 74 at 4.) The Court should enter those deadlines and deny AIIA's motion to strike.

**B. AIIA's Emergency Motion to Compel (Dkt. 82) Should Be Denied**

AIIA seeks to compel compliance with Section II(b) of the Court's Order Regarding Contentions (Dkt. 31). But there is nothing to compel. In fact, AIIA has not even reviewed the materials Plus One already provided. Section II(b) required production of materials sufficient to show operation only "to the extent not already produced." (*Id.*, § II(b).) Plus One long ago provided materials sufficient to show the operation of its accused products. (Sood-Hall Decl., ¶ 4.) AIIA accuses Plus One's PickOne software, along with the InductOne, DepalOne, and Yonder systems, and so Plus One painstakingly collected and produced, in January 2026, public and non-public documents identifying relevant hardware in its robot systems as well as source code and

related materials showing exactly how each accused system operates. (*Id.*) AIIA concedes that the documents produced "show which parts are used and how they are powered and connected," but contends that they "do not show how the accused products operate as AIIA's contentions chart them." (Dkt. 82 at 7.) AIIA is wrong. The materials provided for inspection under the Protective Order show the operation of each accused instrumentality. Had AIIA inspected them, it would have seen that none of the images in Plus One's training datasets derive from any Amazon service, and that Plus One's source code never uses the RealSense functionalities on which AIIA bases its claims. The issue is not that Plus One withheld information needed to understand its accused products; it is that AIIA has not reviewed that evidence.

At the September hearing, the Court asked AIIA how it could claim deficiencies in Plus One's production when, "as far as I understand, you never looked." (Dkt. 73 at 60:3–9.) The Court then asked repeatedly whether AIIA had inspected everything made available, "not just the stuff that's been sent to you." (*Id.* at 61:7–9, 62:3–4, 62:15–21.) AIIA answered only that it had looked at "all of the production documents that they have given us." (*Id.* at 62:22–24.) AIIA's motion does not claim that it has inspected anything since. Without reviewing the materials already provided, AIIA cannot genuinely claim to need more.

Indeed, AIIA does not identify any specific accused instrumentality of any Plus One product that cannot be understood from the materials provided. What AIIA now demands is additional technical discovery, beyond the documents sufficient to show operation that Section II(b) requires. When the Court asked whether AIIA's expectation of this additional discovery would be "an issue . . . at the stage of claim construction or is this only . . . an issue after the claims have been [construed]?" AIIA responded: "It's only an issue after the claim construction because we've given them notice." (Dkt. 73 at 69:24–70:9.) Now, without explaining its change in

position, AIIA seeks to compel additional discovery and to modify the Scheduling Order "so that every claim-construction deadline runs from" the compelled discovery. (Dkt. 82 at 19.) AIIA should be held to its representation that it does not need additional information before claim construction, and to the schedule the Court entered pursuant to the parties' stipulation deferring discovery until after claim construction. Separately, Plus One is reviewing whether any additional, non-cumulative documents exist and, if so, will produce them by November 9, 2026, as contemplated in both sides' proposed schedules. (*See* Dkt. 84-2 at 169, 230.)

AIIA's motion to compel and to enter a new case schedule should be denied. Instead, the Court should enter the adjusted deadlines in Plus One's Motion to Clarify Rulings, which move the October 30, 2026, exchange of revised terms and constructions to December 2, 2026, so that AIIA has Plus One's contentions before that exchange. (*See* Dkt. 74 at 4.)

### C. AIIA's Emergency Motion Regarding Prof. Bretl (Dkt. 79) Should Be Denied

AIIA's motion establishes no basis for a protective order or disqualification. As shown below, Prof. Bretl has no conflict, and AIIA has now had every opportunity to vet him. Plus One's disclosure to him complied with the Sharing Order. And even if Paragraph 5(e) of the Protective Order applied instead, its purpose has been fully served, and AIIA has suffered no prejudice. Finally, AIIA has not shown that its contentions are confidential.

*First*, AIIA identifies no conflict. When Plus One disclosed Prof. Bretl, AIIA objected that the Protective Order prohibits disclosure to an expert who is "presently employed (directly or indirectly) by a competitor," and that Prof. Bretl's "CV lists him as 'Co-Founder, Chief Innovation Officer, and Secretary, Reconstruct Inc' (2015–2016)." (Dkt. 84-6 at 12.) A role that ended a decade ago is not "present" employment. Apart from Reconstruct, AIIA identifies no specific competitor, and Reconstruct is irrelevant because AIIA has not shown that Prof. Bretl owes Reconstruct any duty of loyalty, such as through present employment. Plus One has served Prof.

Bretl's signed Undertaking (*see* Dkt. 84-5), and AIIA has had his CV since October 9, 2026, yet AIIA still identifies no disqualifying conflict. Instead, AIIA seeks to disqualify Prof. Bretl because he allegedly received AIIA's contentions a few days too soon: on October 14, less than 10 days after Plus One's October 9, 2026, disclosure of his CV. (*See* Dkt. 79 at 2, 15–16.) Disqualifying a conflict-free expert on that basis would be a drastic remedy with no corresponding harm to cure.

*Second*, Plus One did not disobey any order. The Sharing Order, not the Protective Order, has governed AIIA's contentions since the September hearing. (*See* Dkt. 73 at 82:24–83:1; Dkt. 71, ¶ 3.) Plus One disclosed AIIA's contentions to multiple third parties after identifying them to AIIA, and AIIA did not object or invoke the Protective Order's procedures on any of those occasions. (See Dkt. 84-1, ¶ 3 (AIIA's declaration acknowledging Plus One's September 11, 2026, notice of disclosure to third parties); Dkt. 79 at 10 (admitting AIIA "did not object" to those disclosures).) Plus One followed the same process for Prof. Bretl. The Sharing Order provides: "On notice to Defendants, Plaintiff may share the documents with specific third parties where doing so is necessary to prepare their defense to Defendants' infringement contentions." (Dkt. 71, ¶ 3.) Accordingly, Plus One specifically identified Prof. Bretl to AIIA by name and CV, gave notice, and then shared the contentions. (*See* Dkt. 84-1, ¶¶ 12–14.) AIIA reads the order as limited to the third-party vendors whose products AIIA accuses, but the Sharing Order is not so limited. It requires only that Plus One's disclosure be (a) to a specific third party, not unspecified non-parties at large; (b) necessary for Plus One to prepare its defense; and (c) made after notice to AIIA's counsel. Each condition was met.

*Third*, even if Paragraph 5(e) governed, its purpose—allowing the producing party to vet the expert and object—has been fully served. AIIA has Prof. Bretl's CV and signed Undertaking, has had ample time to vet him, and has identified no conflict. (*See* Dkt. 84-5; Dkt. 84-6 at 12.)

AIIA's reliance on *Allergan* is misplaced. (*See* Dkt. 79 at 16 (citing *Allergan, Inc. v. Sandoz Inc.*, No. 2:09-CV-182, 2011 WL 2563238 (E.D. Tex. June 28, 2011)).) There, the "Defendants disclosed 9 of their 10 potential experts," but "did not disclose Dr. Richard Kay" at any time before serving a surprise expert report by him. 2011 WL 2563238, at *1. The court struck the undisclosed expert's report. *Id.* at *3. Here, Plus One timely disclosed Prof. Bretl, he has served no expert reports, and AIIA's only complaint is that he received AIIA's contentions a few days early. AIIA identifies no harm or prejudice from that timing, and AIIA's assertion that the "case for disqualification is stronger here" is unpersuasive. (Dkt. 79 at 16.)

*Finally*, AIIA is not entitled to a protective order because it has not shown that its contentions are confidential. The Court allowed Plus One to share AIIA's contentions after expressing skepticism that they contain anything confidential or privileged. (*See* Dkt. 73 at 8:24–9:3, 11:12–13, 82:24–83:1.) AIIA still identifies no specific confidential information whose disclosure to Prof. Bretl would harm AIIA, though it acknowledges it bears that burden. (*See* Dkt. 79 at 15 (citations omitted).) AIIA's motion thus fails. *See, e.g.*, *Patterson v. Ford Motor Co.*, 85 F.R.D. 152, 153 (W.D. Tex. 1980) (denying protective order where movant did not show "that any of the material . . . constitutes trade secrets or that [the movant] will suffer any competitive disadvantage" through disclosure). AIIA's infringement theories against Plus One are already a matter of public record. (*See, e.g.*, Dkt. 73 (unsealed hearing discloses AIIA's theories based on alleged use of Amazon SageMaker and RealSense drivers).) AIIA is mistaken that compiling public information into contentions creates protectable legal strategy even after disclosure to an adversary and the court. *See June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 520 (5th Cir. 2022) ("How perverse it would be to say that what was once public must become private—simply because it was placed in the courts that belong to the public."). AIIA's reliance on *Wapp Tech* is

also misplaced. (*See* Dkt. 79 at 14 (citing *Wapp Tech Ltd. P'ship v. Seattle SpinCo, Inc*., No. 4:18-cv-00469, 2020 WL 6504335, at *2 (E.D. Tex. Nov. 4, 2020)).) There, the expert had learned the movant's undisclosed litigation strategy while consulting for its parent, and the court still *denied* disqualification. *Wapp Tech*, 2020 WL 6504335, at *2. The Court should deny AIIA's motion.

### D. Plus One's Response to AIIA's Remaining Motions (Dkts. 77, 85)

**Motion regarding page limits (Dkt. 77)**. The Court granted AIIA's request for 20 pages per opposition. Plus One respectfully seeks leave to file this omnibus response of under 20 pages.

**Motion for leave to file under seal (Dkt. 85)**. Plus One does not ask the Court to seal AIIA's descriptions of Plus One's confidential documents because AIIA did not attach the confidential documents themselves, and AIIA's general descriptions of their contents do not meet the demanding sealing standard in this Circuit. *See, e.g., June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022) ("we heavily disfavor sealing information placed in the judicial record."). Likewise, AIIA's contentions are not confidential and do not warrant sealing.

## IV. CONCLUSION

Each of AIIA's motions is at odds with the record. AIIA's Motion to Strike (Dkt. 84) would hold Plus One to a 27-day turnaround for its preliminary invalidity contentions, even though the Court allowed 60 days, and AIIA took *seven extra months* to serve its own contentions. AIIA's Emergency Motion to Compel (Dkt. 82) seeks discovery that AIIA said was unnecessary before claim construction, alleging gaps in materials that AIIA has yet to inspect. AIIA's Emergency Motion Regarding Prof. Bretl (Dkt. 79) seeks the extreme remedy of disqualifying a conflict-free expert because, under the Sharing Order, Prof. Bretl received AIIA's contentions a few days earlier than the Protective Order would have allowed. The Court should deny each of these motions, confirm that Plus One's preliminary invalidity contentions are due November 9, 2026, and enter the adjusted deadlines in Plus One's Motion to Clarify Rulings. (Dkt. 74.)

Dated: October 28, 2026

Respectfully submitted,

*/s/ Udit Sood-Hall*
Udit Sood-Hall (admitted *pro hac vice*)

RYAN TYZ (CA Bar No. 234895)
*Admitted Jan. 30, 2025*
ryan@tyzlaw.com
UDIT SOOD-HALL (CA Bar No. 308476)
*Admitted pro hac vice*
udit@tyzlaw.com
SEAN APPLE (CA Bar No. 305692)
*Admitted pro hac vice*
sapple@tyzlaw.com
**TYZ LAW GROUP**
1 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: 415.868.6900

***Attorneys for Plus One Robotics, Inc.***

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on all counsel of record via CM/ECF according to the Federal Rules of Civil Procedure on this 28th day of October, 2026.

Robert E. Golden
GOLDEN LAW, P.C.
Independence Plaza II, Suite 250
14350 Northbrook Drive
San Antonio, TX 78232
(210) 495-0900
(210) 495-0997 (fax)
golden@goldenlaw.net

Vivek Ramachandran
DHAMMA LAW PLLC
418 Broadway, Suite N
Albany, NY 12207
(757) 742-3217
vramachandran@dhammalaw.com

*/s/ Udit Sood-Hall*
Udit Sood-Hall