# EXHIBIT B

**From:** Ryan Tyz
**Sent:** Wednesday, October 28, 2026 1:14 PM
**To:** vramachandran@dhammalaw.com
**Cc:** Udit Sood-Hall; Robert E Golden; Tyz Law - Plus One Team
**Subject:** Re: Plus One v. AIIA -- AIIA's Requested Changes to Case Schedule

Vivek - We should look for ways to resolve, or at least narrow, the issues before the Court, which is what I am trying to accomplish and I think the Court expects. Here are the main issues I see:

1. Due date for Plus One Invalidity Contentions
2. Schedule following service of Invalidity Contentions
3. Plus One's Expert
4. Additional technical documentation.

Why can't we resolve at least resolve Nos. 1 and 2 by meeting and conferring. It seems very simple - We agree to a date for Plus One's invalidity contentions (we propose no earlier than Nov. 9 - which is 30 days less than what we would have originally gotten), and we also agree to move the remaining claim construction deadlines to after that date? Doesn't that resolve the issue about AIIA claiming that it needs time after the invalidity contentions to evaluate its claim construction positions. We are willing to accommodate that, and that would resolve Nos. 1 and 2.

---

**From:** vramachandran@dhammalaw.com <vramachandran@dhammalaw.com>
**Date:** Wednesday, October 28, 2026 at 1:02 PM
**To:** Ryan Tyz <ryan@tyzlaw.com>
**Cc:** Udit Sood-Hall <udit@tyzlaw.com>; Robert E Golden <golden@goldenlaw.net>; Tyz Law - Plus One Team <tyzlawplusoneteam@tyzlaw.com>
**Subject:** Re: Plus One v. AIIA -- AIIA's Requested Changes to Case Schedule

EXTERNAL EMAIL WARNING: This email originated outside of our organization. DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Ryan,

We can agree to a stay on the October 30, 2026 deadline until November 6, 2026 so that the court can look into the schedule. We can discuss the rest on November 1, 2026. That's what AIIA has authorized me to do at this point.

We can work towards a fuller resolution on November 1, 2026. But none

where procedure is used a sword. That has to stop. AIIA management has no tolerance for this. They have been very clear. We have been faced with demands that are ridiculous like agree to a 15 day extension or you will dismiss with prejudice without involving the court.

All AIIA has said is it's preserving the breach of protective order for the court to rule on. Preserve, the interpretation of the order for the court to rule on. Status quo. You still have not certified that you will follow the protective order provisions and continue to be in breach.

If you want us to meet the obligations on October 30, 2026, without your disclosures (with zero disclosure of your theories on invalidity, non-infringement, and 101 due on October 7, 2026), we will do so to meet what the court ordered. We have no choice. Like I said, the only prejudice is to AIIA. We are blind. Just moving that one date does not solve the elephants in the room. Continuing violation of the protective order.

We are also looking for a resolution, where PlusOne will meet it's obligations under the schedule. Will agree to be governed by the protective order. We are also trying our best to offer you a solution that will work. We are not asking for what AIIA did not do in the past including certification of destruction. If we had not done that in the past we would not ask now.

Thank you.

Sincerely,
Vivek

On 2026-10-28 15:49, Ryan Tyz wrote:
> Vivek - we are really trying to work toward a resolution that works
> for both parties. To be clear, we are willing to consider a proposal
> that also moves the current October 30 deadline that obviates all of
> AIIA's stated concerns. As mentioned, if we were to agree that Plus
> One's invalidity contentions are due on Nov. 9 (which is a mere 12
> days away), what day would AIIA like to replace the current October 30
> deadline so AIIA and its expert can have time with our invalidity
> contentions? Again, I think the Court expects us to work this out.
> Thanks. Ryan
>
> From: vramachandran@dhammalaw.com <vramachandran@dhammalaw.com>
> Date: Wednesday, October 28, 2026 at 12:40 PM
> To: Ryan Tyz <ryan@tyzlaw.com>
> Cc: Udit Sood-Hall <udit@tyzlaw.com>; Robert E Golden
> <golden@goldenlaw.net>; Tyz Law - Plus One Team
> <tyzlawplusoneteam@tyzlaw.com>
> Subject: Re: Plus One v. AIIA -- AIIA's Requested Changes to Case

> Schedule
>
> EXTERNAL EMAIL WARNING: This email originated outside of our
> organization. DO NOT CLICK links or attachments unless you recognize
> the sender and know the content is safe.
>
> Ryan,
>
> We had a scheduling conflict on October 9, 2026, it's not longer a
> simple scheduling conflict. On October 14, 2026 that matured into more
> because of your breach of the protective order.
>
> The only way to move forward is to have your expert certify that he
> will
> not use the AEO material and destroy all AEO material until the court
> rules otherwise in accordance with the protective order. We did that
> for
> PlusOne as soon as you made the demand early in 2026. AIIA did
> everything in its power to get that expert to certify. We even got a
> new
> expert to meet the letter of the law on the protective order. AIIA has
> under all instances been upfront and has been doing their best to meet
> the obligations imposed by the court. Even when its not convenient to
> them.
>
> We are going to under exceptional circumstances on October 30, 2026,
> under protest try to meet our obligations, because PlusOne decided
> that
> we had to prove prejudice. Everyone knows what the prejudice was and
> is
> on AIIA having to meet and confer on claim terms with zero disclosure
> of
> your theories on invalidity, non-infringement, and 101 due on October
> 7,
> 2026. AIIA will always be at a disadvantage after you breached the
> protective order to get there, no matter what the schedule is.
>
> We will document with the court that you declined to move the October
> 30, 2026 which only prejudices AIIA unless, we also give up the breach
> of protective order issues and your failure to meet the scheduling
> order
> on October 7, 2026. You clearly don't need any schedule change to meet
> and confer on October 30, 2026, which is based on your theories that
> were due to be disclosed on October 7, 2026 and which you are
> confident
> enough about to do a narrowing of claim terms on October 30, 2026. We
> just have to walk into that meeting blind.
>

> You have used the scheduling order as a sword including today and AIIA
> cannot condone such behavior. We can discuss this on November 1, 2026
> to
> brief the court on November 5, 2026.
>
> Thank you.
>
> Sincerely,
> Vivek
>
> On 2026-10-28 15:03, Ryan Tyz wrote:
>> I think it's simple, Vivek. Let's assume Plus One's invalidity
>> contentions are due Nov. 9, what modifications to the current
> schedule
>> would AIIA propose to resolve its stated prejudice concerns? We are
>> willing to work on a schedule that works for both parties while not
>> burdening the court, just as we did with AIIA's prior counsel,
>> including all their requested modifications. Thanks. Ryan
>>
>> From: vramachandran@dhammalaw.com <vramachandran@dhammalaw.com>
>> Date: Wednesday, October 28, 2026 at 11:58 AM
>> To: Ryan Tyz <ryan@tyzlaw.com>
>> Cc: Udit Sood-Hall <udit@tyzlaw.com>; Robert E Golden
>> <golden@goldenlaw.net>; Tyz Law - Plus One Team
>> <tyzlawplusoneteam@tyzlaw.com>
>> Subject: Re: Plus One v. AIIA -- AIIA's Requested Changes to Case
>> Schedule
>>
>> EXTERNAL EMAIL WARNING: This email originated outside of our
>> organization. DO NOT CLICK links or attachments unless you recognize
>> the sender and know the content is safe.
>>
>> Ryan,
>>
>> I read the court's order as doing the same. But AIIA has no choice.
>>
>> AIIA is the only party that is prejudiced by any of the scheduling
>> changes at this point and has been since October 9, 2026.
>>
>> These are the reasons:
>>
>> (1) the difference is AIIA had/has no choice on the schedule and
>> PlusOne
>> has taken a position that you will provide materials by November 9
>> (with
>> zero disclosure of your theories on invalidity, non-infringement,
> and
>> 101 due on October 7, 2026) while keeping all our obligations due

>> before
>> the November 9, 2026 date alive for AIIA. If you had any issues with
>> the
>> October 30, 2026 meet and confer or did not have your positions, you
>> would be inclined to move it too. The evidence on that front is
> clear,
>> you have all your ducks lined up while AIIA is blind on your
> positions
>> and cannot do anything during the October 30, 2026 meet and confer.
>> Indeed, you have more than 3008 pages on those theories but AIIA
> does
>> not know what those are, only PlusOne and its expert do.
>>
>> (2) we have no pending obligations that affect your obligations on
>> including those due on October 30, 2026 and you have all of our
>> theories, however all of our obligations on October 30, 2026 depend
> on
>> yours undisclosed theories;
>>
>> (3) you went to the court first and didn't even let us know about it
>> until after you filed with the court;
>>
>> (4) we were forced to follow;
>>
>> (5) the hearing is on November 6, 2026 and you have refused to
> provide
>> your October 7, 2026 disclosures even today;
>>
>> (6) have not agreed to have your expert destroy everything until the
>> court decides in line with the protective order;
>>
>> (7) in essence, we are not going to see your disclosures before
>> November
>> 9, 2026 and have to take up our position before that on October
>> 30,2026
>> and do so blind without an expert;
>>
>> (8) PlusOne has everything they need including your theories on
>> invalidity, non-infringement and 101 developed with over 3000 pages
> of
>> materials, and we don't know what that theory is;
>>
>> (9) You have your experts look at your positions since October 14,
>> 2026;
>>
>> (10) Our expert isn't even going to be able to look at anything
>> because
>> PlusOne's position will not be available until November 9, 2026.

>>
>> What do you want AIIA to do under these circumstances?
>>
>> From the very beginning, we have amended rather than goto the court
>> on
>> multiple occasions, even when our positions in the 2nd amended
>> complaint
>> and 3rd amended complaint were more than sufficient to provide
> notice
>> of
>> our theory to avoid bothering the court. We did so on October 9,
> 2026
>> as
>> well. However we cannot keep silent now because if we don't speak up
>> now, we will lose rights on the patent.
>>
>> Our October 30, 2026 deadline will still be ours and we have to meet
>> it
>> we will do our best without any theory from you, without access to
> any
>> experts and you having all of our theories, and you having access to
>> your experts. We are the only party prejudiced by any of this. We
> have
>> always put up with what we can unless we lose rights and we have
> bent
>> over backwards at times in light of your demands which were not
> always
>> necessary.
>>
>> Even the October 7, 2026 deadline and the subsequent October 9, 2026
>> deadline was Udit refusing to move all dates by 60 days, after you
>> wanted our expert disqualified for early disclosure after a signed
>> document was produced to PlusOne. AIIA obliged and had the expert
>> destroy and certify in good faith. You then blamed the delay
> entirely
>> on
>> AIIA. Our response was that we will make the two days work to meet
> our
>> obligations on October 9, 2026. We simply cannot do anything with
>> something that is never produced on October 7, 2026.
>>
>> You have absolutely nothing to lose. Under these circumstances, AIIA
>> can
>> do nothing but let the court know, and meet our obligations on
> October
>> 30, 2026 under protect as we did the October 9, 2026 under protest,
>> and
>> cannot do anything more. We are helpless and have been so since

>> October
>> 7, 2026. We have simply complied with the orders. If AIIA had
>> inadvertently not done something, we have gone to the court and told
>> the
>> court it's our fault and been upfront about our obligations not
> being
>> met and how we fixed those obligations.
>>
>> PlusOne has sought to use procedure as a sword, and this has
> continued
>> to be the case even today. AIIA will just document this with the
> court
>> and move forward, as we have always done.
>>
>> This has grown beyond a scheduling conflict and did so on October
> 14,
>> 2026 when you disclosed material without following the protective
>> order.
>> We are not going to be able to resolve anything in a meet and confer
>> tomorrow. We simply don't know your position on anything including
>> your
>> theories are on invalidity, non-infringement and 101.
>>
>> And AIIA management can't see what your position is until I have had
>> time to read your positions filed today and tell them about it over
>> the
>> weekend.
>>
>> Sincerely,
>> Vivek
>>
>> On 2026-10-28 14:02, Ryan Tyz wrote:
>>> Vivek - I strongly suggest we meet and confer before AIIA rushes
>> back
>>> to court.  I interpret the Court's order from today setting an
>>> in-person hearing and ordering us to confer as a strong suggestion
>>> that we resolve our issues.  I agree - these issues should be
>> resolved
>>> by the parties, and we are open to a discussion about moving
>>> deadlines.  Udit provided you our last proposal, please provide a
>>> counter proposal based on our invalidity contentions being due Nov.
>> 9.
>>>  Thanks.  Ryan
>>>
>>>  From: vramachandran@dhammalaw.com <vramachandran@dhammalaw.com>
>>> Date: Wednesday, October 28, 2026 at 10:46 AM
>>> To: Udit Sood-Hall <udit@tyzlaw.com>
>>> Cc: Robert E Golden <golden@goldenlaw.net>; Ryan Tyz

>>> <ryan@tyzlaw.com>; Tyz Law - Plus One Team
>>> <tyzlawplusoneteam@tyzlaw.com>
>>> Subject: Re: Plus One v. AIIA -- AIIA's Requested Changes to Case
>>> Schedule
>>>
>>> EXTERNAL EMAIL WARNING: This email originated outside of our
>>> organization. DO NOT CLICK links or attachments unless you
> recognize
>>> the sender and know the content is safe.
>>>
>>> Udit,
>>>
>>> We will be letting the court know of your position shortly.
>>>
>>> Sincerly,
>>> Vivek
>>>
>>> On 2026-10-28 13:43, vramachandran@dhammalaw.com wrote:
>>>> Udit,
>>>>
>>>> Please provide the disclosures due on October 7, 2026 which are
> now
>>> 28
>>>> days late.
>>>> Without knowing what your theories are on invalidity,
>>> non-infringement,
>>>> 101 AIIA is not in a position to address the claim construction
>>> issues
>>>> that are due on September 30, 2026.
>>>>
>>>> We have expressed this issue since October 9, 2026. On the other
>>> hand,
>>>> Plus One has everything they need from us. There are no pending
>>>> obligations from AIIA on any issue. All of the pending issues
>> before
>>>> the court are your obligations that you have not met.
>>>>
>>>> We will meet and confer on September 30, 2026 as required under
> the
>>>> scheduling order only for the exchange of terms, but our positions
>>> are
>>>> going to be subject to change based on your October 7, 2026
>>> deadlines.
>>>> In addition, our expert has not had a look at any of your
> positions
>>> and
>>>> cannot. Therefore, he will also be taking up positions that will
>>> change

>>>> based on your disclosures of the October 7, 2026 deadlines and
>> after
>>> he
>>>> is able to look at your documents.
>>>>
>>>> We will additionally, not be able to narrow any terms during the
>>>> September 30, 2026 meet and confer. We will additionally, let the
>>> court
>>>> know today on your non-agreement to move the deadline, because
> AIIA
>>> is
>>>> severely prejudiced and cannot do so in the lack of any written
>>>> submission from PlusOne on what your theory is. PlusOne on the
>> other
>>>> hand has all our theories and has had the benefit of consulting
>> with
>>>> its expert.
>>>>
>>>> Our expert is still without access to your theories, and indeed
>>> cannot
>>>> until you disclose your theories.
>>>>
>>>> Thank you.
>>>>
>>>> Sincerely,
>>>> Vivek
>>>>
>>>> On 2026-10-28 13:33, Udit Sood-Hall wrote:
>>>>> Vivek:
>>>>>
>>>>> AIIA will have Plus One’s response to AIIA’s pending motions
>>>>> today.  Plus One is not inclined to move individual deadlines
>>> absent
>>>>> agreement across the board.  Plus One remains willing to
> stipulate
>>> to
>>>>> the adjusted deadlines AIIA proposed on October 16, per Plus
>>> One’s
>>>>> attached response of October 19.
>>>>>
>>>>> Regards,
>>>>>
>>>>> Udit
>>>>>
>>>>> Udit Sood-Hall (he/him)
>>>>> Tyz Law Group PC
>>>>>
>>>>> udit@tyzlaw.com

>>>>>
>>>>> From: Vramachandran <vramachandran@dhammalaw.com>
>>>>> Sent: Wednesday, October 28, 2026 10:19 AM
>>>>> To: Udit Sood-Hall <udit@tyzlaw.com>
>>>>> Cc: Robert E Golden <golden@goldenlaw.net>; Ryan Tyz
>>>>> <ryan@tyzlaw.com>; Tyz Law - Plus One Team
>>>>> <tyzlawplusoneteam@tyzlaw.com>
>>>>> Subject: Re: Plus One v. AIIA -- AIIA's Requested Changes to Case
>>>>> Schedule
>>>>>
>>>>> EXTERNAL EMAIL WARNING: This email originated outside of our
>>>>> organization. DO NOT CLICK links or attachments unless you
>>> recognize
>>>>> the sender and know the content is safe.
>>>>>
>>>>> Counsel,
>>>>>
>>>>> We can meet and confer on November 1st. I have a hearing tomorrow
>>> and
>>>>> will not be available until November 1st. After the hearing I
> then
>>>>> need to meet obligations from that hearing in two different
> courts
>>> in
>>>>> the middle district.
>>>>>
>>>>> Additionally for the joint report dated November 5th, we need to
>>> see
>>>>> your written positions from today and I cannot do that until
>>> November
>>>>> 1st.
>>>>>
>>>>> Please let me know your position on moving the meet and confer
>>>>> scheduled for September 30th These are two separate events.
>>>>>
>>>>> Once again, we do not have any of your positions and cannot meet
>>> our
>>>>> obligations for September 30, 2026 because you have provided none
>>> of
>>>>> your posit ions on anything due on October 7th. Therefore we are
>>> not
>>>>> in a position to meet the September 30, 2026 deadline, which is
>>>>> entirely separate from the November 5th meet and confer.
>>>>>
>>>>> Sincerely,
>>>>>
>>>>> Vivek
>>>>>

>>>>>> On Oct 28, 2026 at 1:12 PM, <Udit Sood-Hall> wrote:
>>>>>>
>>>>>> Dear AIIA counsel:
>>>>>>
>>>>>> The Court ordered the parties this morning to meet and confer.
>>>>>> Please provide your availability tomorrow.  We are available
>>> between
>>>>>> 9.30 and 11 am, or between 12 noon and 1 pm PT.
>>>>>>
>>>>>> Thanks,
>>>>>>
>>>>>> Udit
>>>>>>
>>>>>> -----Original Message-----
>>>>>> From: vramachandran@dhammalaw.com <vramachandran@dhammalaw.com>
>>>>>> Sent: Wednesday, October 28, 2026 7:05 AM
>>>>>> To: Udit Sood-Hall <udit@tyzlaw.com>
>>>>>> Cc: Robert E Golden <golden@goldenlaw.net>; Ryan Tyz
>>>>>> <ryan@tyzlaw.com>; Tyz Law - Plus One Team
>>>>>> <tyzlawplusoneteam@tyzlaw.com>
>>>>>> Subject: Re: Plus One v. AIIA -- AIIA's Requested Changes to
> Case
>>>>>> Schedule
>>>>>>
>>>>>> EXTERNAL EMAIL WARNING: This email originated outside of our
>>>>>> organization. DO NOT CLICK links or attachments unless you
>>> recognize
>>>>>> the sender and know the content is safe.
>>>>>>
>>>>>> Counsel,
>>>>>>
>>>>>> Let me know if PlusOne will agree to a stay of the October 30,
>>> 2026
>>>>>>
>>>>>> exchange until the hearing on November 6, 2026. We do not have
>> any
>>>>>>
>>>>>> information on which to go ahead with the exchange as laid out
> in
>>>>>> our
>>>>>>
>>>>>> email below.
>>>>>>
>>>>>> Thank you.
>>>>>>
>>>>>> Sincerely,
>>>>>>
>>>>>> Vivek

>>>>>>
>>>>>> On 2026-10-22 18:35, vramachandran@dhammalaw.com wrote:
>>>>>>
>>>>>>> Udit,
>>>>>>
>>>>>>>
>>>>>>
>>>>>>> AIIA disagrees. Plus One's responses to all three of AIIA's
>>>>>> motions
>>>>>>
>>>>>>> are due October 28, 2026.
>>>>>>
>>>>>>>
>>>>>>
>>>>>>> Local Rule CV-7(d)(2) provides: "A response to a discovery or
>>> case
>>>>>>
>>>>>>
>>>>>>> management motion shall be filed not later than 7 days after
> the
>>>>>>
>>>>>>> filing of the motion. A response to other motions shall be
> filed
>>>>>> not
>>>>>>
>>>>>>> later than 14 days after the filing of the motion." AIIA's
> three
>>>>>>
>>>>>>> motions, filed October 21, are discovery and case-management
>>>>>> motions:
>>>>>>
>>>>>>> the motion to compel (Dkt. 82), the motion to enforce the
>>>>>> Protective
>>>>>>
>>>>>>> Order and disqualify (Dkt. 79), and the motion to strike and
>>>>>> preclude
>>>>>>
>>>>>>> (Dkt. 84), which asks the Court to enforce the Scheduling Order
>>>>>>
>>>>>>> deadline for contentions Plus One did not serve. The 7-day
>> period
>>>>>>
>>>>>>> applies.
>>>>>>
>>>>>>>
>>>>>>
>>>>>>> Dkt. 52 does not help Plus One. Plus One's motion to strike
>> (Dkt.

>>>>>> 40)
>>>>>>
>>>>>>> asked the Court to strike AIIA's infringement contentions
>> without
>>>>>>
>>>>>>> leave to amend, after Plus One had demanded that AIIA dismiss
>> its
>>>>>>
>>>>>>> infringement counterclaims with prejudice. Granting it would
>> have
>>>>>>
>>>>>>> ended AIIA's case, and AIIA said so at the time: striking the
>>>>>>
>>>>>>> contentions "would be effectively dispositive of AIIA's
>>>>>> infringement
>>>>>>
>>>>>>> case" because "[t]he contentions define AIIA's counterclaims."
>>>>>> (Dkt.
>>>>>>
>>>>>>> 49 at 16.) That is the only reason AIIA argued the motion was
>>>>>>
>>>>>>> dispositive. And the Court never ruled on that point. It did
> not
>>>>>> hold
>>>>>>
>>>>>>> that Plus One's motion was dispositive, it did not apply the
>>>>>> 14-day
>>>>>>
>>>>>>> period, and it did not proceed by report and recommendation. It
>>>>>>
>>>>>>> granted AIIA's extension (text order, Aug. 7, 2026), heard the
>>>>>> motion,
>>>>>>
>>>>>>> and denied it by order (Dkt. 71). A position the Court never
>>>>>> adopted
>>>>>>
>>>>>>> does not bind AIIA now, and it does not change what Local Rule
>>>>>>
>>>>>>> CV-7(d)(2) says. AIIA's motion is different in kind. It asks
> the
>>>>>> Court
>>>>>>
>>>>>>> to hold Plus One to the Scheduling Order for theories Plus One
>>>>>> chose
>>>>>>
>>>>>>> not to serve. Plus One's declaratory-judgment action continues,
>>>>>> and so
>>>>>>

>>>>>>> does its non-infringement case. A party that loses an
>> affirmative
>>>>>>
>>>>>>> defense it never disclosed has not lost the case. As Judge
> Clark
>>>>>> put
>>>>>>
>>>>>>> it in a decision cited in AIIA's motion, "Disallowing an
>> exiguous
>>>>>>
>>>>>>> infringement contention against one accused product is not the
>>>>>> same as
>>>>>>
>>>>>>> granting default judgment against Plaintiff." Computer
>>>>>> Acceleration
>>>>>>
>>>>>>> Corp. v. Microsoft Corp., 503 F. Supp. 2d 819, 825 (E.D. Tex.
>>>>>> 2007).
>>>>>>
>>>>>>> The same court explained that deciding whether contentions
>> should
>>>>>> be
>>>>>>
>>>>>>> struck "is similar to deciding whether evidence should be
>>> excluded
>>>>>> for
>>>>>>
>>>>>>> discovery violations" and "akin to deciding whether the
> pleading
>>>>>>
>>>>>>> deadlines of a scheduling order should be extended." Id. at
> 822.
>>>>>> Those
>>>>>>
>>>>>>> are case-management decisions.
>>>>>>
>>>>>>>
>>>>>>
>>>>>>> These motions also concern Plus One's breach of the Protective
>>>>>> Order,
>>>>>>
>>>>>>> and delay is itself prejudicial. Plus One has refused to follow
>>>>>> even
>>>>>>
>>>>>>> the Protective Order's own provisions for this situation. It
> has
>>>>>> not
>>>>>>

>>>>>>> confirmed that it will destroy AIIA's materials, and it has not
>>>>>>
>>>>>>> confirmed that it will refrain from using them pending a
>> decision
>>>>>> by
>>>>>>
>>>>>>> the Court, as the Protective Order requires. Every additional
>> day
>>>>>> Plus
>>>>>>
>>>>>>> One's expert keeps AIIA's materials compounds the harm. There
> is
>>>>>> no
>>>>>>
>>>>>>> basis to give Plus One another week.
>>>>>>
>>>>>>>
>>>>>>
>>>>>>> Even on Plus One's own motion, the Court applied the 7-day
>>>>>> provision.
>>>>>>
>>>>>>> Plus One filed its Motion to Strike AIIA's Amended Preliminary
>>>>>>
>>>>>>> Infringement Contentions (Dkt. 40) on July 28, 2026, and moved
>> to
>>>>>>
>>>>>>> expedite it (Dkt. 41). AIIA responded on August 5, the eighth
>> day
>>>>>>
>>>>>>> (Dkt. 49), and the same day moved for an extension of time and
>>>>>> leave
>>>>>>
>>>>>>> (Dkt. 52), raising the 14-day period only in the alternative.
> On
>>>>>>
>>>>>>> August 7, the Court entered a text order "GRANTING 52 Motion
> for
>>>>>>
>>>>>>> Extension of Time to File and for Leave to Exceed Page Limit."
>> An
>>>>>>
>>>>>>> extension would not have been needed if the 14-day period
>>> applied;
>>>>>>
>>>>>>
>>>>>>> AIIA's August 5 response would simply have been timely. The
>> Court
>>>>>> then

>>>>>>
>>>>>>> decided Dkt. 40 by order (Dkt. 71), not by report and
>>>>>> recommendation,
>>>>>>
>>>>>>> as it had done for Plus One's Motion to Dismiss and Strike
>> (Dkts.
>>>>>> 17,
>>>>>>
>>>>>>> 38, 45). AIIA's present motions have likewise been referred to
>>>>>> Judge
>>>>>>
>>>>>>> Bemporad.
>>>>>>
>>>>>>>
>>>>>>
>>>>>>> The Federal Circuit confirmed this year that an order striking
>>>>>>
>>>>>>> contentions under a court's patent rules is handled as a
>>>>>>
>>>>>>> non-dispositive matter. In VLSI Technology LLC v. Intel Corp.,
>>> No.
>>>>>>
>>>>>>
>>>>>>> 2024-1772, slip op. at 13 (Fed. Cir. Apr. 14, 2026), a
>> magistrate
>>>>>>
>>>>>>> judge struck the patentee's damages theories for failure to
>>>>>> disclose
>>>>>>
>>>>>>> them in its contentions; the district judge denied the motion
> to
>>>>>>
>>>>>>> reverse, "finding no clear error in the magistrate judge's
>>>>>>
>>>>>>> determinations"; and the Federal Circuit found "no abuse of
>>>>>> discretion
>>>>>>
>>>>>>> in the magistrate judge's application of the court's local
>> patent
>>>>>>
>>>>>>> rules." That is the Rule 72(a) sequence, not a report and
>>>>>>
>>>>>>> recommendation. Other courts treat rulings that cut off a
>> party's
>>>>>>
>>>>>>> defenses or theories the same way. In Sprint Communications Co.
>>> v.
>>>>>>

>>>>>>
>>>>>>> Vonage Holdings Corp., 500 F. Supp. 2d 1290, 1346 (D. Kan.
>> 2007),
>>>>>> a
>>>>>>
>>>>>>> magistrate judge's order refusing a defendant leave to add new
>>>>>>
>>>>>>> affirmative defenses was reviewed as non-dispositive; the
>>>>>> objecting
>>>>>>
>>>>>>> party's challenge rested "on a mistaken understanding that the
>>>>>>
>>>>>>> magistrate judge's rulings were addressed to dispositive issues
>>>>>> under
>>>>>>
>>>>>>> Rule 72(b) rather than nondispositive issues under Rule 72(a)."
>>>>>> See
>>>>>>
>>>>>>> also SciCo Tec GmbH v. Boston Scientific Corp., 599 F. Supp. 2d
>>>>>> 741,
>>>>>>
>>>>>>> 742 (E.D. Tex. 2009) ("While construction of a particular claim
>>>>>> can be
>>>>>>
>>>>>>> very important in a case, so too an order denying discovery or
> a
>>>>>>
>>>>>>> continuance, or striking an expert, can affect the outcome of a
>>>>>>
>>>>>>> case."). Losing the ability to pursue an invalidity, § 112, or
>>> §
>>>>>> 101
>>>>>>
>>>>>>> theory it never served is not the same as a ruling that
> disposes
>>>>>> of a
>>>>>>
>>>>>>> claim or defense.
>>>>>>
>>>>>>>
>>>>>>
>>>>>>> Plus One's request for more time only extends the prejudice it
>>>>>>
>>>>>>> created. Plus One has served none of what the Order Regarding
>>>>>>
>>>>>>> Contentions required on October 7: no invalidity chart, no §
>> 112
>>>>>>

>>>>>>> identifications, no § 101 identifications, and no prior art.
>>>>>> (Dkt. 31
>>>>>>
>>>>>>> § II; Dkt. 25 at 2.) A production of raw documents is not
>>>>>>
>>>>>>> contentions. Even on invalidity, Plus One produced 3,008 pages
>> of
>>>>>>
>>>>>>> documents and identified no theory. The result is one-sided:
>> Plus
>>>>>>
>>>>>>> One's expert has access to both sides' theories, AIIA's
>>>>>> infringement
>>>>>>
>>>>>>> contentions and Plus One's own invalidity positions, while AIIA
>>>>>> has
>>>>>>
>>>>>>> access to none of Plus One's theories. Plus One's § 112 and §
>>>>>> 101
>>>>>>
>>>>>>> positions are drawn from the patents and the asserted claims,
>>>>>> which
>>>>>>
>>>>>>> Plus One has had since it filed this action in September 2025.
>>>>>> Plus
>>>>>>
>>>>>>> One cannot claim prejudice from the claim-construction timeline
>>>>>> while
>>>>>>
>>>>>>> it maintains an information blackout on its invalidity, § 112,
>>>>>> and §
>>>>>>
>>>>>>> 101 theories, and has disclosed no non-infringement theory
>>> either.
>>>>>>
>>>>>>
>>>>>>> Meanwhile, AIIA must take claim-construction positions on
>> October
>>>>>> 30,
>>>>>>
>>>>>>> 2026, without those positions, while Plus One's expert holds
>>>>>> AIIA's
>>>>>>
>>>>>>> Attorneys' Eyes Only contentions. The date Plus One proposes
>>> makes
>>>>>>
>>>>>>
>>>>>>> this worse: November 4 is after the October 30 meet-and-confer

>>>>>>
>>>>>>> deadline. On Plus One's timetable, AIIA would have to meet and
>>>>>> confer
>>>>>>
>>>>>>> and exchange claim-construction positions before Plus One has
>>> even
>>>>>>
>>>>>>
>>>>>>> responded to the motions that address Plus One's non-disclosure
>>>>>> and
>>>>>>
>>>>>>> its breach of the Protective Order, and before the Court can
>> rule
>>>>>> on
>>>>>>
>>>>>>> them. That is a further prejudice to AIIA, and it is one of
> Plus
>>>>>> One's
>>>>>>
>>>>>>> own making.
>>>>>>
>>>>>>>
>>>>>>
>>>>>>> AIIA has not asked Plus One for anything it did not give in
>>>>>> return.
>>>>>>
>>>>>>> When Plus One sought expedited treatment of its motion to
> strike
>>>>>>
>>>>>>> (Dkts. 40, 41), AIIA responded in eight days. AIIA sought leave
>>>>>> only
>>>>>>
>>>>>>> on the eighth day, and only because some of Plus One's filings
>>>>>> came in
>>>>>>
>>>>>>> on two different days. AIIA did not delay Plus One's emergency,
>>>>>> and it
>>>>>>
>>>>>>> did not use an extended timeline to Plus One's disadvantage.
>> AIIA
>>>>>>
>>>>>>> responded on time. And when AIIA's response came on the eighth
>>>>>> day,
>>>>>>
>>>>>>> Plus One insisted that AIIA seek leave of Court. AIIA did so
>>> (Dkt.
>>>>>>
>>>>>>

>>>>>>> 52). Plus One now wants an extra week for itself when AIIA did
>>>>>>
>>>>>>> everything in it's power to have the issue heard on merits on
>>> your
>>>>>> own
>>>>>>
>>>>>>> timeline. AIIA does not consent, because of the prejudice to
>> AIIA
>>>>>>
>>>>>>> described above. Any delay Plus One now seeks benefits Plus
> One,
>>>>>> after
>>>>>>
>>>>>>> it breached the Protective Order, and still refuses to serve
> the
>>>>>>
>>>>>>> October 7, 2026 disclosures and prejudices AIIA. We are
>>>>>> practically
>>>>>>
>>>>>>> blind on all of your theories and our expert has not seen
>>>>>> anything.
>>>>>>
>>>>>>> While your expert has all of your theories, our theories and
> has
>>>>>> had
>>>>>>
>>>>>>> access through a violation of the protective order.
>>>>>>
>>>>>>>
>>>>>>
>>>>>>> Plus One has still not served its contentions. Without them,
>> AIIA
>>>>>>
>>>>>>> cannot effectively meet and confer on claim construction. AIIA
>>>>>> expects
>>>>>>
>>>>>>> Plus One's responses to Dkts. 79, 82, and 84 by October 28,
>> 2026.
>>>>>> If
>>>>>>
>>>>>>> Plus One seeks an extension from the Court, please attach this
>>>>>> email
>>>>>>
>>>>>>> to the motion as AIIA's position. Please also include this in
>> the
>>>>>> body
>>>>>>
>>>>>>> of your motion not just the meet and confer section that AIIA

>> has
>>>>>>
>>>>>>> provided an extensive rebuttal as to why the extension should
> be
>>>>>>
>>>>>>> denied.
>>>>>>
>>>>>>>
>>>>>>
>>>>>>> Please include the both in the body of the motion seeking
>>>>>> extension if
>>>>>>
>>>>>>> one is filed and in the meet and confer position and include
>>> this
>>>>>>
>>>>>>
>>>>>>> entire email chain as Exhibit A.
>>>>>>
>>>>>>>
>>>>>>
>>>>>>> AIIA's Position. Counsel for Plus One conferred with counsel
> for
>>>>>> AIIA
>>>>>>
>>>>>>> by email on October 22, 2026. AIIA does not consent to the
>> relief
>>>>>>
>>>>>>> requested. AIIA's position is that its three motions filed
>>> October
>>>>>> 21,
>>>>>>
>>>>>>> 2026 (Dkts. 79, 82, and 84) are discovery and case-management
>>>>>> motions
>>>>>>
>>>>>>> under Local Rule CV-7(d)(2), that Plus One's responses are due
>>>>>> October
>>>>>>
>>>>>>> 28, 2026, and that an extension to November 4, 2026 would
>>>>>> prejudice
>>>>>>
>>>>>>> AIIA because it falls after the October 30, 2026
>>>>>> claim-construction
>>>>>>
>>>>>>> meet-and-confer deadline and because Plus One has not served
> the
>>>>>>
>>>>>>> contentions due October 7, 2026 and has not confirmed that it
>>> will

>>>>>>
>>>>>>
>>>>>>> destroy or refrain from using AIIA's Attorneys' Eyes Only
>>> material
>>>>>>
>>>>>>
>>>>>>> pending the Court's ruling. AIIA's full position is set out in
>>> its
>>>>>>
>>>>>>
>>>>>>> counsel's email of October 22, 2026, attached as Exhibit _,
>> which
>>>>>> AIIA
>>>>>>
>>>>>>> has asked be placed before the Court with this motion for
>>>>>> extension of
>>>>>>
>>>>>>> time.
>>>>>>
>>>>>>>
>>>>>>
>>>>>>> AIIA reserves all rights.
>>>>>>
>>>>>>>
>>>>>>
>>>>>>> Sincerely,
>>>>>>
>>>>>>> Vivek
>>>>>>
>>>>>>>
>>>>>>
>>>>>>> On 2026-10-22 17:28, Udit Sood-Hall wrote:
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> Counsel:
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> In response to Plus One's motion to strike, AIIA argued:
>> "AIIA's
>>>>>>
>>>>>>>> position is that no extension or page-limit leave is required,
>>>>>>
>>>>>>>> because
>>>>>>
>>>>>>>> Plus One's Motion to Strike is a dispositive motion, not a
>>>>>> discovery

>>>>>>
>>>>>>>> or case management motion . . . A dispositive motion is not a
>>>>>>
>>>>>>>> 'discovery or case management motion,' so AIIA's response is
>>>>>>
>>>>>>>> governed by the fourteen-day deadline of Local Rule CV-7(d)(2)
>>>>>> and
>>>>>>
>>>>>>>> the
>>>>>>
>>>>>>>> twenty-page limit of Local Rule CV-7(d)(3)."  (Dkt. 52 at 2.)
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> AIIA filed its motion to strike Plus One's contentions on
>>> October
>>>>>>
>>>>>>
>>>>>>>> 21, 2026, and so Plus One's response is not due until November
>>> 4,
>>>>>>
>>>>>>
>>>>>>>> 2026.  Please confirm that AIIA does not contend otherwise, or
>>> if
>>>>>> it
>>>>>>
>>>>>>>> does, please explain AIIA's grounds for treating its own
> motion
>>>>>> to
>>>>>>
>>>>>>>> strike Plus One's contentions as a discovery motion after
>>>>>> previously
>>>>>>
>>>>>>>> insisting that Plus One's analogous motion is not a discovery
>>>>>>
>>>>>>>> motion.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Plus One reserves all its rights.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Regards,
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Udit

>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Udit Sood-Hall (he/him)
>>>>>>
>>>>>>>> Tyz Law Group PC
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> udit@tyzlaw.com
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> From: Robert E Golden <golden@goldenlaw.net>
>>>>>>
>>>>>>>> Sent: Thursday, October 22, 2026 1:04 PM
>>>>>>
>>>>>>>> To: Udit Sood-Hall <udit@tyzlaw.com>
>>>>>>
>>>>>>>> Cc: Ryan Tyz <ryan@tyzlaw.com>; Tyz Law - Plus One Team
>>>>>>
>>>>>>>> <tyzlawplusoneteam@tyzlaw.com>; Robert E Golden
>>>>>>
>>>>>>>> <golden@goldenlaw.net>
>>>>>>
>>>>>>>> Subject: Re: Plus One v. AIIA -- AIIA's Requested Changes to
>>> Case
>>>>>>
>>>>>>
>>>>>>>> Schedule
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> EXTERNAL EMAIL WARNING: This email originated outside of our
>>>>>>
>>>>>>>> organization. DO NOT CLICK links or attachments unless you
>>>>>> recognize
>>>>>>
>>>>>>>> the sender and know the content is safe.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Counsel,
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> We will notify the Court that several of AIIA's October 20-21
>>>>>>

>>>>>>>> filings
>>>>>>
>>>>>>>> were docketed twice. One of our CM/ECF accounts required a
>>>>>> password
>>>>>>
>>>>>>>> reset, and the other attorney took over the filing. After the
>>>>>> issue
>>>>>>
>>>>>>>> was
>>>>>>
>>>>>>>> resolved, we did not notice that we were both filing the same
>>>>>>
>>>>>>>> documents.
>>>>>>
>>>>>>>> We will ask the Clerk to terminate the duplicate entries.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> We will also ask the Court to set AIIA's response to Plus
> One's
>>>>>>
>>>>>>>> Motion
>>>>>>
>>>>>>>> to Clarify (Dkt. 74) for the same date as Plus One's responses
>>> to
>>>>>>
>>>>>>
>>>>>>>> AIIA's
>>>>>>
>>>>>>>> motions (Dkts. 78, 79, and 80). The motions were filed within
>>>>>> hours
>>>>>>
>>>>>>>> of
>>>>>>
>>>>>>>> each other and concern the same events, and the Court should
>>>>>> receive
>>>>>>
>>>>>>>> the
>>>>>>
>>>>>>>> parties' responses together. Under this request, each side's
>>>>>>
>>>>>>>> responses
>>>>>>
>>>>>>>> would be due seven days from October 21, 2026, that is, on
>>>>>> October
>>>>>>
>>>>>>>> 28,
>>>>>>

>>>>>>>> 2026.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> We will update the court on your response in the certificate
> of
>>>>>>
>>>>>>>> filing
>>>>>>
>>>>>>>> if received. We are placing this on the record so that it is
>>>>>> easier
>>>>>>
>>>>>>>> for
>>>>>>
>>>>>>>> both the court and you to know which documents apply.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Sincerely,
>>>>>>
>>>>>>>> Vivek
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> ________________________________
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> rom: vramachandran@dhammalaw.com <vramachandran@dhammalaw.com>
>>>>>>
>>>>>>>> Sent: Wednesday, October 21, 2026 12:25 AM
>>>>>>
>>>>>>>> To: Udit Sood-Hall <udit@tyzlaw.com>
>>>>>>
>>>>>>>> Cc: Robert E Golden <golden@goldenlaw.net>; Laura P
>>>>>>
>>>>>>>> <laura@goldenlaw.net>; Ryan Tyz <ryan@tyzlaw.com>; Tyz Law -
>>> Plus
>>>>>>
>>>>>>
>>>>>>>> One
>>>>>>
>>>>>>>> Team <tyzlawplusoneteam@tyzlaw.com>
>>>>>>
>>>>>>>> Subject: Re: Plus One v. AIIA -- AIIA's Requested Changes to
>>> Case
>>>>>>
>>>>>>

>>>>>>>> Schedule
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Counsel,
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Please see sealed documents that were filed in the proceeding.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Sincerely,
>>>>>>
>>>>>>>> Vivek
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> On 2026-10-21 00:20, vramachandran@dhammalaw.com wrote:
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>>> We are stating your position as opposed on all the motions
>>> given
>>>>>>
>>>>>>
>>>>>>>>> our
>>>>>>
>>>>>>>>> meet and confer positions. Please let me know if its
>> otherwise,
>>>>>>
>>>>>>>>> and
>>>>>>
>>>>>>>> we will update tomorrow.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Sincerely,
>>>>>>
>>>>>>>> Vivek
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> On 2026-10-20 18:06, vramachandran@dhammalaw.com wrote: Udit
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Be advised that we will be filing multiple emergency motions

> on
>>>>>>
>>>>>>> this
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>>> case tonight. You should have approached the court before
>>>>>>
>>>>>>> disclosure,
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>>> not after disclosure or after failing to meet your October 7
>>>>>>
>>>>>>> deadlines
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>>> and before breaching the protective order.
>>>>>>
>>>>>>>>>
>>>>>>
>>>>>>>>> And we will seek disqualification of your expert, seek a
>> motion
>>>>>> to
>>>>>>
>>>>>>>>> strike and a motion to move the deadlines. In addition to
>>>>>> motions
>>>>>>
>>>>>>> to
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>>> seal and motion for page limits.
>>>>>>
>>>>>>>>>
>>>>>>
>>>>>>>>> You have not advised us of your motion before filing. We have
>>>>>>
>>>>>>> advised
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> you of our motions.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Sincerely,

>>>>>>
>>>>>>>> Vivek
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> On 2026-10-20 17:59, Udit Sood-Hall wrote: Dear counsel: Per
>>>>>> AIIA's
>>>>>>
>>>>>>>> observation below, Plus One has asked
>>>>>>
>>>>>>> the
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> Court to clarify that (i) Plus One may serve its preliminary
>>>>>>
>>>>>>>> invalidity contentions by November 9, 2026; and (ii) Plus
> One's
>>>>>>
>>>>>>>> retained expert may access AIIA's operative contentions in
>>>>>>
>>>>>>>> accordance with the Court's September 11, 2026, order.
> Thanks.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> From: vramachandran@dhammalaw.com
> <vramachandran@dhammalaw.com>
>>>>>>
>>>>>>>> Sent: Monday, October 19, 2026 6:31 PM
>>>>>>
>>>>>>>> To: Udit Sood-Hall <udit@tyzlaw.com>
>>>>>>
>>>>>>>> Cc: Robert E Golden <golden@goldenlaw.net>; Laura P
>>>>>>
>>>>>>>> <laura@goldenlaw.net>; Ryan Tyz <ryan@tyzlaw.com>; Tyz Law -
>>> Plus
>>>>>>
>>>>>>
>>>>>>> One
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> Team <tyzlawplusoneteam@tyzlaw.com>
>>>>>>
>>>>>>>> Subject: Re: Plus One v. AIIA -- AIIA's Requested Changes to
>>> Case
>>>>>>

>>>>>>
>>>>>>>> Schedule
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> EXTERNAL EMAIL WARNING: This email originated outside of our
>>>>>>
>>>>>>>> organization. DO NOT CLICK links or attachments unless you
>>>>>>
>>>>>>> recognize
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> the sender and know the content is safe.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Re: _Plus One Robotics, Inc. v. Artificial Intelligence
>>>>>>
>>>>>>> Industry
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> Ass'n, Inc._, No. 5:25-cv-01197-OLG-HJB (W.D. Tex.) --
> Response
>>>>>>
>>>>>>> to
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> Plus One's Email of October 19, 2026 (6:42 p.m.) Regarding
>>>>>>
>>>>>>> AIIA's
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> Requested Changes to Case Schedule
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Counsel:
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> I write to correct the record on several points in your email
>> of
>>>>>>
>>>>>>> this

>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> evening (6:42 p.m.) before AIIA approaches the Court.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Service of AIIA's contentions. AIIA's Fourth Amended
>> Preliminary
>>>>>>
>>>>>>>> Infringement Contentions were filed under seal on September 9,
>>>>>>
>>>>>>> 2026
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> (Dkt. 67-1), before the hearing. The hearing was on September
>>> 10,
>>>>>>
>>>>>>
>>>>>>> not
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> September 9, and Plus One's motion to strike was directed at
>>>>>>
>>>>>>> AIIA's
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> Third Amended Contentions. AIIA served its Fourth Amended
>>>>>>
>>>>>>> Contentions
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> well ahead of Plus One's own October 7, 2026 deadline, the
> date
>>>>>> by
>>>>>>
>>>>>>>> which Plus One's documentary and software production was due.
>>>>>>
>>>>>>>> Ninety-five percent of the claim elements in those contentions
>>>>>> are
>>>>>>
>>>>>>>> charted on documentary evidence; only five percent rely solely
>>> on
>>>>>>

>>>>>>
>>>>>>>> source code. Yet Plus One has treated that five percent as
>>> though
>>>>>>
>>>>>>
>>>>>>> it
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> dictates everything else. Under Judge Albright's model, which
>>> the
>>>>>>
>>>>>>
>>>>>>>> Court adopted, the production of documents and software
> follows
>>>>>>
>>>>>>> the
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> preliminary infringement contentions, not the other way
> around.
>>>>>>
>>>>>>> Plus
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> One has repeatedly downplayed producing only twelve documents
>>>>>>
>>>>>>> bearing
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> on electronic components for a case in which ninety-five
>> percent
>>>>>>
>>>>>>> of
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> the claim elements are documentary, while emphasizing the five
>>>>>>
>>>>>>>> percent
>>>>>>
>>>>>>>> of software elements, which carried no reservation and were
>>>>>> served
>>>>>>
>>>>>>> on

>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> Plus One before its own October 7 deadline. A taxpayer who
>> files
>>>>>> a
>>>>>>
>>>>>>>> return before April does not oblige the government to process
>> it
>>>>>>
>>>>>>>> before the filing deadline. AIIA filed its return early; that
>>> did
>>>>>>
>>>>>>
>>>>>>> not
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> accelerate Plus One's obligations or excuse them.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> The October 7, 2026 deadline. The Court did not give Plus One
>>>>>>
>>>>>>> sixty
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> days. The remark about "60 days" was colloquy (Tr. 80:22-25).
>>> The
>>>>>>
>>>>>>
>>>>>>>> Court then read its ruling into the record. The oral order, in
>>>>>>
>>>>>>> full,
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> reads:
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> "So, all right, so this is the ruling on the Motion to
>> Withdraw.
>>>>>>
>>>>>>>> It's withdrawn. The Motion to Strike is denied without
>> prejudice
>>>>>>

>>>>>>> to
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> limiting later claims to the preliminary infringement
>>>>>> contentions.
>>>>>>
>>>>>>>> The
>>>>>>
>>>>>>>> parties will, by October 1st, propose any changes to the
>>>>>>
>>>>>>> scheduling
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> order they think is appropriate and any, if there need be,
>>>>>>
>>>>>>> including
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> any discovery they may think is appropriate. If they don't
>>>>>>
>>>>>>> agree,
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> that's fine. I'll resolve it for you. And the motions to file
>>>>>>
>>>>>>>> these documents or protective motions to file these documents
>>>>>>
>>>>>>> under
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> seal will be filed under seal until such time of the Markman
>>>>>>
>>>>>>> hearing
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> at which time I will address this issue and I'm going to
>>>>>>
>>>>>>> probably
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> unseal them, absent some very strong showing. Mr. Tyz and Mr.

>>>>>> Sood
>>>>>>
>>>>>>>> can
>>>>>>
>>>>>>>> share those documents with the appropriate third parties. All
>>>>>> they
>>>>>>
>>>>>>>> have to do is give notice to Mr. Golden and Mr. Ramachandran.
> I
>>>>>>
>>>>>>> think
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> that takes care of everything for now." (Tr. 82:9-83:3.)
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> The Court told the parties that "it's the oral order that
>>>>>>
>>>>>>> controls,"
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> and that if there was "any question about it, please seek
>>>>>>
>>>>>>>> clarification." (Tr. 83:10-15.) The written order, entered the
>>>>>>
>>>>>>> same
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> day "[i]n accordance with the Court's rulings at the hearing,"
>>>>>>
>>>>>>>> orders,
>>>>>>
>>>>>>>> in full:
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> "1) Attorney Robert E. Golden's Motion for Leave to Withdraw
>>>>>>
>>>>>>> as
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> Attorney of Record for Defendants (Docket Entry 36) is
>>> WITHDRAWN.

>>>>>>
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> 2) Plaintiff's Motion to Strike [Defendants'] Amended
>>>>>>
>>>>>>> Preliminary
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> Infringement Contentions (Docket Entry 40) is DENIED WITHOUT
>>>>>>
>>>>>>>> PREJUDICE
>>>>>>
>>>>>>>> to its ability to object that infringement contentions later
>>> made
>>>>>>
>>>>>>
>>>>>>> by
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> Defendants were not included in their live, Fourth Amended
>>>>>>
>>>>>>>> Preliminary
>>>>>>
>>>>>>>> Infringement Contentions. (See Docket Entry 69.) The parties
>>> must
>>>>>>
>>>>>>
>>>>>>>> confer before seeking to amend other deadlines to accommodate
>>> the
>>>>>>
>>>>>>
>>>>>>>> timing of Defendants' Fourth Amended Preliminary Infringement
>>>>>>
>>>>>>>> Contentions. The parties may also seek leave to conduct
> limited
>>>>>>
>>>>>>>> discovery by agreement, if necessary. Any such requests must
> be
>>>>>>
>>>>>>> made
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> on or before October 1, 2026.
>>>>>>

>>>>>>>>
>>>>>>
>>>>>>>> 3) Plaintiff's Administrative Motion Regarding Sealing of
>>>>>>
>>>>>>> Certain
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> Exhibits to Plus One's Motion to Strike (Docket Entry 43), and
>>>>>>
>>>>>>>> Defendants' Administrative Motion to Seal Fourth Amended
>>>>>>
>>>>>>> Preliminary
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> Infringement Contentions (Docket Entry 69) are GRANTED IN
> PART.
>>>>>>
>>>>>>>> Subject to further order of the Court, the attachments to
> those
>>>>>>
>>>>>>>> motions shall remain under seal until the Markman hearing in
>>> this
>>>>>>
>>>>>>
>>>>>>>> case. On notice to Defendants, Plaintiff may share the
>> documents
>>>>>>
>>>>>>> with
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> specific third parties where doing so is necessary to prepare
>>>>>>
>>>>>>> their
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> defense to Defendants' infringement contentions." (Dkt. 71 at
>>>>>>
>>>>>>>> 1-2.)
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Nothing in either order moves the October 7, 2026 deadline or
>>>>>>
>>>>>>> gives

>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> Plus One sixty days. The only scheduling provision concerns
>>>>>> "other
>>>>>>
>>>>>>>> deadlines," to be amended after the parties confer. The
>> interval
>>>>>>
>>>>>>> the
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> Court referenced (February 9 to May 11) is 91 days, not 60.
>> Plus
>>>>>>
>>>>>>> One
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> requested the transcript on September 11 (Dkt. 72) and has had
>>> it
>>>>>>
>>>>>>
>>>>>>>> since September 23 (Dkt. 73). If Plus One believed the
> deadline
>>>>>>
>>>>>>> had
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> moved, it was for Plus One to seek clarification. It did not.
>>>>>>
>>>>>>>> Instead,
>>>>>>
>>>>>>>> knowing the issue, Plus One sought to shift the burden to AIIA
>>> by
>>>>>>
>>>>>>
>>>>>>>> demanding that AIIA show good cause, and then disclosed AIIA's
>>>>>>
>>>>>>>> Attorneys' Eyes Only material to its expert over AIIA's
>>>>>> objection.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> The sequence the Court ordered, and why it matters. The
> Court's

>>>>>>
>>>>>>>> schedule (Dkt. 25, as amended by Dkt. 31 and the Text Order of
>>>>>> May
>>>>>>
>>>>>>> 8,
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> 2026) proceeds in the order shown below.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> #
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Step
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Current date
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Source
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Depends on
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> What depends on it
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> 1
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> AIIA's preliminary infringement contentions, with AIIA's own
>>>>>>
>>>>>>>> production
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Feb. 9 → May 8 → July 8, 2026; Fourth Amended filed under
>>>>>> seal

>>>>>>
>>>>>>>> Sept. 9, 2026 (Dkt. 67-1)
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Dkt. 25; Dkt. 31 § I; Text Order of May 8, 2026
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Nothing -- the first substantive disclosure
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Defines the claims, elements, and accused products every later
>>>>>>
>>>>>>> step
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> responds to
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> 2
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Exchange of claim terms; exchange of proposed constructions
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Aug. 10 and Sept. 9, 2026
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Dkt. 25
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Step 1 -- terms come from the asserted claims
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Frames the claim-construction dispute developed in Steps 4-7
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> 3

>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Plus One's invalidity contentions -- (a) prior-art chart, (b)
>>>>>>
>>>>>>> §
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> 112 identifications, (c) § 101 identifications -- and
>>> production
>>>>>>
>>>>>>
>>>>>>> of
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> referenced prior art and technical documents, including
>> software
>>>>>>
>>>>>>>> where
>>>>>>
>>>>>>>> applicable, sufficient to show operation
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Oct. 7, 2026 (not met)
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Dkt. 31 § II; Text Order of May 8, 2026
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Step 1 -- invalidity is charted against the asserted claims;
>>>>>>
>>>>>>>> production answers the elements AIIA charted
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Steps 4, 5, and 7, and AIIA's software-element disclosures
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> 4
>>>>>>
>>>>>>>>
>>>>>>

>>>>>>>> Extrinsic evidence and identification of experts, with scope
> of
>>>>>>
>>>>>>>> testimony
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Oct. 9, 2026 -- two days after Step 3
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Dkt. 25
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Step 3 -- experts and indefiniteness-rebuttal evidence cannot
>> be
>>>>>>
>>>>>>>> chosen without knowing which terms are challenged and why
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Steps 5-7
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> 5
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Meet and confer; revised terms and constructions
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Oct. 30, 2026
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Dkt. 25
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Steps 3-4
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Step 7 -- fixes the disputes to be briefed
>>>>>>

>>>>>>>>
>>>>>>
>>>>>>>> 6
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Mediation
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Nov. 20, 2026
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Dkt. 25
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Steps 3-5 -- both sides' positions
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> --
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> 7
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Claim-construction briefs; Joint Claim Construction Statement;
>>>>>>
>>>>>>>> tutorials
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Dec. 11, 2026; Jan. 15, 2027; Jan. 29, 2027; Feb. 19, 2027
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Dkt. 25
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Steps 3-5 -- indefiniteness is briefed here and requires §
> 112
>>>>>>
>>>>>>>> contentions first

>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Step 8
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> 8
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Markman hearing
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Feb. 26, 2027
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Dkt. 25
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Step 7
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Step 9
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> 9
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Fact discovery opens; final contentions 30 days after the
>>> Markman
>>>>>>
>>>>>>
>>>>>>>> order
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> On adoption of the Markman order
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Dkt. 25

>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Step 8
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Expert reports; dispositive motions
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> --
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> AIIA's software-element disclosures (software elements only)
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> 30 days after source code for the accused product is produced
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Dkt. 25 at 1
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Step 3's production of "software where applicable," keyed to
>>>>>>
>>>>>>>> AIIA's charted elements
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Refines Step 1 for software elements
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> The Scheduling Order follows Judge Albright's model, and each
>>>>>>
>>>>>>> step
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> is built on the one before it. The sequence begins with the
>>>>>>
>>>>>>>> patentee's preliminary infringement contentions, because those
>>>>>>
>>>>>>>> contentions define the case -- the asserted claims, the claim

>>>>>>
>>>>>>>> elements, and the accused products (Dkt. 25; Dkt. 31 § I).
>>>>>>
>>>>>>> Everything
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> that follows responds to them. The claim terms the parties
>>>>>>
>>>>>>> exchange
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> are drawn from the asserted claims. Plus One's invalidity
>>>>>>
>>>>>>>> contentions must chart "where in the prior art references each
>>>>>>
>>>>>>>> element of the asserted claim(s) is found," and Plus One's
>>>>>>
>>>>>>>> technical production must be "sufficient to show the operation
>>>>>>
>>>>>>> of
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> the accused product(s)" -- the products and elements AIIA has
>>>>>>
>>>>>>>> charted (Dkt. 31 § II). The Order places that production with
>>>>>>
>>>>>>> Plus
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> One's contentions, after AIIA's, precisely so that it answers
>>>>>>
>>>>>>> the
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> theories AIIA has disclosed. The phrase "to the extent not
>>>>>>
>>>>>>> already
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> produced" confirms that the obligation is measured against the
>>>>>>
>>>>>>>> contentions in force when it comes due, not satisfied by

>>> whatever
>>>>>>
>>>>>>
>>>>>>> was
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> produced before those contentions existed.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> The documents due on October 7 are keyed to AIIA's
> contentions.
>>>>>>
>>>>>>> The
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> contentions identify the accused products and AIIA's
>>>>>>
>>>>>>> infringement
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> theory, and the claim charts map each claim element to the
>>>>>>
>>>>>>> evidence
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> on
>>>>>>
>>>>>>>> which AIIA relies. Plus One's production must be responsive to
>>>>>>
>>>>>>> what
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> those charts map: documents sufficient to show how the accused
>>>>>>
>>>>>>>> products actually perform each charted element. For example,
>>>>>>
>>>>>>> AIIA's
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> charts for the '272 patent rely on Plus One's presentation at
>>>>>>

>>>>>>>> Amazon re:MARS 2022 (Session ROB225), in which Plus One's
> Chief
>>>>>>
>>>>>>>> Technology Officer, Shaun Edwards, described Plus One's use of
>>>>>>
>>>>>>>> Amazon SageMaker Ground Truth to generate labeled,
>>> photorealistic
>>>>>>
>>>>>>
>>>>>>>> images of packages for training its models. The documents
>>>>>>
>>>>>>> responsive
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> to those elements are Plus One's own documents describing that
>>>>>>
>>>>>>>> synthetic-data pipeline, the training datasets it produced,
> the
>>>>>>
>>>>>>>> camera
>>>>>>
>>>>>>>> settings it used, and the models it trained. A production made
>>> in
>>>>>>
>>>>>>
>>>>>>>> January 2026, before AIIA's Fourth Amended Contentions were
>>>>>>
>>>>>>> served,
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> could not have been keyed to charts that did not yet exist.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> The central link is between Plus One's October 7 contentions
>> and
>>>>>>
>>>>>>>> AIIA's October 9 disclosure of extrinsic evidence and experts.
>>>>>>
>>>>>>> The
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> Court placed those dates two days apart, in that order. A
> party
>>>>>>

>>>>>>>> cannot
>>>>>>
>>>>>>>> responsibly choose its claim-construction expert, define the
>>>>>> scope
>>>>>>
>>>>>>> of
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> that expert's testimony, or assemble the extrinsic evidence
>>>>>>
>>>>>>> needed
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> to rebut an indefiniteness challenge without first knowing
>> which
>>>>>>
>>>>>>>> limitations the other side contends are indefinite or lack
>>>>>> written
>>>>>>
>>>>>>>> description under section 112, which claims it contends are
>>>>>>
>>>>>>>> ineligible
>>>>>>
>>>>>>>> under section 101, and what prior art it relies on. Plus One's
>>>>>>
>>>>>>>> October 7 contentions are the only place those positions are
>>>>>>
>>>>>>>> disclosed. When Plus One served nothing on October 7, AIIA was
>>>>>>
>>>>>>> forced
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> to make its October 9 disclosure blind -- and it said so
> within
>>>>>>
>>>>>>>> minutes, made its disclosure under protest, and asked to meet
>>> and
>>>>>>
>>>>>>
>>>>>>>> confer immediately.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> The same dependency runs forward. The October 30
>> meet-and-confer

>>>>>>
>>>>>>> and
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> exchange of revised terms and constructions presuppose that
>> each
>>>>>>
>>>>>>> side
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> knows the other's invalidity and section 112 positions and
>>>>>>
>>>>>>> extrinsic
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> evidence. Mediation on November 20 presupposes the same.
>>>>>>
>>>>>>>> Indefiniteness is argued in the claim-construction briefs
>>>>>>
>>>>>>> beginning
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> December 11, and it cannot be briefed fairly against section
>> 112
>>>>>>
>>>>>>>> positions that were never served. Each later step therefore
>>>>>>
>>>>>>> inherits
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> the defect created by the missing October 7 disclosures.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Your email concedes the problem. In proposing to serve Plus
>>>>>>
>>>>>>> One's
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> contentions on November 9, you acknowledged that the date
>>>>>>
>>>>>>> "happens

>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> to be after the currently-set deadline for exchanging revised
>>>>>>
>>>>>>>> terms/constructions (October 30, 2026) and the already-passed
>>>>>>
>>>>>>>> deadline
>>>>>>
>>>>>>>> for serving extrinsic evidence (October 9, 2026)." That is the
>>>>>>
>>>>>>> harm.
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> Moving Plus One's disclosure to November 9 does not extend one
>>>>>>
>>>>>>>> deadline; it inverts the Court's sequence, requiring AIIA to
>>>>>>
>>>>>>>> disclose experts, extrinsic evidence, and revised
> constructions
>>>>>>
>>>>>>>> before
>>>>>>
>>>>>>>> it learns the invalidity and section 112 positions those
>>>>>>
>>>>>>> disclosures
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> exist to answer.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> The software provision confirms the design. AIIA "need not
>>>>>>
>>>>>>> serve"
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> its disclosures for a software element "until 30 days after
>>>>>>
>>>>>>> source
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> code for the accused product is produced" (Dkt. 25 at 1), and
>>>>>>

>>>>>>> Plus
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> One's production of "technical documents, including software
>>>>>>
>>>>>>> where
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> applicable," comes with its October 7 contentions (Dkt. 31 §
>>>>>>
>>>>>>>> II(b)). The documentary production is also the roadmap for
>>>>>>
>>>>>>> software
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> discovery: without knowing what software runs on what
> hardware,
>>> a
>>>>>>
>>>>>>
>>>>>>>> party cannot even select an appropriate code-review expert.
> The
>>>>>>
>>>>>>> Order
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> thus runs from the patentee's theories, to the accused
>>>>>>
>>>>>>> infringer's
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> responsive positions and production, to expert and
>>>>>>
>>>>>>> extrinsic-evidence
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> disclosures, to revised constructions, briefing, and Markman,
>>> and
>>>>>>
>>>>>>
>>>>>>>> only
>>>>>>

>>>>>>>> then to full fact discovery. Plus One's failure to serve on
>>>>>>
>>>>>>> October
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> 7 broke that chain at its central link, and AIIA seeks only to
>>>>>>
>>>>>>>> restore
>>>>>>
>>>>>>>> the sequence the Court set.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> The software reservation fits within that sequence, and it
>>> exists
>>>>>>
>>>>>>
>>>>>>>> only
>>>>>>
>>>>>>>> if AIIA makes it. The Scheduling Order provides: "If AIIA
>> assert
>>>>>>
>>>>>>>> that a claim element is practiced in software, they need not
>>>>>> serve
>>>>>>
>>>>>>>> the
>>>>>>
>>>>>>>> aforesaid disclosures for such element until 30 days after
>>> source
>>>>>>
>>>>>>
>>>>>>>> code
>>>>>>
>>>>>>>> for the accused product is produced" (Dkt. 25 at 1). The
>>>>>>
>>>>>>> provision
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> is optional and element-by-element. It applies only to an
>>> element
>>>>>>
>>>>>>
>>>>>>>> AIIA
>>>>>>
>>>>>>>> elects to reserve, and only because confidential source code
> is

>>>>>>
>>>>>>> not
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> available to a patentee before it is produced, so code-level
>>>>>>
>>>>>>> mapping
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> cannot be done until then. Even where a reservation is made,
>>>>>>
>>>>>>>> software-only elements are typically a small share of the
> claim
>>>>>>
>>>>>>>> elements; here, 95% of the elements in AIIA's contentions are
>>>>>>
>>>>>>>> charted on documentary evidence, and only 5% rely solely on
>>>>>> source
>>>>>>
>>>>>>>> code. Documentary evidence also reaches software functions:
>> user
>>>>>>
>>>>>>>> manuals, technical manuals, and specifications describe what
>> the
>>>>>>
>>>>>>>> software does, and AIIA's charts rely on materials of that
>> kind.
>>>>>>
>>>>>>>> That is why, in Judge Albright's model, production follows the
>>>>>>
>>>>>>>> preliminary infringement contentions and is tied to "technical
>>>>>>
>>>>>>>> documents, including software where applicable" (Dkt. 31 §
>>>>>>
>>>>>>> II(b)).
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> The Order speaks of documents, including software; it does not
>>>>>>
>>>>>>> speak
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> of software, including documents. In sequence terms, AIIA's
>>>>>>

>>>>>>>> contentions (Step 1) may reserve particular software elements;
>>>>>>
>>>>>>> Plus
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> One's production of technical documents and software (Step 3)
>>>>>>
>>>>>>>> follows; and only then, 30 days after source code is produced,
>>> do
>>>>>>
>>>>>>
>>>>>>>> AIIA's disclosures for any reserved software element come due.
>>>>>>
>>>>>>> AIIA
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> removed its software-element reservations in its July 2026
>>>>>> amended
>>>>>>
>>>>>>>> contentions. No deferred software disclosure remains, and Plus
>>>>>>
>>>>>>> One's
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> documentary production, keyed to the contentions, remains due
>>> and
>>>>>>
>>>>>>
>>>>>>>> outstanding.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> The prior extensions. Both extensions were sought by joint
>>>>>> motion,
>>>>>>
>>>>>>>> and
>>>>>>
>>>>>>>> each moved Plus One's deadline together with AIIA's. The May
>>> 2026
>>>>>>
>>>>>>
>>>>>>>> extension (Dkt. 33; Text Order of May 8, 2026) became
> necessary
>>>>>>
>>>>>>>> because Plus One objected to AIIA's expert, Dr. Janét, in

>> March
>>>>>>
>>>>>>> (Sood
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> letter of May 5, 2026). AIIA then redrafted its contentions to
>>>>>>
>>>>>>> remove
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> every software reservation, which Plus One had been invoking,
>>>>>> well
>>>>>>
>>>>>>>> ahead of Plus One's own October 7, 2026 deadline, so as to
> take
>>>>>>
>>>>>>> the
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> issue off the table entirely. That issue has nonetheless
>> clouded
>>>>>>
>>>>>>> this
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> case. Plus One has used it to exploit a sequencing provision
>>>>>> drawn
>>>>>>
>>>>>>>> from Judge Albright's model, which originated in another
> court,
>>>>>>
>>>>>>>> without apprising the Court of how that sequencing operates:
>> the
>>>>>>
>>>>>>>> software reservation belongs to AIIA, it applies only to
>>> elements
>>>>>>
>>>>>>
>>>>>>>> AIIA
>>>>>>
>>>>>>>> chooses to reserve, and the production it depends on comes
>> after
>>>>>>
>>>>>>>> AIIA's contentions, not before them.

>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> AIIA met its deadlines. AIIA served its amended contentions on
>>>>>> the
>>>>>>
>>>>>>>> agreed July 2026 deadline (see Dkt. 49). The Fourth Amended
>>>>>>
>>>>>>>> Contentions are an amendment the Order Regarding Contentions
>>>>>>
>>>>>>> itself
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> contemplates, and the Court denied Plus One's motion to strike
>>>>>>
>>>>>>> (Dkt.
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> 71). AIIA's amendments responded to the deficiencies Plus One
>>>>>>
>>>>>>> raised,
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> which AIIA had every reason to address. AIIA did not wait for
>>> the
>>>>>>
>>>>>>
>>>>>>>> documents due from Plus One on October 7; it amended early.
>> Plus
>>>>>>
>>>>>>>> One's
>>>>>>
>>>>>>>> position amounts to saying that AIIA should be penalized for
>>>>>> being
>>>>>>
>>>>>>>> proactive in addressing Plus One's own concerns.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> "Purely public" contentions in February. Your argument
>> misstates
>>>>>>
>>>>>>> both
>>>>>>
>>>>>>>

>>>>>>
>>>>>>>> the Order and the history. The only issue with AIIA's original
>>>>>>
>>>>>>>> contentions was the software-element reservations, which the
>>>>>>
>>>>>>>> Scheduling Order expressly permits: "If AIIA assert that a
>> claim
>>>>>>
>>>>>>>> element is practiced in software, they need not serve the
>>>>>>
>>>>>>> aforesaid
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> disclosures for such element until 30 days after source code
>> for
>>>>>>
>>>>>>> the
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> accused product is produced" (Dkt. 25 at 1). That AIIA was
>> later
>>>>>>
>>>>>>> able
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> to chart those elements on other materials does not make the
>>>>>>
>>>>>>>> reservation improper. The provision exists because a patent
>>> owner
>>>>>>
>>>>>>
>>>>>>>> cannot see confidential source code before it is produced, and
>>>>>>
>>>>>>>> nothing
>>>>>>
>>>>>>>> in it required AIIA to forgo a reservation the Court allowed.
>>> Nor
>>>>>>
>>>>>>
>>>>>>> can
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> the Order be read to confine a patent owner to what Plus One
>>>>>>

>>>>>>> chooses
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> to produce, or to what happens to be public; how AIIA frames
>> its
>>>>>>
>>>>>>>> infringement theory is for AIIA, as the patent owner, to
>> decide.
>>>>>>
>>>>>>> See
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> Medtronic, Inc. v. Mirowski Family Ventures, LLC, 571 U.S.
> 191,
>>>>>>
>>>>>>> 198
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> (2014) ("It is well established that the burden of proving
>>>>>>
>>>>>>>> infringement generally rests upon the patentee."). AIIA
>>>>>>
>>>>>>> nonetheless
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> removed the reservations in its July 2026 amended contentions
>> to
>>>>>>
>>>>>>> take
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> the issue off the table, and the Order Regarding Contentions
>>>>>>
>>>>>>>> expressly
>>>>>>
>>>>>>>> preserves each party's "obligation to seasonably amend its
>>>>>>
>>>>>>>> preliminary
>>>>>>
>>>>>>>> contentions upon discovery of new information" (Dkt. 31 at 3).
>>>>>>
>>>>>>> There
>>>>>>

>>>>>>>
>>>>>>
>>>>>>>> was no basis for a motion to strike centered on the five
>> percent
>>>>>>
>>>>>>> of
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> elements that rely on source code, when Plus One had produced
>>>>>> only
>>>>>>
>>>>>>>> twelve documents bearing on the documentary ninety-five
>> percent.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> The October 1 date. The Court directed the parties to "propose
>>>>>> any
>>>>>>
>>>>>>>> changes to the scheduling order they think is appropriate,"
>>>>>>
>>>>>>> adding,
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> "If they don't agree, that's fine. I'll resolve it for you."
>>> (Tr.
>>>>>>
>>>>>>
>>>>>>>> 82:9-83:3.) It did not require a motion. Plus One filed
> nothing
>>>>>> by
>>>>>>
>>>>>>>> October 1 either, and it now claims a November 9 date without
>>> any
>>>>>>
>>>>>>
>>>>>>>> motion or order. More fundamentally, the breaches AIIA is
>>>>>>
>>>>>>> addressing
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> occurred after October 1: Plus One's failure to serve its
>>>>>>
>>>>>>> contentions
>>>>>>

>>>>>>>
>>>>>>
>>>>>>>> and production on October 7, and its breach of the Protective
>>>>>>
>>>>>>> Order
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> on
>>>>>>
>>>>>>>> October 14. AIIA's contentions are protected. Both AIIA's July
>>>>>>
>>>>>>> 2026
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> amended contentions and its Fourth Amended Contentions are
>>>>>>
>>>>>>> designated
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> Attorneys' Eyes Only, and the Court did not grant Plus One's
>>>>>>
>>>>>>> request
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> to lift that protection. It ordered that the contentions
>> "remain
>>>>>>
>>>>>>>> under
>>>>>>
>>>>>>>> seal until the Markman hearing," permitting Plus One only to
>>>>>> share
>>>>>>
>>>>>>>> them, "[o]n notice to Defendants," "with specific third
> parties
>>>>>>
>>>>>>> where
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> doing so is necessary to prepare their defense" (Dkt. 71 ¶
> 3),
>>>>>>
>>>>>>> that
>>>>>>

>>>>>>>
>>>>>>
>>>>>>>> is, vendors and others whose products are implicated by the
>>>>>>
>>>>>>>> contentions. Plus One itself described those third parties at
>>> the
>>>>>>
>>>>>>
>>>>>>>> hearing as "Intel, RealSense, Amazon," whose "products are
>>>>>>
>>>>>>> accused"
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> (Tr. 15:12-14), and the Court asked whether Plus One could
>> "talk
>>>>>>
>>>>>>> to
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> Amazon or talk to Google or people like that" (Tr. 16:11-12).
>>>>>> That
>>>>>>
>>>>>>>> ruling did not authorize disclosure to a retained expert
>> outside
>>>>>>
>>>>>>>> Paragraph 5(e) of the Protective Order. The contentions Plus
>> One
>>>>>>
>>>>>>>> disclosed to Prof. Bretl were protected material under both
> the
>>>>>>
>>>>>>>> Protective Order and the Court's sealing order. Disclosing
> them
>>>>>> to
>>>>>>
>>>>>>>> him
>>>>>>
>>>>>>>> anyway, over AIIA's objection, was not a misunderstanding; it
>>> was
>>>>>>
>>>>>>
>>>>>>> a
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> willful violation of the Court's orders.

>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Extrinsic evidence on October 9. This is exactly the prejudice
>>>>>>
>>>>>>> AIIA
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> has complained about. AIIA could not have identified its
>>>>>> extrinsic
>>>>>>
>>>>>>>> evidence without knowing Plus One's positions on invalidity,
>>>>>>
>>>>>>>> indefiniteness and written description under section 112,
>>>>>>
>>>>>>>> ineligibility under section 101, and non-infringement, all of
>>>>>>
>>>>>>> which
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> Plus One was required to serve on October 7 and did not. AIIA
>>> was
>>>>>>
>>>>>>
>>>>>>>> blind, and it said so within minutes. At 5:42 p.m. on October
>> 9,
>>>>>>
>>>>>>> four
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> minutes after Plus One's disclosure, AIIA objected that Plus
>> One
>>>>>>
>>>>>>> had
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> provided nothing on the 7th, which precedes the
>>>>>> extrinsic-evidence
>>>>>>
>>>>>>>> deadline. At 5:59 p.m., AIIA made its expert disclosure under
>>>>>>
>>>>>>>> protest,
>>>>>>
>>>>>>>> explaining that "[n]o invalidity or § 112 contentions have

>> been
>>>>>>
>>>>>>>> served, and nothing was served on October 7, 2026." At 6:13
>>> p.m.,
>>>>>>
>>>>>>
>>>>>>>> AIIA
>>>>>>
>>>>>>>> asked to meet and confer immediately. Plus One, by contrast,
>>>>>>
>>>>>>> served
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> extrinsic evidence built on invalidity and non-infringement
>>>>>>
>>>>>>> positions
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> it has still not disclosed to AIIA. Plus One cannot withhold
>> its
>>>>>>
>>>>>>>> October 7 positions and then fault AIIA for being unable to
>>>>>>
>>>>>>> respond
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> to
>>>>>>
>>>>>>>> them. AIIA welcomes Plus One's offer to reopen the
>>>>>>
>>>>>>> extrinsic-evidence
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> deadline, but not tied to a November 9 date for Plus One's
>>>>>>
>>>>>>>> contentions.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Schedule changes "first proposed" on October 16. AIIA asked to
>>>>>>
>>>>>>> meet
>>>>>>
>>>>>>>

>>>>>>
>>>>>>>> and confer on October 9 (6:13 p.m.). Plus One responded on
>>>>>> October
>>>>>>
>>>>>>> 13
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> by demanding that AIIA show good cause for Plus One's own
>> missed
>>>>>>
>>>>>>>> deadline, and on October 14 it disclosed AIIA's Attorneys'
> Eyes
>>>>>>
>>>>>>> Only
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> contentions to its expert on two minutes' notice. AIIA's
>>>>>> proposals
>>>>>>
>>>>>>>> followed from Plus One's conduct, not the other way around.
>> They
>>>>>>
>>>>>>> were
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> a good-faith attempt to resolve an emergency that Plus One
>>>>>>
>>>>>>> created.
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> The lists are not discovery requests. The examples AIIA
>> provided
>>>>>>
>>>>>>> on
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> October 16 and 19 are not a discovery list. They identify
>>>>>>
>>>>>>> documents
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> Plus One was already required to produce under the Court's

>>>>>>
>>>>>>> Scheduling
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>>> Order and Order Regarding Contentions: "technical documents,
>>>>>>
>>>>>>>>> including
>>>>>>
>>>>>>>>> software where applicable, sufficient to show the operation of
>>>>>> the
>>>>>>
>>>>>>>>> accused product(s)," due October 7, 2026 (Dkt. 25; Dkt. 31 §
>>>>>>
>>>>>>> II(b);
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>>> Text Order of May 8, 2026). That obligation exists whether or
>>> not
>>>>>>
>>>>>>
>>>>>>>>> AIIA
>>>>>>
>>>>>>>>> serves any discovery. The examples are not exhaustive, and
>>>>>>
>>>>>>>>> identifying
>>>>>>
>>>>>>>>> them does not shift Plus One's burden of production to AIIA.
>>>>>>
>>>>>>> Indeed,
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>>> AIIA put Plus One on notice of many of these documents in
> March
>>>>>>
>>>>>>> 2026,
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>>> after Plus One's January 2026 production, through the
> discovery
>>>>>>
>>>>>>>>> requests AIIA served on March 10, 2026; as AIIA explained at
>> the
>>>>>>
>>>>>>>>> hearing, Plus One's response was that AIIA would have to wait

>>>>>>
>>>>>>> until
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> 2027. Plus One has therefore known since March what was
>>>>>> necessary,
>>>>>>
>>>>>>>> and
>>>>>>
>>>>>>>> yet it produced nothing further showing how the accused
>> products
>>>>>>
>>>>>>>> operate. As AIIA identified in its email of October 16, 2026,
>>>>>> only
>>>>>>
>>>>>>>> nine to twelve documents in Plus One's production relate to
> how
>>>>>>
>>>>>>> the
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> accused products work as charted in AIIA's claim charts. After
>>>>>> the
>>>>>>
>>>>>>>> September 10 hearing, AIIA expected Plus One to produce those
>>>>>>
>>>>>>>> documents on October 7, 2026, as the Court's orders require.
>>> Plus
>>>>>>
>>>>>>
>>>>>>> One
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> did not. That production is not a response to a discovery
>>>>>> request;
>>>>>>
>>>>>>> it
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> is an obligation the Scheduling Order imposes on Plus One.
> That
>>>>>>
>>>>>>>> obligation is triggered by AIIA's preliminary infringement
>>>>>>

>>>>>>>> contentions. If Plus One needed more time, it should have
> asked
>>>>>>
>>>>>>> the
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> Court.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> The January 2026 production. That production predates the
>> Fourth
>>>>>>
>>>>>>>> Amended Contentions it was required to answer. The Order
>>>>>> Regarding
>>>>>>
>>>>>>>> Contentions required Plus One to produce, by October 7, "to
> the
>>>>>>
>>>>>>>> extent
>>>>>>
>>>>>>>> not already produced, technical documents, including software
>>>>>>
>>>>>>> where
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> applicable, sufficient to show the operation of the accused
>>>>>>
>>>>>>>> product(s)" (Dkt. 31 § II(b); Text Order of May 8, 2026). Of
>>> the
>>>>>>
>>>>>>
>>>>>>>> roughly 150 documents Plus One produced in January, twelve
>>> relate
>>>>>>
>>>>>>
>>>>>>> to
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> electronic components, and 95% of the claim elements in AIIA's
>>>>>>
>>>>>>>> contentions are charted on documentary evidence. In its
>>>>>>
>>>>>>>> motion-to-strike reply, Plus One represented that it "produced
>>>>>>

>>>>>>>> technical documentation and design files for each accused
>>>>>>
>>>>>>> product."
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> (Dkt. 55 at 2.) On October 16, AIIA identified by Bates number
>>>>>> the
>>>>>>
>>>>>>>> twelve documents that could arguably be called responsive:
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> PLUSONE_000001-000010 -- Orbbec Femto Mega camera datasheet
>>>>>>
>>>>>>>> (manufacturer's publication);
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> PLUSONE_000013-000037 -- Intel RealSense L515 LiDAR camera
>>>>>>
>>>>>>> datasheet
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> (manufacturer's publication);
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> PLUSONE_000082-000241 -- Intel RealSense D400-series camera
>>>>>>
>>>>>>> datasheet
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> (manufacturer's publication);
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> PLUSONE_000244-000281 -- Depal Overview (a sales presentation
>>>>>>
>>>>>>> that
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> includes a sensor-configuration screenshot);
>>>>>>
>>>>>>>>

>>>>>>
>>>>>>>> PLUSONE_000358 -- InductOne network diagram;
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> PLUSONE_000359-000365 -- power analysis (ID-900001) for the
>>>>>>
>>>>>>>> industrial PC, HMI, and related components;
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> PLUSONE_000377-000379 -- "100 HMI Connections" drawing;
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> PLUSONE_000464-000474 -- "900 Robot Safety and Control"
>>>>>>
>>>>>>> electrical
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> drawings;
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> PLUSONE_000475-000480 -- "400 Safety Cable One-Line Diagram"
>>>>>>
>>>>>>> showing
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> depth cameras wired to the industrial PC panel;
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> PLUSONE_000485-000488 -- device and cable schedule (ID-900005)
>>>>>>
>>>>>>>> listing cameras and connections;
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> PLUSONE_000489-000501 -- cabling drawing, including the camera
>>>>>>
>>>>>>> USB
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> connections; and

>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> PLUSONE_000541-000552 -- electrical panel assembly drawing
>>>>>>
>>>>>>>> (I-000141).
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Three of these are camera manufacturers' published datasheets,
>>>>>>
>>>>>>> which
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> AIIA had already cited in its contentions, and one is a sales
>>>>>>
>>>>>>>> presentation. The other eight show how components are powered,
>>>>>>
>>>>>>> wired,
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> and connected, not how the accused products operate. The
>>>>>> remaining
>>>>>>
>>>>>>>> documents in the January production are drawings of physical
>> and
>>>>>>
>>>>>>>> mechanical hardware (conveyors, frames, camera mounts, and
>> power
>>>>>>
>>>>>>>> distribution) and marketing materials. Plus One has produced
>>>>>>
>>>>>>>> essentially nothing for ninety-five percent of the claim
>>> elements
>>>>>>
>>>>>>
>>>>>>>> while focusing on the five percent that rely on source code.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> "Mutual" discovery. AIIA is not asking for a discovery
>>>>>>
>>>>>>> stipulation.
>>>>>>
>>>>>>>
>>>>>>

>>>>>>>> Plus One's October 7, 2026 obligations are separate from
>>>>>>
>>>>>>> discovery.
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> They are imposed by the Court's Order Regarding Contentions,
>>>>>> which
>>>>>>
>>>>>>>> provides: "by no later than [October 7, 2026], Plus One shall
>>>>>>
>>>>>>> serve
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> preliminary invalidity contentions in the form of: (a) a chart
>>>>>>
>>>>>>>> setting
>>>>>>
>>>>>>>> forth where in the prior art references each element of the
>>>>>>
>>>>>>> asserted
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> claim(s) is found; (b) an identification of any limitations
>> Plus
>>>>>>
>>>>>>> One
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> contends are indefinite or lack written description under
>>> section
>>>>>>
>>>>>>
>>>>>>>> 112;
>>>>>>
>>>>>>>> and (c) an identification of any claims Plus One contends are
>>>>>>
>>>>>>>> directed
>>>>>>
>>>>>>>> to ineligible subject matter under section 101." It further
>>>>>>
>>>>>>> provides:
>>>>>>
>>>>>>>
>>>>>>

>>>>>>>> "Also, by [October 7, 2026], Plus One shall produce: (a) all
>>>>>> prior
>>>>>>
>>>>>>>> art
>>>>>>
>>>>>>>> referenced in Plus One's contentions; and (b) to the extent
> not
>>>>>>
>>>>>>>> already produced, technical documents, including software
> where
>>>>>>
>>>>>>>> applicable, sufficient to show the operation of the accused
>>>>>>
>>>>>>>> product(s)." (Dkt. 31 § II, at 2-3; Text Order of May 8, 2026
>>>>>>
>>>>>>>> (extending "the deadline of August 6, 2026, in the Order
>>>>>> Regarding
>>>>>>
>>>>>>>> Contentions (Dkt. 31)" to "OCTOBER 7, 2026").) These
>> obligations
>>>>>>
>>>>>>>> apply
>>>>>>
>>>>>>>> whether or not either party serves discovery, and nothing
> about
>>>>>>
>>>>>>> them
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> is mutual. AIIA has already produced everything Section I of
>>> that
>>>>>>
>>>>>>
>>>>>>>> Order required of it: its conception and reduction-to-practice
>>>>>>
>>>>>>>> documents, the file history for each patent-in-suit, and its
>> own
>>>>>>
>>>>>>>> technical documents. The obligations that remain outstanding
>> are
>>>>>>
>>>>>>> Plus
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> One's.
>>>>>>

>>>>>>>>
>>>>>>
>>>>>>>> The "same-day" narrative. Your email suggests that AIIA sprang
>>>>>> its
>>>>>>
>>>>>>>> schedule, its document requests, and a 34-page letter on Plus
>>> One
>>>>>>
>>>>>>
>>>>>>>> with
>>>>>>
>>>>>>>> a day's notice. The record shows otherwise. AIIA's October 19
>>>>>>
>>>>>>> letter
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> collects concerns AIIA raised in writing, repeatedly, over the
>>>>>> ten
>>>>>>
>>>>>>>> days that preceded the October 16 meet-and-confer, and on the
>>>>>> call
>>>>>>
>>>>>>>> itself:
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> October 9, 5:42 p.m. Four minutes after Plus One's disclosure,
>>>>>>
>>>>>>> AIIA
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> objected: "This out of order production is an issue. You did
>> not
>>>>>>
>>>>>>>> provide us with anything on the 7th which precedes this
>>>>>> disclosure
>>>>>>
>>>>>>>> deadline."
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> October 9, 5:59 p.m. AIIA made its expert disclosure under
>>>>>>
>>>>>>> protest,
>>>>>>
>>>>>>>

>>>>>>
>>>>>>>> explaining that "[n]o invalidity or § 112 contentions have
>> been
>>>>>>
>>>>>>>> served, and nothing was served on October 7, 2026," and that
>>>>>> "AIIA
>>>>>>
>>>>>>> is
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> therefore prejudiced in framing Prof. Ranka's disclosed scope,
>>> as
>>>>>>
>>>>>>
>>>>>>> it
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> is being made to respond to indefiniteness contentions it has
>>> not
>>>>>>
>>>>>>
>>>>>>> yet
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> seen."
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> October 9, 6:13 p.m. AIIA asked to meet and confer on
> Wednesday
>>>>>> or
>>>>>>
>>>>>>>> Thursday of the following week.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> October 9, 6:17 p.m. AIIA wrote: "We need to move from a
>>> schedule
>>>>>>
>>>>>>
>>>>>>>> that
>>>>>>
>>>>>>>> is highly prejudicial to AIIA to one that is fair to both
>>>>>>
>>>>>>> parties."

>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> Your own October 13 email quoted that sentence back to AIIA,
> so
>>>>>>
>>>>>>> Plus
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> One has known of AIIA's prejudice and fairness concerns since
>>>>>>
>>>>>>> October
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> 9. Rather than meet and confer, Plus One called those concerns
>>>>>>
>>>>>>>> "surprising and untimely" and demanded that AIIA show good
>>> cause.
>>>>>>
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> October 14, 6:59-7:29 p.m. Within minutes of Plus One's notice
>>>>>>
>>>>>>> that
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> it
>>>>>>
>>>>>>>> was disclosing AIIA's contentions to Prof. Bretl, AIIA
>> objected:
>>>>>>
>>>>>>> "We
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> need the 10 days to vet your expert for conflicts." It asked
>>> Plus
>>>>>>
>>>>>>
>>>>>>> One
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> to "confirm that you have not shared any material with your

>>>>>>
>>>>>>> expert"
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> and to have the expert "confirm in writing that they have
>>>>>>
>>>>>>> destroyed
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> all material." It reminded Plus One: "There is something
> called
>>>>>>
>>>>>>>> procedural fairness." It stated: "We do not consent to sharing
>>>>>> our
>>>>>>
>>>>>>>> information which is still sealed." And when Plus One
> confirmed
>>>>>>
>>>>>>> the
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> disclosure, AIIA wrote: "You just breached the protective
>>> order."
>>>>>>
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> October 15. AIIA asked again for the expert's prior
> engagements
>>>>>>
>>>>>>> and
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> undertaking ("Where is your expert's undertaking?"), and
>>> proposed
>>>>>>
>>>>>>
>>>>>>> a
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> meet-and-confer for the next morning, noting that "[g]iven the
>>>>>>
>>>>>>> issues

>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> exposed in the last two days, we have a lot more to talk about
>>>>>>
>>>>>>> than
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> just documents." Plus One agreed to the time.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> October 16, 11:07 a.m. Before the call, AIIA sent a detailed
>>>>>> email
>>>>>>
>>>>>>>> quoting Plus One's obligations under Dkt. 25 and Dkt. 31 §
> II,
>>>>>>
>>>>>>>> identifying by Bates number the twelve documents listed above,
>>>>>>
>>>>>>>> explaining why they do not show how the accused products
>>> operate,
>>>>>>
>>>>>>
>>>>>>> and
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> asking Plus One to identify any provision on which it relied
> to
>>>>>>
>>>>>>> claim
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> that the October 7 deadline had moved.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> October 16, 12:24 p.m. AIIA sent its proposed amended
> schedule,
>>>>>>
>>>>>>>> before
>>>>>>
>>>>>>>> the call.
>>>>>>
>>>>>>>>

>>>>>>
>>>>>>>> October 16, 1:00 p.m. and 1:10 p.m. The parties conferred, and
>>>>>>
>>>>>>> during
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> the call AIIA emailed the categories of documents it had
>>>>>>
>>>>>>> described.
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> AIIA told Plus One it expected a response by Monday, October
>> 19.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Nothing in AIIA's October 19 letter was new to Plus One. It
> set
>>>>>>
>>>>>>> out,
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> in one place, the same issues AIIA had raised in writing since
>>>>>>
>>>>>>>> October
>>>>>>
>>>>>>>> 9: the missed October 7 deadline, the prejudice from Plus
> One's
>>>>>>
>>>>>>>> out-of-order disclosures, the need for a fair schedule, the
>>>>>>
>>>>>>> deficient
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> production, and Plus One's breach of the Protective Order. The
>>>>>>
>>>>>>>> urgency
>>>>>>
>>>>>>>> results from Plus One's own conduct: its failure to serve its
>>>>>>
>>>>>>> October
>>>>>>
>>>>>>>
>>>>>>

>>>>>>>> 7 contentions and production, and its disclosure of AIIA's
>>>>>>
>>>>>>> Attorneys'
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> Eyes Only material to Prof. Bretl on two minutes' notice,
>> before
>>>>>>
>>>>>>> AIIA
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> could vet him under Paragraph 5(e) of the Protective Order.
> (We
>>>>>>
>>>>>>> also
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> note that your email refers to the letter as dated
>> "10/29/2026";
>>>>>>
>>>>>>> it
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> is
>>>>>>
>>>>>>>> dated October 19, 2026.)
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Your proposed joint motion. AIIA will not join a motion that
>>> sets
>>>>>>
>>>>>>
>>>>>>>> November 9 for Plus One's invalidity, section 112, and section
>>>>>> 101
>>>>>>
>>>>>>>> contentions. Those were due October 7, 2026. AIIA's request is
>>>>>>
>>>>>>> that
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> they be served tomorrow, October 20, 2026, as set out in its
>>>>>>

>>>>>>> letter,
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> and we adopt the order served in our letter of October 19,
>> 2026.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> What your email does not address. Your email does not respond
>> to
>>>>>>
>>>>>>> Plus
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> One's violation of the Protective Order, the certification of
>>>>>>
>>>>>>>> destruction and non-use by Prof. Bretl, the identification of
>>>>>> what
>>>>>>
>>>>>>>> was
>>>>>>
>>>>>>>> disclosed to him and when, AIIA's request that Plus One retain
>> a
>>>>>>
>>>>>>>> different expert, or consent to the proposed agreed order. The
>>>>>>
>>>>>>> time
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> AIIA set for those responses, today, has passed without a
>>>>>>
>>>>>>> response.
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> No use by Prof. Bretl while the dispute is pending. Given the
>>>>>>
>>>>>>> dispute
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> over Plus One's breach of the Protective Order, Plus One
> cannot
>>>>>>
>>>>>>> and

>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> should not allow Prof. Bretl to use any information from
> AIIA's
>>>>>>
>>>>>>>> Fourth
>>>>>>
>>>>>>>> Amended Preliminary Infringement Contentions until the Court
>>>>>> rules
>>>>>>
>>>>>>> on
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> any pending motions or the parties resolve the dispute. The
>>>>>>
>>>>>>>> Protective
>>>>>>
>>>>>>>> Order provides that "[n]o disclosure shall occur until all
> such
>>>>>>
>>>>>>>> objections are resolved by agreement or Court order" (Dkt.
> 27-1
>>>>>> ¶
>>>>>>
>>>>>>>> 5(e)), and it requires a party to "discontinue the performance
>>>>>> of"
>>>>>>
>>>>>>>> any
>>>>>>
>>>>>>>> action alleged to violate the Order (id. ¶ 24). AIIA has
>>>>>>
>>>>>>> objected.
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> Any work Prof. Bretl performs using AIIA's contentions in the
>>>>>>
>>>>>>>> meantime
>>>>>>
>>>>>>>> compounds the violation, and AIIA reserves the right to seek
>>>>>>
>>>>>>>> exclusion
>>>>>>
>>>>>>>> of any such work, including disqualification of the expert.
>>>>>>
>>>>>>>>

>>>>>>
>>>>>>>>> The November 9 date in AIIA's proposed schedule. As AIIA's
>>> letter
>>>>>>
>>>>>>
>>>>>>> of
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>>> October 19, 2026 states, that date was a placeholder only
>>>>>> prepared
>>>>>>
>>>>>>>>> after counsel did a document review of your entire
> self-serving
>>>>>>
>>>>>>>>> production of hundreds of documents and in response to a
> breach
>>>>>> of
>>>>>>
>>>>>>>>> protective order under time constraints instead of you
>> proposing
>>>>>> a
>>>>>>
>>>>>>>>> remedy. The party that breached the order should propose the
>>>>>>
>>>>>>> remedy
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>>> instead of AIIA. In addition, it was premised on Plus One's
>>>>>> expert
>>>>>>
>>>>>>>>> destroying all of AIIA's material immediately as requested in
>>> its
>>>>>>
>>>>>>
>>>>>>>>> October 16th email before the meet and confer in writing and
>>> Plus
>>>>>>
>>>>>>
>>>>>>> One
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>>> retaining a new expert, and AIIA is not willing to wait until
>>>>>>
>>>>>>>>> November
>>>>>>

>>>>>>>> 9 before going to the Court. Nor wait to be further prejudiced
>>>>>>
>>>>>>> while
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> it has no access to the information your expert already has.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> AIIA reserves all rights.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Sincerely,
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Vivek Ramachandran
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> On 2026-10-19 19:25, vramachandran@dhammalaw.com wrote:
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Your client should consider the order as provided today,
>>>>>>
>>>>>>> including
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> the provisions on destruction and certification to the court
>> and
>>>>>>
>>>>>>>> agree to it, if they want to avoid motion practice. I can ask
>>> for
>>>>>>
>>>>>>
>>>>>>>> minor adjustments in some other dates, but your Plus One
>>>>>>
>>>>>>> preliminary
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> invalidity / § 112 / § 101 contentions were due on October
> 7,
>>>>>>

>>>>>>> 2026
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> and should be due tomorrow. Indeed, you used your knowledge of
>>>>>>
>>>>>>> those
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> position on invalidity Plus One preliminary invalidity / §
> 112
>>> /
>>>>>>
>>>>>>
>>>>>>> §
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> 101 contentions to then supply documents and discovery on
>>> October
>>>>>>
>>>>>>
>>>>>>> 9,
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> 2026 to AIIA.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> You cannot use unfair means to get an advantage over defendant
>>>>>>
>>>>>>> and
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> your decision to unilaterally violate the protective order to
>>> get
>>>>>>
>>>>>>
>>>>>>>> that material to your expert and to keep AIIA in the dark
> until
>>>>>>
>>>>>>>> November 9, 2026 is unacceptable. This violates every
> principle
>>>>>>
>>>>>>> of

>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> procedural fairness if a party willfully violates a protective
>>>>>>
>>>>>>> order
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> and seeks to keep the ill-gotten gains.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> The entire letter of 34 pages, is the same information we
>>>>>>
>>>>>>> discussed
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> during our call. All of the provisions there were touched on
>>>>>>
>>>>>>> during
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> the call. AIIA had to spend a week looking through your
>>> discovery
>>>>>>
>>>>>>
>>>>>>> to
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> understand that all of it was self-serving. AIIA under these
>>>>>>
>>>>>>>> emergency circumstances went over and beyond what was
> required.
>>>>>>
>>>>>>>> Including make proposals at a meet and confer, which you then
>>>>>>
>>>>>>> termed
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> untimely. You cant' just violate the protective order and call
>>>>>>
>>>>>>> our
>>>>>>

>>>>>>>
>>>>>>
>>>>>>>> efforts to give you even the minimal notice we gave you as
>>>>>>
>>>>>>> anything
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> but the result of your own violations.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Thank you.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Sincerely,
>>>>>>
>>>>>>>> Vivek
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> On 2026-10-19 18:55, vramachandran@dhammalaw.com wrote:
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Udit,
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Plus One preliminary invalidity / § 112 / § 101 contentions
>>>>>>
>>>>>>>> Disputed Nov. 9, 2026[A1.1] Nov. 9, 2026
>>>>>>
>>>>>>>> This was based on your expert destroying all communications
> and
>>> a
>>>>>>
>>>>>>
>>>>>>>> new
>>>>>>
>>>>>>>> expert.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> We discussed this during the call. We wanted disclosures today
>>>>>>
>>>>>>>> during

>>>>>>
>>>>>>>> the call and you refused. You already have the information,
> and
>>>>>>
>>>>>>> your
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> expert has the information. Therefore, AIIA rejected this even
>>> on
>>>>>>
>>>>>>
>>>>>>>> Friday as a possibility late in the evening when I presented
>>> this
>>>>>>
>>>>>>
>>>>>>> to
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> them.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> The new proposal asks that you provide the information
>> tomorrow.
>>>>>>
>>>>>>> We
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> are extremely prejudiced by the delay in disclosure and
>> November
>>>>>>
>>>>>>> 9,
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> 2026 was based on a new expert and we will move the court
>>>>>>
>>>>>>> tomorrow.
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> Additionally, AIIA will not accept anything less than what was
>>>>>>
>>>>>>>> proposed today, because your took decisions with just 2
> minutes

>>>>>>
>>>>>>>> notice
>>>>>>
>>>>>>>> that have substantially prejudiced AIIA. We have been generous
>>> in
>>>>>>
>>>>>>
>>>>>>>> seeking a meet and confer and providing you with two days. In
>>>>>>
>>>>>>>> addition, all of the requests were reasonable.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> None of the changes are inconsistent with the already filed
>>>>>>
>>>>>>>> scheduling
>>>>>>
>>>>>>>> order. AIIA has already indicated that it will not agree to
>>>>>>
>>>>>>> anything
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> less than the order and disqualification of the expert.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> I will none the less pass this onto AIIA. However, please note
>>>>>>
>>>>>>> that
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> they are very likely to reject this proposal and have asked me
>>> to
>>>>>>
>>>>>>
>>>>>>> go
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> ahead with a motion. The 2 minute decision did not go down
> well
>>>>>>
>>>>>>> with
>>>>>>
>>>>>>>
>>>>>>

>>>>>>>> AIIA management. They do not believe PlusOne will abide by any
>>> of
>>>>>>
>>>>>>
>>>>>>>> the
>>>>>>
>>>>>>>> scheduling order provisions given the unilateral actions.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Sincerely,
>>>>>>
>>>>>>>> Vivek
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> On 2026-10-19 18:42, Udit Sood-Hall wrote:
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Dear AIIA counsel:
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> 1. Background. We are in receipt of AIIA's:
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> * Case schedule changes proposed for the first time on Friday,
>>>>>>
>>>>>>>> October 16, 2026;
>>>>>>
>>>>>>>> * List of additional document discovery sought regarding the
>>>>>>
>>>>>>>> accused
>>>>>>
>>>>>>>> products in lists shared for the first time last Friday and
>>>>>>
>>>>>>> today,
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> Monday, October 19; and
>>>>>>
>>>>>>>> * 34-page letter sent this morning, demanding a same-day
>>>>>>
>>>>>>>> response,
>>>>>>

>>>>>>>> and noting that, absent resolution, "AIIA will seek relief
> from
>>>>>>
>>>>>>> the
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> Court this week." (Ramachandran 10/29/2026 Letter at page
>>> 2/34.)
>>>>>>
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> We are analyzing the issues raised and are in touch with our
>>>>>>
>>>>>>> client.
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> AIIA's demands for a same-day response to a sweeping letter
>>>>>>
>>>>>>>> addressing a plethora of issues are unreasonable, but we will
>> do
>>>>>>
>>>>>>> our
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> best to accommodate AIIA.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> First and foremost, we understand from our live
> meet-and-confer
>>>>>>
>>>>>>> on
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> October 16, 2026, and the correspondence received since, that
>>>>>>
>>>>>>> AIIA
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> alleges prejudice based on needing to exchange revised claim
>>>>>>
>>>>>>>> terms/constructions and extrinsic evidence before Plus One's

>>>>>>
>>>>>>>> preliminary invalidity contentions are due.  Plus One
>>> understands
>>>>>>
>>>>>>
>>>>>>>> AIIA's position but respectfully disagrees.  As you know,
>> AIIA's
>>>>>>
>>>>>>>> deadline to serve infringement contentions was repeatedly
>>>>>>
>>>>>>> moved--at
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> AIIA's request (see Dkts. 31, 33)--from February to May, and
>>> then
>>>>>>
>>>>>>
>>>>>>>> again to July, and yet, AIIA only served its operative
>>>>>>
>>>>>>> contentions
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> on
>>>>>>
>>>>>>>> September 9, 2026, _i.e_., seven months after AIIA's original
>>>>>>
>>>>>>>> deadline.  Although AIIA initially reserved its right to rely
>> on
>>>>>>
>>>>>>>> non-public source code, AIIA dropped those reservations,
>>>>>>
>>>>>>> insisting
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> that it needs only publicly available information to
> articulate
>>>>>>
>>>>>>> its
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> infringement allegations and theories.  (_See, e.g_., Dkt. 50
>> at
>>>>>>
>>>>>>> 20

>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> ("Plus One no longer has a valid basis [to seek striking of
>>>>>>
>>>>>>>> contentions] after the software reservations were removed and
>>>>>>
>>>>>>>> substituted with publicly available information.").) As such,
>>>>>>
>>>>>>> AIIA
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> could and should have served its contentions based on purely
>>>>>>
>>>>>>> public
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> information in February 2026--not seven months later, after
>>>>>>
>>>>>>> months
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> of
>>>>>>
>>>>>>>> repeated extensions, and even after its latest ordered
> deadline
>>>>>>
>>>>>>> of
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> July 2026. But because AIIA served its contentions only on
>>>>>>
>>>>>>>> September
>>>>>>
>>>>>>>> 9, the morning of the hearing on Plus One's motion to strike,
>>> the
>>>>>>
>>>>>>
>>>>>>>> Court allowed Plus One 60 days to serve its responsive
>>>>>>
>>>>>>> preliminary
>>>>>>
>>>>>>>
>>>>>>

>>>>>>>> contentions, _i.e_., by November 9, 2026, which happens to be
>>>>>>
>>>>>>> after
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> the currently-set deadline for exchanging revised
>>>>>>
>>>>>>>> terms/constructions
>>>>>>
>>>>>>>> (October 30, 2026) and the already-passed deadline for serving
>>>>>>
>>>>>>>> extrinsic evidence (October 9, 2026).
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Plus One is not responsible for any alleged prejudice. Plus
>> One
>>>>>>
>>>>>>>> also
>>>>>>
>>>>>>>> disagrees that AIIA's failure to abide by Court deadlines is
>>> good
>>>>>>
>>>>>>
>>>>>>>> cause for broad adjustments to the case schedule. Nor has
> AIIA
>>>>>>
>>>>>>>> explained why it only proposed a new case schedule on October
>>> 16,
>>>>>>
>>>>>>
>>>>>>>> 2026, despite the Court ordering parties to request any
> changes
>>>>>>
>>>>>>>> through a motion filed on or before October 1, 2026.
>>>>>>
>>>>>>> Furthermore,
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> besides identifying its expert, AIIA neither identified nor
>>>>>>
>>>>>>> produced
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> _any_ extrinsic evidence on October 9, 2026, even though

>> neither
>>>>>>
>>>>>>>> side
>>>>>>
>>>>>>>> had requested the Court to move that deadline and Plus One
>>> timely
>>>>>>
>>>>>>
>>>>>>>> complied.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> 2. Proposal for resolution.  Purely to avoid burdening the
>> Court
>>>>>>
>>>>>>>> with
>>>>>>
>>>>>>>> an unnecessary scheduling dispute, Plus One is willing to
>>>>>>
>>>>>>> generally
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> accept many of AIIA's proposed deadlines.  Specifically, as
> the
>>>>>>
>>>>>>>> attached shows, Plus One will join a motion asking the Court
> to
>>>>>>
>>>>>>> (a)
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> extend the parties' date to exchange revised lists of
>>>>>>
>>>>>>>> terms/constructions, and (b) reopen the deadline to serve
>>>>>>
>>>>>>> extrinsic
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> evidence, such that AIIA has an opportunity to review Plus
>> One's
>>>>>>
>>>>>>>> preliminary invalidity contentions before either reset
>> deadline.
>>>>>>
>>>>>>>> Notably, although AIIA sought only 2 days between Plus One's

>>>>>>
>>>>>>> service
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> of preliminary invalidity contentions and AIIA's reopened
>>>>>>
>>>>>>> deadline
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> to serve extrinsic evidence, Plus One's attached proposal is
>>>>>>
>>>>>>>> allowing a full week. Please let us know if AIIA agrees. If
>>> so,
>>>>>>
>>>>>>
>>>>>>>> the
>>>>>>
>>>>>>>> parties can today file a joint motion requesting these
> changes.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> 3. Remaining issues. We are still investigating the other
>>> issues
>>>>>>
>>>>>>
>>>>>>>> AIIA
>>>>>>
>>>>>>>> raised in its recent correspondence and will respond as soon
> as
>>>>>>
>>>>>>>> possible, likely within the next day or so. With respect to
>>>>>>
>>>>>>> AIIA's
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> request for discovery, Plus One maintains that it produced in
>>>>>>
>>>>>>>> January
>>>>>>
>>>>>>>> 2026 documents sufficient to show operation of the accused
>>>>>>
>>>>>>>> instrumentalities and products. Plus One is in receipt of
>>> AIIA's
>>>>>>

>>>>>>
>>>>>>>> request for additional documents and additional discovery.
>> Plus
>>>>>>
>>>>>>> One
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> is considering the request but please note that any
>> stipulations
>>>>>>
>>>>>>> for
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> additional discovery beyond that which the Court's operative
>>>>>>
>>>>>>>> scheduling order presently allows will need to be mutual, not
>>>>>>
>>>>>>>> one-sided.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Please let us know if you have any questions regarding any of
>>> the
>>>>>>
>>>>>>
>>>>>>>> above.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Regards,
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Udit
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Udit Sood-Hall (he/him)
>>>>>>
>>>>>>>> Tyz Law Group PC
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> 415.520.4244 [1 [1]]
>>>>>>
>>>>>>>>

>>>>>>
>>>>>>>> udit@tyzlaw.com
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> tyzlaw.com [2 [1]]
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> DISCLAIMER: This email message is intended only for the use of
>>>>>>
>>>>>>> the
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> addressee(s) named above. This message may be an
>> attorney-client
>>>>>>
>>>>>>>> communication and as such include privileged, confidential
>>>>>>
>>>>>>>> information
>>>>>>
>>>>>>>> and/or attorney work product. If you are not an intended
>>>>>>
>>>>>>> recipient,
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> you may not review, copy or distribute this message. If you
>> have
>>>>>>
>>>>>>>> received this message in error, please notify us immediately
> by
>>>>>>
>>>>>>>> email
>>>>>>
>>>>>>>> and take the steps necessary to delete the message completely
>>>>>>
>>>>>>> from
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>> your computer system.
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Links:
>>>>>>

>>>>>>>> ------
>>>>>>
>>>>>>>> [1 [1]] tel:415.520.4244 [2 [1]]
>>>>>>
>>>>>>>> [2]
>>>>>>
>>>>>
>>>
>>
>
https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C63ccf2a1a30c43b1cb2608df352e57e9%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639288145301772281%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=Q9frNJVhiLEColQcMhzBIJllAd3GiRlseVZcJUhankM%3D&reserved=0
> [1]
>> [1]
>>> [1]
>>>>>>
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Links:
>>>>>>
>>>>>>>> ------
>>>>>>
>>>>>>>> [1]
>>>>>>
>>>>>
>>>
>>
>
https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C63ccf2a1a30c43b1cb2608df352e57e9%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639288145301788861%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=Dgo2g5Zrg5eSVfZEw%2F70rVsn2eMq1mIN41kDy%2BtG5co%3D&reserved=0
> [1]
>> [1]
>>> [1]
>>>>>>
>>>>>>
>>>>>>>>
>>>>>>
>>>>>>>> Links:
>>>>>>

>>>>>>>> ------
>>>>>>
>>>>>>>> [1]
>>>>>>
>>>>>
>>>
>>
>
https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C63ccf2a1a30c43b1cb2608df352e57e9%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639288145301798810%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=gP9qp2k4gr5dzTmdp%2BEv14GlWCe8shnuZJdKxygbLPg%3D&reserved=0
> [1]
>> [1]
>>> [1]
>>>>>>
>>>>>>
>>>>>>>> [2 [1]] tel:415.520.4244
>>>>>>
>>>>>>>
>>>>>>
>>>>>>>
>>>>>>
>>>>>>> Links:
>>>>>>
>>>>>>> ------
>>>>>>
>>>>>>> [1]
>>>>>>
>>>>>
>>>
>>
>
https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C63ccf2a1a30c43b1cb2608df352e57e9%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639288145301809452%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=N%2Fl7Xst3rYQ0Qwz7pdkywWsJwlNE4v7zIQsGgLkX2LU%3D&reserved=0
> [1]
>> [1]
>>> [1]
>>>
>>>
>>> Links:
>>> ------

>>> [1]
>>
>
https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C63ccf2a1a30c43b1cb2608df352e57e9%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639288145301819218%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=V2BCyspScX4XgRVSP7V44rj0z3wXSL6Uq%2F34CMAta4U%3D&reserved=0
> [1]
>> [1]
>>
>>
>> Links:
>> ------
>> [1]
>
https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C63ccf2a1a30c43b1cb2608df352e57e9%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639288145301829096%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=r5OTzXFYm1epK11yREzKFYwXcaLV%2BAI4bSZnpYnrbaU%3D&reserved=0
> [1]
>
>
> Links:
> ------
> [1]
https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C63ccf2a1a30c43b1cb2608df352e57e9%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639288145301838917%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=%2Bdw3xxKALuHyDBJelQ%2B7hVO%2FoZzgvsN6IJTC9a1CUD0%3D&reserved=0