**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

PLUS ONE ROBOTICS, INC.,

Plaintiff / Counter-Defendant,

v.

ARTIFICIAL INTELLIGENCE INDUSTRY ASSOCIATION, INC., and ARTIFICIAL INTELLIGENCE IMAGING ASSOCIATION, INC.,

Defendants / Counter-Plaintiffs.

Case No. 5:25-CV-01197-OLG-HJB

Hon. Orlando L. Garcia
Mag. J. Henry J. Bemporad

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO CLARIFY RULINGS FROM SEPTEMBER 10, 2026, HEARING (DKT. 74)**

Defendants and Counter-Plaintiffs Artificial Intelligence Industry Association, Inc. and Artificial Intelligence Imaging Association, Inc. (together, "AIIA") respectfully submit this response in opposition to the Motion to Clarify Rulings from September 10, 2026, Hearing (Dkt. 74) filed by Plaintiff/Counter-Defendant Plus One Robotics, Inc. ("Plus One").

## INTRODUCTION

Dkt. 74 is not a motion to clarify. It is an after-the-fact request, in substance an ex post facto motion, asking the Court to hold that conduct Plus One undertook deliberately, to secure an unfair advantage, was approved by the Court all along. Plus One let October 7, 2026 pass without serving its contentions or its technical production, with the hearing transcript in hand and without seeking clarification. It then gave AIIA's Attorneys' Eyes Only infringement contentions to its retained expert over AIIA's objection. Only after AIIA objected in writing and proposed a

cure did Plus One file Dkt. 74, asking the Court to declare that both were permitted, or to permit them "now." (Dkt. 74 at 1, 5.)

The prejudice to AIIA is so substantial that AIIA had few options other than to seek relief by not one but six motions: to compel Plus One's overdue technical production, to modify the Scheduling Order, to stay the October 30 exchange, to enforce the Protective Order, to disqualify Plus One's expert, and to preclude Plus One's untimely contentions. To preserve its rights while conserving the Court's resources, AIIA combined those six requests into three motions: the Emergency Motion to Compel (Dkt. 82) ("Motion to Compel"), the Emergency Motion to Enforce the Protective Order and Disqualify Plaintiff's Expert (Dkt. 79) ("Motion to Disqualify"), and the Motion to Strike and Preclude (Dkt. 84) ("Motion to Preclude"). The Court has set all four motions for hearing on November 6, 2026. (Dkt. 89.)

Both of Dkt. 74's requests should be denied. Each depends on a selective record: Plus One quotes the parts of the hearing, the order, and the correspondence that help it and leaves out the parts that decide the question. AIIA cites the Declaration of Vivek Ramachandran (Dkt. 81) ("Ramachandran Decl.") and its exhibits, and the parties' October 28, 2026 email exchange (Exhibit 1), and does not repeat the arguments of its motions here.

## I. Plus One's conduct has severely prejudiced AIIA, and Plus One will not reduce it.

**1. AIIA does not have Plus One's invalidity, non-infringement, or § 101 theories.** By October 7, 2026, Plus One was required to serve its preliminary invalidity contentions and prior-art charts, its § 112 identifications, its § 101 identifications, and the prior art referenced, and to produce technical documents sufficient to show the operation of the accused products. (Dkt. 25 at 2; Dkt. 31 § II; Text Order of May 8, 2026.) It has served none of them. (Ramachandran Decl. ¶¶ 5, 34.) As of the evening of October 28, neither AIIA nor its expert knows what Plus One's invalidity, non-infringement, or § 101 contentions are. (Ex. 1 at 2–3.) A production of raw

documents is not contentions: the orders require element-by-element prior-art charts and identifications of the § 112 and § 101 challenges, and Plus One's production gives AIIA none of that. (Dkt. 25 at 2; Dkt. 31 § II.) The Scheduling Order's sequence depends on each party meeting its obligations. AIIA has met every one of its own; its theories are set out in more than 250 pages of contentions. (Ex. 1 at 4.) Plus One has served zero pages on the obligations that matter most, and AIIA cannot work around zero pages.

**2. Plus One has all three, and AIIA's theories besides.** On October 9, Plus One produced 117 documents (3,006 pages) of extrinsic evidence, including technical publications, coding standards, and dictionary definitions of claim terms, and disclosed Prof. Timothy Bretl to testify on claim construction and indefiniteness. (Ramachandran Decl. ¶¶ 6, 10; Ex. C.) Plus One could not have selected those 3,006 pages without having mapped its entire theory first. "Those positions exist. Plus One has simply not disclosed them to AIIA." (Ex. A, Tab 41, at Ex. A-224.) And on October 14, Plus One gave AIIA's Attorneys' Eyes Only Fourth Amended Preliminary Infringement Contentions to Prof. Bretl, over AIIA's objection made one minute after Plus One's notice, and served no Undertaking until October 16. (Ramachandran Decl. ¶¶ 12, 23; Ex. A, Tab 22, at Ex. A-110.) Plus One and its expert hold both sides' theories; AIIA and its expert hold none of Plus One's.

**3. AIIA proposed a solution, in line with Plus One's own proposal, aimed at the core of AIIA's prejudice; Plus One refused.** The Scheduling Order requires the parties to meet and confer and exchange revised terms and constructions on October 30, 2026 (Dkt. 25 at 3), positions that "as a practical matter would be influenced by … the specific prior arts disclosed in invalidity contentions." *Innovative Display Techs. LLC v. Acer Inc.*, No. 2:13-cv-00522-JRG, 2014 WL 2796555, at *2 (E.D. Tex. June 19, 2014). On October 28, after the Court ordered the

parties to confer (Dkt. 89), AIIA offered to agree to a stay of the October 30 exchange until November 6, and then until thirty days after Plus One serves the contentions due October 7, all rights reserved, with the full schedule left for the November 1 conference and the November 5 Joint Advisory. (Ex. 1 at 1, 4.) Plus One refused. Plus One "is not inclined to move individual deadlines absent agreement across the board" (*id.* at 9) and conditioned any movement of October 30 on a complete schedule built around November 9 (*id.* at 1, 5–6, 8). So AIIA must take claim-construction positions on October 30 without Plus One's theories. (*Id.* at 2–3.) Plus One's own exhibit (Dkt. 90-3) begins and ends with its counsel's 1:14 p.m. Pacific email, which proposed to "agree to a date for Plus One's invalidity contentions" and "move the remaining claim construction deadlines to after that date." (Dkt. 90-3 at 2.) The exchange did not stop there; it continued, and AIIA's later emails considered and responded to that email. (Ex. 1 at 1–3.) AIIA has engaged with every suggestion and has tried to work within the limits it has. AIIA accepted that framework, so that the remaining issues could be addressed at the November 1 meet and confer and taken to AIIA's management; Plus One then refused it. AIIA spent hours of the day this Response was due negotiating in good faith to reach an agreement that would keep one of the biggest prejudices from materializing, so that the parties could meaningfully negotiate the rest on November 1. Those emails appear only in Exhibit 1. (Ex. 1 at 1–4.)

**4. Only AIIA needs a scheduling change, and Plus One put it in that position.** Plus One does not need November 9. It has already produced the materials on which its positions rest and has disclosed its expert; its theories exist and have been vetted by that expert, and only AIIA lacks them. (Ex. 1 at 2.) Even if no deadline changes at all, Plus One can only gain: it already holds both sides' theories, and only AIIA is prejudiced. AIIA is the only party whose obligations depend on the missing disclosure, and it is the only party that needs the schedule adjusted. Plus

One has all the information it needs to meet the October 30 deadline; AIIA does not have the information it needs from Plus One. Plus One got there in two steps, and knew what it was doing at each: it produced its documents on October 9 while withholding its theories, in breach of the Court's order, and it gave AIIA's contentions to its expert on October 14, over AIIA's objection and with the transcript in hand, in breach of the Protective Order. Under Judge Albright's model, which the Scheduling Order follows, Plus One's failure to serve on October 7 "broke that chain at its central link." (Ex. F, at Ex. F-004, F-006.) Plus One has not certified destruction of AIIA's material or confirmed non-use pending the Court's ruling. (Ex. 1 at 4.) AIIA, by contrast, has followed the rules at every step: contentions served and amended, the October 9 disclosure made on time, conferences on October 16 and October 28 as the Court directed, a proposed agreed order on October 19, and an offer to confer on November 1. (Ramachandran Decl. ¶¶ 9, 20, 25; Ex. 1 at 1, 9.) Granting Dkt. 74 would ratify the asymmetry Plus One created.

**II. Request (1) fails: no ruling moved Plus One's October 7 deadline.**

**A. The colloquy is not the ruling, and the ruling set October 1.**

Plus One's October 7 deadline came from its own joint motion (Dkt. 33) and the Court's order that "the deadline of August 6, 2026, in the Order Regarding Contentions (Dkt. 31) is EXTENDED to OCTOBER 7, 2026." (Text Order of May 8, 2026.) Dkt. 74 quotes the colloquy at 80:13–23 and stops. (Dkt. 74 at 1, 3.) Just before, the Court had said, "I'm not going to set those deadlines now," and had set "the 1st of October" for "any proposed changes." (Tr. 79:16–80:8.) Right after "60 days effectively from today," the Court said the parties could "change those deadlines … by way of conference." (Tr. 80:25–81:3.) When AIIA asked the Court to set the dates, the Court declined: "I don't want to try to do it off-the-cuff now." (Tr. 81:11–14.) The Court then announced, "So, all right, so this is the ruling": "The parties will, by October 1st, propose any changes to the scheduling order they think is appropriate." (Tr. 82:9–18.) The

written order provides that "[a]ny such requests must be made on or before October 1, 2026." (Dkt. 71 ¶ 2.) Neither mentions sixty days, November, or October 7.

The oral order controls (Tr. 83:12–13), and the oral order is the ruling at 82:9–83:3. Remarks in a colloquy are not a ruling: "a magistrate judge's observations at a hearing in no way bind the judge to make a particular recommendation on a pending motion." *Gray v. WinCo Foods, LLC*, 683 F. Supp. 3d 571, 582–83 (E.D. Tex. 2023). The colloquy ended with the Court declining to set dates "off-the-cuff"; the ruling directed the parties to propose them by October 1. Plus One admits it proposed nothing. (Dkt. 74 at 2.) Its alternative request, "or alternatively grant leave to serve them by that date" (*id.* at 4), concedes that the deadline did not move. *See* Motion to Preclude, Part I.A.

**B. The record refutes "AIIA raised no concern."**

Plus One says that when it served nothing on October 7, "AIIA raised no concern." (Dkt. 74 at 2.) AIIA objected at the first event after October 7, at 5:42 p.m. on October 9: "You did not provide us with anything on the 7th which precedes this disclosure deadline." (Ramachandran Decl. ¶ 8; Ex. A, Tab 29.) It made its expert disclosure under protest (¶ 9; Tab 28) and wrote on October 19 that "Plus One violated the Court's October 7, 2026 deadline." (Ex. E at 1.) The one email Plus One may cite, sent at 6:17 p.m. on October 9, states its own condition: "The court gave you time to review the claims charts and then meet and confer." (¶ 11; Tab 26.) That conference and proposal, ordered by October 1, never happened. (¶ 4.) Only an order could move October 7, and none d*id.*

**C. A party unsure of a ruling must seek clarification before the deadline, not thirteen days after it.**

Plus One had the transcript from September 23 (Dkts. 72, 73), two weeks before October 7; AIIA did not obtain access until October 16. (Ramachandran Decl. ¶ 4.) On October 13, Plus

One described the ruling to AIIA in detail, including the October 1 requirement, and demanded that AIIA show good cause for any change. (Ex. A, Tab 25, at Ex. A-119.) Plus One knew what the Court ordered, let October 7 pass, and sought no relief; that was a choice. The Court told the parties to "seek clarification" if there was "any question about it." (Tr. 83:12–13.) Plus One asked on October 20, thirteen days after October 7 and six days after it gave AIIA's contentions to its expert. A party that reads an order its own way and acts on it bears the risk: the respondents in *McComb v. Jacksonville Paper Co.* "could have petitioned the District Court for a modification, clarification or construction of the order," and "knew they acted at their peril." 336 U.S. 187, 192 (1949).

The default was intentional and in bad faith. On October 14 it disclosed AIIA's sealed contentions to its expert without the Undertaking or ten days' notice, and on October 15 it invoked the same Paragraph 5(e) against AIIA's expert. (Ramachandran Decl. ¶¶ 12–16.) Told on October 20 that AIIA would "approach the court today," Plus One did not cure; it filed Dkt. 74. (Ex. A, Tab 40, at Ex. A-200.)

**D. The alternative request is an untimely Rule 16(b)(4) motion with no showing of diligence.**

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The movant must show "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension," *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (citation omitted), and "[t]he burden is on the movant to establish diligence," *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Plus One makes no such showing. Its only explanation is its reading of the colloquy. "A simple communication or motion to extend deadlines could have prevented the current conflict." *Tech Pharmacy Servs., LLC v. Alixa Rx LLC*, No. 4:15-cv-766, 2017 WL 2833460, at *4 (E.D. Tex.

Jan. 18, 2017). Plus One's complaint that AIIA's contentions were "seven months late" (Dkt. 74 at 1) is no excuse: the same text order set Plus One's deadline at October 7.

**E. The table in Dkt. 74 is Plus One's, not AIIA's.**

Dkt. 74 states that AIIA "proposed the deadlines below," which the Court may enter "pursuant to stipulation." (Dkt. 74 at 4.) The position Plus One portrays as AIIA's is an edited version of a discussion document. AIIA circulated its October 16 working schedule for discussion at the meet and confer, under a header reserving its right to seek a different schedule. The table in Dkt. 74 reproduces the "Stipulated Amended Deadline" column of Plus One's own October 20, 1:35 a.m. redline of AIIA's October 16 working schedule, with Plus One's changes. (Ramachandran Decl. ¶ 30; Ex. A, Tab 41.) It departs from AIIA's document row by row, merging two of AIIA's rows and adding Plus One's words (¶ 18; Tab 37), and it omits AIIA's header, "AIIA reserves all right to seek a different schedule based on the meet and confer, or other deficiencies," and AIIA's entry for Plus One's contentions: "Originally, Oct. 7, 2026. Not present in written order, and no clarification was sought." (*Id.*; Ex. A, Tab 37, at Ex. A-169.) AIIA has said so to Plus One in writing: Plus One "misrepresented a document we circulated for discussion with your own changes as a 'stipulated order.'" (Ex. 1 at 3.) The November 9 entry was a placeholder showing the date Plus One was claiming, and AIIA told Plus One so three times before Dkt. 74 was filed. (Ex. A, Tab 41, at Ex. A-223 ("AIIA has never agreed to November 9"); Ex. F at 10; Ex. A, Tab 40.) AIIA's position is the one set out in its October 19, 2026 proposed agreed order, which it served on Plus One with its October 19 letter and which more fully sets forth AIIA's position: Plus One's contentions by October 20 and its technical documents by November 8. (¶ 25; Ex. E.) There is no stipulation for the Court to enter.

## III. Request (2) fails: Dkt. 71 ¶ 3 did not displace Paragraph 5(e).

### A. Paragraph 3 reaches specific third parties, not retained experts.

Plus One asked at the hearing to share AIIA's contentions with "third parties who are implicated by the contentions … Intel, RealSense, Amazon, their products are accused." (Tr. 15:11–14.) AIIA agreed as to "only those particular specific parties." (Tr. 16:19–20.) The written order limits sharing to "specific third parties where doing so is necessary to prepare their defense." (Dkt. 71 ¶ 3; see Tr. 82:24–83:1.) A retained expert is neither. Neither the oral ruling nor Dkt. 71 mentions experts or modifies the Protective Order, whose Paragraph 5(e) specifically governs "outside consultants or experts … retained for the purpose of this litigation." (Dkt. 27-1 ¶ 5(e).) Plus One itself invoked Paragraph 5(e) on October 15 against AIIA's expert. (Ramachandran Decl. ¶ 16; Ex. A, Tab 12.) AIIA complied: it has shared no Plus One designated material with Prof. Ranka (*id.*), and under Paragraph 5(e) he could first receive it ten days after AIIA served his Undertaking on October 16; even now, Plus One has produced none of the technical documents due October 7 for him to review. (*Id.* ¶ 34.) The parties served their experts' Undertakings on the same day, Friday, October 16; the difference is that Plus One's expert has had AIIA's material since October 14, because Plus One chose to produce AIIA's documents to its expert two days earlier, without following the requirements of Paragraph 5(e), including a signed Undertaking, while AIIA's expert has had nothing. (*Id.* ¶¶ 12, 23.) This prejudice, and the others described in Part I, will continue until the Court acts. Prof. Bretl was not timely disclosed under Paragraph 5(e): he was identified on October 9 with no Undertaking (¶¶ 6, 15; Ex. A, Tab 30) and received AIIA's contentions on October 14. *See* Motion to Disqualify, Part II.

### B. Completing the steps after the disclosure is not compliance.

At 6:58 p.m. on October 14, Plus One gave notice of disclosure to Prof. Bretl; one minute later AIIA objected: "We need the 10 days to vet your expert for conflicts." (Ramachandran

Decl. ¶ 12; Ex. A, Tabs 22, 23.) Plus One first served the Undertaking at 6:38 p.m. on October 16. (¶ 23; Ex. D.) Paragraph 5(e) requires that the Undertaking and CV be served "at least ten (10) days before access to the Protected Material is to be given." (Dkt. 27-1 ¶ 5(e).) The earliest lawful access was October 26. That period runs from the Court's order, and a party cannot move it on its own. Nor may Plus One decide for itself that AIIA's designated contentions are not confidential: Paragraph 18 of the Protective Order sets the procedure for challenging a designation, and Plus One never used it. (Dkt. 27-1 ¶ 18.) Courts do not accept after-the-fact compliance with pre-access procedures. *Demodulation, Inc. v. United States*, 122 Fed. Cl. 652, 660–61 (2015); *Allergan, Inc. v. Sandoz Inc.*, No. 2:09-cv-97, 2011 WL 2563238, at *2 (E.D. Tex. June 28, 2011) (condoning an "inadvertent oversight" "would undermine the Court's integrity and ability to enforce its own rules").

### C. AIIA objected within Paragraph 5(e)'s window, and retroactive approval would reward the breach.

AIIA objected on October 14 (Ramachandran Decl. ¶ 12) and filed the Motion to Disqualify within fifteen days of the October 16 notice. "No disclosure shall occur until all such objections are resolved by agreement or Court order." (Dkt. 27-1 ¶ 5(e).) Plus One may not resolve that objection by asking the Court to "clarify" it away, and its request that the Court "alternatively permit that disclosure now" (Dkt. 74 at 5) would make Paragraph 5(e) optional: the party that breaks the rule keeps the benefit, and the party that relied on it bears the cost. *Allergan* refused to excuse a pre-notice disclosure for that reason. 2011 WL 2563238, at *3.

## CONCLUSION

The Court should deny Plus One's Motion to Clarify (Dkt. 74) in full, including both alternative requests.

Dated: October 28, 2026

Respectfully submitted,

*/s/ Robert E. Golden*
Robert E. Golden
State Bar No. 08085560
GOLDEN LAW, P.C.
Independence Plaza II, Suite 250
14350 Northbrook Drive
San Antonio, TX 78232
(210) 495-0900
golden@goldenlaw.net

Vivek Ramachandran (admitted pro hac vice)
DHAMMA LAW PLLC
418 Broadway, Suite N
Albany, NY 12207
vramachandran@dhammalaw.com

*Counsel for Defendants/Counter-Plaintiffs*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(g), undersigned counsel certifies that Plus One did not meet and confer with AIIA before filing its Motion (Dkt. 74). Plus One never raised, and never sought AIIA's position on, a motion to "clarify" the Court's September 10 ruling. The October 16, 2026 conference and the October 16–20 correspondence addressed Plus One's October 7 default, its disclosure of AIIA's contentions to Prof. Bretl, and the parties' competing schedule proposals, not the relief Dkt. 74 requests; Plus One rushed to court instead. (Ramachandran Decl. ¶¶ 17–20, 25, 30–32; Ex. A, Tab 37, at Ex. A-169 ("no clarification was sought").) AIIA learned of Dkt. 74 from Plus One's email of October 20, 2026 at 5:59 p.m., sent after the motion was filed. AIIA responded seven minutes later, at 6:06 p.m., by advising Plus One of each motion AIIA would file that night, and why: "You have not advised us of your motion before filing. We have advised you of our motions." (Ex. 1 at 17–18.) AIIA has followed the rules and reached out to Plus One before each motion it filed, and it conferred with Plus One by email on October 28, 2026 regarding the matters addressed in this Response. (Ramachandran Decl. ¶¶ 9, 17–20, 25, 31–32; Ex. A, Tab 40, at Ex. A-200; Exhibit 1.) AIIA opposes the relief requested in Dkt. 74.

*/s/ Robert E. Golden*
Robert E. Golden

**CERTIFICATE OF SERVICE**

I certify that on October 28, 2026, the foregoing was filed through the Court's CM/ECF system, which will send notification of the filing to all counsel of record.

*/s/ Robert E. Golden*
Robert E. Golden