# EXHIBIT 1

Email from Vivek Ramachandran to Ryan Tyz, copying Udit Sood-Hall, Robert E. Golden, and the Tyz Law Plus One team, sent October 30, 2026, 7:31 a.m. Eastern, "Plus One v. AIIA — AIIA's Position on the October 29, 2026 Stipulation Negotiation and for the October 30, 2026 Meet-and-Confer; Reservation of Rights," reproduced in full with the email chain quoted beneath it (October 19–30, 2026).

**From:** vramachandran@dhammalaw.com
**To:** Ryan Tyz <ryan@tyzlaw.com>
**Cc:** Udit Sood-Hall <udit@tyzlaw.com>, Robert E Golden <golden@goldenlaw.net>, Tyz Law - Plus One Team <tyzlawplusoneteam@tyzlaw.com>
**Date:** Fri, 30 Oct 2026 07:31:04 -0400
**Subject:** Plus One v. AIIA — AIIA's Position on the October 29, 2026 Stipulation Negotiation and for the October 30, 2026 Meet-and-Confer; Reservation of Rights

---

Ryan,

In good faith, AIIA will leave open the window for Plus One to file the stipulation today with the single change AIIA requested -- "The Parties explicitly reserve additional unaddressed items relating to the October 7, 2026 and October 9, 2026 deadlines, and the rest of the Scheduling Order, for the meet-and-confer" -- even after AIIA files this update with the Court. AIIA seeks a fair procedure; Plus One seeks to preserve prejudice.

I write to state AIIA's position for today's October 30, 2026 meet-and-confer and to place AIIA's reservations on the record. AIIA has bent over backwards, and came back to you again yesterday to prevent permanent prejudice. AIIA even took up the substantive issues, instead of a simple stay at your suggestion, when counsel had other pressing obligations that are due today. AIIA chose to keep conferring on multiple occasions yesterday. A party that has used the procedure as a sword for six months was asked to stop doing so, so that we can move forward. Even under these challenging circumstances, AIIA has tried in good faith to work with you.

Yesterday, October 29, 2026, the parties tried to negotiate a stipulation to extend deadlines. AIIA asked only to preserve the status quo -- to move the dates without changing anyone's rights. Plus One refused every reservation AIIA proposed to protect that status quo:

First, Plus One refused AIIA's source-code/software reservation:

> Nothing in this stipulation alters the source-code and software provisions of the Scheduling Order or the Protective Order. AIIA reserves all of its rights under those provisions, including its position that AIIA's software-element disclosures and its source-code review proceed as the Scheduling Order and Protective Order provide -- beginning after Plus One's source code is produced and upon Plus One's approval of AIIA's expert, at a date and location to be set by mutual agreement.

Second, AIIA then offered not to resolve the issue in the stipulation at all, but simply to reserve the right to place the disputed source-code provision before the Court on November 6, 2026 -- leaving the dispute for the Court to decide. Plus One refused even that:

> AIIA explicitly reserves the right to place before the Court on November 6, 2026 the following provision, which the parties dispute: "Nothing in this stipulation alters the source-code and software provisions of the Scheduling Order or the Protective Order. AIIA reserves all of its rights under those provisions, including its position that AIIA's software-element disclosures and its source-code review proceed as the Scheduling Order and Protective Order provide -- beginning after Plus One's source code is produced and upon Plus One's approval of AIIA's expert, at a date and location to be set by mutual agreement."

Third, when AIIA offered to reduce that to a generic reservation -- as you suggested -- Plus One refused even that:

> Nothing in this stipulation alters the source-code and software provisions of the Scheduling Order or the Protective Order, and each party reserves all of its rights, positions, and objections under those provisions, which remain subject to the parties' meet-and-confer and,

> if unresolved, to resolution by the Court.

Fourth, when AIIA pared its request down to a bare reservation of its October 7 and October 9 rights, Plus One refused even that, and would agree only to a general reservation of rights that did not name the October 7 or October 9 rights at all:

> The Parties explicitly reserve additional unaddressed items relating to the October 7, 2026 and October 9, 2026 deadlines, and the rest of the Scheduling Order, for the meet-and-confer.

A reservation stripped of the very rights at issue preserves nothing AIIA needs. That was AIIA's last version; Plus One would not accept even a reservation that named the October 7 and October 9 rights.

Instead, Plus One insisted that AIIA begin from a position of fewer rights than the Scheduling Order already provides, and either surrender rights it holds under the October 7, October 9, and October 30 provisions or permanently prejudice its October 30 rights today. That refusal -- the latest in a two-week pattern of failed promises -- is why AIIA must now go to the Court.

Yesterday's conduct is the culmination of the past two weeks:

Plus One missed its own October 7, 2026 deadline. That deadline required Plus One both to serve its invalidity, Section 112, and Section 101 contentions and to produce, under Dkt. 31 Section II, all prior art referenced in those contentions and technical documents, including software, sufficient to show the operation of the accused products. Plus One did neither. AIIA therefore has neither Plus One's positions nor the production that was to accompany them.

Two days later, on October 9, 2026, Plus One served its extrinsic evidence and expert disclosures -- more than 3,000 pages (PLUSONE_000794-003799) -- with full knowledge of the invalidity, non-infringement, and Section 101 positions it withheld from AIIA. Its retained expert thus holds both AIIA's theories and Plus One's own; AIIA holds neither of Plus One's.

On October 14, 2026, Plus One disclosed AIIA's contentions to Prof. Bretl without the undertaking required by Paragraph 5(e) of the Protective Order, relying on the Court's September 11 instruction -- which authorized sharing only with appropriate third parties (the vendors Plus One identified: Amazon, Intel, and RealSense), not a retained litigation expert.

Throughout, Plus One has designated entirely public material "Attorneys' Eyes Only" -- its January 16 production (PLUSONE_000001-793: manufacturer datasheets, marketing, and bills of materials) and its October 9 production -- constraining even AIIA's own expert's use of public documents, while breaching the Protective Order to place AIIA's contentions before its own expert.

The compression of the October 7 and October 9 deadlines -- the very "short fuse" Plus One now exploits -- is itself the direct result of Mr. Sood's refusal to include good-faith meet-and-confer language. On May 8, 2026, Mr. Sood told Robert Golden, at the last minute, that Plus One would not include a provision stating that the parties shall negotiate the remaining deadlines in good faith -- a provision that would have prevented the October 7 and October 9 dates from being set so close together. That compression is a scheduling-order problem Plus One created and now uses against AIIA. Robert Golden's contemporaneous emails further reflect that Plus One conditioned any schedule change on an automatic dismissal of AIIA's claims with prejudice, without the Court's involvement.

Good-faith negotiation restores the rights AIIA already had -- it does not carve them away. AIIA has conferred repeatedly and in good faith, including on October 16, 2026 (instead of running to the Court on the Protective Order breach) and extensively since, addressing each item of prejudice, and raised all of these issues in its October 19, 2026

proposed order. AIIA has turned to the Court only as a last resort, after multiple failed promises from Plus One -- including Plus One's position yesterday, October 29, 2026. Plus One has refused to disclose the positions it already holds and served to its own expert on October 9, 2026.

Plus One's outstanding failures and omissions. Separate from AIIA's meet-and-confer position below, AIIA records the following obligations Plus One has not met:

_October 7, 2026 contentions (Dkt. 31 Section II):_

* Did not serve its preliminary invalidity contentions (the prior-art chart mapping each asserted claim element to the prior art).
* Did not serve its Section 112 identifications (the limitations it contends are indefinite or lack written description).
* Did not serve its Section 101 identifications (the claims it contends are directed to ineligible subject matter).
* Did not disclose any non-infringement theory.

_October 7, 2026 production (Dkt. 31 Section II):_

* Did not produce the prior art referenced in its invalidity contentions.
* Did not produce technical documents sufficient to show the operation of the accused products.
* Did not produce any document mapping a specific camera model to a specific accused product.

_Scheduling and procedure:_

* Did not timely seek clarification of the October 7 deadline, despite having the hearing transcript since September 23, 2026 (Dkt. 73) -- it was AIIA, not Plus One, that first put a corrected schedule forward, in its suggested October 19, 2026 order, which Plus One ignored before returning with its own version that further restricted AIIA's rights from what it had under the Scheduling Order. When Plus One finally did move to "clarify" (Dkt. 74), it used the request as a sword rather than a shield -- asking the Court to approve, ex post facto, its own self-serving reading that the October 7 deadline had moved to November 9, after Plus One had already acted on that reading to AIIA's prejudice.
* Did not file any proposed scheduling change by the Court's October 1, 2026 deadline.
* Did not give AIIA notice before going to the Court on October 20, 2026 (Dkt. 74), while AIIA gave Plus One notice of its motions.

_Protective Order (October 14, 2026 breach; Paragraphs 5(e) and 24):_

* Did not obtain Prof. Bretl's undertaking before disclosing AIIA's Attorneys' Eyes Only contentions to him.
* Did not allow AIIA to vet Prof. Bretl for conflicts before disclosure (the ten days AIIA requested).
* Did not certify destruction of AIIA's material, as AIIA did when Plus One objected to AIIA's prior expert.
* Did not confirm it will refrain from using AIIA's material pending the Court's resolution of the dispute.
* Did not discontinue the challenged conduct after AIIA objected.
* Did not identify what was disclosed to Prof. Bretl, or when.
* Did not propose any remedy for its own breach, leaving AIIA to do so.
* Did not agree to retain a different expert.

_Designations and use of the Protective Order:_

* Sought to use the Protective Order to prevent AIIA's own expert from reviewing material -- including entirely public documents Plus One over-designated "Attorneys' Eyes Only" -- while simultaneously breaching that same Protective Order to place AIIA's contentions before its own expert.
* Did not de-designate its entirely public materials (the January 16 and October 9 productions) marked "Attorneys' Eyes Only."

_Responses:_

* Did not respond to AIIA's October 19, 2026 proposed order, or to the destruction-and-certification, what-was-disclosed-and-when, and substitute-expert issues AIIA raised.

Accordingly, AIIA makes the following statement for the record at today's meet-and-confer:

* Plus One failed to serve its invalidity, non-infringement, and Section 101 positions, due October 7, 2026, and failed to make the Dkt. 31 Section II production (prior art and technical documents/software sufficient to show the operation of the accused products) due the same day.
* Plus One's retained expert holds both AIIA's theories and Plus One's own; AIIA has neither of Plus One's.
* All fifteen claim terms were identified by Plus One; AIIA identified none.
* AIIA does not know Plus One's theory behind any of those terms, or which of the more than 3,000 pages Plus One produced on October 9, 2026 (PLUSONE_000794-003799) relate to which construction Plus One will argue.
* Plus One knew its own invalidity, non-infringement, and Section 101 positions and chose not to share them with AIIA, to gain an unfair advantage.
* A single construction governs both infringement and validity (_O2 Micro_); AIIA cannot take or revise construction positions divorced from the validity positions Plus One is withholding.
* Plus One's "negotiations" have sought to carve away the rights AIIA already held under the Scheduling Order rather than simply move the dates, and would have AIIA surrender those rights or permanently prejudice its October 30 rights today.
* AIIA is subjected to this prejudice because of Plus One's own breach of the October 7, 2026 Scheduling Order requirements and its breach of the Protective Order on October 14, 2026.
* AIIA must enter today's claim-terms meet-and-confer blind to Plus One's invalidity, non-infringement, and Section 101 positions, and therefore cannot meaningfully participate -- yet is forced to do so under threat of permanent prejudice.
* AIIA was already prejudiced on October 9, 2026: without Plus One's October 7 positions, it could not frame its extrinsic evidence or designate the topics on which its expert may opine. That directly affects the Markman proceedings and AIIA's substantial rights.
* At today's conference, AIIA will listen to Plus One's positions on all fifteen terms but cannot meaningfully contribute or offer alternative constructions. AIIA expressly reserves all rights as to its claim-construction positions, its extrinsic evidence, and its expert's topics under the October 9 provisions, pending receipt of Plus One's invalidity, non-infringement, and Section 101 positions.
* AIIA objects to each and all of Plus One's proposed constructions, because they rest on invalidity, non-infringement, and Section 101 positions -- due October 7, 2026 -- that neither AIIA's counsel nor AIIA's expert has seen, while Plus One's expert has.
* Indefiniteness is Plus One's burden by clear and convincing evidence (_Nautilus_); Plus One has withheld the Section 112 basis AIIA would need to test indefiniteness.
* AIIA reserves the right to ask the Court: to strike or preclude Plus One's invalidity, non-infringement, and Section 101 positions as untimely; to extend AIIA's October 30 revised-constructions deadline until after Plus One serves those positions and makes its Section II production; for leave to supplement AIIA's October 9 extrinsic evidence and expert topics once Plus One's positions are known; for the Protective Order remedies AIIA seeks, including destruction, disqualification of Prof. Bretl in this action and any related or PTO/PTAB proceeding involving the patents-in-suit, and a substitute expert; for de-designation of Plus One's public materials; and for AIIA's fees.
* AIIA reserves the right to amend its claim constructions and its infringement contentions once Plus One's positions and discovery are available.

AIIA reserves all rights.

AIIA will place this statement on the Court's record shortly, as an addendum to its pending emergency motion. AIIA had hoped to withdraw that motion had Plus One accepted the single, status-quo provision AIIA requested: "The Parties explicitly reserve additional unaddressed items relating to the October 7, 2026 and October 9, 2026 deadlines, and the rest of the Scheduling Order, for the meet-and-confer." All AIIA sought was to retain the rights it already had, while giving Plus One the ability to cure any prejudice to it -- including additional extrinsic evidence -- notwithstanding Plus One's breach of the Protective Order and its failure to serve its contentions on October 7, 2026.

Sincerely,
Vivek

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

PLUS ONE ROBOTICS, INC.

Plaintiff,

Case No. 5:25-CV-01197-OLG-HJB

v.

ARTIFICIAL INTELLIGENCE INDUSTRY ASSOCIATION, INC., and ARTIFICIAL INTELLIGENCE IMAGING ASSOCIATION, INC.

Defendants.

ARTIFICIAL INTELLIGENCE INDUSTRY ASSOCIATION, INC., and ARTIFICIAL INTELLIGENCE IMAGING ASSOCIATION, INC.,

Counter-Plaintiffs,

v.

PLUS ONE ROBOTICS, INC.

Counter-Defendant.

JOINT STIPULATION AND [PROPOSED] ORDER

TO EXTEND DEADLINES

* Plaintiff and Counter-Defendant Plus One Robotics, Inc. ("Plus One") and Defendants and Counter-Plaintiffs Artificial Intelligence Industry Association, Inc. and Artificial Intelligence Imaging Association, Inc. (collectively, "AIIA," and together with Plus One, the "Parties") jointly move the Court to extend certain deadlines as set forth below.
* The deadline for Plus One's Contentions and Disclosures set for October 7, 2026 (_see _ 25, 31; and Text Order dated May 8, 2026) is extended to November 9, 2026. This changes only the date; it does not modify the substance of those obligations, which remain as stated in Dkt. 25 and Dkt. 31.
* The Parties' deadline to meet and confer to narrow terms in dispute and exchange a revised list of terms and constructions set for October 30, 2026 (Dkt. 25) is extended to December 9, 2026. This changes only the date; it does not modify the substance of those obligations, which remain as stated in Dkt. 25 and Dkt. 31.
* AIIA may supplement its October 9, 2026, disclosures under the Scheduling Order -- including its disclosure of extrinsic evidence and its identification of any expert witness and the scope of that witness's expected testimony -- on or before November 30, 2026. Plus One may supplement its corresponding disclosures, if necessary, by December 7,

2026.

* The Parties will meet and confer in good faith regarding the remaining issues addressed in the Parties' pending motions and, per the order dated October 28, 2026 (Dkt. 89), file by 12 noon Central Time on November 5, 2026, a Joint Advisory specifying which matters require resolution by the Court.
* Nothing in this stipulation alters any provisions of the Scheduling Order or the Protective Order, except as explicitly provided above.
* This stipulation is without prejudice to, and does not waive, any Party's rights, claims, objections, positions, or defenses, including those raised in the Parties' pending motions.
* Parties explicitly reserve additional unaddressed items relating to the October 7, 2026 and October 9, 2026, and the rest of the Scheduling Order for the meet and confer. (WATERED DOWN RESEVATION)

SO STIPULATED.

On 2026-10-30 00:34, vramachandran@dhammalaw.com wrote:

> Ryan,
>
> I am going to ask one more time, before, I update the court tonight. We
> are going to once again bend over backward and ask for your position on
> the filing tonight. I would rather not repeat history.
>
> Thank you.
>
> Sincerely,
> Vivek
>
> On 2026-10-29 23:40, vramachandran@dhammalaw.com wrote:
> Ryan,
>
> Let me know if you are going to file anything. Otherwise, I am going to
> sleep now.
> Thank you.
>
> Sincerly,
> Vivek
>
> On 2026-10-29 22:18, vramachandran@dhammalaw.com wrote: Ryan,
>
> Also between all the drafts, I thought we had a provision that
> addresses the rest of the scheduling order issues. We will end up in
> the same place with the 2 day deadline if we don't include something
> about that.
>
> 8. Parties explicitly reserve additional unaddressed items relating
> to the October 7, 2026 and October 9, 2026, and the rest of the
> Scheduling Order for the meet and confer.
>
> I don't want to be in the same position were some deadline in December
> clashes with what we agreed to, and not have anything that provides we
> will do that in the meet and confer.
>
> Thank you. With these changes we can file.
>
> Sincerely,
> Vivek
>
> On 2026-10-29 21:52, vramachandran@dhammalaw.com wrote: Ryan,
>
> This is what we can do. Add this clause as number 8:
>
> * Parties explicitly reserve any additional unaddressed items
> relating to the October 7, 2026 and October 9, 2026 deadline for the
> meet and confer
>
> We can go back to history again, and repeat you gave us two days on
> positions late in the night for Robert. WHich is why we are in this
> mess. And you disqualified an expert who was to look at your software,

> which is again why we have this software stipulation issue.
>
> We are trying to move forward. No. This does not resolve the
> scheduling issue, which is why we circulated the October 19, 2026
> order.
>
> We have bent over backwards to get to this draft. We will explicitly
> bring this issue in our joint report.
>
> We can file what we have with that reservation, that this does not
> resolve all scheduling issues related to October 7, 2026.
>
> Sincerely,
> Vivek
>
> On 2026-10-29 21:42, Ryan Tyz wrote:
>
> Vivek - We are not agreeing to include the source code issue. The
> stipulation is for what we agree to concerning the schedule, not
> what
> we don't about other issues. We are fine including a general
> reservation of rights, but we are not delineating everything each
> party reserves. Our last version is what we will agree to resolve
> the
> scheduling issue. I'll note that Plus One has agreed to give AIIA
> three weeks to supplement its extrinsic evidence when it previously
> only had two days, and to shorten its invalidity contention deadline
> from 90 days to 60 days. Those are concessions Plus One made to
> address the fact that AIIA served its fourth amended contentions way
> past the scheduled deadline and without leave. We are willing to
> agree to the attached, and hope AIIA will reconsider its position
> and
> accept the amended schedule. Otherwise, we will proceed under the
> current schedule and the meet and confer tomorrow and let the Court
> decide the issue, which would be unfortunate. We are signing of for
> the night. Ryan
>
> From: vramachandran@dhammalaw.com <vramachandran@dhammalaw.com>
> Date: Thursday, October 29, 2026 at 6:29\u202fPM
> To: Udit Sood-Hall <udit@tyzlaw.com>
> Cc: Ryan Tyz <ryan@tyzlaw.com>; Robert E Golden
> <golden@goldenlaw.net>; Tyz Law - Plus One Team
> <tyzlawplusoneteam@tyzlaw.com>
> Subject: Re: Plus One v. AIIA -- AIIA's Requested Changes to Case
> Schedule
>
> EXTERNAL EMAIL WARNING: This email originated outside of our
> organization. DO NOT CLICK links or attachments unless you recognize
> the sender and know the content is safe.
>
> Udit,
>
> We raised this issue on October 16, 2026. Then again on October 19,
> 2026. This isn't new nor something you were unaware of. Our
> position
> has been known for 14 days now.
>
> And even today, we are not seeking agreement. We are just reserving
> this
> issue explicitly. We don't want any arguments that we gave this up.
> We
> are just being explicit because, we have had too many times where we
> agree in good faith and it's been flipped on us.
>
> Thank you.
>
> Sincerely,
> Vivek
>
> On 2026-10-29 21:07, vramachandran@dhammalaw.com wrote:
>

> Udit,
>
> We are doing exactly that. It all stems from the October 9th deadline
>
> and obligations. You are welcome to state your reservations.
>
> We will explicitly reserve it with this language. You don't need
> to.
>
> 8.    AIIA explicitly reserves the right to place before the court on
>
> November 6, 2026, the following provision for inclusion in the
> stipulation, which parties disagree about:
> Nothing in this stipulation alters the source code and software
> provisions of the Scheduling Order or the Protective Order. AIIA
> reserves all of its rights under those provisions, including its
> position that AIIA's software-element disclosures and its source-code
>
> review proceed as the Scheduling Order and Protective Order
> provide --
>
> beginning after Plus One's source code is produced and upon Plus One's
>
> approval of AIIA's expert, at a date and location to be set by mutual
> agreement.
>
> We are ok either way. If you don't agree we can meet and confer
> tomorrow.
>
> Sincerely,
> Vivek
>
> On 2026-10-29 21:00, Udit Sood-Hall wrote: Vivek:
>
> In just five business days, the parties need to file a joint
statement

>> listing open disputes.  AIIA is free to note its position and
>> arguments about source code there.  The goal of this stipulation
>> is
>> just to address the imminent Oct. 30 deadline, formally moving
>> Oct.
7

>> to Nov. 9 and Oct. 30 to Dec. 9.  The attached achieves this and
>> is
>> explicitly without prejudice to each side's respective positions.
To

>> close this out, we are also willing to accept AIIA's request for
3

>> weeks to supplement extrinsic evidence, per the attached.
>>
>> This is the best we can do at this time.  Please confirm if it is
>> acceptable.  If not, Plus One will plan to participate in
tomorrow's

>> meet and confer and then exchange revised terms/constructions, per
the

>> operative case schedule.
>>
>> Thanks,
>>
>> Udit
>>
>> -----Original Message-----
>> From: vramachandran@dhammalaw.com <vramachandran@dhammalaw.com>
>> Sent: Thursday, October 29, 2026 5:28 PM
>> To: Udit Sood-Hall <udit@tyzlaw.com>

>> Cc: Ryan Tyz <ryan@tyzlaw.com>; Robert E Golden
>> <golden@goldenlaw.net>; Tyz Law - Plus One Team
>> <tyzlawplusoneteam@tyzlaw.com>
>> Subject: Re: Plus One v. AIIA -- AIIA's Requested Changes to Case
>> Schedule
>>
>> EXTERNAL EMAIL WARNING: This email originated outside of our
>> organization. DO NOT CLICK links or attachments unless you
recognize

> the sender and know the content is safe.
>
> Please see attached. There were some deletions that were missing.
>
> On 2026-10-29 20:24, vramachandran@dhammalaw.com wrote:
>
> Udit,
>
> We don't agree to the removal of both reservations. We are moving
> backwards with this draft. Please don't take out a provision and
> call
>
> that addressing a reservation. It does not.
>
> I was hoping not to place any issues before the court. But we can
> explicitly agree to place the software provision before the court.
>
> We have retained the language on supplementation with your ability
> to
>
> propose a change in timelines during our meet and confer.
>
> The better place for issues that are resolved is our joint motion.
> We
>
> don't need to agree on everything in this order. The judge said as
> much
>
> during the hearing. The order can state our position differences.
>
> I am ok with this having some warts. And I have tried to
accomodate

> your position as well on these issues. The idea isn't to get you
to

> agree to everything. Just reflect a working draft of our concerns
> and
>
> the court can rule on the software provision.
>
> Sincerely,
> Vivek
>
> On 2026-10-29 20:05, Udit Sood-Hall wrote:
> Vivek:  You say below that AIIA will not be able to move forward

>> without this "reservation."  If that's all AIIA wants--to

>> reserve its rights--that's fine, and the attached achieves
this

> explicitly.  The argumentation regarding source code is for AIIA
to

> make elsewhere, not in this joint motion.  Regarding your request
for

>> 3 weeks, let's just plan to address that with the rest of the
issues

>> early next week since we need to discuss with you if/how that might

> impact other deadlines.  Please confirm if AIIA accepts.  Thanks.

>> -----Original Message-----

>> From: vramachandran@dhammalaw.com <vramachandran@dhammalaw.com>

>> Sent: Thursday, October 29, 2026 4:47 PM

>> To: Udit Sood-Hall <udit@tyzlaw.com>

>> Cc: Ryan Tyz <ryan@tyzlaw.com>; Robert E Golden

>> <golden@goldenlaw.net>; Tyz Law - Plus One Team

>> <tyzlawplusoneteam@tyzlaw.com>

>> Subject: Re: Plus One v. AIIA -- AIIA's Requested Changes to Case

>> Schedule

>> EXTERNAL EMAIL WARNING: This email originated outside of our

>> organization. DO NOT CLICK links or attachments unless you recognize

>> the sender and know the content is safe.

>> Udit,

>> We are going to insist on the software provision.

>> Unlike the prior instances, this is a ex-post facto extension. And

> we
>
> need to retain the right to see your source code. This is co-extensive

>> with discovery when it begines. We are not going to be able to move

> forward with this without this reservation. We raised this during the

>> hearing as well and during our October 16, 2026 meet and confer and

> in
>
> our October 19, 2026 order. The current provision, is very nebulous

> and

>> has already caused issues. We just used the language in your own

>> letter.

>> Like I said, we don't want any more confusion on this issue. We have

>> had

>> enough confusion on this, and need to sort this out now.

>> Also October 9, 2026 was also about experts and other details. I added

>> that back in to track the language. The 2 days window was a
reduction

>> from 60, because you refused to at the last minute per Robert. I
have

>> it

>> in my notes. Therefore, we are going to be looking at 3 weeks for
us

>> and

>> one week for you. You are already familiar with your own theory
and

> we
>
> are not, so three weeks is fair. We didn't want to go on about
this,

>> which is why we set it up as a meet and confer item.

>> Added the reservation language on both parties rights on the
motions.

>> The joint report is a better place to address what has been
resolved

>> and

>> what is pending.

>> Sincerely,

>> Vivek

>> On 2026-10-29 19:16, Udit Sood-Hall wrote:

> Thanks, Vivek.  Glad to see the parties making progress here.

> A revised draft is attached.  Plus One will not include any

>> statements

> specific to source code in this stipulation, which in our view
is

> intended to do no more than formally reset the October 7
deadline

> to
>
> November 9, and the October 30 deadline to December 9.  The last

> couple of rounds have had no edits to the stipulation paragraphs

> addressing those deadlines.

> We understand AIIA's request for "accommodations" with
respect

> to its October 9th disclosures.  For the reason stated above, we

>> think

> it makes most sense to address that separately during the
parties'

> meet and confer early next week.  But, in the interest of

compromise

> and to get this on file without endless back-and-forth, Plus One is

> willing to allow AIIA seven (7) days after receiving Plus One's

> contentions to supplement its disclosures. As you will appreciate,

> this is more generous than the 2 days AIIA would otherwise have had

> with deadlines of October 7 and 9. We also included time for Plus

> One

> to make any necessary responsive supplementation, per your offer of

> "flexibility" below. This is all reflected in paragraph 4.

> Please confirm as soon as possible that we have your authorization

> to

> file this version. I need to leave for an event soon and then will

> not be available until tomorrow.

> Thanks,

> Udit

> -----Original Message-----

> From: vramachandran@dhammalaw.com <vramachandran@dhammalaw.com>

> Sent: Thursday, October 29, 2026 3:26 PM

> To: Udit Sood-Hall <udit@tyzlaw.com>

> Cc: Ryan Tyz <ryan@tyzlaw.com>; Robert E Golden

> <golden@goldenlaw.net>; Tyz Law - Plus One Team

> <tyzlawplusoneteam@tyzlaw.com>

> Subject: Re: Plus One v. AIIA -- AIIA's Requested Changes to Case

> Schedule

> EXTERNAL EMAIL WARNING: This email originated outside of our

> organization. DO NOT CLICK links or attachments unless you recognize

> the sender and know the content is safe.

> Udit,

> Please see attached.

> (1) Added back the source code review provisions which tracks your

> original letter on mutually agreed date and time. We don't

>> anticipate

> doing a lot of code review, but would like to retain those rights

> explicitly. We have dropped the date so it flows from the

>> obligations

> themselves.

> (2) Added back the October 9, 2026 accommodation. We will try to be

>> as

> efficient as possible with our review and try to get you any

>> materials

> (if necessary) and will be flexible if you need to make changes to

> your

> terms based on any materials we produce. We are not interested in

> surprising you or trying to get one over you.

> (3) Added back language about the rest of the deadlines. We don't

> want

> to be in a position where we have deadlines that clash with what we

> have

> proposed and the order not include an explicit provision about this.

> Sincerely,

> Vivek

> On 2026-10-29 17:55, Udit Sood-Hall wrote:

> (Resending on thread Vivek requested)

> Vivek:  Please see the attached stipulation, which generally tracks

> what AIIA proposed, except the October 30 deadline to meet and

> confer

> and "exchange" revised lists of terms/constructions is moved

> to

> December 9 for both sides (not just AIIA).  Please confirm we have

> AIIA's permission to file.  Thanks.

> From: vramachandran@dhammalaw.com <vramachandran@dhammalaw.com>

> Sent: Thursday, October 29, 2026 2:13 PM

> To: Ryan Tyz <ryan@tyzlaw.com>

> Cc: Udit Sood-Hall <udit@tyzlaw.com>; Robert E Golden

> <golden@goldenlaw.net>; Tyz Law - Plus One Team

> <tyzlawplusoneteam@tyzlaw.com>

> Subject: Re: Plus One v. AIIA -- AIIA's Requested Changes to Case

> Schedule

> EXTERNAL EMAIL WARNING: This email originated outside of our

> organization. DO NOT CLICK links or attachments unless you

>> recognize

> the sender and know the content is safe.

> Ryan,

> Please do not keep switching threads. I am moving everything again

> into this thread to give the court an idea of everything we

> discussed.

> Moving everything to the same thread:

> AIIA's sole interest is to keep what is already has under the

>> order.

> We made this clear in our October 19, 2026 order.

> We have allowed you to seek modification with the court, if you

> think

> that is appropriate. We are being more than fair in this order

>> given

> the circumstances.

> We are happy to have a fair proceeding and keep what rights we

>> have.

> Sincerely,

> Vivek

> Ryan,

> No dropping things from the scheduling order. This is based on you

> not

> meeting your obligations. Not a negotiation on what is already

> there.

> You cannot fail to meet a deadline and then water it down. Not

> happening.

> Judge Albright's discovery rules including software review is to

> confirm what is already there. We have cited a case for this in our

> submission to the court.

> PROPOSED STIPULATION AND [AGREED] ORDER EXTENDING DEADLINES

> Plus One's October 7 obligations (extension by reference). The

> deadline for Plus One's Contentions and Disclosures set for

> October

> 7, 2026 -- all obligations due that date under the Scheduling

>> Order

> (Dkt. 25) and the Order Regarding Contentions (Dkt. 31) -- is

> extended to November 9, 2026. This changes only the date; it does

> not

> modify the substance of those obligations, which remain as stated

> in

> Dkt. 25 and Dkt. 31.

> Parties October 30 deadline. AIIA's October 30, 2026 deadline to

> exchange a revised list of terms and constructions (Dkt. 25) is

> extended to thirty (30) days after Plus One meets its Paragraph 1

> obligations (i.e., on or before December 9, 2026), so that AIIA's

> revised constructions follow, rather than precede, Plus One's

> invalidity and � 112 contentions.

> Additional deadlines. The parties will meet and confer to adjust

> the

> remaining deadlines and any contentions relating to the October 7

> obligations in the Scheduling Order as appropriate, and will submit

> any agreed adjustments -- or competing proposals -- to the Court.

> Source-code / software review. Nothing in this stipulation alters

> the

> source-code and software provisions of the Scheduling Order. In
the

> parties' meet-and-confer, they will address the software and

> technical-document production (now due November 9, 2026) and
the

> scheduling of AIIA's code review, to begin upon Plus One's

> approval of AIIA's expert and by mutual agreement, as
discussed

> on

> October 16, 2026.

> Related meet-and-confer items. The parties will further meet
and

> confer regarding reasonable accommodations to AIIA's October
9,

> 2026

> obligations that AIIA could not fully meet because the October
7,

> 2026

> disclosures was not available.

> Recourse to the Court. If the parties are unable to agree on
any

> matter reserved for meet-and-confer in this stipulation, either

> party

> may present that matter to the Court.

> Sincerely,

> Vivek

> On 2026-10-29 15:17, Udit Sood-Hall wrote:

> Vivek:  AIIA proposes a "stay on [the] October 30, 2026
deadline

> until 30 days after PlusOne discloses invalidity,
non-infringement,

> and 101 contentions."  Plus One will agree to the below
amended

> schedule, which gives AIIA its requested 30 days.  Please
confirm

> AIIA's agreement.

> Event

> Deadline

> Plus One preliminary invalidity / � 112 / � 101 contentions,
and

> supplemental technical documents (if any) sufficient to show
the

> operation of the accused instrumentalities in AIIA's 4th
Amended

> Infringement Contentions

> Nov. 9, 2026

> Meet-and-confer; exchange revised terms / constructions

> Dec. 9, 2026

> We can then confer early next week on the remaining issues, per
the

> Court's order.

> Regards,

> Udit

> Udit Sood-Hall (he/him)

> Tyz Law Group PC

> On 2026-10-29 15:09, vramachandran@dhammalaw.com wrote:

> Ryan,

> The movement is just as you suggested. Keyed from your
disclosure,

> not

> from the court's ruling.

> A stay on October 30, 2026 deadline until 30 days after
PlusOne

> discloses invalidity, non-infringement, and 101 contentions
which

> were due on October 7, 2026. With both parties reserving all

>> rights

> at

> the hearing or during the subsequent meet and confer.

> As discussed yesterday, I am to file a couple of motions
tomorrow

> with

> two different courts on a hearing that took place today. It
also

> happens to be a criminal proceeding. After this message, I
have

> to

> get

> back to that.

> Second, we are going to meet and confer before the court date.
You

> can

> always bring up anything we propose in November to the judge,
if

> it's

> not merely to protect our interests. Additionally, it will
give

> AIIA

> management time to look at your filing today. I am talking to
them

> this weekend. As discussed they are not happy given your

> representation to the court on our October 19, 2026 proposal
and

> want

> to carefully consider any schedule before approving the same.

> In any event both the October 9, 2026 and the October 30, 2026

> deadlines being keyed to your October 7, 2026 disclosure are
to

> protect AIIA. And without that the prejudice is permanent. Our

> minimal

> proposal is the avoid the prejudice today, so that we can
leave

> open

> a

> fuller resolution on the November 1, 2026 meet and confer.

> The court's directive is to meet and confer before November 5,

> 2026.

> We have proposed November 1, 2026 for the meet and confer.

> Therefore,

> we are doing everything in our power to meet the court's
directive

> and

> resolve issues. We are just making sure our rights are
protected

> and

> cannot do so with a gun to our head. A situation created by

>> PlusOne

> with a breach of the October 7, 2026 and October 14, 2026

> protecitve

> order.

> Therefore, we are more than willing to meet what the court
wants

> us

> to

> do. Inspite of all the events that have transpired. We have

> complied

> with everything the court asked us to do. If we could not, we
have

> asked the court's permission. In each instance, if there was
any

> prejudice to PlusOne we have always tried to work around them.

> We asked our prior expert to destroy even though it was a

>> courtesy.

> What is being asked in this simple proposal is to keep the
ability

> to

> meet the court's requirement alive. Nothing more. If you don't

>> like

> our proposal in November you have an immediate fallback at the

> hearing

> on November 6, 2026.

> I need to get back to my motions. We are trying to work to
resolve

> the

> issues. However, PlusOne once again has to use deadlines which
are

> once again delayed due to its own production being weaponized

> against

> AIIA. And will not move the dates to remove that prejduice.

> November

> 1, 2026 meet and confer does not prejudice PlusOne in any
case.

> You

> ahve all our theories and our theories. AIIA has no excuse on

>> this.

> I am hoping we can work this out on the lines provied above so

>> that

> we

> can more fully resolve the dispute on November 1, 2026.

> This was your own 1-2 proposal. The only details left out are
the

> additional dates that mirror what we already have on suitable

> dates.

> Plus additional accommodations to address AIIA's deadlines
like

> October 7, 2026 and October 30, 2026. Even the October 19,
2026

> order

> was exactly based off our existing schedule with AIIA's
concerns

> addressed.

> Once again, we have done everything we can to move you aay
from

> prejudicing AIIA permanently.

> Sincerely,

> Vivek

> I am pasting your 2.52 PM email below, so everything is in the

>> same

> thread.

> MESSAGE FROM RYAN AT 2.52 PM>

> That does not answer the question, Vivek.  Nor does it comply
with

> the

> Court's directive that we confer to resolve or narrow the
issues

> -

> because it does neither.  Coming to an agreement on an amended

> schedule would resolve two of the issues before the Court.
That

> should be very simple, but it requires both parties confer in
good

> faith on a schedule.  We have given AIIA our proposal and have

> asked

> repeatedly for AIIA's.  Why does AIIA refuse to provide one?

> END OF PASTE FROM RYAN

> Ryan,

> How does the short move to allow us to meet and confer based
off

> your

> own dates that you wanted prejudice PlusOne?

> You can always ask the judge to rule on November 6, 2026, if

we

> ask

> for anything other than reasonable accomodations on the
schedule.

> We have given you everything you asked for. In any case, the

> November

> 9, 2026 date and the sequence of the meet and confer on
October

> 30,

> 2026 and October 9, 2026 was for the benefit of AIIA. Both of

>> which

> prejudices AIIA.

> We have bent over backwards, in our proposal yesterady.

> A stay on October 30, 2026 deadline until 30 days after
PlusOne

> discloses invalidity, non-infringement, and 101 contentions
which

> were due on October 7, 2026. With both parties reserving all

>> rights

> at

> the hearing or during the subsequent meet and confer.

> In essence, you have everything you asked for and more. Just

> subject

> to us getting our rights preserved on the lines of what we

>> proposed

> on

> October 19, 2026, with AIIA management approval.

> We have done everything we can to avoid prejduice to you. In

> similar

> circumstances, Udit wanted a dismissal with prejudice. We have

>> only

> chosen to protect our rights and prevent prejudice.

> Sincerely,

> Vivek

> Ryan,

> How does the short move to allow us to meet and confer based
off

> your

> own dates that you wanted prejudice PlusOne?

> You can always ask the judge to rule on November 6, 2026, if
 we

> ask

> for anything other than reasonable accomodations on the
 schedule.

> We have given you everything you asked for. In any case, the

> November

> 9, 2026 date and the sequence of the meet and confer on
 October

> 30,

> 2026 and October 9, 2026 was for the benefit of AIIA. Both of

>> which

> prejudices AIIA.

> We have bent over backwards, in our proposal yesterady.

> A stay on October 30, 2026 deadline until 30 days after
 PlusOne

> discloses invalidity, non-infringement, and 101 contentions
 which

> were due on October 7, 2026. With both parties reserving all

>> rights

> at

> the hearing or during the subsequent meet and confer.

> In essence, you have everything you asked for and more. Just

> subject

> to us getting our rights preserved on the lines of what we

>> proposed

> on

> October 19, 2026, with AIIA management approval.

> We have done everything we can to avoid prejduice to you. In

> similar

> circumstances, Udit wanted a dismissal with prejudice. We have

>> only

> chosen to protect our rights and prevent prejudice.

> Sincerely,

> Vivek

> On 2026-10-29 14:40, Ryan Tyz wrote:

> Plus One is not amenable to staying one deadline until 30 days

> after

> the court's ruling. That does not resolve or narrow the
issues

> for

> the court, which is what that Court wants us to do. Why is
AIIA

> unwilling to engage in a meet and confer to address the entire

> pre-Markman schedule and solve its stated prejudice
contention?

> I

> am

> hopeful we can use the time today to discuss a schedule. And
it

> would

> be helpful if AIIA could provide in advance of our call a

> scheduling

> proposal to the extent it disagrees with Plus One's.

> From: vramachandran@dhammalaw.com
<vramachandran@dhammalaw.com>

> Date: Thursday, October 29, 2026 at 11:33\u202fAM

> To: Ryan Tyz <ryan@tyzlaw.com>; Udit Sood-Hall
<udit@tyzlaw.com>

> Cc: Robert E Golden <golden@goldenlaw.net>; Tyz Law - Plus One

>> Team

> <tyzlawplusoneteam@tyzlaw.com>

> Subject: Re: Plus One v. AIIA -- AIIA's Requested Changes to
Case

> Schedule

> EXTERNAL EMAIL WARNING: This email originated outside of our

> organization. DO NOT CLICK links or attachments unless you

> recognize

> the sender and know the content is safe.

> Ryan,

> We proposed an order so that we can consider all the dates in

> detail

> and yet PlusOne has not provided what will let the parties
address

> issues in a live new and confer.

> We gave your our position on October 19, 2026 and yet you did
not

> respond to that and instead sent out different proposals.

> That path to the resolution starts with the simple order to
let

> us

> build confidence which does not prejudice PlusOne in any way
shape

> or

> form.

> You keep ignoring our proposal which has all the details and

> propose

> new arrangements which do not have the context.

> Sincerely,

> Vivek

> Sent with Spark [1 [1]]

> On Oct 29, 2026 at 2:29\u202fPM -0400, Ryan Tyz
<ryan@tyzlaw.com>,

> wrote:

> AIIA has had our proposal on a case schedule for multiple
weeks

> now.  Yet, it has chosen not to respond with an alternative

> schedule.  I'll note that none of this would have been
required

> had AIIA complied with the original or amended case deadlines.

> Instead, it served its fourth amended infringement contentions

> well

> after the extended deadline without leave.  Now it refuses to

> engage

> in a meet and confer on a new schedule.  That is hardly in the

> spirit of the court's directive that we meet and confer.  And
AIIA

> has still not explained any prejudice that Plus One's proposed

> schedule would cause AIIA - nor can it, because it plainly
solves

> the only concern AIIA has ever raised with the current
schedule

> (that it does not have Plus One's invalidity contentions to

> finalize its claim constructions positions).  We reiterate our

> request that AIIA provide a proposed schedule that we can

> consider.

> From: vramachandran@dhammalaw.com

<vramachandran@dhammalaw.com>

> Date: Thursday, October 29, 2026 at 11:07\u202fAM

> To: Udit Sood-Hall <udit@tyzlaw.com>; Ryan Tyz
<ryan@tyzlaw.com>

> Cc: Robert E Golden <golden@goldenlaw.net>; Tyz Law - Plus One

> Team

> <tyzlawplusoneteam@tyzlaw.com>

> Subject: RE: Plus One v. AIIA -- AIIA's Requested Changes to
Case

> Schedule

> EXTERNAL EMAIL WARNING: This email originated outside of our

> organization. DO NOT CLICK links or attachments unless you

> recognize

> the sender and know the content is safe.

> Ryan,

> We will meet and confer and listen to your position.

> We reserve all rights to amend or introduce additional

> constructions

> once your October 7 disclosure is available.

> We do not have any meaningful way to address any issues raised

> without knowing your theories on infringement, invalidity and
101.

> Yesterday we gave you a way to address the prejudice and avoid

> some

> of the issues in the motion practice based on your own 1-2

> suggestion. We even gave you a date pick you wanted.

> With that we could have more fully resolved the issues in the

> November meet and confer.

> PlusOne would have lost no rights and in any case all other
dates

> would have aligned with your chosen date at the November meet
and

> confer, based on us ironing out multiple issues in your
circulated

> dates. I pointed out one which is AIIA not being able to bring
in

> extrinsic evidence based on knowledge of your theories.

> However, you are choosing to prejudice AIIA instead. Please
note

> that any money and confer in November will have limited room

for

> AIIA to address any issues.

> Our offer below was the best shot we had of resolving the
pending

> issues with the court.

> We will wait for the court today and will add this email as
part

> of

> our addendum to the court.

> Sincerely,

> Vivek

> Sent with Spark [1 [1]]

> On Oct 29, 2026 at 1:58\u202fPM -0400, Udit Sood-Hall

> <udit@tyzlaw.com>, wrote:

> Vivek:  Confirming tomorrow's meet and confer for 4.30 pm PT.

> Thanks.

> From: Vramachandran <vramachandran@dhammalaw.com>

> Sent: Thursday, October 29, 2026 3:03 AM

> To: Ryan Tyz <ryan@tyzlaw.com>

> Cc: Udit Sood-Hall <udit@tyzlaw.com>; Robert E Golden

> <golden@goldenlaw.net>; Tyz Law - Plus One Team

> <tyzlawplusoneteam@tyzlaw.com>

> Subject: Re: Plus One v. AIIA -- AIIA's Requested Changes to
Case

> Schedule

> EXTERNAL EMAIL WARNING: This email originated outside of our

> organization. DO NOT CLICK links or attachments unless you

> recognize

> the sender and know the content is safe.

> Ryan,

> Since, we were unable to come to a conclusion, on even the

> simplest

> agreement proposed we will wait for the court to rule on it.

> Since I have a hearing today, and have a packed schedule, I
will

> be

> out.

> We will meet and confer at 4.30 PST on Friday for the claim

terms

> if

> the court does not rule. We have no choice but to follow the

> schedule. And we still do not have your invalidity
contentions,

> your

> indefiniteness position and 101 and are unable to participate

> fully

> nor appreciate why your claim construction exists.

> Moreover, we have not been able to consult with our experts on
any

> of these because it's just not available.

> Sincerely,

> Vivek

> On Oct 28, 2026 at 6:54 PM, <Vramachandran> wrote:

> Ryan,

> We are discussing something simpler.

> A stay on October 30, 2026 deadline until 30 days after
PlusOne

> discloses invalidity, non-infringement, and 101 contentions
which

> were due on October 7, 2026. With both parties reserving all

> rights

> at the hearing or during the subsequent meet and confer.

> This addresses Step 1 and 2 of your suggestions.

> The complete schedule needs AIIA management approval, and a
meet

> and

> confer in November 2026. We can more fully discuss the
schedule

> on

> November 1, 2026. I can then take it back to AIIA and get back
to

> you.

> Moreover, there are further complications like we also need to

> move

> the October 9, 2026 deadline for AIIA alone, because we did
not

> have

> your theories before we disclosed what ur expert will do and

so

> on.

> AIIA has already been prejudiced. We are trying to work to avoid

> troubling the court. But, need forward movement to be able to

> resolve these issues. AIIA is looking at this very closely. And

> all

> of these require AIIA management approval and further meet and

> confer between parties.

> What we can do today is the above, with all rights reserved for

> both

> parties at the hearing and at the meet and confer.

> This is a simple ask.

> Sincerely,

> Vivek

> On 2026-10-28 18:46, vramachandran@dhammalaw.com wrote:

> Ryan,

> We are discussing something simpler.

> A stay on October 30, 2026 deadline until PlusOne discloses

> invalidity, non-infringement,

> and 101 contentions are, which were due on October 7, 2026. With

> both

> parties reserving all rights at the hearing or during the

> subsequent

> meet and confer.

> This addresses Step 1 and 2 of your suggestions.

> The complete schedule needs AIIA management approval, and a meet

> and

> confer in November 2026. We can more fully discuss the schedule

> on

> November 1, 2026. I can then take it back to AIIA and get back to

> you.

> What we can do today is the above, with all rights reserved for

> both

> parties at the hearing and at the meet and confer.

> This is a simple ask.

> Sincerely,

> Vivek

> On 2026-10-28 18:40, Ryan Tyz wrote:

> Vivek - Plus One proposes the following amended schedule, which

> resolves AIIA's stated concerns - AIIA and its expert will have

> Plus

> One's invalidity contentions (Nov. 9) well before the parties

> discuss and finalize our claim constructions (Dec. 2).

> Event

> Stipulated Amended Deadline

> Plus One preliminary invalidity / � 112 / � 101 contentions, and

> supplemental technical documents (if any) sufficient to show the

> operation of the accused instrumentalities in AIIA's 4th Amended

> Infringement Contentions

> Nov. 9, 2026

> Parties' supplemental disclosure of extrinsic evidence and

> experts,

> with scope of topics

> Nov. 16, 2026

> Meet-and-confer; exchange revised terms / constructions

> Dec. 2, 2026

> Mediation

> Dec. 23, 2026

> Opening claim-construction briefs

> Jan. 13, 2027

> Responsive claim-construction briefs

> Feb. 5, 2027

> Joint Claim Construction Statement

> Feb. 12, 2027

> Technical tutorials (optional)

> Feb. 19, 2027 (or other date set by court)

> Markman hearing

> Feb. 26, 2027 (or other date set by the court)

> If AIIA believes otherwise or wants different amended deadlines

> than

> those set forth above, please propose them and we will consider

> them.

> We remain willing and available to meet and confer tomorrow.

> Ryan

> From: vramachandran@dhammalaw.com <vramachandran@dhammalaw.com>

> Date: Wednesday, October 28, 2026 at 3:28\u202fPM

> To: Ryan Tyz <ryan@tyzlaw.com>

> Cc: Udit Sood-Hall <udit@tyzlaw.com>; Robert E Golden

> <golden@goldenlaw.net>; Tyz Law - Plus One Team

> <tyzlawplusoneteam@tyzlaw.com>

> Subject: Re: Plus One v. AIIA -- AIIA's Requested Changes to Case

> Schedule

> EXTERNAL EMAIL WARNING: This email originated outside of our

> organization. DO NOT CLICK links or attachments unless you

> recognize

> the sender and know the content is safe.

> Earlier message was sent before it was ready.

> Ryan,

> It's pretty simple. We have just one simple ask.

> We are going to one last time bend over backwards to resolve this

> issue. We also want to avoid troubling the court.

> (1) When will you disclose, PlusOne's invalidity,

> non-infringement,

> and 101 contentions are, which were due on October 7, 2026, which

> only

> AIIA does not have, and with your expert being fully involved, you

> now

> want to use the October 30, 2026 date as leverage. Leverage
you

> gained

> using the breach of the protective order and scheduling order.

> And

> you want us to resolve this with a scheduling order movement
or

> force

> us to take up claim construction with zero disclosure of your

> theories

> on invalidity, non-infringement, and 101 due on October 7,
2026.

> You

> have 3008 pages of documents, you know your theory, your
expert

> knows

> your theory. Only AIIA has no idea what the theory is. Our
Expert

> nor

> AIIA attorneys know what your own invalidity,
non-infringement,

> and

> 101 contentions are. Without a fully briefed invalidity,

> non-infringement, and 101 contentions on October 7, 2026 you
could

> not

> have produced all the evidence your expert needs on October 9,

> 2026

> for the October 30, 2026 meet and confer. Therefore, you have
all

> the

> information that you need to disclose to AIIA.

> And based on you not wanting to moving the deadline of October
30,

> 2026, you have AIIA's theories, Plus One's fully briefed

> invalidity,

> non-infringement, and 101 contention theories which were due
on

> October 7, 2026. Therefore, the only party prejudiced is AIIA.

> AIIA

> does not have access to your theories nor does its expert have

> access

> to your documents and theories which it will not until some
future

> date.

> (2) Until your invalidity, non-infringement, and 101
contentions

> are

> disclosed will you agree to a stay of October 30, 2026
deadline

> for

> meet and confer which only prejudices AIIA only?

> Without the stay, we do not know what your invalidity,

> non-infringement, and 101 contentions are which were due on

> October

> 7,

> 2026 and cannot meet our obligations on October 30, 2026. But
will

> definitely meet and confer on that date under the court's
order,

> because we have no choice. We have tried out best even if you
do

> not

> provide us with anything to meet our obligations like we did
with

> 9

> documents disclosing operation of four different products.

> The stay is the path of least resistance that does not put a
gun

> to

> any parties head. AIIA or PlusOne. The rest of the resolutions

> follow

> from this one simple resolution. We can discuss the rest on

> November

> 1, 2026. I don't think it's complicated. This is a resolution
you

> have

> hinted at below as 1 and 2. We can do the scheduling order

> discussion

> on November 1, 2026.

> This is a small step, but one that moves us forward. This does
not

> need us to address any of the other issues today, which we can

> deal

> with in good faith before the November 5, 2026 deadline.

> We have offered to meet and confer on November 1, 2026 as
required

> by

> the court before November 5, 2026 to resolve other issues more

> fully.

> We have bent over backwards in October 2026 following your
breach

> on

> October 7, 2026 and October 14, 2026.

> Once again, bending over backwards so that we can minimize the

> prejudice to AIIA. Once we see that you are willing to do
that,

> we

> can

> more fully resolve issues in early November 2026 before
November

> 5,

> 2026 with AIIA management's involvement.

> We are doing so again.

> Sincerely,

> Vivek

> On 2026-10-28 17:26, vramachandran@dhammalaw.com wrote:

> Ryan,

> We need to focus on our brief.

> We also want to avoid troubling the court. We have offered to
meet

> and confer on November 1, 2026 as required by the court before

> November 5, 2026 to resolve these issues more fully. We have
bent

> over backwards in October 2026 following your breach on
October

> 7,

> 2026 and October 14, 2026.

> We offered an order on October 19, 2026. However you refused
and

> termed a discussion sheet as "stipulated" order and misstated
our

> position to the court. You misrepresented a document we
circulated

> for discussion with your own changes as a "stipulated order."
AIIA

> management does not condone any of these actions.

> The one issue we can reliably resolve is moving the October
30,

> 2026

> deadline until the court rules on other issues. If that
happens,

> we

> can address many of the issues before our joint report due on

> November 5, 2026. However, time and again PlusOne has asked
with

> a

> gun to our head to agree to things. AIIA management is very
clear

> that I need to get approval for anything other than moving the

> October 30, 2026 date. They will then discuss your position
based

> on

> your written submissions before agreeing to a scheduling
changes.

> They have taken away my ability to work with you because of
your

> misrepresentations to the court regarding the meet and confer

> circulation. And the fact that you ignored the October 19,
2026

> order has made AIIA management clamp down on any agreement
unless

> AIIA sees the agreement in writing from you. For all of these

> reasons, we simply cannot address, 1 and 2 which may be
possible

> until early November 2026.

> (a) there is a scheduling order issue that is the easiest to

> resolve, which we can do so with a stay of the October 30,
2026

> deadline. We can hammer out a schedule based on the order of
the

> court before the November 5, 2026 deadline. However, you are
now

> holding up the resolution of the scheduling order deadline of

> October 30, 2026 and linking it to the entire schedule for a

> simple

> movement of one date, pending a hearing with the court. In
other

> words, use the gains based on your breach of the protective
order

> and scheduling order to what you want.

> The point is October 30, 2026 would not be an issue for AIIA
if

> we

> knew what your invalidity, non-infringement, and 101
contentions

> are, which were due on October 7, 2026. We do not know what
that

> is.

> A stay of October 30, 2026 reduces the prejudice to AIIA. A
lack

> of

> one confirms the prejudice which you gained by breach of the

> protective order and scheduling order. PlusOne does not need
an

> extension as has been made clear, because you know all of the

> theories of both AIIA and PlusOne. AIIA has no idea what your

> theory

> is.

> (b) there is a breach of the October 7, 2026 disclosure. You

> anyway

> went on to serve on October 9, 2026 all of the evidence you
and

> your

> expert will need for your October 30, 2026 meet and confer

> requirements, which is not possible without your October 7,
2026

> (invalidity, non-infringement, and 101 due on October 7, 2026

> being

> fully briefed and known to you.) You willfully chose not to

> provide

> AIIA with your theories on invalidity, non-infringement, and
101

> due

> on October 7, 2026

> (c) you breached the protective order on October 14, 2026 over our

> objections multiple times and you have not stated that you will

> comply with the protective order in accordance with the terms of

> the

> protective order. You have still not stated that you will follow

> the

> procedures laid out after there is a breach, i.e., not use the

> information until the court resolves the dispute. You have still

> not

> certified destruction, which AIIA did for your equally placed

> claim.

> (d) with full knowledge of AIIA's theories, PlusOne's own

> invalidity, non-infringement, and 101 contentions are, which were

> due on October 7, 2026, which only AIIA does not have, and with

> your

> expert being fully involved, you now want to use the October 30,

> 2026 date as leverage. Leverage you gained using the breach of the

> protective order and scheduling oder.  And you want us to resolve

> this with a scheduling order movement or force us to take up claim

> construction with zero disclosure of your theories on invalidity,

> non-infringement, and 101 due on October 7, 2026. You have 3008

> pages of documents, you know your theory, your expert knows your

> theory. Only AIIA has no idea what the theory is. Our Expert nor

> AIIA attorneys know what your own invalidity, non-infringement,

> and

> 101 contentions are.

> (e) you are opposing a stay on the disclosures due on October

30,

> 2026 , while not addressing any of the issues above. Finally you

> are

> still trying to use the scheduling order resolution to force us

> into

> a position without consultation with AIIA management, which cannot

> happen until later this weekend.

> We are willing to meet and confer on November 1, 2026 in good

> faith

> to address these issues. However, you seem to think all of these

> are

> mere scheduling issues.

> Please let us know how PlusOne plans to stop using procedural

> deadlines as leverage when these issues are a direct result of

> your

> own breach of the scheduling order and the protective order?

> We can hammer out 1 and 2, before November 5, 2026. However, we

> cannot do so if you keep using the scheduling order as a weapon

> when

> the reason we cannot comply is your own non-disclosure. This is

> similar to how you used 9 documents of disclosure to then claim

> that

> AIIA did not meet it obligations with a disclosure of over 250

> pages

> which covers each and every claim element.

> Sincerely,

> Vivek

> On 2026-10-28 16:01, vramachandran@dhammalaw.com wrote: Ryan,

> We can agree to a stay on the October 30, 2026 deadline until

> November 6, 2026 so that the court can look into the schedule. We

> can discuss the rest on November 1, 2026. That's what AIIA has

> authorized me to do at this point.

> We can work towards a fuller resolution on November 1, 2026.
But

> none where procedure is used a sword. That has to stop. AIIA

> management has no tolerance for this. They have been very
clear.

> We

> have been faced with demands that are ridiculous like agree to
a

> 15

> day extension or you will dismiss with prejudice without
involving

> the court.

> All AIIA has said is it's preserving the breach of protective

> order

> for the court to rule on. Preserve, the interpretation of the

> order

> for the court to rule on. Status quo. You still have not
certified

> that you will follow the protective order provisions and
continue

> to

> be in breach.

> If you want us to meet the obligations on October 30, 2026,

> without

> your disclosures (with zero disclosure of your theories on

> invalidity, non-infringement, and 101 due on October 7, 2026),
we

> will do so to meet what the court ordered. We have no choice.
Like

> I

> said, the only prejudice is to AIIA. We are blind. Just moving

> that

> one date does not solve the elephants in the room. Continuing

> violation of the protective order.

> We are also looking for a resolution, where PlusOne will meet
it's

> obligations under the schedule. Will agree to be governed by
the

> protective order. We are also trying our best to offer you a

> solution that will work. We are not asking for what AIIA did

not

> do

> in the past including certification of destruction. If we had
not

> done that in the past we would not ask now.

> Thank you.

> Sincerely,

> Vivek

> On 2026-10-28 15:49, Ryan Tyz wrote: Vivek - we are really
trying

> to

> work toward a resolution that works

> for both parties. To be clear, we are willing to consider a

> proposal

> that also moves the current October 30 deadline that obviates
all

> of

> AIIA's stated concerns. As mentioned, if we were to agree
that

> Plus

> One's invalidity contentions are due on Nov. 9 (which is a
mere

> 12

> days away), what day would AIIA like to replace the current

> October

> 30

> deadline so AIIA and its expert can have time with our
invalidity

> contentions? Again, I think the Court expects us to work
this

> out.

> Thanks. Ryan

> From: vramachandran@dhammalaw.com
<vramachandran@dhammalaw.com>

> Date: Wednesday, October 28, 2026 at 12:40\u202fPM

> To: Ryan Tyz <ryan@tyzlaw.com>

> Cc: Udit Sood-Hall <udit@tyzlaw.com>; Robert E Golden

> <golden@goldenlaw.net>; Tyz Law - Plus One Team

> <tyzlawplusoneteam@tyzlaw.com>

> Subject: Re: Plus One v. AIIA -- AIIA's Requested Changes to

Case

> Schedule

> EXTERNAL EMAIL WARNING: This email originated outside of our

> organization. DO NOT CLICK links or attachments unless you

> recognize

> the sender and know the content is safe.

> Ryan,

> We had a scheduling conflict on October 9, 2026, it's not longer

> a

> simple scheduling conflict. On October 14, 2026 that matured into

> more

> because of your breach of the protective order.

> The only way to move forward is to have your expert certify that

> he

> will

> not use the AEO material and destroy all AEO material until the

> court

> rules otherwise in accordance with the protective order. We did

> that

> for

> PlusOne as soon as you made the demand early in 2026. AIIA did

> everything in its power to get that expert to certify. We even got

> a

> new

> expert to meet the letter of the law on the protective order. AIIA

> has

> under all instances been upfront and has been doing their best to

> meet

> the obligations imposed by the court. Even when its not convenient

> to

> them.

> We are going to under exceptional circumstances on October 30,
> 2026,
> under protest try to meet our obligations, because PlusOne decided
> that
> we had to prove prejudice. Everyone knows what the prejudice was
> and
> is
> on AIIA having to meet and confer on claim terms with zero
> disclosure
> of
> your theories on invalidity, non-infringement, and 101 due on
> October
> 7,
> 2026. AIIA will always be at a disadvantage after you breached the
> protective order to get there, no matter what the schedule is.
> We will document with the court that you declined to move the
> October
> 30, 2026 which only prejudices AIIA unless, we also give up the
> breach
> of protective order issues and your failure to meet the scheduling
> order
> on October 7, 2026. You clearly don't need any schedule change to
> meet
> and confer on October 30, 2026, which is based on your theories
> that
> were due to be disclosed on October 7, 2026 and which you are
> confident
> enough about to do a narrowing of claim terms on October 30, 2026.
> We
> just have to walk into that meeting blind.
> You have used the scheduling order as a sword including today and

> AIIA

> cannot condone such behavior. We can discuss this on November 1,

> 2026

> to

> brief the court on November 5, 2026.

> Thank you.

> Sincerely,

> Vivek

> On 2026-10-28 15:03, Ryan Tyz wrote: I think it's simple, Vivek.

> Let's assume Plus One's invalidity

> contentions are due Nov. 9, what modifications to the current

> schedule would AIIA propose to resolve its stated prejudice

> concerns? We are

> willing to work on a schedule that works for both parties while

> not

> burdening the court, just as we did with AIIA's prior counsel,

> including all their requested modifications. Thanks. Ryan

> From: vramachandran@dhammalaw.com <vramachandran@dhammalaw.com>

> Date: Wednesday, October 28, 2026 at 11:58\u202fAM

> To: Ryan Tyz <ryan@tyzlaw.com>

> Cc: Udit Sood-Hall <udit@tyzlaw.com>; Robert E Golden

> <golden@goldenlaw.net>; Tyz Law - Plus One Team

> <tyzlawplusoneteam@tyzlaw.com>

> Subject: Re: Plus One v. AIIA -- AIIA's Requested Changes to Case

> Schedule

> EXTERNAL EMAIL WARNING: This email originated outside of our

> organization. DO NOT CLICK links or attachments unless you

> recognize

> the sender and know the content is safe.

> Ryan,

> I read the court's order as doing the same. But AIIA has no

> choice.

> AIIA is the only party that is prejudiced by any of the scheduling

> changes at this point and has been since October 9, 2026.

> These are the reasons:

> (1) the difference is AIIA had/has no choice on the schedule and

> PlusOne

> has taken a position that you will provide materials by November

> 9

> (with

> zero disclosure of your theories on invalidity, non-infringement,

> and 101 due on October 7, 2026) while keeping all our obligations

> due

> before

> the November 9, 2026 date alive for AIIA. If you had any issues

> with

> the

> October 30, 2026 meet and confer or did not have your positions,

> you

> would be inclined to move it too. The evidence on that front is

> clear, you have all your ducks lined up while AIIA is blind on

> your

> positions and cannot do anything during the October 30, 2026 meet

> and confer.

> Indeed, you have more than 3008 pages on those theories but AIIA

> does not know what those are, only PlusOne and its expert do.

> (2) we have no pending obligations that affect your obligations

> on

> including those due on October 30, 2026 and you have all of our

> theories, however all of our obligations on October 30, 2026

> depend

> on yours undisclosed theories;

> (3) you went to the court first and didn't even let us know

about

> it

> until after you filed with the court;

> (4) we were forced to follow;

> (5) the hearing is on November 6, 2026 and you have refused to

> provide your October 7, 2026 disclosures even today;

> (6) have not agreed to have your expert destroy everything
until

> the

> court decides in line with the protective order;

> (7) in essence, we are not going to see your disclosures
before

> November

> 9, 2026 and have to take up our position before that on
October

> 30,2026

> and do so blind without an expert;

> (8) PlusOne has everything they need including your theories
on

> invalidity, non-infringement and 101 developed with over 3000

> pages

> of materials, and we don't know what that theory is;

> (9) You have your experts look at your positions since October
14,

> 2026;

> (10) Our expert isn't even going to be able to look at
anything

> because

> PlusOne's position will not be available until November 9,
2026.

> What do you want AIIA to do under these circumstances?

> From the very beginning, we have amended rather than goto the

> court

> on

> multiple occasions, even when our positions in the 2nd amended

> complaint

> and 3rd amended complaint were more than sufficient to provide

> notice of

> our theory to avoid bothering the court. We did so on October
9,

> 2026 as

> well. However we cannot keep silent now because if we don't
speak

> up

> now, we will lose rights on the patent.

> Our October 30, 2026 deadline will still be ours and we have
to

> meet

> it

> we will do our best without any theory from you, without
access

> to

> any experts and you having all of our theories, and you having

> access to

> your experts. We are the only party prejudiced by any of this.
We

> have always put up with what we can unless we lose rights and
we

> have bent over backwards at times in light of your demands
which

> were not always necessary.

> Even the October 7, 2026 deadline and the subsequent October
9,

> 2026

> deadline was Udit refusing to move all dates by 60 days, after
you

> wanted our expert disqualified for early disclosure after a
signed

> document was produced to PlusOne. AIIA obliged and had the
expert

> destroy and certify in good faith. You then blamed the delay

> entirely on

> AIIA. Our response was that we will make the two days work to
meet

> our obligations on October 9, 2026. We simply cannot do
anything

> with

> something that is never produced on October 7, 2026.

> You have absolutely nothing to lose. Under these
circumstances,

> AIIA

> can

> do nothing but let the court know, and meet our obligations on

> October 30, 2026 under protect as we did the October 9, 2026
under

> protest,

> and

> cannot do anything more. We are helpless and have been so
since

> October

> 7, 2026. We have simply complied with the orders. If AIIA had

> inadvertently not done something, we have gone to the court
and

> told

> the

> court it's our fault and been upfront about our obligations
not

> being met and how we fixed those obligations.

> PlusOne has sought to use procedure as a sword, and this has

> continued to be the case even today. AIIA will just document
this

> with the court and move forward, as we have always done.

> This has grown beyond a scheduling conflict and did so on
October

> 14, 2026 when you disclosed material without following the

> protective

> order.

> We are not going to be able to resolve anything in a meet and

> confer

> tomorrow. We simply don't know your position on anything
including

> your

> theories are on invalidity, non-infringement and 101.

> And AIIA management can't see what your position is until I
have

> had

> time to read your positions filed today and tell them about it

> over

> the

> weekend.

> Sincerely,

> Vivek

> On 2026-10-28 14:02, Ryan Tyz wrote: Vivek - I strongly suggest

> we

> meet and confer before AIIA rushes back to court.  I interpret the

> Court's order from today setting an

> in-person hearing and ordering us to confer as a strong suggestion

> that we resolve our issues.  I agree - these issues should be

> resolved by the parties, and we are open to a discussion about

> moving

> deadlines.  Udit provided you our last proposal, please provide

> a

> counter proposal based on our invalidity contentions being due

> Nov.

> 9.  Thanks.  Ryan

> From: vramachandran@dhammalaw.com <vramachandran@dhammalaw.com>

> Date: Wednesday, October 28, 2026 at 10:46\u202fAM

> To: Udit Sood-Hall <udit@tyzlaw.com>

> Cc: Robert E Golden <golden@goldenlaw.net>; Ryan Tyz

> <ryan@tyzlaw.com>; Tyz Law - Plus One Team

> <tyzlawplusoneteam@tyzlaw.com>

> Subject: Re: Plus One v. AIIA -- AIIA's Requested Changes to Case

> Schedule

> EXTERNAL EMAIL WARNING: This email originated outside of our

> organization. DO NOT CLICK links or attachments unless you

> recognize

> the sender and know the content is safe.

> Udit,

> We will be letting the court know of your position shortly.

> Sincerly,

> Vivek

> On 2026-10-28 13:43, vramachandran@dhammalaw.com wrote: Udit,

> Please provide the disclosures due on October 7, 2026 which are

> now

> 28 days late.

> Without knowing what your theories are on invalidity,

> non-infringement, 101 AIIA is not in a position to address the

> claim

> construction issues that are due on September 30, 2026.

> We have expressed this issue since October 9, 2026. On the
other

> hand, Plus One has everything they need from us. There are no

> pending

> obligations from AIIA on any issue. All of the pending issues

> before

> the court are your obligations that you have not met.

> We will meet and confer on September 30, 2026 as required
under

> the

> scheduling order only for the exchange of terms, but our
positions

> are going to be subject to change based on your October 7,
2026

> deadlines. In addition, our expert has not had a look at any
of

> your

> positions

> and cannot. Therefore, he will also be taking up positions
that

> will change based on your disclosures of the October 7, 2026

> deadlines and

> after

> he

> is able to look at your documents.

> We will additionally, not be able to narrow any terms during
the

> September 30, 2026 meet and confer. We will additionally, let
the

> court

> know today on your non-agreement to move the deadline, because

> AIIA

> is severely prejudiced and cannot do so in the lack of any
written

> submission from PlusOne on what your theory is. PlusOne on the

> other

> hand has all our theories and has had the benefit of
consulting

> with

> its expert.

> Our expert is still without access to your theories, and
indeed

> cannot until you disclose your theories.

> Thank you.

> Sincerely,

> Vivek

> On 2026-10-28 13:33, Udit Sood-Hall wrote: Vivek:

> AIIA will have Plus One's response to AIIA's pending motions

> today.  Plus One is not inclined to move individual deadlines

> absent

> agreement across the board.  Plus One remains willing to

> stipulate

> to the adjusted deadlines AIIA proposed on October 16, per
Plus

> One's

> attached response of October 19.

> Regards,

> Udit

> Udit Sood-Hall (he/him)

> Tyz Law Group PC

> udit@tyzlaw.com

> From: Vramachandran <vramachandran@dhammalaw.com>

> Sent: Wednesday, October 28, 2026 10:19 AM

> To: Udit Sood-Hall <udit@tyzlaw.com>

> Cc: Robert E Golden <golden@goldenlaw.net>; Ryan Tyz

> <ryan@tyzlaw.com>; Tyz Law - Plus One Team

> <tyzlawplusoneteam@tyzlaw.com>

> Subject: Re: Plus One v. AIIA -- AIIA's Requested Changes to
Case

> Schedule

> EXTERNAL EMAIL WARNING: This email originated outside of our

> organization. DO NOT CLICK links or attachments unless you

> recognize

> the sender and know the content is safe.

> Counsel,

> We can meet and confer on November 1st. I have a hearing
tomorrow

> and

> will not be available until November 1st. After the hearing I

> then

> need to meet obligations from that hearing in two different

> courts

> in the middle district.

> Additionally for the joint report dated November 5th, we need
to

> see

> your written positions from today and I cannot do that until

> November

> 1st.

> Please let me know your position on moving the meet and
confer

> scheduled for September 30th These are two separate events.

> Once again, we do not have any of your positions and cannot
meet

> our

> obligations for September 30, 2026 because you have provided
none

> of

> your posit ions on anything due on October 7th. Therefore we
are

> not

> in a position to meet the September 30, 2026 deadline, which
is

> entirely separate from the November 5th meet and confer.

> Sincerely,

> Vivek

> On Oct 28, 2026 at 1:12 PM, <Udit Sood-Hall> wrote:

> Dear AIIA counsel:

> The Court ordered the parties this morning to meet and confer.

> Please provide your availability tomorrow.  We are available

> between

> 9.30 and 11 am, or between 12 noon and 1 pm PT.

> Thanks,

> Udit

> -----Original Message-----

> From: vramachandran@dhammalaw.com
<vramachandran@dhammalaw.com>

> Sent: Wednesday, October 28, 2026 7:05 AM

> To: Udit Sood-Hall <udit@tyzlaw.com>

> Cc: Robert E Golden <golden@goldenlaw.net>; Ryan Tyz

> <ryan@tyzlaw.com>; Tyz Law - Plus One Team

> <tyzlawplusoneteam@tyzlaw.com>

> Subject: Re: Plus One v. AIIA -- AIIA's Requested Changes to

> Case

> Schedule

> EXTERNAL EMAIL WARNING: This email originated outside of our

> organization. DO NOT CLICK links or attachments unless you

> recognize

> the sender and know the content is safe.

> Counsel,

> Let me know if PlusOne will agree to a stay of the October 30,

> 2026

> exchange until the hearing on November 6, 2026. We do not have

> any

> information on which to go ahead with the exchange as laid out

> in

> our

> email below.

> Thank you.

> Sincerely,

> Vivek

> On 2026-10-22 18:35, vramachandran@dhammalaw.com wrote:

> Udit,

> AIIA disagrees. Plus One's responses to all three of AIIA's

>> motions

> are due October 28, 2026.

> Local Rule CV-7(d)(2) provides: "A response to a discovery or

> case

> management motion shall be filed not later than 7 days after

> the

> filing of the motion. A response to other motions shall be

> filed

> not

> later than 14 days after the filing of the motion." AIIA's

> three

> motions, filed October 21, are discovery and case-management

> motions:

> the motion to compel (Dkt. 82), the motion to enforce the

> Protective

> Order and disqualify (Dkt. 79), and the motion to strike and

> preclude

> (Dkt. 84), which asks the Court to enforce the Scheduling
Order

> deadline for contentions Plus One did not serve. The 7-day

> period

> applies.

> Dkt. 52 does not help Plus One. Plus One's motion to strike

> (Dkt.

> 40)

> asked the Court to strike AIIA's infringement contentions

> without

> leave to amend, after Plus One had demanded that AIIA dismiss

> its

> infringement counterclaims with prejudice. Granting it would

> have

> ended AIIA's case, and AIIA said so at the time: striking the

> contentions "would be effectively dispositive of AIIA's

> infringement

> case" because "[t]he contentions define AIIA's counterclaims."

> (Dkt.

> 49 at 16.) That is the only reason AIIA argued the motion was

> dispositive. And the Court never ruled on that point. It did

> not

> hold

> that Plus One's motion was dispositive, it did not apply the

>> 14-day

> period, and it did not proceed by report and recommendation.
It

> granted AIIA's extension (text order, Aug. 7, 2026), heard the

> motion,

> and denied it by order (Dkt. 71). A position the Court never

> adopted

> does not bind AIIA now, and it does not change what Local Rule

> CV-7(d)(2) says. AIIA's motion is different in kind. It asks

> the

> Court

> to hold Plus One to the Scheduling Order for theories Plus One

> chose

> not to serve. Plus One's declaratory-judgment action
continues,

> and

> so

> does its non-infringement case. A party that loses an

> affirmative

> defense it never disclosed has not lost the case. As Judge

> Clark

> put

> it in a decision cited in AIIA's motion, "Disallowing an

> exiguous

> infringement contention against one accused product is not the

>> same

> as

> granting default judgment against Plaintiff." Computer

>> Acceleration

> Corp. v. Microsoft Corp., 503 F. Supp. 2d 819, 825 (E.D. Tex.

> 2007).

> The same court explained that deciding whether contentions

> should

> be

> struck "is similar to deciding whether evidence should be
> excluded
> for
> discovery violations" and "akin to deciding whether the
> pleading
> deadlines of a scheduling order should be extended." Id. at
> 822.
> Those
> are case-management decisions.
> These motions also concern Plus One's breach of the Protective
> Order,
> and delay is itself prejudicial. Plus One has refused to
follow
> even
> the Protective Order's own provisions for this situation. It
> has
> not
> confirmed that it will destroy AIIA's materials, and it has
not
> confirmed that it will refrain from using them pending a
> decision
> by
> the Court, as the Protective Order requires. Every additional
> day
> Plus
> One's expert keeps AIIA's materials compounds the harm. There
> is
> no
> basis to give Plus One another week.
> Even on Plus One's own motion, the Court applied the 7-day
> provision.
> Plus One filed its Motion to Strike AIIA's Amended Preliminary
> Infringement Contentions (Dkt. 40) on July 28, 2026, and moved
> to
> expedite it (Dkt. 41). AIIA responded on August 5, the eighth
> day
> (Dkt. 49), and the same day moved for an extension of time and

> leave
> (Dkt. 52), raising the 14-day period only in the alternative.
> On
> August 7, the Court entered a text order "GRANTING 52 Motion
> for
> Extension of Time to File and for Leave to Exceed Page Limit."
> An
> extension would not have been needed if the 14-day period
> applied;
> AIIA's August 5 response would simply have been timely. The
> Court
> then
> decided Dkt. 40 by order (Dkt. 71), not by report and
> recommendation,
> as it had done for Plus One's Motion to Dismiss and Strike
> (Dkts.
> 17,
> 38, 45). AIIA's present motions have likewise been referred to
> Judge
> Bemporad.
> The Federal Circuit confirmed this year that an order striking
> contentions under a court's patent rules is handled as a
> non-dispositive matter. In VLSI Technology LLC v. Intel Corp.,
> No.
> 2024-1772, slip op. at 13 (Fed. Cir. Apr. 14, 2026), a
> magistrate
> judge struck the patentee's damages theories for failure to
> disclose
> them in its contentions; the district judge denied the motion
> to
> reverse, "finding no clear error in the magistrate judge's
> determinations"; and the Federal Circuit found "no abuse of
> discretion
> in the magistrate judge's application of the court's local
> patent

> rules." That is the Rule 72(a) sequence, not a report and

> recommendation. Other courts treat rulings that cut off a

> party's

> defenses or theories the same way. In Sprint Communications Co.

> v.

> Vonage Holdings Corp., 500 F. Supp. 2d 1290, 1346 (D. Kan.

> 2007),

> a

> magistrate judge's order refusing a defendant leave to add new

> affirmative defenses was reviewed as non-dispositive; the

>> objecting

> party's challenge rested "on a mistaken understanding that the

> magistrate judge's rulings were addressed to dispositive issues

> under

> Rule 72(b) rather than nondispositive issues under Rule 72(a)."

> See

> also SciCo Tec GmbH v. Boston Scientific Corp., 599 F. Supp. 2d

> 741,

> 742 (E.D. Tex. 2009) ("While construction of a particular claim

> can

> be

> very important in a case, so too an order denying discovery or

> a

> continuance, or striking an expert, can affect the outcome of a

> case."). Losing the ability to pursue an invalidity, � 112, or

> �

> 101

> theory it never served is not the same as a ruling that

> disposes

> of a

> claim or defense.

> Plus One's request for more time only extends the prejudice it

> created. Plus One has served none of what the Order Regarding

> Contentions required on October 7: no invalidity chart, no �

> 112

> identifications, no � 101 identifications, and no prior art.

>> (Dkt.

> 31

> � II; Dkt. 25 at 2.) A production of raw documents is not

> contentions. Even on invalidity, Plus One produced 3,008 pages

> of

> documents and identified no theory. The result is one-sided:

> Plus

> One's expert has access to both sides' theories, AIIA's

> infringement

> contentions and Plus One's own invalidity positions, while AIIA

> has

> access to none of Plus One's theories. Plus One's � 112 and �

> 101

> positions are drawn from the patents and the asserted claims,

>> which

> Plus One has had since it filed this action in September 2025.

>> Plus

> One cannot claim prejudice from the claim-construction timeline

> while

> it maintains an information blackout on its invalidity, � 112,

> and

> �

> 101 theories, and has disclosed no non-infringement theory

> either.

> Meanwhile, AIIA must take claim-construction positions on

> October

> 30,

> 2026, without those positions, while Plus One's expert holds

>> AIIA's

> Attorneys' Eyes Only contentions. The date Plus One proposes

> makes

> this worse: November 4 is after the October 30 meet-and-confer

> deadline. On Plus One's timetable, AIIA would have to meet and

> confer

> and exchange claim-construction positions before Plus One has

> even

> responded to the motions that address Plus One's
non-disclosure

> and

> its breach of the Protective Order, and before the Court can

> rule

> on

> them. That is a further prejudice to AIIA, and it is one of

> Plus

> One's

> own making.

> AIIA has not asked Plus One for anything it did not give in

>> return.

> When Plus One sought expedited treatment of its motion to

> strike

> (Dkts. 40, 41), AIIA responded in eight days. AIIA sought
leave

> only

> on the eighth day, and only because some of Plus One's filings

>> came

> in

> on two different days. AIIA did not delay Plus One's
emergency,

> and

> it

> did not use an extended timeline to Plus One's disadvantage.

> AIIA

> responded on time. And when AIIA's response came on the eighth

>> day,

> Plus One insisted that AIIA seek leave of Court. AIIA did so

> (Dkt.

> 52). Plus One now wants an extra week for itself when AIIA did

> everything in it's power to have the issue heard on merits on
> your
> own
> timeline. AIIA does not consent, because of the prejudice to
> AIIA
> described above. Any delay Plus One now seeks benefits Plus
> One,
> after
> it breached the Protective Order, and still refuses to serve
> the
> October 7, 2026 disclosures and prejudices AIIA. We are
>> practically
> blind on all of your theories and our expert has not seen
>> anything.
> While your expert has all of your theories, our theories and
> has
> had
> access through a violation of the protective order.
> Plus One has still not served its contentions. Without them,
> AIIA
> cannot effectively meet and confer on claim construction. AIIA
> expects
> Plus One's responses to Dkts. 79, 82, and 84 by October 28,
> 2026.
> If
> Plus One seeks an extension from the Court, please attach this
> email
> to the motion as AIIA's position. Please also include this in
> the
> body
> of your motion not just the meet and confer section that AIIA
> has
> provided an extensive rebuttal as to why the extension should
> be
> denied.

> Please include the both in the body of the motion seeking
>> extension
> if
> one is filed  and in the meet and confer position and include
> this
> entire email chain as Exhibit A.
> AIIA's Position. Counsel for Plus One conferred with counsel
> for
> AIIA
> by email on October 22, 2026. AIIA does not consent to the
> relief
> requested. AIIA's position is that its three motions filed
> October
> 21,
> 2026 (Dkts. 79, 82, and 84) are discovery and case-management
> motions
> under Local Rule CV-7(d)(2), that Plus One's responses are due
> October
> 28, 2026, and that an extension to November 4, 2026 would
>> prejudice
> AIIA because it falls after the October 30, 2026
>> claim-construction
> meet-and-confer deadline and because Plus One has not served
> the
> contentions due October 7, 2026 and has not confirmed that it
> will
> destroy or refrain from using AIIA's Attorneys' Eyes Only
> material
> pending the Court's ruling. AIIA's full position is set out in
> its
> counsel's email of October 22, 2026, attached as Exhibit _,
> which
> AIIA
> has asked be placed before the Court with this motion for
>> extension
> of

> time.

> AIIA reserves all rights.

> Sincerely,

> Vivek

> On 2026-10-22 17:28, Udit Sood-Hall wrote:

> Counsel:

> In response to Plus One's motion to strike, AIIA argued:

> "AIIA's

> position is that no extension or page-limit leave is required,

> because

> Plus One's Motion to Strike is a dispositive motion, not a

> discovery

> or case management motion . . . A dispositive motion is not a

> 'discovery or case management motion,' so AIIA's response is

> governed by the fourteen-day deadline of Local Rule
CV-7(d)(2)

> and

> the

> twenty-page limit of Local Rule CV-7(d)(3)." (Dkt. 52 at 2.)

> AIIA filed its motion to strike Plus One's contentions on

> October

> 21, 2026, and so Plus One's response is not due until November

> 4,

> 2026. Please confirm that AIIA does not contend otherwise, or

> if

> it

> does, please explain AIIA's grounds for treating its own

> motion

> to

> strike Plus One's contentions as a discovery motion after

> previously

> insisting that Plus One's analogous motion is not a discovery

> motion.

> Plus One reserves all its rights.

> Regards,

> Udit

> Udit Sood-Hall (he/him)

> Tyz Law Group PC

> udit@tyzlaw.com

> From: Robert E Golden <golden@goldenlaw.net>

> Sent: Thursday, October 22, 2026 1:04 PM

> To: Udit Sood-Hall <udit@tyzlaw.com>

> Cc: Ryan Tyz <ryan@tyzlaw.com>; Tyz Law - Plus One Team

> <tyzlawplusoneteam@tyzlaw.com>; Robert E Golden

> <golden@goldenlaw.net>

> Subject: Re: Plus One v. AIIA -- AIIA's Requested Changes to

> Case

> Schedule

> EXTERNAL EMAIL WARNING: This email originated outside of our

> organization. DO NOT CLICK links or attachments unless you

> recognize

> the sender and know the content is safe.

> Counsel,

> We will notify the Court that several of AIIA's October 20-21

> filings

> were docketed twice. One of our CM/ECF accounts required a

> password

> reset, and the other attorney took over the filing. After the

> issue

> was

> resolved, we did not notice that we were both filing the same

> documents.

> We will ask the Clerk to terminate the duplicate entries.

> We will also ask the Court to set AIIA's response to Plus

> One's

> Motion

> to Clarify (Dkt. 74) for the same date as Plus One's
responses

> to

> AIIA's

> motions (Dkts. 78, 79, and 80). The motions were filed within

> hours

> of

> each other and concern the same events, and the Court should

> receive

> the

> parties' responses together. Under this request, each side's

> responses

> would be due seven days from October 21, 2026, that is, on

> October

> 28,

> 2026.

> We will update the court on your response in the certificate

> of

> filing

> if received. We are placing this on the record so that it is

> easier

> for

> both the court and you to know which documents apply.

> Sincerely,

> Vivek

> ________________________________

> rom: vramachandran@dhammalaw.com
<vramachandran@dhammalaw.com>

> Sent: Wednesday, October 21, 2026 12:25 AM

> To: Udit Sood-Hall <udit@tyzlaw.com>

> Cc: Robert E Golden <golden@goldenlaw.net>; Laura P

> <laura@goldenlaw.net>; Ryan Tyz <ryan@tyzlaw.com>; Tyz Law -

> Plus

> One

> Team <tyzlawplusoneteam@tyzlaw.com>

> Subject: Re: Plus One v. AIIA -- AIIA's Requested Changes to

> Case

> Schedule

> Counsel,

> Please see sealed documents that were filed in the
proceeding.

> Sincerely,

> Vivek

> On 2026-10-21 00:20, vramachandran@dhammalaw.com wrote:

> We are stating your position as opposed on all the motions

> given

> our

> meet and confer positions. Please let me know if its

> otherwise,

> and

> we will update tomorrow.

> Sincerely,

> Vivek

> On 2026-10-20 18:06, vramachandran@dhammalaw.com wrote: Udit

> Be advised that we will be filing multiple emergency motions

> on

> this

> case tonight. You should have approached the court before

> disclosure,

> not after disclosure or after failing to meet your October 7

> deadlines

> and before breaching the protective order.

> And we will seek disqualification of your expert, seek a

> motion

> to

> strike and a motion to move the deadlines. In addition to

> motions

> to

> seal and motion for page limits.

> You have not advised us of your motion before filing. We have

> advised

> you of our motions.

> Sincerely,

> Vivek

> On 2026-10-20 17:59, Udit Sood-Hall wrote: Dear counsel:  Per

> AIIA's

> observation below, Plus One has asked

> the

> Court to clarify that (i) Plus One may serve its preliminary
> invalidity contentions by November 9, 2026; and (ii) Plus
> One's
> retained expert may access AIIA's operative contentions in
> accordance with the Court's September 11, 2026, order.
> Thanks.
> From: vramachandran@dhammalaw.com
> <vramachandran@dhammalaw.com>
> Sent: Monday, October 19, 2026 6:31 PM
> To: Udit Sood-Hall <udit@tyzlaw.com>
> Cc: Robert E Golden <golden@goldenlaw.net>; Laura P
> <laura@goldenlaw.net>; Ryan Tyz <ryan@tyzlaw.com>; Tyz Law -
> Plus
> One
> Team <tyzlawplusoneteam@tyzlaw.com>
> Subject: Re: Plus One v. AIIA -- AIIA's Requested Changes to
> Case
> Schedule
> EXTERNAL EMAIL WARNING: This email originated outside of our
> organization. DO NOT CLICK links or attachments unless you
> recognize
> the sender and know the content is safe.
> Re:      _Plus One Robotics, Inc. v. Artificial Intelligence
> Industry
> Ass'n, Inc._, No. 5:25-cv-01197-OLG-HJB (W.D. Tex.) --
> Response
> to
> Plus One's Email of October 19, 2026 (6:42 p.m.) Regarding
> AIIA's
> Requested Changes to Case Schedule
> Counsel:
> I write to correct the record on several points in your email
> of
> this
> evening (6:42 p.m.) before AIIA approaches the Court.

> Service of AIIA's contentions. AIIA's Fourth Amended
> Preliminary
> Infringement Contentions were filed under seal on September 9,
> 2026
> (Dkt. 67-1), before the hearing. The hearing was on September
> 10,
> not
> September 9, and Plus One's motion to strike was directed at
> AIIA's
> Third Amended Contentions. AIIA served its Fourth Amended
> Contentions
> well ahead of Plus One's own October 7, 2026 deadline, the
> date
> by
> which Plus One's documentary and software production was due.
> Ninety-five percent of the claim elements in those contentions
> are
> charted on documentary evidence; only five percent rely solely
> on
> source code. Yet Plus One has treated that five percent as
> though
> it
> dictates everything else. Under Judge Albright's model, which
> the
> Court adopted, the production of documents and software
> follows
> the
> preliminary infringement contentions, not the other way
> around.
> Plus
> One has repeatedly downplayed producing only twelve documents
> bearing
> on electronic components for a case in which ninety-five
> percent
> of

> the claim elements are documentary, while emphasizing the five
> percent
> of software elements, which carried no reservation and were
> served
> on
> Plus One before its own October 7 deadline. A taxpayer who
> files
> a
> return before April does not oblige the government to process
> it
> before the filing deadline. AIIA filed its return early; that
> did
> not
> accelerate Plus One's obligations or excuse them.
> The October 7, 2026 deadline. The Court did not give Plus One
> sixty
> days. The remark about "60 days" was colloquy (Tr. 80:22-25).
> The
> Court then read its ruling into the record. The oral order, in
> full,
> reads:
> "So, all right, so this is the ruling on the Motion to
> Withdraw.
> It's withdrawn. The Motion to Strike is denied without
> prejudice
> to
> limiting later claims to the preliminary infringement
> contentions.
> The
> parties will, by October 1st, propose any changes to the
> scheduling
> order they think is appropriate and any, if there need be,
> including
> any discovery they may think is appropriate. If they don't
> agree,

> that's fine. I'll resolve it for you. And the motions to file
> these documents or protective motions to file these documents
> under
> seal will be filed under seal until such time of the Markman
> hearing
> at which time I will address this issue and I'm going to
> probably
> unseal them, absent some very strong showing. Mr. Tyz and Mr.
> Sood
> can
> share those documents with the appropriate third parties. All
> they
> have to do is give notice to Mr. Golden and Mr. Ramachandran.
> I
> think
> that takes care of everything for now." (Tr. 82:9-83:3.)
> The Court told the parties that "it's the oral order that
> controls,"
> and that if there was "any question about it, please seek
> clarification." (Tr. 83:10-15.) The written order, entered the
> same
> day "[i]n accordance with the Court's rulings at the hearing,"
> orders,
> in full:
> "1) Attorney Robert E. Golden's Motion for Leave to Withdraw
> as
> Attorney of Record for Defendants (Docket Entry 36) is
> WITHDRAWN.
> 2) Plaintiff's Motion to Strike [Defendants'] Amended
> Preliminary
> Infringement Contentions (Docket Entry 40) is DENIED WITHOUT
> PREJUDICE
> to its ability to object that infringement contentions later
> made
> by

> Defendants were not included in their live, Fourth Amended
> Preliminary
> Infringement Contentions. (See Docket Entry 69.) The parties
> must
> confer before seeking to amend other deadlines to accommodate
> the
> timing of Defendants' Fourth Amended Preliminary Infringement
> Contentions. The parties may also seek leave to conduct
> limited
> discovery by agreement, if necessary. Any such requests must
> be
> made
> on or before October 1, 2026.
> 3) Plaintiff's Administrative Motion Regarding Sealing of
> Certain
> Exhibits to Plus One's Motion to Strike (Docket Entry 43), and
> Defendants' Administrative Motion to Seal Fourth Amended
> Preliminary
> Infringement Contentions (Docket Entry 69) are GRANTED IN
> PART.
> Subject to further order of the Court, the attachments to
> those
> motions shall remain under seal until the Markman hearing in
> this
> case. On notice to Defendants, Plaintiff may share the
> documents
> with
> specific third parties where doing so is necessary to prepare
> their
> defense to Defendants' infringement contentions." (Dkt. 71 at
> 1-2.)
> Nothing in either order moves the October 7, 2026 deadline or
> gives
> Plus One sixty days. The only scheduling provision concerns
> "other

> deadlines," to be amended after the parties confer. The
> interval
> the
> Court referenced (February 9 to May 11) is 91 days, not 60.
> Plus
> One
> requested the transcript on September 11 (Dkt. 72) and has had
> it
> since September 23 (Dkt. 73). If Plus One believed the
> deadline
> had
> moved, it was for Plus One to seek clarification. It did not.
> Instead,
> knowing the issue, Plus One sought to shift the burden to AIIA
> by
> demanding that AIIA show good cause, and then disclosed AIIA's
> Attorneys' Eyes Only material to its expert over AIIA's
> objection.
> The sequence the Court ordered, and why it matters. The
> Court's
> schedule (Dkt. 25, as amended by Dkt. 31 and the Text Order of
> May
> 8,
> 2026) proceeds in the order shown below.
> #
> Step
> Current date
> Source
> Depends on
> What depends on it
> 1
> AIIA's preliminary infringement contentions, with AIIA's own
> production
> Feb. 9 \u2192 May 8 \u2192 July 8, 2026; Fourth Amended filed under
> seal

> Sept. 9, 2026 (Dkt. 67-1)

> Dkt. 25; Dkt. 31 � I; Text Order of May 8, 2026

> Nothing -- the first substantive disclosure

> Defines the claims, elements, and accused products every
> later

> step

> responds to

> 2

> Exchange of claim terms; exchange of proposed constructions

> Aug. 10 and Sept. 9, 2026

> Dkt. 25

> Step 1 -- terms come from the asserted claims

> Frames the claim-construction dispute developed in Steps 4-7

> 3

> Plus One's invalidity contentions -- (a) prior-art chart, (b)

> �

> 112 identifications, (c) � 101 identifications -- and

> production

> of

> referenced prior art and technical documents, including

> software

> where

> applicable, sufficient to show operation

> Oct. 7, 2026 (not met)

> Dkt. 31 � II; Text Order of May 8, 2026

> Step 1 -- invalidity is charted against the asserted claims;

> production answers the elements AIIA charted

> Steps 4, 5, and 7, and AIIA's software-element disclosures

> 4

> Extrinsic evidence and identification of experts, with scope

> of

> testimony

> Oct. 9, 2026 -- two days after Step 3

> Dkt. 25

> Step 3 -- experts and indefiniteness-rebuttal evidence cannot

> be

> chosen without knowing which terms are challenged and why

> Steps 5-7

> 5

> Meet and confer; revised terms and constructions

> Oct. 30, 2026

> Dkt. 25

> Steps 3-4

> Step 7 -- fixes the disputes to be briefed

> 6

> Mediation

> Nov. 20, 2026

> Dkt. 25

> Steps 3-5 -- both sides' positions

> --

> 7

> Claim-construction briefs; Joint Claim Construction
Statement;

> tutorials

> Dec. 11, 2026; Jan. 15, 2027; Jan. 29, 2027; Feb. 19, 2027

> Dkt. 25

> Steps 3-5 -- indefiniteness is briefed here and requires �

> 112

> contentions first

> Step 8

> 8

> Markman hearing

> Feb. 26, 2027

> Dkt. 25

> Step 7

> Step 9

> 9

> Fact discovery opens; final contentions 30 days after the

> Markman

> order

> On adoption of the Markman order

> Dkt. 25

> Step 8

> Expert reports; dispositive motions

> --

> AIIA's software-element disclosures (software elements only)

> 30 days after source code for the accused product is produced

> Dkt. 25 at 1

> Step 3's production of "software where applicable," keyed to

> AIIA's charted elements

> Refines Step 1 for software elements

> The Scheduling Order follows Judge Albright's model, and each

> step

> is built on the one before it. The sequence begins with the

> patentee's preliminary infringement contentions, because those

> contentions define the case -- the asserted claims, the claim

> elements, and the accused products (Dkt. 25; Dkt. 31 � I).

> Everything

> that follows responds to them. The claim terms the parties

> exchange

> are drawn from the asserted claims. Plus One's invalidity

> contentions must chart "where in the prior art references each

> element of the asserted claim(s) is found," and Plus One's

> technical production must be "sufficient to show the operation

> of

> the accused product(s)" -- the products and elements AIIA has

> charted (Dkt. 31 � II). The Order places that production with

> Plus

> One's contentions, after AIIA's, precisely so that it answers

> the

> theories AIIA has disclosed. The phrase "to the extent not

> already

> produced" confirms that the obligation is measured against the

> contentions in force when it comes due, not satisfied by

> whatever

> was
> produced before those contentions existed.
> The documents due on October 7 are keyed to AIIA's
> contentions.
> The
> contentions identify the accused products and AIIA's
> infringement
> theory, and the claim charts map each claim element to the
> evidence
> on
> which AIIA relies. Plus One's production must be responsive to
> what
> those charts map: documents sufficient to show how the accused
> products actually perform each charted element. For example,
> AIIA's
> charts for the '272 patent rely on Plus One's presentation at
> Amazon re:MARS 2022 (Session ROB225), in which Plus One's
> Chief
> Technology Officer, Shaun Edwards, described Plus One's use of
> Amazon SageMaker Ground Truth to generate labeled,
> photorealistic
> images of packages for training its models. The documents
> responsive
> to those elements are Plus One's own documents describing that
> synthetic-data pipeline, the training datasets it produced,
> the
> camera
> settings it used, and the models it trained. A production made
> in
> January 2026, before AIIA's Fourth Amended Contentions were
> served,
> could not have been keyed to charts that did not yet exist.
> The central link is between Plus One's October 7 contentions

> and

> AIIA's October 9 disclosure of extrinsic evidence and experts.

> The

> Court placed those dates two days apart, in that order. A

> party

> cannot

> responsibly choose its claim-construction expert, define the

> scope

> of

> that expert's testimony, or assemble the extrinsic evidence

> needed

> to rebut an indefiniteness challenge without first knowing

> which

> limitations the other side contends are indefinite or lack

> written

> description under section 112, which claims it contends are

> ineligible

> under section 101, and what prior art it relies on. Plus
> One's

> October 7 contentions are the only place those positions are

> disclosed. When Plus One served nothing on October 7, AIIA
> was

> forced

> to make its October 9 disclosure blind -- and it said so

> within

> minutes, made its disclosure under protest, and asked to meet

> and

> confer immediately.

> The same dependency runs forward. The October 30

> meet-and-confer

> and

> exchange of revised terms and constructions presuppose that

> each

> side

> knows the other's invalidity and section 112 positions and

> extrinsic

> evidence. Mediation on November 20 presupposes the same.

> Indefiniteness is argued in the claim-construction briefs
> beginning
> December 11, and it cannot be briefed fairly against section
> 112
> positions that were never served. Each later step therefore
> inherits
> the defect created by the missing October 7 disclosures.
> Your email concedes the problem. In proposing to serve Plus
> One's
> contentions on November 9, you acknowledged that the date
> "happens
> to be after the currently-set deadline for exchanging revised
> terms/constructions (October 30, 2026) and the already-passed
> deadline
> for serving extrinsic evidence (October 9, 2026)." That is
> the
> harm.
> Moving Plus One's disclosure to November 9 does not extend
> one
> deadline; it inverts the Court's sequence, requiring AIIA to
> disclose experts, extrinsic evidence, and revised
> constructions
> before
> it learns the invalidity and section 112 positions those
> disclosures
> exist to answer.
> The software provision confirms the design. AIIA "need not
> serve"
> its disclosures for a software element "until 30 days after
> source
> code for the accused product is produced" (Dkt. 25 at 1), and
> Plus
> One's production of "technical documents, including software
> where
> applicable," comes with its October 7 contentions (Dkt. 31 �
> II(b)). The documentary production is also the roadmap for

> software
> discovery: without knowing what software runs on what
> hardware,
> a
> party cannot even select an appropriate code-review expert.
> The
> Order
> thus runs from the patentee's theories, to the accused
> infringer's
> responsive positions and production, to expert and
> extrinsic-evidence
> disclosures, to revised constructions, briefing, and Markman,
> and
> only
> then to full fact discovery. Plus One's failure to serve on
> October
> 7 broke that chain at its central link, and AIIA seeks only to
> restore
> the sequence the Court set.
> The software reservation fits within that sequence, and it
> exists
> only
> if AIIA makes it. The Scheduling Order provides: "If AIIA
> assert
> that a claim element is practiced in software, they need not
> serve
> the
> aforesaid disclosures for such element until 30 days after
> source
> code
> for the accused product is produced" (Dkt. 25 at 1). The
> provision
> is optional and element-by-element. It applies only to an
> element
> AIIA

> elects to reserve, and only because confidential source code
> is
> not
> available to a patentee before it is produced, so code-level
> mapping
> cannot be done until then. Even where a reservation is made,
> software-only elements are typically a small share of the
> claim
> elements; here, 95% of the elements in AIIA's contentions are
> charted on documentary evidence, and only 5% rely solely on
> source
> code. Documentary evidence also reaches software functions:
> user
> manuals, technical manuals, and specifications describe what
> the
> software does, and AIIA's charts rely on materials of that
> kind.
> That is why, in Judge Albright's model, production follows the
> preliminary infringement contentions and is tied to "technical
> documents, including software where applicable" (Dkt. 31 �
> II(b)).
> The Order speaks of documents, including software; it does not
> speak
> of software, including documents. In sequence terms, AIIA's
> contentions (Step 1) may reserve particular software elements;
> Plus
> One's production of technical documents and software (Step 3)
> follows; and only then, 30 days after source code is produced,
> do
> AIIA's disclosures for any reserved software element come due.
> AIIA
> removed its software-element reservations in its July 2026
> amended
> contentions. No deferred software disclosure remains, and

Plus

> One's

> documentary production, keyed to the contentions, remains due

> and

> outstanding.

> The prior extensions. Both extensions were sought by joint

> motion,

> and

> each moved Plus One's deadline together with AIIA's. The May

> 2026

> extension (Dkt. 33; Text Order of May 8, 2026) became

> necessary

> because Plus One objected to AIIA's expert, Dr. Jan�t, in

> March

> (Sood

> letter of May 5, 2026). AIIA then redrafted its contentions to

> remove

> every software reservation, which Plus One had been invoking,

> well

> ahead of Plus One's own October 7, 2026 deadline, so as to

> take

> the

> issue off the table entirely. That issue has nonetheless

> clouded

> this

> case. Plus One has used it to exploit a sequencing provision

> drawn

> from Judge Albright's model, which originated in another

> court,

> without apprising the Court of how that sequencing operates:

> the

> software reservation belongs to AIIA, it applies only to

> elements

> AIIA

> chooses to reserve, and the production it depends on comes

> after

> AIIA's contentions, not before them.
>
> AIIA met its deadlines. AIIA served its amended contentions on
>
> the
>
> agreed July 2026 deadline (see Dkt. 49). The Fourth Amended
>
> Contentions are an amendment the Order Regarding Contentions
>
> itself
>
> contemplates, and the Court denied Plus One's motion to strike
>
> (Dkt.
>
> 71). AIIA's amendments responded to the deficiencies Plus One
>
> raised,
>
> which AIIA had every reason to address. AIIA did not wait for
>
> the
>
> documents due from Plus One on October 7; it amended early.
>
> Plus
>
> One's
>
> position amounts to saying that AIIA should be penalized for
>
> being
>
> proactive in addressing Plus One's own concerns.
>
> "Purely public" contentions in February. Your argument
>
> misstates
>
> both
>
> the Order and the history. The only issue with AIIA's original
>
> contentions was the software-element reservations, which the
>
> Scheduling Order expressly permits: "If AIIA assert that a
>
> claim
>
> element is practiced in software, they need not serve the
>
> aforesaid
>
> disclosures for such element until 30 days after source code
>
> for
>
> the
>
> accused product is produced" (Dkt. 25 at 1). That AIIA was
>
> later
>
> able
>
> to chart those elements on other materials does not make the

> reservation improper. The provision exists because a patent
> owner
> cannot see confidential source code before it is produced, and
> nothing
> in it required AIIA to forgo a reservation the Court allowed.
> Nor
> can
> the Order be read to confine a patent owner to what Plus One
> chooses
> to produce, or to what happens to be public; how AIIA frames
> its
> infringement theory is for AIIA, as the patent owner, to
> decide.
> See
> Medtronic, Inc. v. Mirowski Family Ventures, LLC, 571 U.S.
> 191,
> 198
> (2014) ("It is well established that the burden of proving
> infringement generally rests upon the patentee."). AIIA
> nonetheless
> removed the reservations in its July 2026 amended contentions
> to
> take
> the issue off the table, and the Order Regarding Contentions
> expressly
> preserves each party's "obligation to seasonably amend its
> preliminary
> contentions upon discovery of new information" (Dkt. 31 at 3).
> There
> was no basis for a motion to strike centered on the five
> percent
> of
> elements that rely on source code, when Plus One had produced
> only
> twelve documents bearing on the documentary ninety-five

> percent.
> The October 1 date. The Court directed the parties to "propose
> any
> changes to the scheduling order they think is appropriate,"
> adding,
> "If they don't agree, that's fine. I'll resolve it for you."
> (Tr.
> 82:9-83:3.) It did not require a motion. Plus One filed
> nothing
> by
> October 1 either, and it now claims a November 9 date without
> any
> motion or order. More fundamentally, the breaches AIIA is
> addressing
> occurred after October 1: Plus One's failure to serve its
> contentions
> and production on October 7, and its breach of the Protective
> Order
> on
> October 14. AIIA's contentions are protected. Both AIIA's July
> 2026
> amended contentions and its Fourth Amended Contentions are
> designated
> Attorneys' Eyes Only, and the Court did not grant Plus One's
> request
> to lift that protection. It ordered that the contentions
> "remain
> under
> seal until the Markman hearing," permitting Plus One only to
> share
> them, "[o]n notice to Defendants," "with specific third
> parties
> where
> doing so is necessary to prepare their defense" (Dkt. 71 �
> 3),

> that
> is, vendors and others whose products are implicated by the
> contentions. Plus One itself described those third parties at
> the
> hearing as "Intel, RealSense, Amazon," whose "products are
> accused"
> (Tr. 15:12-14), and the Court asked whether Plus One could
> "talk
> to
> Amazon or talk to Google or people like that" (Tr. 16:11-12).
> That
> ruling did not authorize disclosure to a retained expert
> outside
> Paragraph 5(e) of the Protective Order. The contentions Plus
> One
> disclosed to Prof. Bretl were protected material under both
> the
> Protective Order and the Court's sealing order. Disclosing
> them
> to
> him
> anyway, over AIIA's objection, was not a misunderstanding; it
> was
> a
> willful violation of the Court's orders.
> Extrinsic evidence on October 9. This is exactly the prejudice
> AIIA
> has complained about. AIIA could not have identified its
> extrinsic
> evidence without knowing Plus One's positions on invalidity,
> indefiniteness and written description under section 112,
> ineligibility under section 101, and non-infringement, all of
> which
> Plus One was required to serve on October 7 and did not. AIIA
> was

> blind, and it said so within minutes. At 5:42 p.m. on October

> 9,

> four

> minutes after Plus One's disclosure, AIIA objected that Plus

> One

> had

> provided nothing on the 7th, which precedes the

> extrinsic-evidence

> deadline. At 5:59 p.m., AIIA made its expert disclosure under

> protest,

> explaining that "[n]o invalidity or � 112 contentions have

> been

> served, and nothing was served on October 7, 2026." At 6:13

> p.m.,

> AIIA

> asked to meet and confer immediately. Plus One, by contrast,

> served

> extrinsic evidence built on invalidity and non-infringement

> positions

> it has still not disclosed to AIIA. Plus One cannot withhold

> its

> October 7 positions and then fault AIIA for being unable to

> respond

> to

> them. AIIA welcomes Plus One's offer to reopen the

> extrinsic-evidence

> deadline, but not tied to a November 9 date for Plus One's

> contentions.

> Schedule changes "first proposed" on October 16. AIIA asked to

> meet

> and confer on October 9 (6:13 p.m.). Plus One responded on

> October

> 13

> by demanding that AIIA show good cause for Plus One's own

> missed

> deadline, and on October 14 it disclosed AIIA's Attorneys'
> Eyes
> Only
> contentions to its expert on two minutes' notice. AIIA's
> proposals
> followed from Plus One's conduct, not the other way around.
> They
> were
> a good-faith attempt to resolve an emergency that Plus One
> created.
> The lists are not discovery requests. The examples AIIA
> provided
> on
> October 16 and 19 are not a discovery list. They identify
> documents
> Plus One was already required to produce under the Court's
> Scheduling
> Order and Order Regarding Contentions: "technical documents,
> including
> software where applicable, sufficient to show the operation of
> the
> accused product(s)," due October 7, 2026 (Dkt. 25; Dkt. 31 �
> II(b);
> Text Order of May 8, 2026). That obligation exists whether or
> not
> AIIA
> serves any discovery. The examples are not exhaustive, and
> identifying
> them does not shift Plus One's burden of production to AIIA.
> Indeed,
> AIIA put Plus One on notice of many of these documents in
> March
> 2026,
> after Plus One's January 2026 production, through the
> discovery

> requests AIIA served on March 10, 2026; as AIIA explained at
> the
> hearing, Plus One's response was that AIIA would have to wait
> until
> 2027. Plus One has therefore known since March what was
> necessary,
> and
> yet it produced nothing further showing how the accused
> products
> operate. As AIIA identified in its email of October 16, 2026,
> only
> nine to twelve documents in Plus One's production relate to
> how
> the
> accused products work as charted in AIIA's claim charts. After
> the
> September 10 hearing, AIIA expected Plus One to produce those
> documents on October 7, 2026, as the Court's orders require.
> Plus
> One
> did not. That production is not a response to a discovery
> request;
> it
> is an obligation the Scheduling Order imposes on Plus One.
> That
> obligation is triggered by AIIA's preliminary infringement
> contentions. If Plus One needed more time, it should have
> asked
> the
> Court.
> The January 2026 production. That production predates the
> Fourth
> Amended Contentions it was required to answer. The Order
> Regarding
> Contentions required Plus One to produce, by October 7, "to
> the

> extent
> not already produced, technical documents, including software
> where
> applicable, sufficient to show the operation of the accused
> product(s)" (Dkt. 31 � II(b); Text Order of May 8, 2026). Of
> the
> roughly 150 documents Plus One produced in January, twelve
> relate
> to
> electronic components, and 95% of the claim elements in AIIA's
> contentions are charted on documentary evidence. In its
> motion-to-strike reply, Plus One represented that it
> "produced
> technical documentation and design files for each accused
> product."
> (Dkt. 55 at 2.) On October 16, AIIA identified by Bates
> number
> the
> twelve documents that could arguably be called responsive:
> PLUSONE_000001-000010 -- Orbbec Femto Mega camera datasheet
> (manufacturer's publication);
> PLUSONE_000013-000037 -- Intel RealSense L515 LiDAR camera
> datasheet
> (manufacturer's publication);
> PLUSONE_000082-000241 -- Intel RealSense D400-series camera
> datasheet
> (manufacturer's publication);
> PLUSONE_000244-000281 -- Depal Overview (a sales presentation
> that
> includes a sensor-configuration screenshot);
> PLUSONE_000358 -- InductOne network diagram;
> PLUSONE_000359-000365 -- power analysis (ID-900001) for the
> industrial PC, HMI, and related components;
> PLUSONE_000377-000379 -- "100 HMI Connections" drawing;
> PLUSONE_000464-000474 -- "900 Robot Safety and Control"
> electrical

> drawings;
>
> PLUSONE_000475-000480 -- "400 Safety Cable One-Line Diagram"
>
> showing
>
> depth cameras wired to the industrial PC panel;
>
> PLUSONE_000485-000488 -- device and cable schedule (ID-900005)
>
> listing cameras and connections;
>
> PLUSONE_000489-000501 -- cabling drawing, including the camera
>
> USB
>
> connections; and
>
> PLUSONE_000541-000552 -- electrical panel assembly drawing
>
> (I-000141).
>
> Three of these are camera manufacturers' published datasheets,
>
> which
>
> AIIA had already cited in its contentions, and one is a sales
>
> presentation. The other eight show how components are powered,
>
> wired,
>
> and connected, not how the accused products operate. The
>
> remaining
>
> documents in the January production are drawings of physical
>
> and
>
> mechanical hardware (conveyors, frames, camera mounts, and
>
> power
>
> distribution) and marketing materials. Plus One has produced
>
> essentially nothing for ninety-five percent of the claim
>
> elements
>
> while focusing on the five percent that rely on source code.
>
> "Mutual" discovery. AIIA is not asking for a discovery
>
> stipulation.
>
> Plus One's October 7, 2026 obligations are separate from
>
> discovery.
>
> They are imposed by the Court's Order Regarding Contentions,
>
> which
>
> provides: "by no later than [October 7, 2026], Plus One shall
>
> serve

> preliminary invalidity contentions in the form of: (a) a chart
> setting
> forth where in the prior art references each element of the
> asserted
> claim(s) is found; (b) an identification of any limitations
> Plus
> One
> contends are indefinite or lack written description under
> section
> 112;
> and (c) an identification of any claims Plus One contends are
> directed
> to ineligible subject matter under section 101." It further
> provides:
> "Also, by [October 7, 2026], Plus One shall produce: (a) all
> prior
> art
> referenced in Plus One's contentions; and (b) to the extent
> not
> already produced, technical documents, including software
> where
> applicable, sufficient to show the operation of the accused
> product(s)." (Dkt. 31 � II, at 2-3; Text Order of May 8, 2026
> (extending "the deadline of August 6, 2026, in the Order
> Regarding
> Contentions (Dkt. 31)" to "OCTOBER 7, 2026").) These
> obligations
> apply
> whether or not either party serves discovery, and nothing
> about
> them
> is mutual. AIIA has already produced everything Section I of
> that
> Order required of it: its conception and reduction-to-practice

> documents, the file history for each patent-in-suit, and its
> own
> technical documents. The obligations that remain outstanding
> are
> Plus
> One's.
> The "same-day" narrative. Your email suggests that AIIA
sprang
> its
> schedule, its document requests, and a 34-page letter on Plus
> One
> with
> a day's notice. The record shows otherwise. AIIA's October 19
> letter
> collects concerns AIIA raised in writing, repeatedly, over
the
> ten
> days that preceded the October 16 meet-and-confer, and on the
> call
> itself:
> October 9, 5:42 p.m. Four minutes after Plus One's
disclosure,
> AIIA
> objected: "This out of order production is an issue. You did
> not
> provide us with anything on the 7th which precedes this
> disclosure
> deadline."
> October 9, 5:59 p.m. AIIA made its expert disclosure under
> protest,
> explaining that "[n]o invalidity or � 112 contentions have
> been
> served, and nothing was served on October 7, 2026," and that
> "AIIA
> is
> therefore prejudiced in framing Prof. Ranka's disclosed
scope,
> as

> it

> is being made to respond to indefiniteness contentions it has

> not

> yet

> seen."

> October 9, 6:13 p.m. AIIA asked to meet and confer on

> Wednesday

> or

> Thursday of the following week.

> October 9, 6:17 p.m. AIIA wrote: "We need to move from a

> schedule

> that

> is highly prejudicial to AIIA to one that is fair to both

> parties."

> Your own October 13 email quoted that sentence back to AIIA,

> so

> Plus

> One has known of AIIA's prejudice and fairness concerns since

> October

> 9. Rather than meet and confer, Plus One called those
concerns

> "surprising and untimely" and demanded that AIIA show good

> cause.

> October 14, 6:59-7:29 p.m. Within minutes of Plus One's notice

> that

> it

> was disclosing AIIA's contentions to Prof. Bretl, AIIA

> objected:

> "We

> need the 10 days to vet your expert for conflicts." It asked

> Plus

> One

> to "confirm that you have not shared any material with your

> expert"

> and to have the expert "confirm in writing that they have

> destroyed

> all material." It reminded Plus One: "There is something

> called

> procedural fairness." It stated: "We do not consent to sharing

> our

> information which is still sealed." And when Plus One

> confirmed

> the

> disclosure, AIIA wrote: "You just breached the protective

> order."

> October 15. AIIA asked again for the expert's prior

> engagements

> and

> undertaking ("Where is your expert's undertaking?"), and

> proposed

> a

> meet-and-confer for the next morning, noting that "[g]iven the

> issues

> exposed in the last two days, we have a lot more to talk
about

> than

> just documents." Plus One agreed to the time.

> October 16, 11:07 a.m. Before the call, AIIA sent a detailed

> email

> quoting Plus One's obligations under Dkt. 25 and Dkt. 31 �

> II,

> identifying by Bates number the twelve documents listed above,

> explaining why they do not show how the accused products

> operate,

> and

> asking Plus One to identify any provision on which it relied

> to

> claim

> that the October 7 deadline had moved.

> October 16, 12:24 p.m. AIIA sent its proposed amended

> schedule,

> before

> the call.

> October 16, 1:00 p.m. and 1:10 p.m. The parties conferred,
and

> during

> the call AIIA emailed the categories of documents it had

> described.

> AIIA told Plus One it expected a response by Monday, October

> 19.

> Nothing in AIIA's October 19 letter was new to Plus One. It

> set

> out,

> in one place, the same issues AIIA had raised in writing since

> October

> 9: the missed October 7 deadline, the prejudice from Plus

> One's

> out-of-order disclosures, the need for a fair schedule, the

> deficient

> production, and Plus One's breach of the Protective Order.
The

> urgency

> results from Plus One's own conduct: its failure to serve its

> October

> 7 contentions and production, and its disclosure of AIIA's

> Attorneys'

> Eyes Only material to Prof. Bretl on two minutes' notice,

> before

> AIIA

> could vet him under Paragraph 5(e) of the Protective Order.

> (We

> also

> note that your email refers to the letter as dated

> "10/29/2026";

> it

> is

> dated October 19, 2026.)

> Your proposed joint motion. AIIA will not join a motion that

> sets
> November 9 for Plus One's invalidity, section 112, and section
> 101
> contentions. Those were due October 7, 2026. AIIA's request
  is
> that
> they be served tomorrow, October 20, 2026, as set out in its
> letter,
> and we adopt the order served in our letter of October 19,
> 2026.
> What your email does not address. Your email does not respond
> to
> Plus
> One's violation of the Protective Order, the certification of
> destruction and non-use by Prof. Bretl, the identification of
> what
> was
> disclosed to him and when, AIIA's request that Plus One
  retain
> a
> different expert, or consent to the proposed agreed order. The
> time
> AIIA set for those responses, today, has passed without a
> response.
> No use by Prof. Bretl while the dispute is pending. Given the
> dispute
> over Plus One's breach of the Protective Order, Plus One
> cannot
> and
> should not allow Prof. Bretl to use any information from
> AIIA's
> Fourth
> Amended Preliminary Infringement Contentions until the Court
> rules
> on
> any pending motions or the parties resolve the dispute. The
> Protective

> Order provides that "[n]o disclosure shall occur until all
> such
> objections are resolved by agreement or Court order" (Dkt.
> 27-1
> �
> 5(e)), and it requires a party to "discontinue the performance
> of"
> any
> action alleged to violate the Order (id. � 24). AIIA has
> objected.
> Any work Prof. Bretl performs using AIIA's contentions in the
> meantime
> compounds the violation, and AIIA reserves the right to seek
> exclusion
> of any such work, including disqualification of the expert.
> The November 9 date in AIIA's proposed schedule. As AIIA's
> letter
> of
> October 19, 2026 states, that date was a placeholder only
> prepared
> after counsel did a document review of your entire
> self-serving
> production of hundreds of documents and in response to a
> breach
> of
> protective order under time constraints instead of you
> proposing
> a
> remedy. The party that breached the order should propose the
> remedy
> instead of AIIA. In addition, it was premised on Plus One's
> expert
> destroying all of AIIA's material immediately as requested in
> its
> October 16th email before the meet and confer in writing and

> Plus

> One

> retaining a new expert, and AIIA is not willing to wait until

> November

> 9 before going to the Court. Nor wait to be further
prejudiced

> while

> it has no access to the information your expert already has.

> AIIA reserves all rights.

> Sincerely,

> Vivek Ramachandran

> On 2026-10-19 19:25, vramachandran@dhammalaw.com wrote:

> Your client should consider the order as provided today,

> including

> the provisions on destruction and certification to the court

> and

> agree to it, if they want to avoid motion practice. I can ask

> for

> minor adjustments in some other dates, but your Plus One

> preliminary

> invalidity / � 112 / � 101 contentions were due on October

> 7,

> 2026

> and should be due tomorrow. Indeed, you used your knowledge of

> those

> position on invalidity Plus One preliminary invalidity / �

> 112

> /

> �

> 101 contentions to then supply documents and discovery on

> October

> 9,

> 2026 to AIIA.

> You cannot use unfair means to get an advantage over
defendant

> and

> your decision to unilaterally violate the protective order to

> get

> that material to your expert and to keep AIIA in the dark

> until

> November 9, 2026 is unacceptable. This violates every

> principle

> of

> procedural fairness if a party willfully violates a protective

> order

> and seeks to keep the ill-gotten gains.

> The entire letter of 34 pages, is the same information we

> discussed

> during our call. All of the provisions there were touched on

> during

> the call. AIIA had to spend a week looking through your

> discovery

> to

> understand that all of it was self-serving. AIIA under these

> emergency circumstances went over and beyond what was

> required.

> Including make proposals at a meet and confer, which you then

> termed

> untimely. You cant' just violate the protective order and
call

> our

> efforts to give you even the minimal notice we gave you as

> anything

> but the result of your own violations.

> Thank you.

> Sincerely,

> Vivek

> On 2026-10-19 18:55, vramachandran@dhammalaw.com wrote:

> Udit,

> Plus One preliminary invalidity / � 112 / � 101 contentions

> Disputed Nov. 9, 2026[A1.1] Nov. 9, 2026

> This was based on your expert destroying all communications

> and

> a

> new

> expert.

> We discussed this during the call. We wanted disclosures
today

> during

> the call and you refused. You already have the information,

> and

> your

> expert has the information. Therefore, AIIA rejected this even

> on

> Friday as a possibility late in the evening when I presented

> this

> to

> them.

> The new proposal asks that you provide the information

> tomorrow.

> We

> are extremely prejudiced by the delay in disclosure and

> November

> 9,

> 2026 was based on a new expert and we will move the court

> tomorrow.

> Additionally, AIIA will not accept anything less than what
was

> proposed today, because your took decisions with just 2

> minutes

> notice

> that have substantially prejudiced AIIA. We have been
generous

> in

> seeking a meet and confer and providing you with two days. In

> addition, all of the requests were reasonable.

> None of the changes are inconsistent with the already filed

> scheduling

> order. AIIA has already indicated that it will not agree to

> anything

> less than the order and disqualification of the expert.

> I will none the less pass this onto AIIA. However, please
note

> that

> they are very likely to reject this proposal and have asked
me

> to

> go

> ahead with a motion. The 2 minute decision did not go down

> well

> with

> AIIA management. They do not believe PlusOne will abide by any

> of

> the

> scheduling order provisions given the unilateral actions.

> Sincerely,

> Vivek

> On 2026-10-19 18:42, Udit Sood-Hall wrote:

> Dear AIIA counsel:

> 1. Background.  We are in receipt of AIIA's:

> * Case schedule changes proposed for the first time on
Friday,

> October 16, 2026;

> * List of additional document discovery sought regarding the

> accused

> products in lists shared for the first time last Friday and

> today,

> Monday, October 19; and

> * 34-page letter sent this morning, demanding a same-day

> response,

> and noting that, absent resolution, "AIIA will seek relief

> from

> the

> Court this week."  (Ramachandran 10/29/2026 Letter at page

> 2/34.)

> We are analyzing the issues raised and are in touch with our

> client.

> AIIA's demands for a same-day response to a sweeping letter
> addressing a plethora of issues are unreasonable, but we will
> do
> our
> best to accommodate AIIA.
> First and foremost, we understand from our live
> meet-and-confer
> on
> October 16, 2026, and the correspondence received since, that
> AIIA
> alleges prejudice based on needing to exchange revised claim
> terms/constructions and extrinsic evidence before Plus One's
> preliminary invalidity contentions are due.  Plus One
> understands
> AIIA's position but respectfully disagrees.  As you know,
> AIIA's
> deadline to serve infringement contentions was repeatedly
> moved--at
> AIIA's request (see Dkts. 31, 33)--from February to May, and
> then
> again to July, and yet, AIIA only served its operative
> contentions
> on
> September 9, 2026, _i.e_., seven months after AIIA's original
> deadline.  Although AIIA initially reserved its right to rely
> on
> non-public source code, AIIA dropped those reservations,
> insisting
> that it needs only publicly available information to
> articulate
> its
> infringement allegations and theories.  (_See, e.g_., Dkt. 50
> at
> 20
> ("Plus One no longer has a valid basis [to seek striking of

> contentions] after the software reservations were removed and
> substituted with publicly available information.").) As such,
> AIIA
> could and should have served its contentions based on purely
> public
> information in February 2026--not seven months later, after
> months
> of
> repeated extensions, and even after its latest ordered
> deadline
> of
> July 2026. But because AIIA served its contentions only on
> September
> 9, the morning of the hearing on Plus One's motion to strike,
> the
> Court allowed Plus One 60 days to serve its responsive
> preliminary
> contentions, _i.e_., by November 9, 2026, which happens to be
> after
> the currently-set deadline for exchanging revised
> terms/constructions
> (October 30, 2026) and the already-passed deadline for serving
> extrinsic evidence (October 9, 2026).
> Plus One is not responsible for any alleged prejudice. Plus
> One
> also
> disagrees that AIIA's failure to abide by Court deadlines is
> good
> cause for broad adjustments to the case schedule. Nor has
> AIIA
> explained why it only proposed a new case schedule on October
> 16,
> 2026, despite the Court ordering parties to request any
> changes
> through a motion filed on or before October 1, 2026.

> Furthermore,
> besides identifying its expert, AIIA neither identified nor
> produced
> _any_ extrinsic evidence on October 9, 2026, even though
> neither
> side
> had requested the Court to move that deadline and Plus One
> timely
> complied.
> 2. Proposal for resolution.  Purely to avoid burdening the
> Court
> with
> an unnecessary scheduling dispute, Plus One is willing to
> generally
> accept many of AIIA's proposed deadlines.  Specifically, as
> the
> attached shows, Plus One will join a motion asking the Court
> to
> (a)
> extend the parties' date to exchange revised lists of
> terms/constructions, and (b) reopen the deadline to serve
> extrinsic
> evidence, such that AIIA has an opportunity to review Plus
> One's
> preliminary invalidity contentions before either reset
> deadline.
> Notably, although AIIA sought only 2 days between Plus One's
> service
> of preliminary invalidity contentions and AIIA's reopened
> deadline
> to serve extrinsic evidence, Plus One's attached proposal is
> allowing a full week.  Please let us know if AIIA agrees.  If
> so,
> the
> parties can today file a joint motion requesting these

> changes.

> 3. Remaining issues.  We are still investigating the other

> issues

> AIIA

> raised in its recent correspondence and will respond as soon

> as

> possible, likely within the next day or so.  With respect to

> AIIA's

> request for discovery, Plus One maintains that it produced in

> January

> 2026 documents sufficient to show operation of the accused

> instrumentalities and products.  Plus One is in receipt of

> AIIA's

> request for additional documents and additional discovery.

> Plus

> One

> is considering the request but please note that any

> stipulations

> for

> additional discovery beyond that which the Court's operative

> scheduling order presently allows will need to be mutual, not

> one-sided.

> Please let us know if you have any questions regarding any of

> the

> above.

> Regards,

> Udit

> Udit Sood-Hall (he/him)

> Tyz Law Group PC

> 415.520.4244 [1 [1]]

> udit@tyzlaw.com

> tyzlaw.com [2 [1]]

> DISCLAIMER: This email message is intended only for the use
of

> the

> addressee(s) named above. This message may be an

> attorney-client

> communication and as such include privileged, confidential

> information

> and/or attorney work product. If you are not an intended

> recipient,

> you may not review, copy or distribute this message. If you

> have

> received this message in error, please notify us immediately

> by

> email

> and take the steps necessary to delete the message completely

> from

> your computer system.

> Links:

> ------

> [1 [1]] tel:415.520.4244 [2 [1]]

> [2 [2]]

https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613176980%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=8T3Z9ORoIUl166IVmW4VlBECBHXhi%2BGmaAXqz9YhUO0%3D&reserved=0
[1]
[3 [1]]
[1 [1]]

> [1 [1]]

> [2 [1]]

> [2 [1]]

> [1 [2]]

> [1 [2]]

> [1 [1]]

> [1 [1]] [1 [1]]

> Links:

> ------

> [1 [1]]

https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613196032%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=wYv1nS42dz114wHQSwCZKEUWAgbgxCekdw6%2FFOxy7vg%3D&reserved=0
[2]

[4 [2]]
[1 [1]]

> [1 [1]]

> [3 [1]]

> [2 [1]]

> [3 [2]]

> [1 [2]]

> [1 [1]]

> [1 [1]] [1 [1]]

> Links:

> ------

> [1 [1]]

https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613206558%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=vzAjohJdtH4UUe750p8f5L9%2FhjjA9KRTZ7XbO4gn4OY%3D&reserved=0
[3]
[5 [3]]
[1 [1]]

> [1 [1]]

> [4 [1]]

> [2 [1]]

> [4 [2]]

> [1 [2]]

> [1 [1]]

> [1 [1]] [1 [1]]

> [2 [1]] tel:415.520.4244

> Links:

> ------

> [1 [1]]

https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613216681%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=SQKwhx7Dd4Fubl%2FaHR6xIx5RtVBAtjeG3S%2FCD%2Frw1oE%3D&reserved=0
[4]
[6 [4]]
[1 [1]]

> [1 [1]]

> [5 [1]]

> [2 [1]]

> [5 [2]]

> [1 [2]]

> [1 [1]]

> [1 [1]]

> [1 [1]]

> Links:

> ------

> [1 [1]]

https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613226944%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=d9haKzC5Nh%2Bx3qjx9l7QtEUcs%2ByYtlCuZcj26pDeMIM%3D&reserved=0
[5]
[7 [5]]
[1 [1]]

> [1 [1]]

> [6 [1]]

> [2 [1]]

> [6 [2]]

> [1 [2]]

> [1 [1]]

> [1 [1]]

> Links:

> ------

> [1 [1]]

https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613236988%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=HCTsdyOI25Yo1DYPlpToaM00Vuhmnli7GMVyh%2FIn%2Fow%3D&reserved=0
[6]
[8 [6]]
[1 [1]]

> [1 [1]]

> [7 [1]]

> [2 [1]]

> [7 [2]]

> [1 [2]]

> [1 [1]]

> Links:

> ------

> [1 [1]]

https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613247366%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=Q3iQxlc1f1wwvNiPDEh4zzQIGdMop7UcGTc91yysINQ%3D&reserved=0
[7]
[9 [7]]
[1 [1]]

> [2 [1]] [1 [2]]

> Links:

> ------

> [1 [1]]

https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613257580%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=247SOu0%2FCYD3lQCAl5osRAfNDdmoIcK0FBwo2vPiUM4%3D&reserved=0
[8]
[10 [8]]
[1 [1]]

> [2 [1]]

> Links:

> ------

> [1 [8]]

https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613268393%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=y32vBw%2F5iyM2YNSsOBP0bljWs2DOwUS9m7m5q9oRioc%3D&reserved=0
[9]
[11 [9]]
[1 [1]]

> [1 [1]]

> [2 [1]]

> [2 [1]]

> [2 [2]]

https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613279093%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=BR3et7aHCzZAfwT1qqHD4C35caXdah2AQBKMXsq0Aw4%3D&reserved=0
[10]
[12 [10]]
[1 [1]]

> [2 [1]]

> [3 [1]]

https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613289299%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=gs9SotNI0f3LS%2FQp5H2b17vAmU1N561b%2F05SehBETGI%3D&reserved=0
[11]
[13 [11]]
[1 [1]]

> [1 [1]]

> [3 [1]]

> [2 [1]]

> [4 [1]]

https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613299211%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=Dp6dofxovR0aT1LV%2FeAYLOl6IBQjaGRJMXe%2FiolzAUM%3D&reserved=0
[12]
[14 [12]]
[1 [1]]

> [1 [1]]

> [4 [1]]

> [2 [1]]

> [5 [1]]

https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613308991%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=2aXOYmbwTvNoO3W3UxeYRU%2Bpw71daQT3I1xOHGCJ5cg%3D&reserved=0
[13]
[15 [13]]
[1 [1]]

> [1 [1]]

> [5 [1]]

> [2 [1]]

> [6 [1]]

https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613318937%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=tIslJv1%2FWHgoOnE%2Ftfou3Eeaf3PSwwAG1o7eHVkRV6w%3D&reserved=0
[14]
[16 [14]]
[1 [1]]

> [1 [1]]

> [6 [1]]

> [2 [1]]

> [7 [1]]

https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613328887%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=aO5acuhTuvpC1tASiXLVNBYHv%2FO4t1Ejp9pwqzyfaR8%3D&reserved=0
[15]
[17 [15]]
[1 [1]]

> [1 [1]]

> [7 [1]]

> [2 [1]]

> Links:

> ------

> [1 [1]]

https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Fsparkmailapp.com%2Fsource%3Ffrom%3Dsignature&data=05%7C02%7Cryan%40tyzlaw.com%
7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C6392892056133386
96%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiT
WFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=NSVbdtCogbElITORF9eXztp9D5IyB0PrbhKuu5fbgJc%3D&reserv
ed=0
[16]
[18 [16]]
[2 [2]]

> [2 [2]]

https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613348360%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=JATrnuohUeQfZXj3vM5Qld2oUX7gBUO9ZsICW2REeP4%3D&reserved=0
[17]
[19 [17]]
[1 [1]]

> Links:

> ------

> [1 [1]]

https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613358100%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=cGAZSXaq2ec3RoMvZkVQq3kKED443jMELQwCZt4gQMM%3D&reserved=0
[18]
[20 [18]]
[1 [1]]

> [2 [2]]

https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613367771%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=DBO0Dxbl4v4ssy23vRaGJbszCs2nPtSA815L8V6vTgw%3D&reserved=0
[19]

[21 [19]]
[1 [1]]

> [1 [1]]

> [3 [1]]

https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613377968%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=NV%2BH2ZjVNeB85uLvIFSjKoi2LB8jgZL1q9EF0BcWbZk%3D&reserved=0
[20]
[22 [20]]
[1 [1]]

> [1 [1]]

> [4 [2]]

https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613387662%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=Cs3%2BeOpI9dNF37Q0aJS0nSzuoOH02qxQ7q1MoO956x8%3D&reserved=0
[21]
[23 [21]]
[1 [1]]

> [1 [1]]

> [5 [3]]

https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613397525%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=uEQyFEIUk%2FmhZy04gtAwrlCMryWw4fQZI40jgH%2Fvh6U%3D&reserved=0
[22]
[24 [22]]
[1 [1]]

> [1 [1]]

> [6 [4]]

https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613407355%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=%2B1Z5IlZx7paTsyIpy6mZJpktWYzxBT0ChVeYILXtSYA%3D&reserved=0
[23]
[25 [23]]
[1 [1]]

> [1 [1]]

> [7 [5]]

https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613417428%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=Eb4ftNA0DmDgFk6rLKAju%2FpOWTXpuQ7a8n9HjAPSbvo%3D&reserved=0
[24]
[26 [24]]

[1 [1]]

> [1 [1]]

> [8 [6]]

https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Fsparkmailapp.com%2Fsource%3Ffrom%3Dsignature&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613427368%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=L4s%2Fud%2B9PA5u8Q9hNnp9w2DxHAIq8O2WKXwyr9%2BBaqc%3D&reserved=0
[25]
[27 [25]]
[2 [2]]

> Links:

> ------

> [1 [1]]

https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613439238%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=JpWSNQJR8g2TaxgK9HRoQbQ6p2aZfNb4HRR3ou%2F8%2Bjg%3D&reserved=0
[26]
[28 [26]]
[1 [1]]

Links:
------
[1] https://tyzlaw.com/
[2] https://sparkmailapp.com/source?from=signature

Links:
------
[1] https://tyzlaw.com/
[2] https://sparkmailapp.com/source?from=signature
[3]
https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613176980%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=8T3Z9ORoIUl166IVmW4VlBECBHXhi%2BGmaAXqz9YhUO0%3D&reserved=0
[1]
[4]
https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613196032%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=wYv1nS42dz114wHQSwCZKEUWAgbgxCekdw6%2FFOxy7vg%3D&reserved=0
[2]
[5]
https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613206558%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=vzAjohJdtH4UUe750p8f5L9%2FhjjA9KRTZ7XbO4gn4OY%3D&reserved=0
[3]
[6]
https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613216681%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=SQKwhx7Dd4Fubl%2FaHR6xIx5RtVBAtjeG3S%2FCD%2Frw1oE%3D&reserved=0
[4]
[7]

https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613226944%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=d9haKzC5Nh%2Bx3qjx9l7QtEUcs%2ByYtlCuZcj26pDeMIM%3D&reserved=0
[5]
[8]
https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613236988%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=HCTsdyOI25Yo1DYPlpToaM00Vuhmnli7GMVyh%2FIn%2Fow%3D&reserved=0
[6]
[9]
https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613247366%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=Q3iQxlc1f1wwvNiPDEh4zzQIGdMop7UcGTc91yysINQ%3D&reserved=0
[7]
[10]
https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613257580%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=247SOu0%2FCYD3lQCAl5osRAfNDdmoIcK0FBwo2vPiUM4%3D&reserved=0
[8]
[11]
https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613268393%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=y32vBw%2F5iyM2YNSsOBP0bljWs2DOwUS9m7m5q9oRioc%3D&reserved=0
[9]
[12]
https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613279093%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=BR3et7aHCzZAfwT1qqHD4C35caXdah2AQBKMXsq0Aw4%3D&reserved=0
[10]
[13]
https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613289299%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=gs9SotNI0f3LS%2FQp5H2b17vAmU1N561b%2F05SehBETGI%3D&reserved=0
[11]
[14]
https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613299211%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=Dp6dofxovR0aT1LV%2FeAYLOl6IBQjaGRJMXe%2FiolzAUM%3D&reserved=0
[12]
[15]
https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613308991%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=2aXOYmbwTvNoO3W3UxeYRU%2Bpw71daQT3I1xOHGCJ5cg%3D&reserved=0
[13]
[16]
https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613318937%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=tIslJv1%2FWHgoOnE%2Ftfou3Eeaf3PSwwAG1o7eHVkRV6w%3D&reserved=0
[14]
[17]
https://nam04.safelinks.protection.outlook.com/?

url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613328887%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=aO5acuhTuvpC1tASiXLVNBYHv%2FO4t1Ejp9pwqzyfaR8%3D&reserved=0
[15]
[18]
https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Fsparkmailapp.com%2Fsource%3Ffrom%3Dsignature&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613338696%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=NSVbdtCogbElITORF9eXztp9D5IyB0PrbhKuu5fbgJc%3D&reserved=0
[16]
[19]
https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613348360%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=JATrnuohUeQfZXj3vM5Qld2oUX7gBUO9ZsICW2REeP4%3D&reserved=0
[17]
[20]
https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613358100%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=cGAZSXaq2ec3RoMvZkVQq3kKED443jMELQwCZt4gQMM%3D&reserved=0
[18]
[21]
https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613367771%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=DBO0Dxbl4v4ssy23vRaGJbszCs2nPtSA815L8V6vTgw%3D&reserved=0
[19]
[22]
https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613377968%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=NV%2BH2ZjVNeB85uLvIFSjKoi2LB8jgZL1q9EF0BcWbZk%3D&reserved=0
[20]
[23]
https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613387662%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=Cs3%2BeOpI9dNF37Q0aJS0nSzuoOH02qxQ7q1MoO956x8%3D&reserved=0
[21]
[24]
https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613397525%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=uEQyFEIUk%2FmhZy04gtAwrlCMryWw4fQZI40jgH%2Fvh6U%3D&reserved=0
[22]
[25]
https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613407355%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=%2B1Z5IlZx7paTsyIpy6mZJpktWYzxBT0ChVeYILXtSYA%3D&reserved=0
[23]
[26]
https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613417428%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=Eb4ftNA0DmDgFk6rLKAju%2FpOWTXpuQ7a8n9HjAPSbvo%3D&reserved=0
[24]
[27]
https://nam04.safelinks.protection.outlook.com/?

url=https%3A%2F%2Fsparkmailapp.com%2Fsource%3Ffrom%3Dsignature&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613427368%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=L4s%2Fud%2B9PA5u8Q9hNnp9w2DxHAIq8O2WKXwyr9%2BBaqc%3D&reserved=0
[25]
[28]
https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613439238%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=JpWSNQJR8g2TaxgK9HRoQbQ6p2aZfNb4HRR3ou%2F8%2Bjg%3D&reserved=0
[26]

Links:
------
[1]
https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613176980%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=8T3Z9ORoIUl166IVmW4VlBECBHXhi%2BGmaAXqz9YhUO0%3D&reserved=0
[2]
https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613196032%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=wYv1nS42dz114wHQSwCZKEUWAgbgxCekdw6%2FFOxy7vg%3D&reserved=0
[3]
https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613206558%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=vzAjohJdtH4UUe750p8f5L9%2FhjjA9KRTZ7XbO4gn4OY%3D&reserved=0
[4]
https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613216681%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=SQKwhx7Dd4Fubl%2FaHR6xIx5RtVBAtjeG3S%2FCD%2Frw1oE%3D&reserved=0
[5]
https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613226944%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=d9haKzC5Nh%2Bx3qjx9l7QtEUcs%2ByYtlCuZcj26pDeMIM%3D&reserved=0
[6]
https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613236988%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=HCTsdyOI25Yo1DYPlpToaM00Vuhmnli7GMVyh%2FIn%2Fow%3D&reserved=0
[7]
https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613247366%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=Q3iQxlc1f1wwvNiPDEh4zzQIGdMop7UcGTc91yysINQ%3D&reserved=0
[8]
https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613257580%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=247SOu0%2FCYD3lQCAl5osRAfNDdmoIcK0FBwo2vPiUM4%3D&reserved=0
[9]
https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613268393%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C

7C%7C&sdata=y32vBw%2F5iyM2YNSsOBP0bljWs2DOwUS9m7m5q9oRioc%3D&reserved=0
[10]
https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613279093%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=BR3et7aHCzZAfwT1qqHD4C35caXdah2AQBKMXsq0Aw4%3D&reserved=0
[11]
https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613289299%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=gs9SotNI0f3LS%2FQp5H2b17vAmU1N561b%2F05SehBETGI%3D&reserved=0
[12]
https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613299211%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=Dp6dofxovR0aT1LV%2FeAYLOl6IBQjaGRJMXe%2FiolzAUM%3D&reserved=0
[13]
https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613308991%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=2aXOYmbwTvNoO3W3UxeYRU%2Bpw71daQT3I1xOHGCJ5cg%3D&reserved=0
[14]
https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613318937%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=tIslJv1%2FWHgoOnE%2Ftfou3Eeaf3PSwwAG1o7eHVkRV6w%3D&reserved=0
[15]
https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613328887%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=aO5acuhTuvpC1tASiXLVNBYHv%2FO4t1Ejp9pwqzyfaR8%3D&reserved=0
[16]
https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Fsparkmailapp.com%2Fsource%3Ffrom%3Dsignature&data=05%7C02%7Cryan%40tyzlaw.com%
7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613386
96%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiT
WFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=NSVbdtCogbElITORF9eXztp9D5IyB0PrbhKuu5fbgJc%3D&reserv
ed=0
[17]
https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613348360%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=JATrnuohUeQfZXj3vM5Qld2oUX7gBUO9ZsICW2REeP4%3D&reserved=0
[18]
https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613358100%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=cGAZSXaq2ec3RoMvZkVQq3kKED443jMELQwCZt4gQMM%3D&reserved=0
[19]
https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613367771%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=DBO0Dxbl4v4ssy23vRaGJbszCs2nPtSA815L8V6vTgw%3D&reserved=0
[20]
https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253
572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613377968%7CUnknown%7CTWFpbGZsb3d8eyJF
bXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%
7C%7C&sdata=NV%2BH2ZjVNeB85uLvIFSjKoi2LB8jgZL1q9EF0BcWbZk%3D&reserved=0
[21]
https://nam04.safelinks.protection.outlook.com/?
url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253

572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613387662%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=Cs3%2BeOpI9dNF37Q0aJS0nSzuoOH02qxQ7q1MoO956x8%3D&reserved=0
[22]
https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613397525%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=uEQyFEIUk%2FmhZy04gtAwrlCMryWw4fQZI40jgH%2Fvh6U%3D&reserved=0
[23]
https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613407355%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=%2B1Z5IlZx7paTsyIpy6mZJpktWYzxBT0ChVeYILXtSYA%3D&reserved=0
[24]
https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613417428%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=Eb4ftNA0DmDgFk6rLKAju%2FpOWTXpuQ7a8n9HjAPSbvo%3D&reserved=0
[25]
https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Fsparkmailapp.com%2Fsource%3Ffrom%3Dsignature&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613427368%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=L4s%2Fud%2B9PA5u8Q9hNnp9w2DxHAIq8O2WKXwyr9%2BBaqc%3D&reserved=0
[26]
https://nam04.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftyzlaw.com%2F&data=05%7C02%7Cryan%40tyzlaw.com%7C961c2ae71ebf4cb4ddfd08df36253572%7C47c9a18584674258b36ff64e2c8809cb%7C0%7C0%7C639289205613439238%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=JpWSNQJR8g2TaxgK9HRoQbQ6p2aZfNb4HRR3ou%2F8%2Bjg%3D&reserved=0