# EXHIBIT 2

AIIA’s questions for the October 30, 2026 meet-and-confer:
email from Vivek Ramachandran to Ryan Tyz, copying Udit Sood-Hall, Robert E. Golden, and the Tyz Law Plus One team, sent October 30, 2026, 8:37 a.m. Eastern.
The email was sent as a reply on the thread reproduced in Exhibit 1; the earlier messages quoted beneath it are that chain and are not repeated here.

**From:** vramachandran@dhammalaw.com
**To:** Ryan Tyz <ryan@tyzlaw.com>
**Cc:** Udit Sood-Hall <udit@tyzlaw.com>, Robert E Golden <golden@goldenlaw.net>, Tyz Law - Plus One Team <tyzlawplusoneteam@tyzlaw.com>
**Date:** Fri, 30 Oct 2026 08:37:52 -0400
**Subject:** Re: Plus One v. AIIA — AIIA's Position on the October 29, 2026 Stipulation Negotiation and for the October 30, 2026 Meet-and-Confer; Reservation of Rights

---

yan, Udit,

Ahead of today's 4:30 p.m. Pacific conference, and so that the time is used efficiently, AIIA asks that Plus One be prepared to answer the following on the call. AIIA attends under the reservation of rights in my 7:31 a.m. email and in Dkts. 82, 84, 91, and 92, and today's supplement; nothing in this email or on the call is agreement, narrowing, or waiver. These questions concern the schedule, the October 7 production, and the Protective Order; they are not a substitute for Plus One's October 7 contentions, without which AIIA cannot narrow terms or revise constructions today. Nor would answers delivered today cure the problem: the Scheduling Order placed Plus One's contentions on October 7, AIIA's extrinsic-evidence and expert disclosure on October 9, and the exchange on October 30, so that AIIA's counsel and expert would have 23 days with Plus One's charts and prior art before taking positions. Bates numbers or positions delivered hours before the call restore none of that time, and AIIA's expert still cannot receive designated material. AIIA will therefore note receipt of anything Plus One provides today and participate only under reservation, and AIIA will respond to Plus One's proposed constructions within thirty days after Plus One serves the contentions and makes the production due October 7, 2026.

OCTOBER 7 CONTENTIONS AND PRODUCTION (DKT. 25; DKT. 31 SECTION II)

* When will Plus One serve its invalidity contentions and prior-art charts, its Section 112 identifications, and its Section 101 identifications? AIIA's position is that those positions already exist: Plus One could not have selected the 3,006 pages it produced on October 9 without them, and it disclosed its claim-construction and indefiniteness expert the same day. Will Plus One serve them before November 9?
* For each term Plus One contends is indefinite, what is the Section 112 basis?
* Which of the 3,006 pages produced on October 9 (PLUSONE_000794-003799) relate to which of the fifteen terms, and to which proposed construction? Will Plus One provide that mapping?
* What "technical documents, including software where applicable, sufficient to show the operation of the accused product(s)" (Dkt. 31 Section II(b)) will Plus One produce, and when? If Plus One contends its January 16 production already satisfies Section II(b), please identify the Bates ranges. AIIA's review of that production identified only twelve documents bearing on how the accused products operate (three camera manufacturers' datasheets, one sales presentation, and eight drawings and schedules), which AIIA identified by Bates number in its October 16 email (Dkt. 81, Paragraph 17).
* Does Plus One agree that AIIA's source-code review proceeds under the Scheduling Order and Protective Order after production and approval

of AIIA's expert? If not, please state Plus One's position so it can be put in the Joint Advisory.

PROTECTIVE ORDER (DKT. 27-1, PARAGRAPHS 5(E), 18, AND 24)

* What AIIA-designated material was provided to Prof. Bretl, and on what dates?
* Will Plus One certify destruction of that material and confirm non-use pending the Court's ruling? Will it retain a different expert?
* Will Plus One de-designate the public materials in its January 16 and October 9 productions?

SCHEDULE AND THE COURT\u2019S OCTOBER 28 ORDER (DKT. 89)

* Will Plus One file the stipulation negotiated yesterday with the single reservation sentence AIIA requested ("The Parties explicitly reserve additional unaddressed items relating to the October 7, 2026 and October 9, 2026 deadlines, and the rest of the Scheduling Order, for the meet-and-confer")? The window remains open.
* AIIA's position is that today's call does not replace the conference the Court directed in Dkt. 89 on the pending motions; the parties will meet and confer again on November 1, as AIIA proposed. Given the lack of progress yesterday, AIIA asks that Plus One provide, in writing and before that conference, its proposals on each item for the Joint Advisory due at noon Central on November 5, so that AIIA can consider them in advance. AIIA does not want to spend further time conferring without knowing Plus One's position. Please also confirm Plus One's availability on November 1 and that drafts of the Joint Advisory can be exchanged by end of day Tuesday, November 3.

AIIA reserves its right to move to strike, as set out in Dkt. 84. If no scheduling order is entered today and the claim-terms exchange goes forward at today's conference, AIIA will have no choice but to rely solely on its motions to strike, because the prejudice of taking claim-construction positions without Plus One's October 7 contentions cannot be undone by any later change in the schedule. AIIA warned Plus One of exactly this permanent prejudice yesterday. AIIA's prejudice deepens further with today's call, and AIIA has gone back to Plus One time and again to prevent that, as yesterday's extensive meet-and-confer shows.

AIIA will confirm in writing after the call what was said on each item.

Sincerely,
Vivek

On 2026-10-30 07:31, vramachandran@dhammalaw.com wrote:

[The earlier messages quoted beneath this point in the email as sent are the chain reproduced in full in Exhibit C.]