**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| PLUS ONE ROBOTICS, INC.,<br>Plaintiff / Counter-Defendant,<br>v.<br>ARTIFICIAL INTELLIGENCE INDUSTRY ASSOCIATION, INC., and ARTIFICIAL INTELLIGENCE IMAGING ASSOCIATION, INC.,<br>Defendants / Counter-Plaintiffs. | Case No. 5:25-CV-01197-OLG-HJB |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR EMERGENCY MOTION TO COMPEL PRODUCTION OF TECHNICAL DOCUMENTS, TO MODIFY THE SCHEDULING ORDER, AND TO STAY THE OCTOBER 30, 2026 EXCHANGE (DKT. 82)**

Defendants and Counter-Plaintiffs Artificial Intelligence Industry Association, Inc. and Artificial Intelligence Imaging Association, Inc. (together, "AIIA") submit this reply in support of their Emergency Motion to Compel Production of Technical Documents Under the Order Regarding Contentions, to Modify the Scheduling Order, and to Stay the October 30, 2026 Exchange (Dkt. 82) ("Motion"), and in response to the Omnibus Response (Dkt. 90) of Plaintiff/Counter-Defendant Plus One Robotics, Inc. ("Plus One"). Record citations are to the Declaration of Vivek Ramachandran (Dkt. 81) ("Decl."), the September 10, 2026 hearing transcript (Dkt. 73) ("Tr."), and the exhibits to Dkts. 90, 92, and 94.

**I. The parties' stipulation moots only the stay; the compel and schedule relief remain.**

After Plus One filed its response, the parties filed a stipulation (Dkt. 93), which the Court has not entered. It extends Plus One's October 7 obligations to November 9, 2026 and the October 30 exchange to December 9, 2026, and provides that each extension "changes only the date; it does

not modify the substance of those obligations, which remain as stated in Dkt. 25 and Dkt. 31." (Dkt. 93 ¶¶ 2–3.) It permits AIIA to supplement its October 9 disclosures by November 30, 2026, alters nothing else, is without prejudice to the pending motions, and reserves the "unaddressed items relating to the October 7, 2026 and October 9, 2026 deadlines for the meet and confer." (*Id.* ¶¶ 4, 6–8.) AIIA withdrew its separate stay request on that basis (Dkt. 94; Text Order of Oct. 30, 2026), and the stay component of this Motion is likewise moot. (Dkt. 94 ¶ 1.) The remaining relief is not: Plus One has stipulated that Section II(b) stands as written, so the questions are what it requires and when the dependent dates run. Under Rule 16(b)(4) those dates are for the Court: a schedule "may be modified only for good cause and with the judge's consent," and "a court must approve of any party agreement to modify a court-ordered deadline." *Garza v. Webb County*, 296 F.R.D. 511, 512–13 (S.D. Tex. 2014) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). AIIA asks the Court to enter Dkt. 93 together with the relief requested here.

**II. Section II(b) requires documents "sufficient to show the operation of the accused product(s)"; Plus One has not produced them.**

Plus One's answer is that "there is nothing to compel" because it "long ago provided materials sufficient to show the operation of its accused products," citing only its counsel's declaration. (Dkt. 90 at 8; Dkt. 90-1 ¶ 4.) Its own description of the January 16, 2026 production shows otherwise. Plus One says it produced "documents identifying relevant hardware in its robot systems as well as source code and related materials" made available for inspection. (Dkt. 90 at 8–9.) Section II(b) requires "technical documents, including software where applicable, sufficient to show the operation of the accused product(s)." (Dkt. 31 § II(b); Dkt. 25 at 1–2.) Documents that identify hardware are not documents that show operation. AIIA reviewed the 793 pages and identified by Bates number the twelve that bear on how the accused systems are built. (Decl. ¶ 17.)

Of those twelve, nine bear on operation if that: three camera manufacturers' datasheets, one sales presentation, and hardware wiring diagrams showing how components are powered and connected. Every one of the nine is a public document that AIIA had already cited in its claim charts. The October 9 production is extrinsic evidence, not Section II(b) material. (Decl. ¶¶ 6, 10.) AIIA has reviewed all of the documents produced on October 9, 2026, and all of them relate to Plus One's theories, which Plus One had not disclosed on October 7, 2026, and still has not. And the obligation is measured against the Fourth Amended contentions served under the Court's September 10 ruling, not against a production made eight months earlier. Plus One does not identify a single Bates range in that production that shows how PickOne, InductOne, DepalOne, or Yonder operates as AIIA's contentions chart them, though AIIA asked it to on October 30. (Dkt. 94-2 at 1.) The party asserting sufficiency bears the burden to explain how its production satisfies the rule. *Edward D. Ioli Tr. v. Avigilon Corp.*, No. 2:10-cv-605-JRG, 2012 WL 5830711, at *3 (E.D. Tex. Nov. 16, 2012). "Painstakingly collected" (Dkt. 90 at 8) is not an explanation.

Making source code available is not production of documents. Section II(b) calls for "technical documents, including software where applicable"; it does not permit an accused infringer to substitute a code computer for the documents that show how its products work. Plus One told the Court on September 10 what is on that computer: source code and training data sets, which it said would "tell them exactly which drivers are being used." (Tr. 64:6–11, 64:23–25, 66:16–19.) It also told the Court that "schematics, maps, diagrams … None of that is needed." (Tr. 65:8–11.) That is Plus One's opinion of what AIIA needs; it is not a production, and AIIA told the Court then that what Plus One "ha[d] not made available is schematics" and that "the only thing that they've produced for inspection is source code." (Tr. 61:17–19, 63:23–64:1.) AIIA's contentions chart 82 of 86 elements on documentary evidence, with code cited only in the

alternative and with no software reservation. (Decl. ¶¶ 36–37.) The documents that show how those 82 elements are practiced are what Section II(b) requires, and they are the roadmap for any code review. (Tr. 69:9–21.)

Plus One's position on software is also at odds with its own conduct. Under the Scheduling Order, software is produced with the invalidity contentions, as part of the "technical documents, including software where applicable, sufficient to show the operation of the accused product(s)" (Dkt. 25 at 1–2; Dkt. 31 § II(b)); under the May 8 order that production was due October 7. Yet on July 28, 2026, two months before its own software was due, Plus One moved to strike AIIA's contentions for not citing Plus One's source code (Dkt. 40), at a time when that code could be seen only by unscheduled inspection (Dkt. 49 at 2, 4–5). The Court denied that motion without prejudice. (Tr. 71:19–72:24.) The thirty-day period in Dkt. 25 runs only where AIIA "assert[s] that a claim element is practiced in software" and defers its disclosure for that element until source code is produced (Dkt. 25 at 1); it is triggered by a software reservation. AIIA made none. Because AIIA charted 82 of 86 elements on documents, and even the four remaining elements rely on publicly available source code (Tr. 70:9–12), the thirty-day period on which Plus One's July motion depended was never triggered. Plus One itself has cited a single source-code file, and that file is from the public repository and is already part of AIIA's preliminary infringement contentions. AIIA told Plus One so again on November 4. (Ex. F at 2.) Plus One's newest answer, in its November 4 draft Joint Advisory, is that its "accused products do not use the third-party tools (Amazon SageMaker and certain RealSense ROS drivers) that AIIA is accusing." (Ex. G at 2.) That is a non-infringement position, first stated four weeks late. Plus One also says there that AIIA has not "specifically identif[ied] any relevant information it cannot obtain from" the materials produced. (*Id.*) AIIA served a detailed listing of exactly that on October 19: Attachment A to its

letter, forty-five numbered categories keyed to the charted claim elements. (Dkt. 81, Ex. E, Attach. A, at E-016–23.) AIIA's contentions map the '272 elements to the public statement of Plus One's own Chief Technology Officer: "We use Amazon SageMaker Ground Truth to generate tens of thousands of labeled photorealistic images of packages from various carriers, modeling pose, placement, and even surface variations like stickers or labels. ... This data is used in real-life induction applications to facilitate over 1 million picks per day for our customers." (Dkt. 9-1 at 2 (statement of Shaun Edwards, CTO and co-founder, Plus One Robotics); Dkt. 49 at 10–11; Dkt. 50 at 16.) AIIA has established use by Plus One's own documents and public statements. Plus One says the statement is untrue and only its source code can show it. (Tr. 47:10–13; Ex. G at 2.) It is Plus One's burden to prove that its Chief Technology Officer lied. What was and was not used is shown by documents: any framework or agreement under which Plus One and Amazon collaborated to reach the re:MARS event; Plus One's relationship with Amazon; the re:MARS event slide deck and emails exchanged between its CTO and AMAZON; the SageMaker documentation Plus One received before and after the presentation; what was demonstrated, the photographs and images taken with those demonstrations, and the documentation associated with them; the emails exchanged with Amazon about the demonstration; the developers who worked on it; and the model used, which AIIA has asked about since March 2026. (Dkt. 81, Ex. E at E-009 & Attach. A ¶¶ 16–22, at E-017–19.) Those are the Section II(b) documents for the '272 elements. Plus One has produced none of them; the same facts can be established by subpoena to Amazon. The argument that AIIA must use only Plus One's software to prove what Plus One's officer said in public and is documentary evidence of a model they admit was used is baseless; whether the public record is true is for the jury. Plus One's inversion of the Scheduling Order's sequence is, once again, the cause of the disruption, and it is the patent owner that decides what

evidence to marshal and how. Plus One seeks to invert that too: it would limit what is discoverable to source code, on the theory that an obligation to produce "technical documents, including software where applicable," is satisfied by software alone, even where its own Chief Technology Officer has said publicly that Plus One uses SageMaker to generate thousands of images. (Dkt. 31 § II(b).) The obligation reads as written: technical documents, with software where applicable, *not instead of them*.

Plus One's formulations do not meet the obligation either; each assumes the January production was sufficient, which the stipulation forecloses (Dkt. 93 ¶ 2). It offers to produce "any additional non-cumulative documents it locates," or "any responsive, non-cumulative materials located pursuant to a reasonable search," by November 9. (Dkt. 90 at 5, 10; Dkt. 90-1 ¶ 4.) What it requires is defined by the contentions already served and by the categories AIIA identified on October 16 and 19: manuals, design documents and specifications, schematics and circuit diagrams, sensor and camera integration documents, and documents showing how camera and sensor data is captured, processed, and used to drive the robot. (Decl. ¶¶ 21, 25; Dkt. 81, Ex. E, Attach. A; Dkt. 91, Ex. B ¶ 1.) Plus One has never said that any of those categories does not exist. The Court should order the production as to each charted element, with a certification by Bates number and a statement, for any category Plus One says it lacks, that the documents do not exist or have been produced. *R2 Sols. LLC v. Am. Airlines, Inc.*, No. 4:22-cv-00353-ALM, 2023 WL 3938862, at *4 (E.D. Tex. June 9, 2023).

**III. Transcript page 70, lines 8–9, in context.**

Plus One quotes AIIA's statement that "[i]t's only an issue after the claim construction because we've given them notice" (Tr. 70:8–9) as a representation that AIIA "does not need additional information before claim construction." (Dkt. 90 at 9–10.) The exchange concerned Plus

One's motion to strike and whether AIIA needed Plus One's source code before its contentions could be specific. AIIA explained that it could not send a code reviewer without a roadmap: "we need, like, circuit diagrams, user manuals, and then we need the design manuals, you know, the design specifications of this particular … products before we can actually send a code reviewer out there." (Tr. 69:9–21.) The Court asked whether "this" was an issue at claim construction or "only … after the claims have been … construction," and AIIA answered that the code review was an issue after claim construction "because we've given them notice," that is, because its contentions were complete without it. (Tr. 69:24–70:9.) The Court denied the motion to strike without prejudice, noting that discovery "may be that it fills out the claim." (Tr. 71:19–72:16.) Nothing in that exchange concerned Section II(b), which Plus One described moments later as its own obligation. (Tr. 73:19–23.)

**IV. The schedule should move by the interval the Scheduling Order itself set, and the source-code sequence should be confirmed.**

The Scheduling Order placed Plus One's invalidity contentions on May 11, 2026, before the August 10 exchange of claim terms and the September 9 exchange of proposed constructions. (Dkt. 25 at 1–2.) The parties' joint motion and the Text Order of May 8, 2026 moved that date to October 7, after both exchanges, leaving only the October 9 extrinsic-evidence and expert disclosure and the October 30 narrowing conference to follow it; the joint motion, signed by Plus One's counsel, told the Court the change "will not impact any other deadlines." (Dkt. 33 at 1.) Plus One's default on October 7 consumed the window that remained, and its October 9 expert disclosure inverted the sequence. The stipulation fixes November 9, December 9, and the supplements (November 30 and December 7) and leaves the rest of the pre-Markman schedule where Dkt. 25 put it; Plus One's position that it "will oppose any adjustments to the case schedule besides those already stipulated in Dkt. 93" (Ex. E at 12) would leave the opening brief due

December 11, two days after the December 9 exchange. (Dkt. 25 at 3.) Claim-construction positions "as a practical matter would be influenced by … the specific prior arts disclosed in invalidity contentions." *Innovative Display Techs. LLC v. Acer Inc.*, No. 2:13-cv-00522-JRG, 2014 WL 2796555, at *2 (E.D. Tex. June 19, 2014).

AIIA proposes that every date depending on the December 9 exchange move by the interval the Scheduling Order itself set between the narrowing exchange and the opening brief, forty-two days, with every event's text unchanged, as Dkt. 93 ¶ 2 treated the contentions deadline: mediation January 4, 2027; opening claim construction brief January 20, 2027; responsive brief February 24, 2027; Joint Claim Construction Statement March 10, 2027; technical tutorials March 31, 2027; Markman hearing April 7, 2027; and the post-Markman dates (amendment of pleadings, the narrowing conferences, the close of fact and expert discovery, expert reports, and dispositive and Daubert motions) each moved by the same forty-two days, with dates falling on a weekend or holiday moved to the next business day. Because Plus One's contentions will arrive on November 9, after the exchanges of terms and constructions, AIIA will serve on November 30, 2026, with its supplement under Dkt. 93 ¶ 4, any revised claim terms made necessary by those contentions, within the fifteen-term limit per side, so that Plus One can propose constructions for them at the December 9 exchange; the Scheduling Order's December 9 event is itself an "exchange [of a] revised list of terms/constructions," and AIIA reserved its claim-construction positions, extrinsic evidence, and expert topics in writing on October 30 pending receipt of Plus One's positions. (Dkt. 25 at 2; Dkt. 94-1 at 3–4.)

The source-code sequence should also be confirmed. The thirty-day provisions of Dkt. 25 — AIIA's period to identify source code for an element it has reserved as practiced in software, and Plus One's period to serve supplemental invalidity contentions limited to such an element —

apply only where a software reservation has been made, and AIIA made none; neither period has been triggered. (Dkt. 25 at 1–2; Decl. ¶¶ 36–37.) What remains is Plus One's obligation under Section II(b) to produce software where applicable with its contentions, and the review of source code under Protective Order ¶ 10, at a mutually agreed date and location, by experts approved under ¶ 5(e). (Dkt. 31 § II(b); Dkt. 27-1 ¶¶ 5(e), 10(e).) Software and source-code discovery flow with the documentary evidence, not before it: without the documents that show how 82 of 86 charted elements are practiced, AIIA cannot instruct a code reviewer what to look for. (Tr. 69:9–21; Decl. ¶¶ 36–37.) AIIA states its position: source-code review begins at a mutually agreed time after AIIA's source-code review expert has been disclosed to Plus One and approved under ¶ 5(e). AIIA asks the Court to so confirm.

**V. The prejudice is continuing, and the schedule must account for it.**

Plus One says AIIA has shown no prejudice. (Dkt. 90 at 7, 12.) The record shows prejudice of three kinds, each continuing. First, AIIA has taken every claim-construction step since October 9 without Plus One's positions or the Section II(b) documents: its October 9 disclosure was made "being made to respond to indefiniteness contentions it has not yet seen," and it entered the October 30 conference blind and under written reservation. (Decl. ¶ 9; Dkt. 94-1 at 3–4.) Second, the asymmetry grows daily: Plus One's expert has held AIIA's complete claim mapping since October 14, and AIIA's expert has seen none of Plus One's designated material. (Decl. ¶¶ 12, 14, 16, 36–37.) "A party that fails to disclose information in a timely manner has little room to complain that the opposing party is tardy." *Coopervision, Inc. v. Ciba Vision Corp.*, 480 F. Supp. 2d 884, 889 (E.D. Tex. 2007); *see S&W Enters.*, 315 F.3d at 535–36 (prejudice factor). Third, the prejudice reaches the value of AIIA's patent assets, which depends on timely enforcement and on the confidentiality of its enforcement positions. (Dkt. 82, Part IV.)

At the Dkt. 89 conference, AIIA proposed that schedule and the withdrawal of its own motions without prejudice, on two conditions: that Plus One's expert use AIIA's materials only subject to the Protective Order, including the October 14 disclosure, and that Plus One provide access to AIIA's materials only under the Order. (Exs. A–D; Ex. E at 12–13.) Plus One accepted the dates and refused both conditions, stating that AIIA "has never served proper infringement contentions," that it may "post the contentions online," that "this is a risk Plus One is willing to take," and that it "will oppose any adjustments to the case schedule besides those already stipulated in Dkt. 93." (Ex. E at 3, 8–9, 11–12.) AIIA served every contention on the date set by the court, then amended when Plus One wrote a letter to avoid motion practice to cure the nitpicks that Plus One would include in each letter, which resulted in multiple infringement contentions. Plus One's position has always been that they should not be held accountable for statements made by the CTO, and that truth is something other than what the records plainly show. Plus One then circulated a two-section draft Joint Advisory and at 10:04 p.m. said it had "nothing further to send." (Ex. F at 1, 3; Ex. G.) A schedule change does not cure a breach from which Plus One continues to gain an advantage, and the breach was willful.

## CONCLUSION

AIIA respectfully requests that the Court (1) enter the parties' stipulation (Dkt. 93); (2) compel Plus One, by November 9, 2026, to produce technical documents other than source code sufficient to show the operation of each accused product as to each charted claim element, including the categories in AIIA's October 16 and 19 correspondence (Attachment A ¶¶ 16–21 among them), certified by Bates number, with a statement for any category it lacks that the documents do not exist, source code not satisfying the obligation; (3) move each date that depends on the December 9, 2026 exchange by forty-two days, with every event's text under Dkt. 25

unchanged, and confirm AIIA's service of revised claim terms on November 30, 2026; (4) confirm the source-code sequence stated in Part IV; and (5) deem the stay request moot.

Dated: November 4, 2026

Respectfully submitted,

*/s/ Robert E. Golden*
Robert E. Golden
Texas Bar No. 08085560
ROBERT E. GOLDEN, P.C.
14100 San Pedro Ave., Suite 611
San Antonio, TX 78232-4363
(210) 495-0900
golden@goldenlaw.net

Vivek Ramachandran (admitted pro hac vice)
DHAMMA LAW PLLC
418 Broadway, Suite N
Albany, NY 12207
(202) 860-4084
vramachandran@dhammalaw.com

*Counsel for Defendants/Counter-Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on November 4, 2026, the foregoing was filed through the Court's CM/ECF system, which will send notification of the filing to all counsel of record.

*/s/ Robert E. Golden*
Robert E. Golden