**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| PLUS ONE ROBOTICS, INC.,<br>Plaintiff / Counter-Defendant,<br>v.<br>ARTIFICIAL INTELLIGENCE INDUSTRY ASSOCIATION, INC., and ARTIFICIAL INTELLIGENCE IMAGING ASSOCIATION, INC.,<br>Defendants / Counter-Plaintiffs. | Case No. 5:25-CV-01197-OLG-HJB |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE AND PRECLUDE PLAINTIFF'S UNTIMELY INVALIDITY, SECTION 112, AND SECTION 101 CONTENTIONS AND PRIOR ART (DKT. 84)**

Defendants and Counter-Plaintiffs Artificial Intelligence Industry Association, Inc. and Artificial Intelligence Imaging Association, Inc. (together, "AIIA") submit this reply in support of their Motion to Strike and Preclude Plaintiff's Untimely Invalidity, Section 112, and Section 101 Contentions and Prior Art (Dkt. 84) ("Motion"), and in response to the Omnibus Response (Dkt. 90) of Plaintiff/Counter-Defendant Plus One Robotics, Inc. ("Plus One"). Record citations are to the Declaration of Vivek Ramachandran (Dkt. 81) ("Decl."), the September 10, 2026 hearing transcript (Dkt. 73) ("Tr."), and the exhibits to Dkts. 90, 92, and 94.

**I. The deadline was October 7; the colloquy Plus One quotes is not the ruling.**

Plus One's deadline was set by its own joint motion (Dkt. 33) and the Court's order that the Dkt. 31 deadline "is EXTENDED to OCTOBER 7, 2026." (Text Order of May 8, 2026.) That joint motion, signed by Plus One's counsel, moved Plus One's contentions from August 6 to October 7 and represented to the Court that "[t]he relief sought by this motion will not impact any other deadlines specified in the Scheduling Order or in the Order Regarding Contentions." (Dkt. 33 at 1.) This deadline movement gave Plus One 30 days after AIIA's contentions, and skipped over dates for claim

construction, aimed at prejudicing AIIA via the May 8, 2026 order. Forced onto AIIA Counsel Robert Golden at the last minute, when Robert Golden had proposed going to the Judge alone. Plus One refused to accommodate a provision on a meet and confer, willfully changing the sequence. This willful misuse of procedure is not new. Plus One wrote a letter 15 days before AIIA's contentions were due to then claim 15 days later that AIIA has breached its source code reservation. An expert could not even have been qualified in 10 days. Indeed, when one was qualified, Plus One then sought to disqualify the expert. Then forced the extension while moving only Plus One's own theories and forcing AIIA to provide its claim terms without having access to Plus One's theories. This is the exact gamesmanship Plus One chose to repeat on October 7, 2026 by skipping that date and then producing all documents on October 9, 2026 to prejudice AIIA. Such gamesmanship will continue, unless this court ends it once and for all.

Plus One says the Court moved the deadline again on September 10, citing Tr. 74:11–14, 75:7–15, and 80:22–25. (Dkt. 90 at 3–4, 6.) Read in full, those passages show the Court raising the subject, offering time, and then deciding not to set any date. The Court said it was "concerned that you-all need more time" (Tr. 74:11–14) and offered it: "If you need more time, I'm good -- I'm happy to give you more time." Plus One's counsel answered, "I think we're okay." (Tr. 75:2–4.) He then said that "under the order, we get 60 days," asked the Court to "correct me if I'm wrong," and said Plus One would "live with that deadline." (Tr. 75:7–15.) The order he was describing set a date, October 7, not a period, and he told the Court minutes later that the deadline "is due pretty early in October." (Tr. 80:13–15.) Before that, the Court had already ruled on how deadlines would change: "I'm not going to set those deadlines now. I'll let you confer," with proposals due "the 1st of October," to which Plus One's counsel replied, "That should be sufficient, Your Honor." (Tr. 79:16–80:8.) When counsel raised the October date again, the Court said the contentions "would be due way in November … 60 days effectively from today," and in the same breath that "you-all can change those deadlines or whatever you needed to by way of conference before -- a month before that time." (Tr. 80:22–81:3.) When AIIA asked the Court

to "schedule all of the dates," the Court declined: "I want you-all to talk it all the way through yourselves and then propose something to me. I don't want to try to do it off-the-cuff now." (Tr. 81:8–14.) The Court then announced "the ruling": "The parties will, by October 1st, propose any changes to the scheduling order they think is appropriate." (Tr. 82:9–18.) The written order says the same and nothing about sixty days or November. (Dkt. 71 ¶ 2.) The Court added: "If there's any question about it, please seek clarification, because it's the oral order that controls." (Tr. 83:12–14.) Plus One relies on that sentence (Dkt. 90 at 6), but the oral order is the ruling at 82:9–83:3, not the exchange that preceded it, which the Court closed by refusing to set dates. Remarks from the bench "in no way bind the judge" to a particular ruling. *Gray v. WinCo Foods, LLC*, 683 F. Supp. 3d 571, 582–83 (E.D. Tex. 2023). The sixty-day figure was the Court's description of what the parties could reach "by way of conference" and propose by October 1. Plus One concedes that "[n]either party sought by October 1, 2026, to change the schedule." (Dkt. 74 at 2.) A change the Court directed the parties to propose, and that no one proposed, was never made. Fed. R. Civ. P. 16(b)(4). Plus One's own October 13 email read the ruling the same way: it told AIIA that the Court "ordered the parties to meet and confer before making any such requests and to make any such requests by no later than October 1, 2026," and demanded that AIIA show good cause for any change. (Decl. ¶ 11.) It cannot hold AIIA to October 1 and exempt itself.

**II. AIIA's October 9 email did not change a court-ordered deadline.**

Plus One's remaining support is one sentence from AIIA's October 9, 6:17 p.m. email: "Your deadline was moved from 7th October only to help with that review not prejudice AIIA with jumping the dates today." (Dkt. 90 at 4, 6.) Three things about that email dispose of the argument. First, it was sent two days after October 7. It cannot have induced a default that had already occurred, and Plus One does not claim it did; Plus One says it did not serve "because it understood that the Court had allowed it '60 days from today.'" (Dkt. 90 at 6.) Second, it states its own condition in the preceding sentence:

"The court gave you time to review the claims charts and then meet and confer." That conference and proposal, due by October 1, never happened. (Decl. ¶ 4; Dkt. 74 at 2.) The email was sent thirty-five minutes after AIIA objected that Plus One "did not provide us with anything on the 7th which precedes this disclosure deadline," and eighteen minutes after AIIA disclosed its expert under protest because "nothing was served on October 7, 2026." (Decl. ¶¶ 8–9.) Third, AIIA did not have the transcript. Plus One ordered it on September 11 and had it from September 23; AIIA first obtained access on October 16. (Dkt. 72; Dkt. 73; Decl. ¶ 4.) A party that holds the transcript cannot rely on its adversary's understanding of a ruling the adversary had not read. Correspondence does not amend a scheduling order in any event; only the Court does, "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A party unsure of an order "could have petitioned the District Court for a modification, clarification or construction of the order"; one that instead "undert[akes] to make [its] own determination of what the decree meant" acts "at [its] peril." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 192 (1949). Plus One's statement that "both sides understood" the deadline had moved (Dkt. 90 at 6) is refuted by AIIA's objection on October 9, its October 16 working schedule ("Not present in written order, and no clarification was sought"), and its October 19 letter ("Plus One violated the Court's October 7, 2026 deadline"). (Decl. ¶¶ 8, 18, 25; Dkt. 81, Ex. E at 1.) Plus One sought clarification on October 20, thirteen days after the deadline. (Dkt. 74.)

**III. The stipulation moved the date only; the consequence of the default is for the Court, not for AIIA to excuse.**

After Plus One filed its response, the parties filed a stipulation (Dkt. 93), which the Court has not entered. It extends Plus One's October 7 obligations to November 9, 2026, and states that this "changes only the date; it does not modify the substance of those obligations." (Dkt. 93 ¶ 2.) It is "without prejudice to, and does not waive, any Party's rights, claims, objections, positions, or defenses, including those raised in the Parties' pending motions" (*id.* ¶ 7), and it reserves "any additional unaddressed items relating to the October 7, 2026 and October 9, 2026 deadlines" (*id.* ¶ 8), language

AIIA insisted on and Plus One accepted on October 30. (Dkt. 94-1 at 1–2, 6; Dkt. 94-3.) AIIA expressly reserved this Motion in writing before the stipulation was filed (Dkt. 94-1 at 4; Dkt. 94-2 at 2) and in its withdrawal of Dkt. 91 (Dkt. 94 ¶ 3). The stipulation gives Plus One a date going forward so that the December 9 exchange can proceed with Plus One's theories in hand. It does not find good cause, it does not make October 7 something other than the deadline Plus One missed, and it does not resolve the consequence of the default. Nor is that consequence AIIA's to waive: a party that fails to obey a scheduling order answers to the Court under Rule 16(f), and Plus One has filed no motion under Rule 6(b)(1)(B) and has shown neither excusable neglect nor good cause. What follows from the October 7 default is before the Court on this Motion.

**IV. The prejudice is real and is not cured by later service.**

Plus One says AIIA "would suffer no prejudice" from November 9. (Dkt. 90 at 7.) The Scheduling Order answers that. As entered, it placed Plus One's invalidity contentions on May 11, 2026, before the August 10 exchange of claim terms and the September 9 exchange of proposed constructions. (Dkt. 25 at 1–2.) The May 8 text order, on the parties' joint motion, moved Plus One's date to October 7, after both exchanges, so that the only steps left to follow Plus One's contentions were AIIA's October 9 extrinsic-evidence and expert disclosure and the October 30 narrowing conference: twenty-three days in which AIIA's counsel and expert would have Plus One's charts and prior art before taking final positions. (Dkt. 25 at 2–3; Dkt. 94-2 at 1.) Plus One's default consumed that window. AIIA made its October 9 disclosure blind, "being made to respond to indefiniteness contentions it has not yet seen," and it had to identify the scope of its expert's topics without knowing which limitations Plus One would attack under § 112. (Decl. ¶ 9.) Two days later Plus One disclosed a claim-construction and indefiniteness expert and 3,006 pages of extrinsic evidence selected to support positions it had not served, and on October 14 it gave that expert AIIA's Attorneys' Eyes Only contentions. (Decl. ¶¶ 6, 10, 12, 14.) Plus One could not have selected those 3,006 pages without its

theories. AIIA has reviewed all of the documents produced on October 9, 2026, and all of them relate to Plus One's theories, which Plus One had not disclosed on October 7, 2026, and still has not. On October 30, AIIA told Plus One in writing that it "must enter today's claim-terms meet-and-confer blind," that it "cannot meaningfully participate -- yet is forced to do so under threat of permanent prejudice," and that it "expressly reserves all rights as to its claim-construction positions, its extrinsic evidence, and its expert's topics under the October 9 provisions, pending receipt of Plus One's invalidity, non-infringement, and Section 101 positions." (Dkt. 94-1 at 3–4; Dkt. 94-2 at 1.) The sequence has been inverted: Plus One's expert holds both sides' theories and AIIA's expert holds none of Plus One's, and that lead continues today. A single construction governs both infringement and validity, and claim-construction positions "as a practical matter would be influenced by the scope and combination of the specific prior arts disclosed in invalidity contentions." *Innovative Display Techs. LLC v. Acer Inc.*, No. 2:13-cv-00522-JRG, 2014 WL 2796555, at *2 (E.D. Tex. June 19, 2014). "Amendments to invalidity contentions after parties have disclosed and argued for their claim constructions positions are prejudicial." *Tech Pharmacy Servs., LLC v. Alixa Rx LLC*, No. 4:15-cv-766, 2017 WL 2833460, at *5 (E.D. Tex. Jan. 18, 2017). Service on November 9 does not restore the October 9 disclosure AIIA made without Plus One's positions, and it does not take AIIA's contentions back from Plus One's expert. Nor does any change to the Scheduling Order: moving dates does not cure a breach from which the breaching party continues to gain an advantage, and the default here was willful. Measured against the Scheduling Order as entered, the parties will have gone six months, May 11 to November 9, without Plus One's contentions, and the claim-construction work the order allowed from May 11 to October 30 is compressed into the three weeks between November 9 and November 30. Plus One's "27-day turnaround" (Dkt. 90 at 1, 5) is also wrong: it has had AIIA's contentions since February 2026, and the Court observed that the Fourth Amended contentions would be "very similar." (Tr. 68:18–21, 81:20–21.)

**V. Rule 16(f) applies, Plus One has not shown good cause, and the untimely contentions should be struck.**

A party that "fails to obey a scheduling or other pretrial order" is subject to sanctions, including an order "prohibiting that party from introducing designated matters in evidence," and "must" pay the reasonable expenses caused by the noncompliance unless it was substantially justified. Fed. R. Civ. P. 16(f)(1)(C), (2); *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006). The good-cause factors favor AIIA. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535–36 (5th Cir. 2003). Explanation: Plus One offers its reading of the colloquy. It had the transcript from September 23, declined the Court's offer of more time, described the deadline to the Court as "early in October," proposed nothing by October 1, and asked for nothing until October 20. (Tr. 75:2–4, 80:13–15; Decl. ¶ 4.) "A simple communication or motion to extend deadlines could have prevented the current conflict." *Tech Pharmacy*, 2017 WL 2833460, at *4. "The burden is on the movant to establish diligence." *O2 Micro*, 467 F.3d at 1366; *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015). Importance: validity matters in every patent case; that does not excuse a default, and the theories were in hand on October 9. (Dkt. 90 at 7; Decl. ¶¶ 6, 10.) Prejudice: Part IV. Continuance: the stipulation has already moved the dates that could be moved; it cannot restore the October 9 disclosure or undo the October 14 disclosure to Plus One's expert. Plus One's "death penalty" argument (Dkt. 90 at 5) mislabels the relief. Striking contentions that were not served by a court-ordered deadline is the consequence Rule 16(f)(1)(C) names, and Plus One keeps its non-infringement defense and may move for leave on a showing of good cause. The default was not inadvertent: Plus One had the transcript, declined more time, told the Court the deadline was "due pretty early in October," proposed nothing by October 1, served nothing on October 7, served 3,006 pages two days later, and gave AIIA's contentions to its expert five days after that. (Tr. 75:2–4, 80:13–15; Decl. ¶¶ 4–6, 10, 12, 14.) A party that knows the deadline, declines more time, and serves everything except what was due has made a choice, and the Court should hold it to it: every invalidity, Section 112, and Section

101 contention and every item of prior art that Plus One did not serve by October 7, 2026 should be struck and precluded. The same goes for non-infringement positions. In the draft Joint Advisory it circulated on November 4, Plus One asserted for the first time that its "accused products do not use the third-party tools (Amazon SageMaker and certain RealSense ROS drivers) that AIIA is accusing." (Ex. G at 2.) Plus One's own Chief Technology Officer has said publicly: "We use Amazon SageMaker Ground Truth to generate tens of thousands of labeled photorealistic images of packages from various carriers, modeling pose, placement, and even surface variations like stickers or labels. ... This data is used in real-life induction applications to facilitate over 1 million picks per day for our customers." (Dkt. 9-1 at 2 (Shaun Edwards, CTO and co-founder); Dkt. 49 at 10–11.) AIIA's contentions rest on that documentary evidence. Plus One's answer is that its CTO's statement is untrue and that its source code would show it. (Tr. 47:10–13; Ex. G at 2.) It is Plus One's burden to prove that its Chief Technology Officer lied, and the proof is documentary: its relationship with Amazon, the SageMaker documentation it received,  the slide deck of the presentation, emails exchanged with reference to the presentation, what it demonstrated and the images and documentation of those demonstrations, its emails with Amazon, and the developers who did the work. The same facts are available by subpoena to Amazon; the contention that AIIA must Marshall everything other than these documents, emails, presentations, notes exchanged, the developer documentation exchanged, the developers involved and depositions of these developers, etc., to prove a public statement is baseless, and whether that statement is true is for the jury. A contrary position was due October 7 with these documents and none was provided by PlusOne. The expenses requested are limited to the fees the default caused. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108–09 (2017).

**VI. The prejudice is continuing, and no change to the schedule cures it.**

Four weeks after October 7, Plus One has still served no invalidity, Section 112, or Section 101 contention and no prior art, while its claim-construction and indefiniteness expert has held AIIA's

Attorneys' Eyes Only contentions since October 14 and AIIA's expert has seen none of Plus One's designated material. (Decl. ¶¶ 5, 12, 14, 16, 34.) Every claim-construction step AIIA has taken since October 9 has been taken without the positions the Scheduling Order required Plus One to disclose first, and none can be retaken. The contention rules "require parties to crystallize their theories of the case early in the litigation," *O2 Micro*, 467 F.3d at 1364, and check "the natural desire of litigants to attain important tactical advantages by delaying disclosure of key elements of their case." *Finisar Corp. v. DirecTV Grp., Inc.*, 424 F. Supp. 2d 896, 898 (E.D. Tex. 2006). The party that does not disclose its prior art in time "risks exclusion of that evidence," *id.* at 901–02, and "[t]he importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders." *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990). The prejudice also reaches the value of AIIA's patent assets, which depends on timely enforcement and on the confidentiality of AIIA's enforcement positions; every week of delay to claim construction impairs it, and the disclosure of those positions to an unvetted expert impairs it further. (Dkt. 82, Part IV.)

At the Dkt. 89 conference, AIIA proposed that schedule and the withdrawal of its own motions without prejudice, on two conditions: that Plus One's expert use AIIA's materials only subject to the Protective Order, including the October 14 disclosure, and that Plus One provide access to AIIA's materials only under the Order. (Exs. A–D; Ex. E at 12–13.) Plus One refused both conditions. A change to the Scheduling Order does not cure a breach from which Plus One continues to gain an advantage, and the default was willful. (Tr. 75:2–4, 80:13–15; Decl. ¶¶ 4–6, 10, 12, 14.)

## CONCLUSION

AIIA respectfully requests that the Court find that Plus One failed to comply with the October 7, 2026 deadline without good cause, and (a) strike and preclude every invalidity, Section 112, and Section 101 contention and every item of prior art that Plus One did not serve by October 7, 2026, Fed. R. Civ. P. 16(f)(1)(C); (b) in the alternative, if the Court permits service on November 9, 2026 under

the parties' stipulation, order that the contentions served that day are Plus One's preliminary invalidity, Section 112, and Section 101 contentions in full, not to be amended or supplemented before the deadline for final contentions without leave on a showing of good cause, and that AIIA's right under Dkt. 93 ¶ 4 to supplement its October 9 disclosures by November 30, 2026, including its claim-construction positions, extrinsic evidence, and expert topics, is preserved; (c) award AIIA, under Rule 16(f)(2), the reasonable expenses, including attorney's fees, caused by Plus One's noncompliance; and (d) grant such other relief as the Court deems just. AIIA reserves the identification and briefing of any Section 112 contention under the Scheduling Order.

Dated: November 4, 2026

Respectfully submitted,

*/s/ Robert E. Golden*
Robert E. Golden
Texas Bar No. 08085560
ROBERT E. GOLDEN, P.C.
14100 San Pedro Ave., Suite 611
San Antonio, TX 78232-4363
(210) 495-0900
golden@goldenlaw.net

Vivek Ramachandran (admitted pro hac vice)
DHAMMA LAW PLLC
418 Broadway, Suite N
Albany, NY 12207
(202) 860-4084
vramachandran@dhammalaw.com

*Counsel for Defendants/Counter-Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on November 4, 2026, the foregoing was filed through the Court's CM/ECF system, which will send notification of the filing to all counsel of record.

*/s/ Robert E. Golden*
Robert E. Golden