**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| PLUS ONE ROBOTICS, INC.<br><br>Plaintiff,<br><br>v.<br><br>ARTIFICIAL INTELLIGENCE INDUSTRY ASSOCIATION, INC., and ARTIFICIAL INTELLIGENCE IMAGING ASSOCIATION, INC.<br><br>Defendants. | Case No. 5:25-CV-01197-OLG-HJB |
| ARTIFICIAL INTELLIGENCE INDUSTRY ASSOCIATION, INC., and ARTIFICIAL INTELLIGENCE IMAGING ASSOCIATION, INC.,<br><br>Counter-Plaintiffs,<br>v.<br><br>PLUS ONE ROBOTICS, INC.<br><br>Counter-Defendant. | |

**JOINT ADVISORY PURSUANT TO THE COURT'S ORDER SETTING IN-PERSON HEARING [DKT. 89]**

## I. PLUS ONE'S POSITION

1. The Court ordered the Parties to confer in good faith regarding the pending motions and file a Joint Advisory "specifying those matters which, even after conference, require resolution" by the Court. (Dkt. 89 ("Order") at 2.) Although the parties were able to narrow their disputes, some unfortunately remain unresolved.

2. Primarily, the parties dispute the case schedule. Despite AIIA's significant delays, Plus One worked to preserve the *Markman* hearing date, even agreeing to serve its preliminary invalidity contentions in 60 days rather than the originally allocated 90 days. AIIA imperiled the schedule by serving its infringement contentions *seven months* after they were originally due and now seeks a new case schedule that delays the *Markman* hearing. AIIA cannot show good cause. The prejudice AIIA alleged was having to serve revised claim terms and constructions on October 30, 2026, before receiving Plus One's preliminary invalidity contentions on November 9, 2026. That problem is already resolved: the parties stipulated to move AIIA's deadline to November 30, 2026, without otherwise delaying the case schedule. (Dkt. 93 ¶ 6.) AIIA's attempts now to delay the *Markman* hearing are unsupported and unreasonable and should be denied. The Court should enter Plus One's proposed schedule, as detailed in paragraph 6 below.

3. Second, the parties dispute whether Plus One should be compelled to provide additional discovery before claim construction. It should not. Plus One long ago provided materials sufficient to show the operation of each accused instrumentality. AIIA alleges deficiencies without having inspected those materials and without specifically identifying any relevant information it cannot obtain from them. Indeed, had AIIA inspected those materials, it would have seen that Plus One's accused products *do not use* the third-party tools (Amazon SageMaker and certain RealSense ROS drivers) that AIIA is accusing in this case. The Court should deny AIIA's motion and hold AIIA to its representations during the September 10, 2026, hearing that it needs no additional technical documentation until after claim construction.

4. Finally, the parties dispute whether Prof. Bretl may access AIIA's operative contentions. AIIA identifies no conflict or plausible objection to Prof. Bretl, but remains unwilling

to withdraw its motion to disqualify him. The Court should dismiss the motion without reconsidering its prior ruling that Plus One may share the contentions with necessary third parties after providing AIIA notice.

5. For the Court's convenience, Plus One's positions on each of the four motions addressed in the Order are summarized in the following chart.

| Dkt. | Motion | Status | Plus One's Position |
|---|---|---|---|
| 84 | AIIA's Motion to Strike | Resolved | The parties' stipulation (Dkt. 93) confirms November 9, 2026, as Plus One's deadline to serve preliminary invalidity contentions, and thus moots AIIA's motion seeking to enforce an earlier October 7, 2026, deadline. The Court should deny AIIA's motion as moot. |
| 74 | Plus One's Motion to Clarify Rulings | Partially resolved | The parties' stipulation (Dkt. 93) resolves one of two issues in the motion, namely, confirming November 9, 2026, as Plus One's deadline to serve preliminary invalidity contentions. The other issue concerning disclosure of AIIA's operative contentions to Prof. Bretl remains unresolved. The Court should grant Plus One's motion, clarifying that Prof. Bretl properly received and may review AIIA's operative contentions. |
| 82 | AIIA's Emergency Motion to Compel, Modify Case Schedule, etc. | Partially resolved | The parties' stipulation (Dkt. 93) confirms November 9, 2026, as Plus One's deadline to produce materials sufficient to show operation of the accused products, to the extent not already produced. Plus One long ago provided materials sufficient to show operation of each accused product and instrumentality. AIIA should review the materials provided before alleging that they are insufficient. As to the case schedule, the Court should refuse to delay the *Markman* hearing. |
| 79 | AIIA's Emergency Motion Regarding Prof. Bretl | Unresolved | AIIA has no legitimate objection to Prof. Bretl that could warrant disqualification, nor can substantiate its work product claim, and yet refuses to withdraw its motion. The Court should deny AIIA's motion. |

6. To the extent the Court is inclined to further adjust any case deadlines, Plus One respectfully asks that the Court enter the following schedule, which addresses all alleged prejudice

to AIIA while also avoiding unwarranted delays in adjudicating Plus One's rights.

| Event | Current Deadline | Plus One Proposal |
|---|---|---|
| Plus One preliminary invalidity / § 112 / § 101 contentions | Nov. 9, 2026 (*see* Dkt. 93) | No further change warranted |
| Plus One's supplemental technical documents (if any) sufficient to show the operation of the accused instrumentalities in AIIA's 4th Amended Infringement Contentions | Nov. 9, 2026 (*see* Dkt. 93) | No further change warranted |
| Meet-and-confer; exchange revised terms / constructions | Dec. 9, 2026 (*see* Dkt. 93) | No further change warranted |
| Parties' supplemental disclosure of extrinsic evidence and experts, with scope of topics | Nov. 30, 2026 (AIIA); Dec. 7, 2026 (Plus One) (*see* Dkt. 93) | No further change warranted |
| Mediation | Nov. 20, 2026 | Feb. 23, 2026 |
| Opening claim-construction briefs | Dec. 11, 2026 | No further change warranted (otherwise Jan. 13, 2027) |
| Responsive claim-construction briefs | Jan. 15, 2027 | No further change warranted (otherwise Feb. 5, 2027) |
| Joint Claim Construction Statement | Jan. 29, 2027 | No further change warranted (otherwise Feb. 12, 2027) |
| Technical tutorials (optional) | Feb. 19, 2027 | No delay warranted |
| Markman hearing | Feb. 26, 2027 | No delay warranted |

* * *

## II. AIIA'S POSITION

1. The parties conferred on November 3 and 4, 2026, in writing and by telephone, as the Court directed. (Dkt. 89.) AIIA's position on each of the matters that require resolution by the Court—Dkts. 74, 79, 82, and 84, the application of the Protective Order to AIIA's Attorneys' Eyes Only material, and the schedule—is set forth in detail in Exhibit A attached to this Advisory, which AIIA incorporates by reference, together with Dkts. 79, 82, and 84, its opposition to Dkt. 74 (Dkt. 92), and its replies filed November 4, 2026. AIIA reserves all rights, including as to fees and any motion that the case is exceptional.

2. AIIA regrets to inform the Court that this Advisory is far from a joint position. AIIA tried to reach one, as Exhibit A describes, even at the cost of substantial rights: it went back to Plus One on multiple occasions, each time placing more and more of its substantive rights on the line to resolve a breach it did not cause. AIIA regrets that it has not been able to deliver the joint report the Court ordered, and respectfully seeks the Court's leave to present its position separately, in Exhibit A.

Date: November 5, 2026

*/s/ Udit Sood*
Udit Sood

RYAN TYZ (CA Bar No. 234895)
Admitted Jan. 30, 2025
ryan@tyzlaw.com
UDIT SOOD (CA Bar No. 308476)
Admitted pro hac vice
udit@tyzlaw.com
SEAN APPLE (CA Bar No. 305692)
Admitted pro hac vice
sapple@tyzlaw.com
TYZ LAW GROUP
1 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: 415.868.6900

*Counsel for Plaintiff/Counter-Defendant*

Date: November 5, 2026

*/s/ Vivek Ramachandran*
Vivek Ramachandran

DHAMMA LAW PLLC
418 Broadway, Suite N
Albany, NY 12207
vramachandran@dhammalaw.com

Robert E. Golden
GOLDEN LAW, P.C.
Independence Plaza II, Suite 250
14350 Northbrook Drive
San Antonio, TX 78232
(210) 495-0900
(210) 495-0997 (fax)
golden@goldenlaw.net

*Counsel for Defendants/Counter-Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on all counsel of record via CM/ECF according to the Federal Rules of Civil Procedure on this 5th day of November, 2026.

Vivek Ramachandran
DHAMMA LAW PLLC
418 Broadway, Suite N
Albany, NY 12207
vramachandran@dhammalaw.com

Robert E. Golden
GOLDEN LAW, P.C.
Independence Plaza II, Suite 250
14350 Northbrook Drive
San Antonio, TX 78232
(210) 495-0900
(210) 495-0997 (fax)
golden@goldenlaw.net

*/s/ Udit Sood*
Udit Sood