# EXHIBIT A

## AIIA'S POSITION

The parties conferred on November 3 and 4, 2026. AIIA proposed an amended schedule that reproduces every event of the Scheduling Order (Dkt. 25) and moves dates only, together with two Protective Order provisions, and offered to withdraw its own motions without prejudice if that proposal were adopted. Plus One accepted the dates only on condition that AIIA withdraw the Protective Order provisions, stated that otherwise it "will oppose any adjustments to the case schedule besides those already stipulated in Dkt. 93," and stated that it "seeks a finding that AIIA's contentions contain nothing confidential," that it may "post the contentions online and share them without any restriction," and that "this is a risk Plus One is willing to take." Under the Protective Order, a party that disputes a designation requests redesignation in writing, meets and confers within five business days, and then moves the Court within ten days, the motion being treated as one under Rule 37; designated material remains protected unless and until it is redesignated. (Dkt. 27-1 ¶¶ 2, 18.) Plus One has not taken those steps. The four motions, and the application of the Protective Order to AIIA's Attorneys' Eyes Only material, therefore require resolution by the Court.

AIIA's position on the matters requiring resolution, and AIIA's proposed schedule, are set out in this Exhibit A, which AIIA incorporates by reference, together with Dkts. 79, 82, and 84, its opposition to Dkt. 74 (Dkt. 92), and its replies filed November 4, 2026. Nothing in this Advisory is a joint position. On November 3, 2026, AIIA proposed that the parties report to the Court issue by issue rather than motion by motion, and repeated that request through the evening of November 4; Plus One did not agree, circulated a motion-by-motion draft, and stated that it had "nothing further to send" and that AIIA should "just fill in AIIA's portion." (Reply ISO Dkt. 84, Exs. D, E.) AIIA reserves all rights, including as to fees and any motion that the case is exceptional.

**AIIA'S POSITION (Joint Advisory, Dkt. 89)**

# Why we are here

*Plus One Robotics, Inc. v. AIIA*, No. 5:25-cv-01197-OLG-HJB (W.D. Tex.) — hearing Nov. 6, 2026, on Dkts. 74, 79, 82, 84

## 1. The sequence the Scheduling Order set (Dkt. 25, Dec. 11, 2025 — Judge Albright's model), with the two contention dates as reset by the Order Regarding Contentions (Dkt. 31, Mar. 31, 2026)

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **AIIA**<br>preliminary infringement contentions<br>May 8, 2026 (Dkt. 31; Feb. 9 under Dkt. 25) | → | **Plus One**<br>invalidity / § 112 / § 101 contentions *and* § II(b) documents<br>Aug. 6, 2026 (Dkt. 31; May 11 under Dkt. 25) | → | **Both**<br>exchange claim terms<br>Aug. 10 | → | **Both**<br>exchange constructions<br>Sept. 9 | → | **Both**<br>extrinsic evidence & experts<br>Oct. 9 | → | **Both**<br>narrowing conference<br>Oct. 30 | → | **Briefs**<br>Dec. 11 → Markman<br>Feb. 26, 2027 |

The accused infringer discloses its theories and the documents showing how its products work **before** anyone takes a claim-construction position. Dkt. 31 moved the two contention dates and nothing else: Plus One's theories (Aug. 6) still preceded the claim-terms exchange (Aug. 10).

## 2. The position after the May 8, 2026 Text Order (Dkt. 33) — only two dates moved, the rest stayed; a change pressed by Plus One's counsel (Udit Sood) at the last minute, after Plus One had disqualified AIIA's expert and so prevented AIIA from complying with the May 8, 2026 deadline

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **AIIA**<br>infringement contentions<br>July 8, 2026 | → | **Both**<br>exchange claim terms<br>Aug. 10 — *before* Plus One's theories | → | **Both**<br>exchange constructions<br>Sept. 9 — *before* Plus One's theories | → | **Plus One**<br>invalidity / § 112 / § 101 contentions *and* § II(b) documents and software<br>**Oct. 7** (from Aug. 6) | → | **Both**<br>extrinsic evidence & experts<br>Oct. 9 — 2 days later | → | **Both**<br>narrowing conference<br>Oct. 30 — 23 days later | → | **Briefs**<br>Dec. 11 → Markman<br>Feb. 26, 2027 |

**How the two dates moved.** On April 20, 2026 Plus One's objection forced the withdrawal of AIIA's expert and a certification of destruction and non-use — eighteen days before AIIA's May 8 contentions were due, leaving AIIA no expert to review Plus One's designated material and no way to comply. Then, in the days before that deadline, Plus One's counsel (Udit Sood) conditioned a routine extension on AIIA's claims being "dropped with prejudice" if AIIA did not inspect Plus One's source code within fifteen days — a dismissal with prejudice by private condition, without the Court's involvement, and impossible in any event given the ten-day expert-vetting period and the expert AIIA had just been made to withdraw. (Dkt. 50 at 5–6; Decl. ¶¶ 36–37.) AIIA refused the condition; the only dates that moved were AIIA's contentions (May 8 to July 8) and Plus One's contentions and § II(b) production (Aug. 6 to Oct. 7) — the second, for the first time, past both claim-construction exchanges. **The result.** Plus One's theories now follow the two exchanges instead of preceding them. AIIA's claim terms and constructions are exchanged before AIIA has seen one page of Plus One's § 101, non-infringement or invalidity theory. The joint motion, signed by Plus One: the change "will not impact any other deadlines." Twenty-three days remained between Plus One's theories and AIIA's final positions.

## 3. The sequence that exists today because of Plus One's breaches of October 7 and October 14, 2026

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **AIIA**<br>infringement contentions<br>(May 8 → July 8) | → | **AIIA**<br>exchanges claim terms<br>(Aug. 10) — no Plus One theory seen | → | **AIIA**<br>exchanges constructions<br>(Sept. 9) — still none | → | **Plus One**<br>serves nothing on Oct. 7 — contentions, § II(b) documents, software; then 3,006 pp. of claim-construction evidence + expert, no theory (Oct. 9) | → | **Plus One's expert**<br>receives AIIA's AEO theories (Oct. 14); AIIA's expert barred (Oct. 15) | → | **Plus One**<br>invalidity / § 101 / non-infringement theories — Nov. 9, still unserved | → | **AIIA**<br>opening brief Dec. 11, two days after the Dec. 9 exchange — "no further change warranted" |

Because Plus One served nothing on October 7, 2026, the accused infringer takes every claim-construction step **after** seeing the patent owner's theories, and the patent owner takes every step **before** seeing the accused infringer's. Plus One's position is that none of this should change.

## 4. What Plus One did to get there

| | |
|---|---|
| **Mar. 20 → Apr. 20, 2026** | Objects to AIIA's expert under the Protective Order; demands identification and certified destruction. By Apr. 20 AIIA withdraws the expert, certifies destruction and non-use — the full remedy Plus One demanded, and the one it refuses to give now. |
| **May 1–8, 2026** | Conditions a routine extension on AIIA's claims being "dropped with prejudice" if AIIA did not inspect Plus One's source code within fifteen days — impossible under the ten-day expert-vetting period. AIIA refuses and pivots: removes every software reservation and maps 82 of 86 elements to documentary and public evidence. (Dkt. 50 at 5–6; Decl. ¶¶ 36–37) |
| **May 8, 2026** | **Inverts the sequence.** The extension forced by that objection moves *only* Plus One's contentions — to Oct. 7 — and leaves the Aug. 10 and Sept. 9 exchanges in place. AIIA's claim terms now come before AIIA has seen one page of Plus One's § 101, non-infringement or invalidity theory. (Dkt. 33: "will not impact any other deadlines.") |
| **Sept. 10, 2026** | Declines the Court's offer of more time; obtains the vendor-sharing accommodation on "Amazon, Intel, RealSense … their products are accused." Court: propose changes by Oct. 1. (Tr. 15, 75, 80, 82–83) |
| **Oct. 1 / Oct. 7** | Proposes nothing. Serves nothing — **zero pages** of invalidity, § 112, § 101 or non-infringement contentions, no prior art, no § II(b) documents. Invalidity and § 101 need nothing from AIIA; Plus One has had the patents since before it sued. |
| **Oct. 9, 2026** | Serves **3,006 pages** of extrinsic evidence chosen to support theories it has not disclosed — and still has not — plus an indefiniteness expert. AIIA must disclose its expert blind. |
| **Oct. 14, 2026** | Gives AIIA's **AEO contentions to its expert** one minute after AIIA objects, with no Undertaking, under cover of the three-vendor accommodation — twelve days before access could lawfully occur. |
| **Oct. 15, 2026** | Invokes the same Protective Order paragraph to **bar AIIA's expert**. AIIA's expert has seen nothing since. |
| **Oct. 20 / Oct. 28** | Files Dkt. 74 to approve the disclosure after the fact, presenting its own redline as AIIA's proposal; Dkt. 90: AIIA "surrendered" its rights; disclosure "a few days too soon"; contentions "not confidential." |
| **Nov. 3–4, 2026** | Accepts AIIA's dates only if AIIA drops the Protective Order provisions; otherwise "will oppose any adjustments" — leaving the opening brief due two days after the Dec. 9 exchange. "May post the contentions online … a risk Plus One is willing to take." First claims its products "do not use" SageMaker — contrary to its CTO's public statement. "Nothing further to send." |

## 5. Why a scheduling-order fix does not change the position

- **The disclosure cannot be recalled.** Plus One's expert has held AIIA's complete claim mapping since Oct. 14; no date undoes what he has read. AIIA's expert has seen nothing of Plus One's.
- **Steps taken blind cannot be retaken.** AIIA's Oct. 9 expert disclosure and its Oct. 30 positions were taken without one page of Plus One's theories; a supplement adds to them, it does not redo them.
- **Plus One has had AIIA's contentions since July 8, 2026.** Four months to the Nov. 9 date it proposes, and the original contentions since Feb. 9 — nine months — to form its § 101, invalidity and non-infringement positions. The amendments after July 8, made in response to Plus One's letters, changed minor portions of the charts and in every case expanded on the links and public sources already cited; none changed the accused products or the theory of infringement. (Dkt. 67.)
- **The theories are still missing.** Even Nov. 9 leaves AIIA 21 days (to Nov. 30) with Plus One's theories, against the months the order gave; six months from the May 11 date Dkt. 25 set, and three from the Aug. 6 date Dkt. 31 set, are gone.
- **Plus One's own schedule locks the gain in.** "No further change warranted": opening brief Dec. 11, two days after the Dec. 9 exchange.
- **A breach cured at the breacher's convenience is no cure.** The Oct. 14 disclosure was willful — one minute after objection, with the transcript in hand, the ten-day rule invoked against AIIA the next day. Moving dates rewards it.
- **The one-sided accommodation persists.** AIIA's expert stays barred under ¶ 5(e) while Plus One's keeps AIIA's material, until the Court acts.

## 6. What AIIA asks

**Dkt. 84 — strike and preclude.** A finding that Plus One missed Oct. 7 without good cause; strike and preclude every invalidity, § 112 and § 101 contention and every prior-art item not served by Oct. 7 (Rule 16(f)(1)(C)). If the Court determines otherwise and rules that the Nov. 9 contentions are Plus One's preliminary contentions *in full* — not to be amended before final contentions without leave on good cause — AIIA's Dkt. 93 ¶ 4 right to supplement by Nov. 30 (positions, extrinsic evidence, expert topics) is preserved; expenses and fees under Rule 16(f)(2).

**Dkt. 82 — compel and re-sequence.** (1) Enter the stipulation (Dkt. 93). (2) By Nov. 9, compel technical documents other than source code sufficient to show how each accused product operates as to each charted element — the Attachment A categories, ¶¶ 16–22 (SageMaker) among them — **certified by Bates number**, with a statement for any category Plus One lacks that the documents do not exist; source code alone does not satisfy the obligation. (3) Move each date that depends on the Dec. 9 exchange by 42 days, every event's Dkt. 25 text unchanged; AIIA's revised claim terms Nov. 30. (4) Source-code review begins at a mutually agreed time after AIIA's expert is disclosed and approved under ¶ 5(e).

**Dkt. 79 — Prof. Bretl.** Sustain the objection and enter a ¶ 5(e) protective order; disqualify him or, at a minimum, bar any further access to or use of AIIA-designated material; within three days, Plus One identifies each item disclosed and when, and serves a certification of destruction and non-use signed by Prof. Bretl and counsel; he is bound by the Order and the Court's jurisdiction as to all AIIA material disclosed on or after Oct. 14; any substitute expert complies with ¶ 5(e); expenses under Rules 16(f) and 37(b).

**Dkt. 74 — deny.** The Dkt. 71 ¶ 3 accommodation was for the three vendors named on Sept. 10 (Amazon, Intel, RealSense; Tr. 15:11–14, 16:19–20); disclosure to anyone else, including any retained expert or consultant, is governed by the Protective Order.

**Protective Order.** Confirm the Order governs AIIA's AEO material, including what was disclosed Oct. 14; AIIA's expert reviews Plus One's AEO production on the same ¶ 5(e) terms Plus One's expert enjoyed.

**Today:** Plus One's expert has both sides' theories; AIIA has none of Plus One's; Plus One's § 101, invalidity and non-infringement positions, due Oct. 7, are still unserved. A schedule change does not cure a breach from which Plus One continues to gain an advantage.

### 7. Why AIIA has been forced to go back and forth with Plus One — the pattern

Each negotiation has begun with a Plus One proposal that drops events the Court's existing Scheduling Order (Dkt. 25) already provides — AIIA's contentions row struck, the § II(b) production rewritten as "supplemental … (if any)", the Oct. 7 date relabeled "Disputed" — so that AIIA must first negotiate back to the order already entered before any new date is discussed, followed by the same proposition: the breaching party will move dates only if the other party gives up rights — or else it will "oppose any adjustments" and hold AIIA to a claim-terms exchange and a Dec. 11 brief without having served one document. The conference the Court ordered (Dkt. 89) ended with "nothing further to send."

**The two-day squeeze, twice.** Under the May 8, 2026 order, **two days** separated Plus One's disclosure of its § 101, invalidity and non-infringement positions (Oct. 7) from AIIA's disclosure of its experts and the topics of their testimony (Oct. 9) — disclosures that depend on knowing Plus One's positions. Under Plus One's opposition to moving the remaining dates by forty-two days, **two days** again separate the Dec. 9 exchange, at which Plus One may add new claim terms and constructions, from AIIA's opening claim-construction brief on Dec. 11. Each time, the deadline that depends on Plus One's disclosure is set two days after it; each time Plus One holds the disclosure and AIIA bears the deadline. And, to boot, Plus One then produced nothing on Oct. 7 and told the Court AIIA "would suffer no prejudice." (Dkt. 90 at 7.) This needs to stop.

The pattern is the same one Plus One has followed with the Protective Order:

1. **Moving to unseal AIIA's AEO material without following the Order's procedure** — a two-day motion (Dkt. 43, July 29, 2026) instead of the ten-day designation challenge of ¶ 18. (Dkt. 48 at 1–3.)
2. **Willfully disclosing AIIA's AEO contentions to its expert outside the Order** — no Undertaking, no ten-day period, one minute after objection (Oct. 14) — to short-circuit the timeline and lock in an advantage before the Oct. 30 exchange. (Decl. ¶¶ 12–15.)
3. **Claiming the Protective Order does not apply to its expert at all** — "the Sharing Order, not the Protective Order, has governed AIIA's contentions since the September hearing" (Dkt. 90 at 11) — while invoking ¶ 5(e) against AIIA's expert the next day. (Decl. ¶ 16.)
4. **Refusing to abide by the Order once told a dispute required the Court to act** — ¶ 24 requires the party alleged to be in violation to discontinue the challenged conduct pending the ruling; Plus One has not, and still has not said what was disclosed to Prof. Bretl, when, or whether he has shared it or discussed it with anyone. (Dkt. 27-1 ¶ 24; Decl. ¶¶ 32–34.)
5. **Seeking after-the-fact "clarification" only when it became clear AIIA would protect its rights** — Dkt. 74, filed Oct. 20, six days after the disclosure and without notice, presenting Plus One's own redline as AIIA's proposal. (Dkt. 74 at 2, 4; Decl. ¶ 30.)
6. **Seeking again, on Nov. 3–4, 2026, to unseal AIIA's AEO material without the ¶ 18 process** — Plus One's price for agreeing to any date: that AIIA drop the Protective Order provisions; it "seeks a finding that AIIA's contentions contain nothing confidential," may "post the contentions online and share them without any restriction," and calls this "a risk Plus One is willing to take" — with no written redesignation request, no meet-and-confer, and no Rule 37 motion. (Dkt. 27-1 ¶¶ 2, 18; Reply Exs. D, E.)

## 8. Plus One's obligation on October 7, 2026 — reproduced in full

**Scheduling Order (Dkt. 25 at 2), deadline moved to October 7, 2026 by the Text Order of May 8, 2026 (Dkt. 33):**

"Plus One Robotics, Inc. serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations Plus One Robotics, Inc. contends are indefinite or lack written description under section 112, and (3) an identification of any claims Plus One Robotics, Inc. contends are directed to ineligible subject matter under section 101. If AIIA amend their infringement contentions to address source code, Plus One Robotics, Inc. may serve, within 30 days of receipt of such amended contentions, supplemental invalidity contentions that amend only those claim elements amended by AIIA. Plus One Robotics, Inc. shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s)."

### Against that requirement, what Plus One has produced

**Jan. 16, 2026 — PLUSONE_000001–000793** (about 150 documents, all designated AEO). On Oct. 16 AIIA identified, by Bates number, the only twelve that touch the electronic components at all:

PLUSONE_000001–000010 · 000013–000037 · 000082–000241 · 000244–000281 · 000358 · 000359–000365 · 000377–000379 · 000464–000474 · 000475–000480 · 000485–000488 · 000489–000501 · 000541–000552

Nine of them bear on operation — three camera manufacturers' published datasheets, one sales presentation, and drawings showing how components are powered, wired and connected — and every one is a public document AIIA had already cited in its claim charts. The remaining ~138 documents are drawings of mechanical hardware (conveyors, frames, camera mounts, servos, power-distribution panels) and marketing materials. No source code and no AI/ML training material were produced; inspection was offered by appointment in San Francisco. (Decl. ¶ 17; Dkt. 81, Ex. A at A-006–07; Dkt. 50 ¶¶ 6–7.)

**Oct. 9, 2026 — PLUSONE_000794–003799** (117 documents, 3,006 pages), served two days after the default and reviewed by AIIA in full before the Oct. 16 conference: 17 technical publications and textbooks on steganography, information hiding, digital watermarking and video stabilization (1,591 pp.); 3 video-coding and file-format standards (881 pp.); 31 dictionary and glossary definitions (187 pp.); 51 Apple QuickTime, file-format and codec documents (186 pp.); 7 metadata reference articles (47 pp.); 5 ROS-bag export items including one code file (17 pp.); 2 Python/NumPy references (96 pp.). All of it is extrinsic evidence chosen to support Plus One's own undisclosed theories; the one code file is from the public GitHub repository AIIA had already cited in its contentions. Not one page shows how an accused product operates. (Decl. ¶ 10; Reply Ex. E at 2.)

**Nov. 9, 2026** — Plus One's position: "any additional non-cumulative documents it locates." (Dkt. 90 at 5, 10; Dkt. 90-1 ¶ 4.)

### What AIIA asked for — and the SageMaker record

**AIIA's listing of what is missing** (Oct. 19, 2026, Attachment A, forty-five numbered categories keyed to the charted claim elements; Dkt. 81, Ex. E at E-016–23): product and software manuals; system design documents and specifications; schematics and circuit diagrams; sensor and camera integration documents; documents showing how camera and sensor data is captured, processed and used to drive the robot; and, for the '272 patent (¶¶ 16–22), documents sufficient to show Plus One's use of **Amazon SageMaker Ground Truth "or any comparable service or tool"** to generate synthetic image data, the pipelines, background-image and 3D-object databases, camera settings, labeling, and the models trained on that data (model versions, training logs). Plus One has had AIIA's discovery requests since March 2026 (*id.* at E-009).

**The SageMaker record.** Plus One's CTO and co-founder, Shaun Edwards, at Amazon re:MARS 2022: *"We use Amazon SageMaker Ground Truth to generate tens of thousands of labeled photorealistic images of packages from various carriers, modeling pose, placement, and even surface variations like stickers or labels. ... This data is used in real-life induction applications to facilitate over 1 million picks per day for our customers."* (Dkt. 9-1 at 2; Dkt. 49 at 10–11; Dkt. 50 at 16.) AIIA's '272 chart maps each element to that public record. On Sept. 10 Plus One told the Court AIIA would learn "we don't use the Amazon SageMaker" only "when they finally come and look at the source code" (Tr. 47:10–13); on Nov. 4 it asserted for the first time that its products "do not use" SageMaker or the RealSense ROS drivers (Reply Ex. F at 2).

**What shows what was and was not used — documents, not code:** any framework or agreement under which Plus One and Amazon collaborated to reach the re:MARS event; the SageMaker documentation Plus One received before and after the presentation; what was demonstrated, the photographs and images from those demonstrations and their documentation; the emails exchanged with Amazon about the demonstration; the developers who did the work; and the model used. It is Plus One's burden to prove its officer's public statement untrue, with documents; the same facts are available by subpoena to Amazon; whether the public record is true is for the jury. Source code fills gaps; it does not replace the documents, and "technical documents, including software where applicable" does not read as "source code alone." (Reply ISO Dkt. 82, Part II.)

## 9. Plus One's SageMaker use

"Creating high-quality training sets for machine learning models," AWS re:MARS 2022 (ROB225), published by Amazon Web Services at d1.awsstatic.com; 32 slides. Slide 28 is the statement quoted at Dkt. 9-1 at 2, Dkt. 49 at 10–11 and Dkt. 50 at 16. The deck is available for the Court on request.




**Slide 27 — "Assembly automation":** "Our synthetic data is used for robotics 'pick and place' by **Plus One Robotics** and Amazon Robotics."




**Slide 28 — Shaun Edwards, CTO and co-founder, Plus One Robotics:** "We use Amazon SageMaker Ground Truth to generate tens of thousands of labeled photorealistic images of packages from various carriers … This data is used in real-life induction applications to facilitate over 1 million picks per day for our customers."

Plus One's position, first stated on November 4, 2026, is that its products "do not use" SageMaker (Reply Ex. F at 2). Its own officer said the opposite, in Amazon's deck, at Amazon's conference. Which is true is a question of fact for the jury, and it is Plus One's burden to prove its officer's public statement untrue — with the documents listed in Attachment A (Dkt. 81, Ex. E at E-016–23, ¶¶ 16–22). **SageMaker is one example.** Attachment A lists, element by element, the documents sufficient to show how each accused product operates as charted — forty-five categories keyed to each charted claim element, from system architecture, software documentation and schematics to sensor integration, calibration data, per-frame metadata and stereoscopic processing. (Dkt. 81, Ex. E at E-016–23.)

**SageMaker is one example.** AIIA's October 16 and 19, 2026 correspondence identified, category by category, the documents that § II(b) requires and that Plus One has not produced: operator and user manuals, installation and commissioning guides, and maintenance and troubleshooting guides; software user manuals, configuration guides and HMI operating guides (documentation, not source code); architecture documents, functional specifications, design documents, and block or data-flow diagrams; schematics and circuit diagrams showing signal and data flow between the cameras, sensors, controllers and robot; documents showing how camera and sensor data is captured, processed and used to drive the robot's actions; technical specifications, training materials, white papers and internal product presentations; and, for the '272 patent, the synthetic-image pipelines, background-image and 3D-object databases, camera settings, labeling, and the models trained on that data (model versions, training logs). (Decl. ¶ 21; Dkt. 81, Ex. E, Attach. A ¶¶ 1–45 at E-016–23 and Attach. B ¶ 1.) Plus One has had AIIA's discovery requests for these categories since March 2026 (*id.* at E-009). Making source code available does not satisfy the obligation.

## 10. AIIA's position on each motion

| Dkt. | Motion | Status | AIIA's position |
|---|---|---|---|
| 84 | AIIA's Motion to Strike and Preclude | Unresolved | Not moot (Dkt. 93 ¶ 7). Strike and preclude all invalidity, § 112 and § 101 contentions and prior art not served by Oct. 7, 2026; expenses under Rule 16(f)(2). Alternatively, complete service by Nov. 9 with AIIA's Nov. 30 supplement preserved. |
| 74 | Plus One's Motion to Clarify | Unresolved | Deny. The Sept. 10 ruling covered Amazon, Intel and RealSense (Tr. 15:11–14, 16:19–20, 82:24–83:1; Dkt. 71 ¶ 3); the Protective Order governs any other disclosure, including to a retained expert. See Dkt. 92. |
| 82 | AIIA's Motion to Compel, Modify Case Schedule, Stay | Partially resolved (stay moot) | Compel the § II(b) production (Attachment A), certified by Bates number, by Nov. 9, 2026; move each date dependent on the Dec. 9 exchange by 42 days; AIIA's revised terms Nov. 30; source-code review after AIIA's expert is disclosed and approved under ¶ 5(e). |
| 79 | AIIA's Motion re Prof. Bretl | Unresolved | Sustain AIIA's objection; disqualify or bar further use; identification and certified destruction and non-use; Prof. Bretl bound by the Protective Order; substitute expert under ¶ 5(e); expenses. |
| PO | Protective Order | Unresolved | Confirm that the Order governs AIIA's AEO material, that its protection extends to the material disclosed Oct. 14, 2026, and that Plus One provides access to AIIA's materials only under the Order. Plus One's position: it may "post the contentions online … a risk Plus One is willing to take." |

## 11. AIIA's proposed schedule

- Every date in the Scheduling Order (Dkt. 25), as modified by the parties' stipulation (Dkt. 93), that falls after **December 9, 2026** is moved by **forty-two days** — the interval Dkt. 25 itself set between the narrowing exchange and the opening claim-construction brief.
- The dates fixed by Dkt. 93 — November 9, November 30, December 7 and December 9, 2026 — do not change.
- A date that falls on a weekend or federal holiday moves to the next business day.
- Reservation 1 (Dkt. 93 ¶ 4): AIIA's November 30, 2026 supplement may include revised claim terms made necessary by Plus One's November 9 contentions, within the 15-term limit per side.
- Reservation 2 (Dkt. 93 ¶ 4): Plus One's December 7, 2026 supplement may include proposed constructions for those terms, and any terms necessary because of AIIA's November 30 additions, but may not otherwise add new claim terms.
- **No changes to the text of the current Scheduling Order (Dkt. 25, as modified by Dkt. 93) other than as set forth herein.**

AIIA's positions are set out in Dkts. 79, 82 and 84, its opposition to Dkt. 74 (Dkt. 92), and its replies filed Nov. 4, 2026, each incorporated by reference. Nothing in this Advisory is a joint position; AIIA reserves all rights, including as to fees and any motion that the case is exceptional.

Record: Decl. = Dkt. 81; Tr. = Dkt. 73; Reply Exs. = exhibits to AIIA's Nov. 4, 2026 replies.